IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES; and | § § § § | |
| ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE, | § § § | B - 0 3 - 2 2 2 . |
| Plaintiffs, | § § § | Civil Action No. _____ |
| v. | § § | |
| AMERICAN HOME PRODUCTS, d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLE VACCINES, and LEDERLE LABORATORIES; | § § § § § § § § | |
| AVENTIS PASTEUR, INC., Individually and as Successor-in-Interest to CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT; | § § § § § § | Removed from the Cameron County District Court, 404th Judicial District Cause No. 2003-08-4338-G |
| GLAXOSMITHKLINE, Individually and as Successor-in-Interest to SMITHKLINE BEECHAM CORP.; | § § § § | |
| MERCK & CO., INC.; | § § | |
| BAXTER INTERNATIONAL INC., Individually and as Successor in Interest to NORTH AMERICAN VACCINE, INC.; | § § § § | |
| DOW CHEMICAL COMPANY; | § § | |
| ELI LILLY AND COMPANY; | § § | |
| SIGMA ALDRICH; | § § § | |

163059v1

ORIBI, INC., Individually and d/b/a          §
MERIDIAN CHEMICAL & EQUIPMENT,               §
INC. and d/b/a/ GLOBAL FINE CHEMICALS        §
and d/b/a NATIONAL ASSOCIATION OF            §
COMPOUNDING PHARMACISTS;                     §
                                             §
            Defendants.                      §
                                             §

## NOTICE OF REMOVAL

Defendant Eli Lilly and Company ("Lilly"), joined by, or with the consent of, all

other Defendants properly joined and served with process, hereby removes the above-captioned

action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 from the District Court for the 404th

Judicial District of Cameron County, Texas to the United States District Court for the Southern

District of Texas, Brownsville Division.  Pursuant to 28 U.S.C. § 1446(a), Lilly sets forth below

a short and plain statement of the grounds for removal:

### The State Court Action

1.      On or about August 29, 2003, a civil action was commenced in the District

Court for the 404th Judicial District of Cameron County, Texas, by the filing of an Original

Petition (hereinafter "Petition") captioned *Manuel Torres and Dominga Torres, Individually and*

*as Next Friend of Derek Torres, et al. v. American Home Products Corporation, et al.*, Cause No.

2003-08-4338-G (hereinafter the "State Court Action").

2.      As of the date of this Notice of Removal, Lilly has not been served with a

copy of the Petition, or any other process.

3.      Pursuant to S.D. Tex. Local Rule 81 and 28 U.S.C. § 1446(a), this Notice

of Removal is accompanied by copies of the following:

a.      All executed process in the case (**Exhibit A**);

- 2 -

163059v1

b.   All state court documents, including docket sheet and index thereto (**Exhibit B**); and

c.   A list of all counsel of record, including addresses, telephone numbers and parties represented (**Exhibit C**).

### Notice Of Removal Is Timely

4.   Upon information and belief, no Defendant has yet been properly served with any Petition or other process.

5.   Consequently, this Notice of Removal is filed before the expiration of 30 days after the date any Defendant was served with a copy of the initial pleading setting forth Plaintiffs' claims for relief, in accordance with 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetter Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

### Consents and Procedural Compliance

6.   Copies of other Defendants' written acknowledgments of consent and/or joinder in this removal are attached as **Exhibit D**. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). As noted in the attached Exhibit, Defendants Wyeth, f/k/a American Home Products Corporation (incorrectly named as "American Home Products, d/b/a Wyeth, Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyeth Lederle Vaccines, and Lederle Laboratories"); Aventis Pasteur, Inc., Individually and as Successor-in-Interest to Connaught Laboratories, Inc., Pasteur Merieux, and Pasteur Merieux Connaught (hereinafter "Aventis Pasteur, Inc."); SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named "GlaxoSmithKline, Individually and as Successor-in-Interest to SmithKline Beecham Corp."); Merck & Co., Inc.; Dow Chemical Company; and Sigma-Aldrich, Inc. (incorrectly named as "Sigma Aldrich") have all acknowledged their consent to this removal by Lilly. Such acknowledgments are not required of those Defendants which are fraudulently joined,

- 3 -

or not properly joined and served. *See Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988).[1]

7.     This action is properly removed to this Court, as the State Court Action is pending within this district and division, as provided for in 28 U.S.C. § 1441(a).

8.     Simultaneously with the filing of this Notice of Removal, notice will be given to Plaintiffs' counsel, and copies of this Notice will be filed with the clerk of the District Court of Cameron County, Texas pursuant to 28 U.S.C. § 1446(d).

## The Diversity Of Citizenship Requirement Is Satisfied

9.     Plaintiffs' Petition alleges that "[a]t all times relevant herein, Plaintiffs have been and are residents of the State of Texas." Petition, p. 3.

10.    At all times material to the matters herein, Plaintiffs and Defendants have been and are citizens of different states, except for Defendant Oribi, Inc., Individually and d/b/a Meridian Chemical Equipment, Inc., Global Fine Chemicals and National Association of Compounding Pharmacists (hereinafter "Oribi"), the City of Laredo Health Department, as well as the City of Laredo (hereinafter collectively referred to as the "City of Laredo"). No other Defendant is a citizen of the state of Texas.

11.    The Texas citizenship of Oribi and the City of Laredo should be disregarded for purposes of diversity under 28 U.S.C. §§ 1332 and 1441(b) on the ground that they are fraudulently joined and there is no reasonable basis under Texas law upon which to establish liability against them. *See Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir.

---

[1]    Those Defendants that have not been served with process and have filed, provided their consent to, and/or joined in this Notice of Removal do not thereby submit to the jurisdiction of this Court or that of the court from which the action was removed. Neither do these Defendants waive any objection to either the absence or sufficiency of any service which Plaintiffs might contend has occurred, and these Defendants do not hereby waive any defense to this action, including any jurisdictional defense herein.

163059v1

2000) ("there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder"). Where a plaintiff has fraudulently joined non-diverse defendants to defeat diversity, the role of the district court "is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

12.    Plaintiffs will be unable as a matter of Texas law to establish a claim against Oribi. The Petition pleads generally as against all Defendants, including Oribi, that the "vaccines and components parts of the vaccines" which allegedly injured the minor Plaintiffs, "were designed, manufactured, marketed and distributed by Defendants." Petition, p. 6. However, Oribi does not manufacture or distribute vaccines. Furthermore, while Oribi has supplied small amounts of thimerosal to individual pharmacists, Oribi has never supplied component parts of vaccines to the Defendants or any other vaccine manufacturers. *See* Affidavit of John Rains, attached as **Exhibit E**. Aside from this erroneous inclusion of Oribi in Plaintiffs' general claim against "Defendants," the Petition is completely devoid of any factual allegations which could form the basis of a cognizable claim against Oribi. Therefore, Oribi should be deemed "fraudulently joined" and its Texas citizenship disregarded for purposes of determining diversity jurisdiction.

13.    While the City of Laredo is not named in the caption of Plaintiffs' Petition, it is alleged in the body of the pleading that the alleged injury-producing "vaccinations were administered by" the City of Laredo. Petition, p. 9. However, Plaintiffs will be unable as a matter of Texas law to establish a claim against the City of Laredo because their claims are barred by the doctrine of sovereign immunity. Pursuant to that doctrine, a "municipality such as the City

- 5 -

. . . is immune from liability for its governmental functions unless that immunity is specifically waived." *City of El Paso v. Hernandez*, 16 S.W.3d 409, 414 (Tex. Ct. App. 2000). The Texas Tort Claims Act was enacted "to waive governmental immunity only in certain circumstances." *University of Texas Medical Branch v. York*, 871 S.W.2d 175, 176 (Tex. 1994). The statute allows for governmental liability in only three limited areas: 1) injuries from the use of publicly owned automobiles, 2) injuries caused by premises defects, and 3) injuries arising out of conditions or the use of personal property. *See* Tex. Civ. Prac. & Rem. Code § 101.021 (2003). Plaintiffs have not pled that any of their injuries fall into any of these three categories. Rather, Plaintiffs have asserted that their alleged injuries resulted from the City of Laredo's "fail[ure] to disclose" information to Plaintiffs regarding thimerosal. Petition, pp. 9, 10. The Supreme Court of Texas has held, in the context of a patient's personal medical records, that the "State has not waived immunity from liability for negligence involving the use, misuse, or nonuse of medical information." *University of Texas Medical Branch*, 871 S.W.2d at 176. Therefore, Plaintiffs will be unable to assert a claim under Texas law against the City of Laredo, and the City should be deemed "fraudulently joined" for diversity jurisdiction purposes.

14.    Plaintiffs are also barred from proceeding against the City of Laredo because such claims are barred by the Vaccine Act. The Petition alleges that Plaintiffs are bringing suit against the City of Laredo because it "administered" the vaccinations which allegedly injured the minor Plaintiffs. Petition, p. 9. However, the National Childhood Vaccine Injury Act (the "Vaccine Act" or "the Act") prohibits the filing of a civil action "against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury" prior to proceeding in a specially-designated court of the U.S. Court of Federal Claims ("Vaccine Court"). 42 U.S.C. §§ 300aa-1, *et seq.* Where a plaintiff files a civil action in

- 6 -

state or federal court against an "administrator" in violation of this prohibition, "the court **shall dismiss the action**." 42 U.S.C. § 300aa-11(a)(2)(B) (emphasis added). As such, the Petition is completely devoid of any factual allegations which could form the basis of a cognizable claim against the City of Laredo. Therefore, the Vaccine Act forms a second basis for a finding that the City should be deemed "fraudulently joined" and its Texas citizenship disregarded for purposes of determining diversity jurisdiction.[2]

15.    The Petition alleges that Defendant Wyeth (f/k/a American Home Products Corporation) is a foreign corporation. Petition, p. 3. Defendant Wyeth is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Wyeth is a Delaware corporation with its principal place of business in New Jersey.

16.    The Petition alleges that Defendant Aventis Pasteur, Inc. is a foreign corporation. Petition, p. 3. Defendant Aventis is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Aventis Pasteur, Inc. is a Delaware corporation with its principal place of business in Pennsylvania.

---

[2]    As noted above, the Vaccine Act prohibits the filing of a civil claim "against a vaccine administrator or manufacturer." 42 U.S.C. § 300aa-11(a)(2)(A). Therefore, the Vaccine Act requires the dismissal of the manufacturers of vaccines and vaccine components as well. The Vaccine Act "is jurisdictional in nature because it defines the jurisdiction of state and federal courts with respect to civil actions against a vaccine administrator or manufacturer for vaccine-related injuries." *Gilbert v. Secretary of HHS*, 31 Fed. Cl. 379, 381 (Fed. Cl. 1994). Whether this common jurisdictional defense precludes Lilly's reliance on this basis for removal of this case to this Court is an unsettled issue of law for which certain Defendants have requested an *en banc* review in the Fifth Circuit. *See Collins v. American Home Products Corp.*, No. 02-60736; *Stewart v. American Home Products Corp.*, 02-60764. Because the defense is jurisdictional, the prohibition against using removal "as an occasion to adjudicate the substantive issues of a case," as articulated in *Smallwood v. Illinois Central Railroad Co.*, 342 F.3d 400 (5th Cir. 2003), should not apply in this case. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (holding that the fact that a statute of limitations defense applied to all parties simply "demonstrate[d] beyond peradventure that [the local doctor defendants] were sham defendants for purposes of removal").

163059v1

17.    The Petition alleges that Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline is a foreign corporation. Petition, p. 3. Defendant SmithKline Beecham Corporation is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant SmithKline Beecham Corporation is a Pennsylvania corporation with its principal place of business in Pennsylvania.

18.    The Petition alleges that Defendant Merck & Company, Inc. is a foreign corporation. Petition, p. 3. Defendant Merck & Company, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Merck & Company, Inc. is a New Jersey corporation with its headquarters in Whitehouse Station, New Jersey. The pharmaceutical division of Merck & Company, Inc. is headquartered in Pennsylvania.

19.    The Petition alleges that Defendant Baxter International, Inc. is a foreign corporation. Petition, p. 3. Defendant Baxter International, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Baxter International, Inc. is a Delaware corporation with its principal place of business in Illinois.

20.    The Petition alleges that Defendant Dow Chemical Company is a foreign corporation. Petition, p. 3. Defendant Dow Chemical Company is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Dow Chemical Company is a Delaware corporation with its principal place of business in Michigan.

- 8 -

21.    The Petition alleges that Defendant Eli Lilly and Company is a foreign corporation. Petition, p. 4. Defendant Eli Lilly and Company is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Eli Lilly and Company is an Indiana corporation with its principal place of business in Indiana.

22.    The Petition alleges that Defendant Sigma-Aldrich, Inc., incorrectly named as "Sigma Aldrich," is a foreign corporation. Petition, p. 4. Defendant Sigma-Aldrich, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Sigma-Aldrich, Inc. is a Wisconsin corporation with its principal place of business in Missouri.

23.    Consequently, all of the Plaintiffs and none of the properly-joined Defendants are citizens of the State of Texas. Thus, complete diversity of citizenship exists under 28 U.S.C. § 1332 and removal of the State Court Action is therefore proper under 28 U.S.C. § 1441(b).

### The Amount In Controversy Requirement Is Satisfied

24.    In their Petition, Plaintiffs allege that the minor Plaintiff was injured by the receipt of childhood vaccinations. Petition, p. 6. These vaccines allegedly caused "neurological effects," such as autism. *Id.* The Petition seeks damages for past and future "medical care; loss of earning capacity; physical impairment; disfigurement; physical pain; mental anguish; loss of consortium; loss of services; [and] loss of companionship." *Id.* at pp. 10-11. Plaintiffs also request exemplary damages, and assert that the statutory cap on exemplary damages would not apply to this case. Petition, p. 11.

25.    Defendants deny that any vaccine or vaccine component caused the minor Plaintiffs' alleged injuries. However, in light of the alleged severity of the injuries set forth in

- 9 -

163059v1

Plaintiffs' Petition, Lilly's good-faith belief is that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, individually and collectively, for both the Plaintiff parents' individual claims, and those brought on behalf of the minor child. Consequently, the allegations of the Petition satisfy the amount in controversy requirement of 28 U.S.C. 1332. *See, e.g., St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [$75,000]").

WHEREFORE, because complete diversity exists and the amount in controversy exceeds $75,000, jurisdiction exists in this Court under 28 U.S.C. § 1332. Lilly requests that the 404th Judicial District Court of Cameron County, Texas, proceed no further with Cause No. 2003-08-4338-G, and that the action styled *Torres, et al. v. American Home Products, et al.* be removed from that court to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

By: _____

M. SCOTT MICHELMAN
Attorney-in-Charge
State Bar No. 00797075
So. Dist. of TX ID No. 20802
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX   77002-2911
Telephone:    713/227-8008
Telefax:      713/2279508

ATTORNEYS FOR DEFENDANT,
ELI LILLY AND COMPANY

- 10 -

163059v1

OF COUNSEL:

DEBORAH A. MOELLER
JEFFERY A. KRUSE
SHOOK, HARDY & BACON L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, MO  64105-2118
Telephone:      816/474-6550
Telefax:        816/421-5547

163059v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the _____5ᵗʰ_____ day of December, 2003:

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX 78401 | Plaintiffs, Manual Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX 76234 | | U.S. 1ˢᵗ Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX 75219 | | U.S. 1ˢᵗ Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX 78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1ˢᵗ Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift Currie McGhee & Heiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA 30309-3238 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1ˢᵗ Class Mail |
| Wade L. McClure<br>Gibson McClure Wallace & Daniels<br>8080 N. Central Expressway, Suite 1300<br>LB50<br>Dallas, TX 75206-1808 | | U.S. 1ˢᵗ Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX 75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1ˢᵗ Class Mail |

163059v1

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX  79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX  77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Lee Davis Thames<br>Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.<br>Post Office Box 22567<br>Jackson, MS  39225-2567 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX  77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

- 13 -

163059v1

**NO DEFENDANT HAS BEEN SERVED WITH PROCESS.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES; *et al.* | § § § § § | |
| Plaintiffs, | § § | Civil Action No. _____ |
| v. | § § | |
| AMERICAN HOME PRODUCTS, d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLE VACCINES, and LEDERLE LABORATORIES; *et al.* | § § § § § § § | Removed from the Cameron County District Court, 404th Judicial District Cause No. 2003-08-4338-G |
| Defendants. | § § § | |

**INDEX OF STATE COURT PLEADINGS**

1.    Copy of Docket Sheet

2.    Plaintiffs' Original Petition

3.    Notice to State Court of filing Notice of Removal

4.    Notice to Plaintiffs of filing Notice of Removal

163061v1

# CIVIL DOCKET · JUDGE'S ENTRIES

## RULE 26-TRCP

ẀUN DATE à^4Àà`XA
ẀUN TIME ƒ

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| MANUEL TORRES AND DOMINGA TORRES, INDIVIDUALLY AND<br><br>VS<br><br>AMERICAN HOME PRODUCTS | 00662401<br>STEVE T. HASTINGS<br>101 N. SHORELINE BLVD. STE. 4320<br>CORPUS CHRISTI, TX    78401 0000 | (06)<br><br>BREACH OF WARRANT |

| DATE OF ORDERS | COURT'S DOCKET (Rule 26, TRCP) |
|---|---|
| | |

CERTIFIED COPY

CAUSE NO. *2003-08-4338-G*

| | |
|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as next Friends of DEREK TORRES; | § § § § |
| ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE | § § § |
| VS. | § § § |
| AMERICAN HOME PRODUCTS d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLY VACCINES, and LEDERLE LABORATORIES; | § § § § § § § |
| AVENTIS PASTEUR, INC., Individually and as Successor in Interest to CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT; | § § § § § § |
| GLAXOSMITHKLINE, Individually and as Successor in Interest to SMITHKLINE BEECHAM CORP.; | § § § § |
| MERCK & CO., INC.; | § § |
| BAXTER INTERNATIONAL, INC., Individually and as Successor in Interest to NORTH AMERICAN VACCINE, INC.; | § § § § |
| DOW CHEMICAL COMPANY; | § § |
| ELI LILLY AND COMPANY; | § § |
| SIGMA ALDRICH; | § § |
| ORIBI, INC., Individually and d/b/a MERIDIAN CHEMICAL & EQUIPMENT, INC. and d/b/a GLOBAL FINE CHEMICALS and NATIONAL ASSOCIATION OF COMPOUNDING | § § § § § |

IN THE DISTRICT COURT

404**th** JUDICIAL DISTRICT



FILED ___11:00___ O'CLOCK ___ ___M
AURORA DE LA GARZA DIST. CLERK

AUG 29 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CERTIFIED COPY

PHARMACISTS;                              §               CAMERON COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come MANUEL TORRES and DOMINGA TORRES, individually and as Next

Friends of DEREK TORRES; and ERIKA DUREE, individually and as Next Friend of ERIN

JONATHON DUREE, Plaintiffs herein, and file this their Plaintiffs' Original Petition for

damages and would respectfully show the Court as follows:

### Discovery

Plaintiffs request that discovery in this case be conducted under Level 3.

### Parties

Plaintiffs, Manuel Torres and Dominga Torres, are the natural parents of Derek Torres,

who was born on July 28, 1993, in Cameron County, Texas. The child suffers from mercury

poisoning as a result of mercury that was injected into him during the first two years of life. The

mercury was contained in vaccines manufactured and distributed by Defendants. At all times

relevant herein, Plaintiffs have been and are residents of the State of Texas.

Plaintiff, Erika DuRee, is the natural parent of Erin Jonathon DuRee, who was born on

September 21, 1997, in Cameron County, Texas. The child suffers from mercury poisoning as a

result of mercury that was injected into him during the first two years of life. The mercury was

contained in vaccines manufactured and distributed by Defendants. At all times relevant herein,

Plaintiffs have been and are residents of the State of Texas.

Defendant, American Home Products Corporation, doing business as Wyeth, Wyeth

Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederly, Wyeth Lederly

CERTIFIED COPY

Vaccines, and Lederle Laboratories, is a foreign corporation doing business in the State of Texas. American Home Products Corporation may be served through its registered agent in the State of Texas, Prentice-Hall, 800 Brazos, Austin, Texas 78701.

Defendant, Aventis Pasteur, Inc., individually and as successor in interest to Connaught Laboratories, Inc., Pasteur Merieux and Pasteur Merieux Connaught, is a foreign corporation doing business in the State of Texas. Aventis Pasteur, Inc. may be served through its registered agent in the State of Texas, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

Defendant, GlaxoSmithKline, individually and as successor in interest to SmithKlineBeacham Corp., is a foreign corporation doing business in the State of Texas. GlaxoSmithKline may be served through its President, Jean-Pierre Garnier, at One Franklin Plaza, 200 N. 16th Street, Philadelphia, Pennsylvania 19102.

Defendant, Merck & Co., Inc., is a foreign corporation doing business in the State of Texas. Merck & Co., Inc. may be served through its registered agent in the State of Texas, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

Defendant, Baxter International, Inc., individually and as successor in interest to North American Vaccine, Inc., is a foreign corporation doing business in the State of Texas. Baxter International, Inc., may be served through its President, Harry M. Jansen Kraemer, Jr., at One Baxter Parkway, Deerfield, Illinois 60015.

Defendant, Dow Chemical Company, is a foreign company doing business in the State of Texas. Dow Chemical Company may be served through its registered agent, C T Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

Defendant, Eli Lilly and Company, is a foreign corporation doing business in the State of

CERTIFIED COPY

Texas. Eli Lilly and Company may be served through its registered agent, C T Corporation

Systems, 350 North St. Paul Street, Dallas, Texas 75201.

Defendant, Sigma Aldrich, is a foreign corporation doing business in the State of Texas.

Sigma Aldrich may be served through its President, David R. Harvey, at 3050 Spruce Street, St.

Louis, Missouri 63103.

Defendant, Oribi, Inc., individually, and doing business as Meridian Chemical &

Equipment, Inc., and doing business as Global Fine Chemicals, and doing business as National

Association of Compounding Pharmacists, is a Texas Corporation. Oribi, Inc. may be served

through John R. Rains, at 3427 Soncy, Amarillo, Texas 79121. Oribi, Inc. is a proper defendant

in this case in that it distributed one or more of the vaccines or component parts of the vaccines

in question.

## Jurisdiction

This Court has jurisdiction over this matter for the reason that the amount in controversy

exceeds the jurisdictional minimum of this Court, exclusive of costs and interest. The Court also

has jurisdiction for the reason that one or more defendants are residents of the State of Texas or

are doing business in the State of Texas.

## Venue

Venue is proper in Cameron County under Texas Civil Practice and Remedies Code

§15.002(a) because all or a substantial part of the event or omissions giving rise to this cause of

action occurred in Cameron County.

## Factual Background

This is a mercury poisoning case. The symptoms of mercury poisoning have been

recognized in the scientific and medical community since the eighteenth century. Mercury has

CERTIFIED COPY

been known to be one of the most toxic substances on earth and has been proven to cause neurological damage even at very low doses. Mercury is also known to affect different people in different ways, but newborn children are more susceptible to the effects of mercury during the developmental process of the human infant brain.

Vaccines designed, manufactured, marketed and distributed by Defendants are routinely administered to children. These vaccines contain mercury. The mercury is intentionally placed into the vials containing these vaccines by way of a preservative called "thimerosal." By receiving injections of mercury-laden vaccines during the first eighteen months of life, an infant is exposed to a significant and harmful number of micrograms of mercury. This exposure results in a mercury body burden in the average eighteen-month-old child that exceeds federal exposure guidelines by thirty (30) times the permissible limit.

In the 1980s, the Food and Drug Administration ("FDA") issued a regulation that required the removal of thimerosal from all over-the-counter products due to safety concerns. Still, Defendants continued to design, manufacture, market and distribute childhood vaccines containing mercury-laden thimerosal. On December 14, 1998, the FDA published a notice in the Federal Register requesting that vaccine manufacturers provide data on the mercury content in their vaccines. The FDA's Center for Biologics Evaluation and Research ("CBER " has confirmed that mercury has been present in over thirty vaccines marketed in the United States during the past five years.

In June 1999, the FDA made the following announcement:

**"Infants who receive thimerosal-containing vaccines at several visits may be exposed to more mercury than recommended by federal safety guidelines for total mercur exposure."**

In July 1999, the American Academy of Pediatrics ("AAP") issued a notice to its members

CERTIFIED COPY

stating a preference for thimerosal-free vaccines in light of concerns that the mercury in thimerosal-containing vaccines could be hazardous to a child's health. still, Defendants continued to design, manufacture, market and distribute childhood vaccines containing mercur-laden thimerosal.

The children received vaccinations in Cameron County since birth. The vaccinations they received contained mercury. The vaccines and the component parts of the vaccines were designed, manufactured, marketed and distributed by Defendants. By being injected with these mercury-laden vaccines, the children were subjected to very high doses of mercury, which was contained in the thimerosal preservative that was intentionally added to the vaccine by Defendants. Defendants used the thimerosal preservative that contains the high levels of mercury without adequate testing, without adequate warnings and despite the ready availability of a substitute preservative.

The children were poisoned by the cumulative doses of the mercury they received by way of these vaccinations. As a result, the children have suffered from, and in the future will continue to suffer, from the neurological effects of mercury. Testing has revealed that the children meet the eligibility guidelines of a child with autism, which is also a form of a neurological development disorder. The proximate and producing cause of the neurological disorder from which the children suffer is the exposure to mercury, which has long been known to cause neurological disorders of the type exhibited by minor Plaintiffs herein.

### Causes of Action

Plaintiffs assert causes of action for strict liability, negligence, breach of warranty, fraud and misrepresentation and civil conspiracy, more fully set forth below:

### Strict Product Liability

Defendants designed, manufactured, marketed and distributed the vaccines that contained mercury and were injected into the children. Defendants knew and intended that the vaccines containing mercury would be used by physicians and routinely injected into infants like the above-mentioned children without inspection for defects and without knowledge of the significant hazards resulting from such use. Vaccines containing mercury were at all relevant times defective products unsafe for their intended purpose for the reason that exposure to mercury can and did cause serious disease and/or injury – neurological deficits and disorders. The defects existed at the time the vaccines left the possession of Defendants and were a producing cause of damages more fully set forth below. As such, Defendants are liable under the doctrine of strict product liability. Specifically, Defendants are liable for design defect, manufacturing defect and marketing defect. To the extent necessary, Plaintiffs invoke the doctrine of strict product liability. Restatement (Second) of Torts §402A; Restatement (Third) of Torts: Product Liability.

### Negligence

As stated above, Defendants designed, manufactured, marketed and distributed the vaccines that contained mercury and were injected into the minor Plaintiffs. Defendants owed a duty to exercise ordinary care in the design, manufacture, marketing and distribution of the vaccines that contained mercury and were injected into the minor Plaintiffs. Defendants breached this duty of ordinary care, and this breach constitutes negligence. The negligence of Defendants includes, but is not limited to, negligence in design, research, manufacture, marketing, packaging, distribution, advertising, promotion and testing. Defendants were further negligent in failing to abate the manufacture, marketing and distribution of vaccines containing

mercury. Defendants were further negligent in failing to warn about the toxic effects of mercury

contained in the vaccines they designed, manufactured, marketed and/or distributed. The

negligence by Defendants was a proximate cause of damages more fully set forth below.

### Breach of Warranty

As stated above, Defendants designed, manufactured, marketed and distributed the

vaccines that contained mercury and were injected into the minor Plaintiffs. Defendants

provided express and/or implied warranties to others, including Plaintiffs, concerning the

vaccines that contained mercury and were injected into the minor Plaintiffs. Defendants

breached one or more express warranties, including but not limited to an express warranty that

the vaccine containing mercury was safe to use on minor children. Defendants have breached the

implied warranty of merchantability under Texas Business & Commerce Code §2.314(b) and the

implied warranty of fitness for a particular purpose under Texas Business & Commerce Code

§2.315. The breach of express and implied warranty by Defendants was a producing cause of

damages more fully set forth below.

### Civil Conspiracy

The acts, omissions, recommendations and/or representations by Defendants were part of

a common objective or course of action between Defendants and others that resulted in the

damages to Plaintiffs more fully set forth below. Specifically, Defendants engaged in a civil

conspiracy to design, manufacture, market and/or distribute vaccines that contained mercury,

including but not limited to the vaccines that were injected into the children, while withholding

information from consumers and the public in general about the toxic hazards and potential

public health ramifications resulting from the use of these mercury-containing products. As an

example, Defendants conspired to continuously misrepresent to the consuming public the

efficacy of such products by failing in all instances to advise such persons that the mercury-containing vaccines, used in an ordinary fashion, could and would result in mercury poisoning as a result of the toxicity of the mercury contained in the vaccines. The civil conspiracy engaged in by Defendants was a proximate cause of the damages sustained by Plaintiffs more fully set forth below.

### Causes of Action against the Clinic Defendants

The children received vaccinations in Cameron County since birth. The vaccinations were administered by Defendants, City of Laredo Health Department and City of Laredo (hereinafter "Clinic Defendants").

At all times, and with each and every administration of a vaccine, the Clinic Defendants failed to disclose the risks and hazards that could have influenced a reasonable person in making a decision to give or withhold consent. Plaintiffs could have and would have requested and required thimerosal-free vaccines had they known the true nature of the risks and hazards associated with the children receiving vaccines containing thimerosal. The failure of The Clinic Defendants to make this disclosure constitutes negligence.

Moreover, The Clinic Defendants provided treatment to the minor Plaintiffs that was below the standard of care by continuing to administer thimerosal-containing vaccine to the children after June 1999 and by failing to ward Plaintiffs of the risks associated with thimerosal-containing vaccines after June 1999. As stated above, in June 1999, the FDA made the following announcement:

> **Infants who receive thimerosal-containing vaccines at several visits may be exposed to more mercury than recommended by federal safety guidelines for total mercury exposure."**

In July 1999, the American Academy of Pediatrics ("AAP") issued a notice to its members

CERTIFIED COPY

stating a preference for thimerosal-free vaccines in light of concerns that the mercury in

thimerosal-containing vaccines could be hazardous to a child's health. Nevertheless, The Clinic

Defendants continued to administer thimerosal-containing vaccines to the children.



CERTIFIED COPY

loss of services; loss of companionship. These damages are in an amount that exceeds the minimum jurisdictional limits of this Court.

## Exemplary Damages

The conduct of Defendants set forth above was more than momentary thoughtlessness or inadvertence and constitutes a willful act or omission or malice or gross neglect, as those terms are defined by Texas law. The conduct of Defendants shows an act or omission which when viewed objectively from the standpoint of Defendants at the time of the occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs. As a result of such conduct, Plaintiffs are entitled to recover exemplary damages from Defendants in an maount in excess of the minimum jurisdictional limits of the Court. Plaintiffs, therefore, seek exemplary damages in an amount that exceeds the minimum jurisdictional limits of this Court in order to make an example of Defendants and deter Defendants or others from engaging in similar conduct. Plaintiffs would further show that the statutory cap jon exemplary damages does not apply pursuant to the provisions of Texas Civil Practice & Remedies Code §41.008(c).

## Interest

Plaintiffs are entitled to pre-judgment and post-judgment interest at the highest rate provided by law.

## Jury Demand

As provided by the constitution of the United States and the State of Texas, Plaintiffs hereby make formal demand of their right to trial by jury in accordance with the Texas Rules of

CERTIFIED COPY

Civil Procedure.

<u>Prayer</u>

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer, and that

on final trial Plaintiffs, have:

(a)     Judgment against Defendants, jointly and severally, for an amount in excess of the minimum jurisdictional limits of the Court for both actual and exemplary damages more fully set forth above;

(b)     Prejudgment and post-judgment interest as provided by law;

(c)     Costs of suit; and

(d)     Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas  78401
(361)-692-2000
Fax (361)-692-2001

By _____
   Steve T. Hastings
   State Bar No. 09211000

Michael A. Simpson
State Bar No. 18403650
Derrick S. Boyd
State Bar No. 00790350
SIMPSON & BOYD, P.L.L.C.
P. O. Box 957
Decatur, Texas  76234
(940) 627-8308
Fax (940) 627-8092

Greg McCarthy
State Bar No. 13367500
MILLER & McCARTHY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
NOV 26 2003
BY _____ DEPUTY

3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas  75219
(469) 916-2552
Fax (469) 916-2555

**ATTORNEYS FOR PLAINTIFFS**

# THE HASTINGS LAW FIRM

### STEVE T. HASTINGS
#### Attorney

101 N. Shoreline
Suite 430
Corpus Christi, Texas 78401

361-692-2000
Fax: 361-692-2001
Email: steveh@hastingslawfirm.net

August 28, 2003

Aurora De La Garza
Cameron County District Clerk
974 E. Harrison St.
Brownsville, Texas 78520

RE:    Cause No: 2003-08-4338-G

*Manuel Torres and Dominga Torres, Individually and as Next Friends of Derek Torres, et al vs. American Home Products, et al; Cameron County, Texas*

Dear Ms. De La Garza:

Please find enclosed for filing *Plaintiffs' Original Petition*, together with our firm's check in the amount of $170.00 as payment of the filing fee.

No services is being requested at this time.

Very truly yours,

Steve T. Hastings

STH/sra
Enclosure: ck#10046

CAUSE NO. 2003-08-4338-G

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA | § | IN THE DISTRICT COURT |
| TORRES, Individually and as Next Friend of | § | |
| DEREK TORRES; *et al.* | § | |
| | § | |
| | § | |
| Plaintiffs, | § | 404th JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS, d/b/a | § | |
| WYETH, WYETH LABORATORIES, | § | |
| WYETH-AYERST, WYETH-AYERST | § | |
| LABORATORIES, WYETH LEDERLE, | § | |
| WYETH LEDERLE VACCINES, and | § | |
| LEDERLE LABORATORIES; *et al.* | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

To:    Aurora De La Garza, District Clerk, Cameron County, Texas:

Please take notice that Defendant Eli Lilly and Company has filed its Notice of Removal

to the United States District Court for the Southern District of Texas, Brownsville Division, a

copy of which is attached hereto. Defendant hereby files a copy of the Notice with the Clerk of

the District Court of Cameron County, Texas, all in accordance with 28 U.S.C. § 1446(d).

Dated this _____5_____ day of December, 2003.

Respectfully submitted,

By: _____

M. SCOTT MICHELMAN
State Bar No. 00797075
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX  77002-2911
Telephone:    713/227-8008
Telefax:    713/2279508

ATTORNEYS FOR DEFENDANT,
ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
JEFFERY A. KRUSE
SHOOK, HARDY & BACON L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, MO 64105-2118
Telephone:    816/474-6550
Telefax:      816/421-5547

2

163062v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the _____ day of December, 2003:

| Attorney(s) | Counsel For: | Method of Service |
| --- | --- | --- |
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX  78401 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX  76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX  75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX  78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift Currie McGhee & Heiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA  30309-3238 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| Wade L. McClure<br>Gibson McClure Wallace & Daniels<br>8080 N. Central Expressway, Suite 1300<br>LB50<br>Dallas, TX  75206-1808 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX  75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

3

163062v1

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX  79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX  77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Lee Davis Thames<br>Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.<br>Post Office Box 22567<br>Jackson, MS  39225-2567 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX  77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

4

CAUSE NO. 2003-08-4338-G

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES; *et al.* | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | 404th JUDICIAL DISTRICT |
| v. | § § | |
| AMERICAN HOME PRODUCTS, d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLE VACCINES, and LEDERLE LABORATORIES; *et al.* | § § § § § § § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL

TO:   Plaintiffs, by and through their respective attorneys of record, Steve T. Hastings, Hastings & Alfaro, 101 N. Shoreline Boulevard, Suite 430, Corpus Christi, TX 78401; Michael A. Simpson and Derrick S. Boyd, Simpson & Boyd, P.L.L.C., Post Office Box 957 and Greg McCarthy, Miller & McCarthy, 3811 Turtle Creek Boulevard, Suite 1950, Dallas, TX 75219:

You will please take notice that Eli Lilly and Company, Defendant in the above-styled and numbered cause, originally filed in the District Court of Cameron County, Texas, namely, *Manuel Torres and Dominga Torres, et al. v. American Home Products, et al.*, Cause No. 2003-08-4338-G, is filing in the United States District Court for the Southern District of Texas, Brownsville Division, its Notice of Removal in the above-captioned cause from the said District of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville.

Attached hereto you will find a copy of said Notice of Removal.

163063v1

Respectfully submitted,

By:_____
    M. SCOTT MICHELMAN
    State Bar No. 00797075
    SHOOK, HARDY & BACON L.L.P.
    600 Travis, Suite 1600
    Houston, TX   77002-2911
    Telephone:    713/227-8008
    Telefax:    713/2279508

    ATTORNEYS FOR DEFENDANT,
    ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
JEFFERY A. KRUSE
SHOOK, HARDY & BACON L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, MO  64105-2118
Telephone:    816/474-6550
Telefax:    816/421-5547

163063v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the _____5_____ day of December, 2003:

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX  78401 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX  76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX  75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX  78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift Currie McGhee & Heiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA  30309-3238 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| Wade L. McClure<br>Gibson McClure Wallace & Daniels<br>8080 N. Central Expressway, Suite 1300<br>LB50<br>Dallas, TX  75206-1808 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX  75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

163063v1

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX  79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX  77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Lee Davis Thames<br>Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.<br>Post Office Box 22567<br>Jackson, MS  39225-2567 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX  77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, *et al.,* | § § § § | |
| Plaintiffs, | § § | Civil Action No. _____ |
| v. | § § | Removed from the Cameron County District Court, 404th District |
| AMERICAN HOME PRODUCTS, *et al.,* | § § | Cause No. 2003-08-4338-G |
| Defendants. | § § | |

## LIST OF COUNSEL OF RECORD

| Attorney(s) | Counsel For: |
|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX  78401<br><br>Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX  76234<br><br>Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX  75219 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres<br><br>Plaintiffs, Erika Duree, Individually and a/n/f of Erin Jonathan Duree |
| M. Scott Michelman<br>Shook, Hardy & Bacon L.L.P.<br>600 Travis, Suite 1600<br>Houston, TX  77002-2911 | Defendant, Eli Lilly and Company |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX  78767 | Defendant, Wyeth, f/k/a American Home Products Corporation |

| Attorney(s) | Counsel For: |
|---|---|
| Bradley S. Wolff/M. Diane Owens<br>Swift Currie McGhee & Heiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA  30309-3238<br><br>Wade L. McClure<br>Gibson McClure Wallace & Daniels<br>8080 N. Central Expressway, Suite 1300<br>LB50<br>Dallas, TX  75206-1808 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX  75270-2014 | Defendant, Sigma-Aldrich, Inc. |
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX  79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 | Defendant, SmithKline Beecham Corp. |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX  77002 | Defendant, Merck & Company, Inc. |
| Lee Davis Thames<br>Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.<br>Post Office Box 22567<br>Jackson, MS  39225-2567<br><br>Laura J. O'Rourke<br>Vinson & Elkins, LLP<br>2001 Ross Avenue, Suite 3700<br>Dallas, TX  75201-2979 | Defendant, Baxter International, Inc. |

2

| Attorney(s) | Counsel For: |
|---|---|
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX  77516 | Defendant, Dow Chemical Company |

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friends of DEREK TORRES; | § § § § | |
| ERIKA DUREE, Individually and as Next Friend of ERIN JONATHAN DUREE | § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | Civil Action No. _____ |
| AMERICAN HOME PRODUCTS, d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLY VACCINES, and LEDERLE LABORATORIES; | § § § § § § § § | |
| AVENTIS PASTEUR, INC., Individually and as Successor-in-Interest to CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT; | § § § § § § | Removed from the Cameron County District Court, 404th Judicial District Cause No. 2003-08-4338-G |
| GLAXOSMITHKLINE, Individually and as Successor-in-Interest to SMITHKLINE BEECHAM CORP.; | § § § § | |
| MERCK & CO., INC.; | § § | |
| BAXTER INTERNATIONAL, INC., Individually and as Successor in Interest to NORTH AMERICAN VACCINE, INC.; | § § § § | |
| DOW CHEMICAL COMPANY; | § § | |
| ELI LILLY AND COMPANY; | § § | |
| SIGMA ALDRICH; | § § | |
| ORIBI, INC., Individually and d/b/a MERIDIAN CHEMICAL & EQUIPMENT, INC. and d/b/a/ GLOBAL FINE CHEMICALS and d/b/a NATIONAL ASSOCIATION OF COMPOUNDING PHARMACISTS; | § § § § § § § | |
| Defendants. | § | |

1

## CONSENT TO REMOVAL
## UNDER 28 U.S.C. § 1441

Defendant Wyeth (which includes the former Lederle Laboratories), incorrectly named as "American Home Products d/b/a Wyeth, Wyeth Laboratories, Wyeth Ayerst, Wyeth Ayerst Laboratories, Wyeth Lederle, Wyeth Lederly Vaccines, and Lederle Laboratories" ("Wyeth"), hereby consents to and joins in the removal of Cause No. 2003-08-4338-G from the 404th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

By: _____
Michael R. Klatt
Attorney-in-Charge
State Bar No. 11554200
Southern ID No. 13004

**OF COUNSEL:**
Susan E. Burnett
State Bar No. 20648050
Southern ID No. 18604
Randall L. Christian
State Bar No. 00783826
Southern ID No. 15935
Jeffrey R. Lilly
State Bar No. 00787905
Southern ID No. 25873
**CLARK, THOMAS & WINTERS**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

**ATTORNEYS FOR DEFENDANT WYETH**

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| **MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friends of DEREK TORRES;** § § § § | |
| **ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE** § § § | |
| § § | **CIVIL ACTION NO. _____** |
| **Plaintiffs,** § § | **JURY REQUESTED** |
| **V.** § § | |
| **AMERICAN HOME PRODUCTS d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLE VACCINES, and LEDERLE LABORATORIES; et al.** § § § § § § § § | |
| **Defendants.** § | |

**DEFENDANT AVENTIS PASTEUR INC.'S**
**CONSENT TO REMOVAL**

Defendant Aventis Pasteur Inc. hereby consents to and joins in the removal of Cause No.03-08-4338-G from the 404th Judicial District Court in Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

131495

Dated this _____ day of November, 2003

Respectfully submitted,

_____

R. Jo Reser
Attorney in Charge
State Bar No. 16789500
Southern ID No. 10309
DAVIDSON & TROILO
7550 West IH-10, Suite 800
San Antonio, Texas  78229-5815
Telephone:  (210) 349-6484
Telecopier:  (210) 349-0041

**and**

Mike Wise
State Bar #21811500
Southern ID No. 2735
MIGUEL D. WISE, P.C.
134 W. 5th Street
Weslaco, TX  78596
(956) 968-6898 (Telephone)
(956) 968-9787 (Fax)

**COUNSEL FOR DEFENDANT
AVENTIS PASTEUR INC.**

131495

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MANUEL TORRES and DOMINGA §
TORRES, Individually and as Next Friends §
of DEREK TORRES; ERIKA DUREE, §
Individually and as Next Friend of ERIN §
JONATHAN DUREE, §
§
Plaintiffs, §
§
V. §        CIVIL ACTION NO. _____
§
AMERICAN HOME PRODUCTS §
CORPORATION, d/b/a WYETH, ET AL., §
§
Defendants. §

**DEFENDANT SMITHKLINE BEECHAM CORPORATION D/B/A
GLAXOSMITHKLINE'S JOINDER IN AND CONSENT TO REMOVAL OF ACTION**

Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline files this joinder in

and consent to the removal of Cause No. 2003-08-4338-G from the 404th Judicial District Court

of Cameron County, Texas, to the United States District Court for the Southern District of Texas,

Brownsville Division.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By _____ w/ permission CJR
    Jeffrey S. Wolff
    State Bar No. 21865900
    Southern District I.D. No. 1392
    1301 McKinney Street, Suite 5100
    Houston, Texas 77010-3095
    Telephone: 713.651.5151
    Facsimile: 713.651.5246

Attorney-In-Charge for Defendant
SmithKline Beecham Corporation d/b/a
GlaxoSmithKline

30598781.1

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.

Stephanie A. Smith
  State Bar No. 18684200
  Southern District I.D. No. 20008
600 Congress Avenue, Suite 2400
Austin, Texas  78701
Telephone:  512.474.5201
Facsimile:  512.536.4598

Charles Jason Rother
  State Bar No. 24013423
  Southern District I.D. No. 25742
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  713.651.5151
Facsimile:  713.651.5246


GARCIA & VILLARREAL, L.L.P.

Jose E. Garcia
  State Bar No. 07636780
  Southern District I.D. No. 3934
4311 North. McColl Road
McAllen, Texas  78504
Telephone:  956.630.0081
Facsimile:  956.630.3631

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friends of DEREK TORRES | § § § § | |
| ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE | § § § | Civil Action No. _____ |
| Plaintiffs, | § § § | |
| v. | § § | |
| AMERICAN HOME PRODUCTS, d/b/a WYETH, et al. | § § § § | Removed from the Cameron County District Court, 404th Judicial District |
| Defendants. | § | Cause No. 2003-08-4338-G |

## DEFENDANT MERCK & COMPANY, INC.'S CONSENT TO REMOVAL

Defendant Merck & Co., Inc. hereby consents to and joins in the removal of Cause No. 2003-08-4338-G from the 404th Judicial District Court in Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: _____
Richard L. Josephson
Attorney-in-Charge
State Bar No. 11031500
One Shell Plaza
910 Louisiana
Houston, TX 77002
(713) 229-1460
(713) 229-1522 (fax)

COUNSEL FOR DEFENDANT MERCK & COMPANY, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MANUEL TORRES and DOMINGA** | § | **CIVIL ACTION NO. _____** |
| **TORRES, Individually and as Next** | § | |
| **Friends of DEREK TORRES;** | § | |
| | § | |
| **ERIKA DUREE, Individually and as** | § | |
| **Next Friend of ERIN JONATHON DUREE;** | § | |
| | § | |
| **Plaintiffs,** | § | **JURY REQUESTED** |
| | § | |
| **v.** | § | |
| | § | |
| **AMERICAN HOME PRODUCTS** | § | |
| **d/b/a WYETH, WYETH** | § | |
| **LABORATORIES, WYETH-AYERST,** | § | |
| **WYETH-AYERST LABORATORIES,** | § | |
| **WYETH LEDERLE, WYETH LEDERLE** | § | |
| **VACCINES and LEDERLE** | § | |
| **LABORATORIES;** | § | |
| | § | |
| **AVENTIS PASTEUR, INC.,** | § | |
| **Individually and as Successor in Interest to** | § | |
| **CONNAUGHT LABORATORIES, INC.,** | § | |
| **PASTEUR MERIEUX AND PASTEUR** | § | |
| **MERIEUX CONNAUGHT;** | § | |
| | § | |
| **GLAXOSMITHKLINE,** | § | |
| **Individually and as Successor in Interest to** | § | |
| **SMITHKLINE BEECHAM CORP.;** | § | |
| | § | |
| **MERCK & CO. INC.;** | § | |
| | § | |
| **BAXTER INTERNATIONAL, INC., Individually** | § | |
| **and as Successor in Interest to NORTH AMERICAN** | § | |
| **VACCINE, INC.;** | § | |
| | § | |
| **DOW CHEMICAL COMPANY;** | § | |
| | § | |
| **ELI LILLY AND COMPANY;** | § | |
| | § | |
| **SIGMA ALDRICH;** | § | |
| | § | |
| **ORIBI, INC. Individually and d/b/a MERIDIAN** | § | |
| **CHEMICAL & EQUIPMENT, INC. and d/b/a** | § | |
| **GLOBAL FINE CHEMICALS and NATIONAL** | § | |
| **ASSOCIATION OF COMPOUNDING** | § | |
| **PHARMACISTS;** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT THE DOW CHEMICAL COMPANY'S**
**CONSENT TO REMOVAL**

Defendant The Dow Chemical Company hereby consents to and joins in the removal of Cause No. 2003-08-4338-G from the 404th Judicial District Court in Cameron County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.

Dated this 26 day of November, 2003

Respectfully submitted,

GILBERT & GILBERT

BY _John R. Gilbert_

JOHN R. GILBERT
Attorney-in-Charge
State Bar No. 07898500
SDOT No. 3754
222 North Velasco
Post Office Box 1819
Angleton, Texas 77516-1819
Telephone: (979) 849-5741
Facsimile: (979) 849-7729

**COUNSEL FOR DEFENDANT**
**THE DOW CHEMICAL COMPANY**

OF COUNSEL:

GILBERT & GILBERT
Lawrence P. Hampton
State Bar No. 08875500
SDOT No. 8123
222 North Velasco
Post Office Box 1819
Angleton, Texas 77516-1819
Telephone: (979) 849-5741
Facsimile: (979) 849-7729

J:\JRG\Dow-Uvalle\Uvalle consent to remove.doc

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friends of DEREK TORRES; | § § § § | |
| ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE; | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| AMERICAN HOME PRODUCTS d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLY VACCINES, and LEDERLE LABORATORIES; | § § § § § § § § | JURY REQUESTED |
| AVENTIS PASTEUR, INC., Individually and as Successor in Interest to CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT; | § § § § § § | |
| GLAXOSMITHKLINE, Individually and as Successor in Interest to SMITHKLINE BEECHAM CORP.; | § § § § | |
| MERCK & CO. INC.; | § § | |
| BAXTER INTERNATIONAL, INC., Individually and as Successor in Interest to NORTH AMERICAN VACCINE, INC.; | § § § § | |
| DOW CHEMICAL COMPANY; | § § | |
| ELI LILLY AND COMPANY; | § § | |
| SIGMA ALDRICH; and | § § | |
| ORIBI, INC. Individually and d/b/a MERIDIAN CHEMICAL & EQUIPMENT, INC. and d/b/a GLOBAL FINE CHEMICALS and NATIONAL ASSOCIATION OF COMPOUNDING PHARMACISTS; | § § § § § § | |
| *Defendants.* | § | |

DEFENDANT SIGMA-ALDRICH, INC.'S CONSENT TO REMOVAL - PAGE 1

2005720  2286/609

## DEFENDANT SIGMA-ALDRICH, INC.'S
## <u>CONSENT TO REMOVAL</u>

Defendant Sigma-Aldrich, Inc., incorrectly named as "Sigma-Aldrich," hereby advises this

Court that it consents to Defendant Eli Lilly's removal of this action from the 404th Judicial District

Court of Cameron County, Texas, to the United States District Court for the Southern District of

Texas, Brownsville Division.

Dated this 1st day of December, 2003

Respectfully submitted,

**McCauley, Macdonald & Devin, P.C.**

By:

David M. Macdonald, Attorney-in-Charge
State Bar No. 12755300
Southern District Bar No. 22762
3800 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
(214) 744-3300
(214) 747-0942 (Facsimile)

**ATTORNEY-IN-CHARGE
FOR DEFENDANT SIGMA-
ALDRICH, INC.**

## AFFIDAVIT OF JOHN RAINS

STATE OF TEXAS                    §
                                  §
COUNTY OF POTTER                  §

BEFORE ME, the undersigned authority, on this day personally appeared, John Rains, known to me, and after being duly sworn, stated on oath the following:

1.      "My name is John Rains. I am more than 21 years of age and capable of making this Affidavit. All of the facts stated herein are of my own personal knowledge and are true and correct.

2.      Oribi, Inc. was incorporated in March 1997 and ceased business operations on January 10, 2000. All of Oribi, Inc.'s business was done through its d/b/a Meridian Chemical and Equipment.

3.      Oribi, Inc.'s business as it relates to Thimerosal was limited to acting as a repackager. Oribi, Inc. would purchase Thimerosal in small units and repackage the product, without alteration, into smaller units. The smaller units were then sold to compounding pharmacies. Oribi, Inc. did not manufacture Thimerosal, alter Thimerosal, or manufacture vaccines. Additionally, Meridian did not sell Thimerosal to pharmaceutical companies that manufacture vaccines.

4.      As part of my employment as President of Oribi, Inc., I was required to become familiar with the company's repackaging and distribution operations, which included the repackaging and distribution of Thimerosal."

FURTHER AFFIANT SAYETH NOT.



John Rains

SUBSCRIBED AND SWORN BEFORE ME by John Rains on the _19_ day of November, 2003, to certify which witness my hand and official seal.

Notary Public,  State of Texas

My Commission Expires:

C:\Documents and Settings\kcasey\Local Settings\Temporary Internet Files\OLK475\Rains affidavit.wpd

KEVIN BURROUGHS
Notary Public
State of Texas
My Comm. Exp. 07-21-07

**AFFIDAVIT OF JOHN RAINS**

**Page 2 of 2**