

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL TORRES AND DOMINGA TORRES, INDIVIDUALLY AND AS NEXT FRIENDS OF DEREK TORRES, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO.03-CV-222 (Jury requested) |
| AMERICAN HOME PRODUCTS, *et al.*, | § § | Judge Hanen |
| Defendants. | § | |

### DEFENDANT THE DOW CHEMICAL COMPANY'S MOTION TO DISMISS OR ALTERNATIVELY TO STAY

Defendant The Dow Chemical Company ("TDCC") files this Motion in the event that the Court does not grant TDCC's Motion for Summary Judgment, filed concurrently this same day. If the Court does not grant TDCC's Motion for Summary Judgment, then TDCC respectfully moves this Court to dismiss the entire petition against it, or in the alternative, should the Court dismiss some but not all claims, moves this Court to stay any claims not dismissed. In support of this motion, TDCC states as follows:

### INTRODUCTION

The Original Petition ("Petition")[1] against TDCC and other defendants purports to bring a products liability action for unspecified "neurological" injuries caused by "thimerosal-containing vaccines" made by an unidentified manufacturer. *See, e.g.*, Petition at p. 7. Plaintiffs, individually and on behalf of their minor children, sued TDCC and other defendants for injuries

---

[1] The Petition was filed in Cameron County, Texas and removed to this Court on December 8, 2003.

allegedly arising from thimerosal-containing vaccines that the minor plaintiffs allegedly received. Plaintiffs contend that vaccinations containing thimerosal administered to the minor plaintiffs caused "neurological effects of mercury." Petition at p. 6. However, the petition fails to show any factual connection between TDCC and the activities or injuries alleged. Through its motion for summary judgment, TDCC will establish that it did not manufacture any vaccine allegedly administered to the minor plaintiffs and it did not manufacture thimerosal used in any such vaccine as is alleged in its Motion for Summary Judgment filed this date.

The Petition consists of four causes of action against TDCC: (1) strict liability; (2) negligence; (3) breach of warranty; and (4) conspiracy. Each of these causes of action fails to state a claim against TDCC and should be dismissed.

## ARGUMENT

Plaintiffs cannot prove any set of facts to support their claims against TDCC. In such cases, where the plaintiff can prove no set of facts which would entitle plaintiff to relief, the causes of action must be dismissed under Rule 12(b). *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint against TDCC is both legally and factually insufficient and, therefore, should be dismissed.

The National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 *et seq.* ("Vaccine Act"), mandates that plaintiffs' claims be dismissed because plaintiffs have not alleged that they have exhausted their administrative remedies by first submitting those claims to the Vaccine Act's administrative process ("Vaccine Court"), as required by law. Under the Vaccine Act, the minor children plaintiffs, as a vaccine recipients, are clearly barred from pursuing a lawsuit in this context. 42 U.S.C. § 300aa-11(a)(2). Likewise, the claims of the adult plaintiffs are also

barred to the extent the adults are seeking to recover damages for the expenses they allegedly incurred on behalf of their children due to the vaccine-related injuries allegedly sustained by the minor plaintiffs. *Id.* The entire complaint should be dismissed because plaintiffs must first bring their claims in Vaccine Court. In further support of this motion, TDCC adopts the arguments of the vaccine manufacturer defendants' motion to dismiss filed this same day.

TDCC acknowledges that it is not a vaccine manufacturer as defined in the Vaccine Act at 42 U.S.C. § 300aa-33 because it is not currently licensed by the Food and Drug Administration to manufacture vaccines in the United States. Further, TDCC notes that plaintiffs do not allege that TDCC manufactures or sells any component of vaccines, such as thimerosal, given to the plaintiff children, and there would be no factual basis to support such an allegation. Nevertheless, by consistently making allegations against "all defendants" throughout the Petition without providing specific facts as to allegations against TDCC individually, plaintiffs allege that TDCC "designed, manufactured, marketed and distributed " vaccines containing thimerosal. *See, e.g.,* Petition at p. 6. Accordingly, TDCC may properly move to dismiss the petition based on the Vaccine Act because plaintiffs have erroneously asserted that TDCC is a vaccine manufacturer.

Moreover, dismissal of these claims is mandated pursuant to the Vaccine Act because the Vaccine Court has exclusive jurisdiction of these claims, and in fact has already assumed jurisdiction over hundreds of thimerosal-related claims. The Vaccine Act divests the court of jurisdiction until plaintiffs have fully complied with all the Vaccine Act's procedures.

In the event that this Court dismisses some but not all of the plaintiffs' claims, this action should be stayed pending the complete resolution of plaintiffs' claims in the Vaccine Court and

an election by plaintiffs under Section 300aa-21(a) of the Vaccine Act to refuse or accept the resulting judgment entered by the Vaccine Court. It would be unjust to require TDCC to proceed in the present case without the presence of the other defendants and/or before discovery is completed in the parallel proceedings in the Vaccine Court, and a determination made as to the general causation inquiry that the Vaccine Court has undertaken pursuant to its General Autism Order #1, which established detailed procedures for determining whether thimerosal-containing vaccines can cause autism and/or similar neurodevelopmental disorders.

Additionally, principles of judicial economy, sound judicial administration and comity favor a stay, should the court elect not to dismiss all claims against all defendants. Indeed, the Vaccine Act requires that claims for "vaccine-related" injuries first be filed against the Secretary of the Department of Health and Human Services and heard in the first instance by special masters in the Vaccine Court. 42 U.S.C. §§ 300aa-11(a)(2)(A); 300aa-12(a). When a plaintiff's claims are to be heard "in the first instance" in another court with exclusive, original jurisdiction, it is proper for a district court to stay the proceedings pending resolution of the plaintiff's claims in the court with original jurisdiction. *See National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856 (1985). Resolution of plaintiffs' claims in the Vaccine Court would avoid piecemeal litigation and promote judicial economy.

Further, the instant lawsuit should not proceed against TDCC in the absence of the other defendants, as each is an indispensable party. Fed. R. Civ. P. 19. If this Court dismisses plaintiffs' claims against the other defendants, but denies corresponding relief to TDCC, there is a substantial risk of inequity in the treatment of TDCC's position vis-a-vis other defendants. TDCC did not manufacture the vaccines or thimerosal at issue. It did not produce, sell, supply or

distribute thimerosal for use in vaccines, including childhood vaccines. Plaintiffs assert, nonetheless, that TDCC is liable for the vaccine-related injuries allegedly sustained by the minor plaintiff. It would be inherently unfair to require TDCC to defend against plaintiffs' claims and allow submission of this case to a jury without the presence of the other defendants and without consideration of such defendants' percentages of responsibility, if any. Accordingly, equity and good conscience dictate that this litigation be stayed pending a full and complete adjudication of plaintiffs' claims against the other defendants in Vaccine Court.

## CONCLUSION

For all the above reasons, Defendant The Dow Chemical Company respectfully requests that this Court grant, with prejudice, its motion to dismiss the entire complaint against it. Alternatively, TDCC moves to stay the proceedings against all remaining defendants as a group in the event that the Court deems it appropriate to dismiss some but not all the claims in this suit, pending the resolution of proceedings in the Vaccine Court.

Respectfully submitted,
**GILBERT & GILBERT**

BY: *[signature]*
John R. Gilbert
State Bar No. 07898500
So. Dist. Texas No. 3754
222 North Velasco
P. O. Box 1819
Angleton, TX 77516-1819
(979) 849-5741
Fax (979) 849-7729

ATTORNEY-IN-CHARGE FOR DEFENDANT,
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the foregoing pleading by certified mail, return receipt requested and/or First Class Mail to the following, on the __12th__ day of December, 2003:

*Christina M. Buss*
Christina M. Buss

Gregory J. McCarthy
Miller & McCarthy
3811 Turtle Creek Blvd., Suite 1950
Dallas, TX 75219

Steve T. Hastings
Hastings & Alfaro
101 N. Shoreline Blvd., Suite 430
Corpus Christi, TX 78401

Michael Alan Simpson
Simpson & Boyd
PO Box 957
Decatur, TX 76234

Michael R. Klatt
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX 78767-1148

Wade L. McClure
Gibson, McClure, Wallace & Daniels
8080 N. Central Expwy.
Suite 1300 LB 50
Dallas, TX 75206-1838

Jeffrey S. Woff
Fulbright & Jaworski - Houston
1301 McKinney Street, Suite 5100
Houston, TX 77010-3095

Stephanie Smith
Fulbright & Jaworski
One American Center
600 Congress, Suite 2400
Austin, TX 78701

Richard L. Josephson
Baker Botts - Houston
910 Louisiana Street, Suite 3000
Houston, TX 77002

Laura J. O'Rourke
Vinson & Elkins
Trammel Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975

Jennifer Gray Jackson
Locke Liddell & Sapp
Chase Tower
2200 Ross Ave., Suite 2200
Dallas, TX 75201

M. Scott Michelman
Shook Hardy & Bacon
Chase Tower
600 Travis St., Suite 1600
Houston, TX 77002

David Michael MacDonald
McCauley, MacDonald & Devin
Renaissance Tower
1201 Elm Street, Suite 3800
Dallas, TX 75270

Matthew Henry Hand
Brown & Fortunato
P.O. Box 9418
Amarillo, TX 79105-9418

Bryan Haynes
Locke, Liddell & Supp
Chase Tower
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6775