IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES; and | § § § § | |
| ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE, | § § § § | Civil Action No. 03-CV-222 |
| Plaintiffs, | § § | |
| v. | § § | |
| AMERICAN HOME PRODUCTS, d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLE VACCINES, and LEDERLE LABORATORIES; | § § § § § § § § | |
| AVENTIS PASTEUR, INC., Individually and as Successor-in-Interest to CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT; | § § § § § § | Removed from the Cameron County District Court, 404th Judicial District Cause No. 2003-08-4338-G |
| GLAXOSMITHKLINE, Individually and as Successor-in-Interest to SMITHKLINE BEECHAM CORP.; | § § § § | |
| MERCK & CO., INC.; | § § | |
| BAXTER INTERNATIONAL INC., Individually and as Successor in Interest to NORTH AMERICAN VACCINE, INC.; | § § § § § | |
| DOW CHEMICAL COMPANY; | § § | |
| ELI LILLY AND COMPANY; | § § | |
| SIGMA ALDRICH; | § § § | |

163059v1

| | |
|---|---|
| ORIBI, INC., Individually and d/b/a MERIDIAN CHEMICAL & EQUIPMENT, INC. and d/b/a/ GLOBAL FINE CHEMICALS and d/b/a NATIONAL ASSOCIATION OF COMPOUNDING PHARMACISTS; | § § § § § § |
| Defendants. | § § § |

## AMENDED NOTICE OF REMOVAL

Defendant Eli Lilly and Company ("Lilly"), joined by, or with the consent of, all other Defendants properly joined and served with process, hereby files this Amended Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 from the District Court for the 404th Judicial District of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division. Pursuant to 28 U.S.C. § 1446(a), Lilly sets forth below a short and plain statement of the grounds for removal:

### The State Court Action

1. On or about August 29, 2003, a civil action was commenced in the District Court for the 404th Judicial District of Cameron County, Texas, by the filing of an Original Petition (hereinafter "Petition") captioned *Manuel Torres and Dominga Torres, Individually and as Next Friend of Derek Torres, et al. v. American Home Products Corporation, et al.*, Cause No. 2003-08-4338-G (hereinafter the "State Court Action").

2. As of the date of the original Notice of Removal as well as this Amended Notice of Removal, Lilly has not been served with a copy of the Petition, or any other process.

163059v1

3.  Pursuant to S.D. Tex. Local Rule 81 and 28 U.S.C. § 1446(a), the original Notice of Removal was accompanied by copies of the following:[1]

    a.  All executed process in the case (**Exhibit A**);

    b.  All state court documents, including docket sheet and index thereto (**Exhibit B**); and

    c.  A list of all counsel of record, including addresses, telephone numbers and parties represented (**Exhibit C**).

### Notice Of Removal Is Timely

4.  Upon information and belief, no Defendant has yet been properly served with any Petition or other process.

5.  Consequently, Lilly's Removal is filed before the expiration of 30 days after the date any Defendant was served with a copy of the initial pleading setting forth Plaintiffs' claims for relief, in accordance with 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetter Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

### Consents and Procedural Compliance

6.  Copies of other Defendants' written acknowledgments of consent and/or joinder in this removal were attached to the original Notice of Removal as **Exhibit D**. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). As noted in the attached Exhibit, Defendants Wyeth, f/k/a American Home Products Corporation (incorrectly named as "American Home Products, d/b/a Wyeth, Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyeth Lederle Vaccines, and Lederle Laboratories"); Aventis Pasteur, Inc., Individually and as Successor-in-Interest to Connaught Laboratories, Inc., Pasteur Merieux, and Pasteur

---

[1] The exhibits referenced herein are identical to those referenced in and attached to Lilly's original Notice of Removal. In an effort to conserve resources and promote judicial economy, Lilly incorporates those exhibits herein by reference. Should the Court desire additional copies of the exhibits, Lilly will re-file them with the Court upon request.

163059v1

Merieux Connaught (hereinafter "Aventis Pasteur, Inc."); SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named "GlaxoSmithKline, Individually and as Successor-in-Interest to SmithKline Beecham Corp."); Merck & Co., Inc.; Dow Chemical Company; and Sigma-Aldrich, Inc. (incorrectly named as "Sigma Aldrich") have all acknowledged their consent to this removal by Lilly. Such acknowledgments are not required of those Defendants which are fraudulently joined, or not properly joined and served. *See Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988).[2]

7. This action is properly removed to this Court, as the State Court Action is pending within this district and division, as provided for in 28 U.S.C. § 1441(a).

8. Simultaneously with the filing of the original Notice of Removal, notice was given to Plaintiffs' counsel, and copies of that Notice were filed with the clerk of the District Court of Cameron County, Texas pursuant to 28 U.S.C. § 1446(d).

**The Diversity Of Citizenship Requirement Is Satisfied**

9. Plaintiffs are residents, domiciliaries and citizens of the State of Texas. *See, e.g.*, Petition, p. 3.

10. At all times material to the matters herein, Plaintiffs and Defendants have been and are citizens of different states, except for Defendant Oribi, Inc., Individually and d/b/a Meridian Chemical Equipment, Inc., Global Fine Chemicals and National Association of Compounding Pharmacists (hereinafter "Oribi"), the City of Laredo Health Department, as well

---

[2] Those Defendants that have not been served with process and have filed, provided their consent to, and/or joined in this Notice of Removal do not thereby submit to the jurisdiction of this Court or that of the court from which the action was removed. Neither do these Defendants waive any objection to either the absence or sufficiency of any service which Plaintiffs might contend has occurred, and these Defendants do not hereby waive any defense to this action, including any jurisdictional defense herein.

163059v1

as the City of Laredo (hereinafter collectively referred to as the "City of Laredo"). No other Defendant is a citizen of the state of Texas.

11. The Texas citizenship of Oribi and the City of Laredo should be disregarded for purposes of diversity under 28 U.S.C. §§ 1332 and 1441(b) on the ground that they are fraudulently joined and there is no reasonable basis under Texas law upon which to establish liability against them. *See Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000) ("there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder"). Where a plaintiff has fraudulently joined non-diverse defendants to defeat diversity, the role of the district court "is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

12. Plaintiffs will be unable as a matter of Texas law to establish a claim against Oribi. The Petition pleads generally as against all Defendants, including Oribi, that the "vaccines and components parts of the vaccines" which allegedly injured the minor Plaintiffs, "were designed, manufactured, marketed and distributed by Defendants." Petition, p. 6. However, Oribi does not manufacture or distribute vaccines. Furthermore, while Oribi has supplied small amounts of thimerosal to individual pharmacists, Oribi has never supplied component parts of vaccines to the Defendants or any other vaccine manufacturers. *See* Affidavit of John Rains, attached as **Exhibit E**. Aside from this erroneous inclusion of Oribi in Plaintiffs' general claim against "Defendants," the Petition is completely devoid of any factual allegations which could form the basis of a cognizable claim against Oribi. Therefore, Oribi should be

163059v1

deemed "fraudulently joined" and its Texas citizenship disregarded for purposes of determining diversity jurisdiction.

13. While the City of Laredo is not named in the caption of Plaintiffs' Petition, it is alleged in the body of the pleading that the alleged injury-producing "vaccinations were administered by" the City of Laredo. Petition, p. 9. However, Plaintiffs will be unable as a matter of Texas law to establish a claim against the City of Laredo because their claims are barred by the doctrine of sovereign immunity. Pursuant to that doctrine, a "municipality such as the City . . . is immune from liability for its governmental functions unless that immunity is specifically waived." *City of El Paso v. Hernandez*, 16 S.W.3d 409, 414 (Tex. Ct. App. 2000). The Texas Tort Claims Act was enacted "to waive governmental immunity only in certain circumstances." *University of Texas Medical Branch v. York*, 871 S.W.2d 175, 176 (Tex. 1994). The statute allows for governmental liability in only three limited areas: 1) injuries from the use of publicly owned automobiles, 2) injuries caused by premises defects, and 3) injuries arising out of conditions or the use of personal property. *See* Tex. Civ. Prac. & Rem. Code § 101.021 (2003). Plaintiffs have not pled that any of their injuries fall into any of these three categories. Rather, Plaintiffs have asserted that their alleged injuries resulted from the City of Laredo's "fail[ure] to disclose" information to Plaintiffs regarding thimerosal. Petition, pp. 9, 10. The Supreme Court of Texas has held, in the context of a patient's personal medical records, that the "State has not waived immunity from liability for negligence involving the use, misuse, or nonuse of medical information." *University of Texas Medical Branch*, 871 S.W.2d at 176. Therefore, Plaintiffs will be unable to assert a claim under Texas law against the City of Laredo, and the City should be deemed "fraudulently joined" for diversity jurisdiction purposes.

14.     Plaintiffs are also barred from proceeding against the City of Laredo because such claims are barred by the Vaccine Act. The Petition alleges that Plaintiffs are bringing suit against the City of Laredo because it "administered" the vaccinations which allegedly injured the minor Plaintiffs. Petition, p. 9. However, the National Childhood Vaccine Injury Act (the "Vaccine Act" or "the Act") prohibits the filing of a civil action "against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury" prior to proceeding in a specially-designated court of the U.S. Court of Federal Claims ("Vaccine Court"). 42 U.S.C. §§ 300aa-1, *et seq.* Where a plaintiff files a civil action in state or federal court against an "administrator" in violation of this prohibition, "the court **shall dismiss the action**." 42 U.S.C. § 300aa-11(a)(2)(B) (emphasis added). As such, the Petition is completely devoid of any factual allegations which could form the basis of a cognizable claim against the City of Laredo. Therefore, the Vaccine Act forms a second basis for a finding that the City should be deemed "fraudulently joined" and its Texas citizenship disregarded for purposes of determining diversity jurisdiction.[3]

15.     The Petition alleges that Defendant Wyeth (f/k/a American Home Products Corporation) is a foreign corporation. Petition, p. 3. Defendant Wyeth is not, and was

---

[3] As noted above, the Vaccine Act prohibits the filing of a civil claim "against a vaccine administrator or manufacturer." 42 U.S.C. § 300aa-11(a)(2)(A). Therefore, the Vaccine Act requires the dismissal of the manufacturers of vaccines and vaccine components as well. The Vaccine Act "is jurisdictional in nature because it defines the jurisdiction of state and federal courts with respect to civil actions against a vaccine administrator or manufacturer for vaccine-related injuries." *Gilbert v. Secretary of HHS*, 31 Fed. Cl. 379, 381 (Fed. Cl. 1994). Whether this common jurisdictional defense precludes Lilly's reliance on this basis for removal of this case to this Court is an unsettled issue of law for which certain Defendants have requested an *en banc* review in the Fifth Circuit. *See Collins v. American Home Products Corp.*, No. 02-60736; *Stewart v. American Home Products Corp.*, 02-60764. Because the defense is jurisdictional, the prohibition against using removal "as an occasion to adjudicate the substantive issues of a case," as articulated in *Smallwood v. Illinois Central Railroad Co.*, 342 F.3d 400 (5th Cir. 2003), should not apply in this case. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (holding that the fact that a statute of limitations defense applied to all parties simply "demonstrate[d] beyond peradventure that [the local doctor defendants] were sham defendants for purposes of removal").

163059v1

not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Wyeth is a Delaware corporation with its principal place of business in New Jersey, and is therefore a citizen of both those states.

16. The Petition alleges that Defendant Aventis Pasteur, Inc. is a foreign corporation. Petition, p. 3. Defendant Aventis is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Aventis Pasteur, Inc. is a Delaware corporation with its principal place of business in Pennsylvania, and is therefore a citizen of both those states.

17. The Petition alleges that Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline is a foreign corporation. Petition, p. 3. Defendant SmithKline Beecham Corporation is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant SmithKline Beecham Corporation is a Pennsylvania corporation with its principal place of business in Pennsylvania, and is therefore a citizen of that state.

18. The Petition alleges that Defendant Merck & Company, Inc. is a foreign corporation. Petition, p. 3. Defendant Merck & Company, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Merck & Company, Inc. is a New Jersey corporation with its headquarters in New Jersey and is therefore a citizen of that state.

19. The Petition alleges that Defendant Baxter International, Inc. is a foreign corporation. Petition, p. 3. Defendant Baxter International, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its

principal place of business in the State of Texas. Defendant Baxter International, Inc. is a Delaware corporation with its principal place of business in Illinois, and is therefore a citizen of both those states.

20. The Petition alleges that Defendant Dow Chemical Company is a foreign corporation. Petition, p. 3. Defendant Dow Chemical Company is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Dow Chemical Company is a Delaware corporation with its principal place of business in Michigan, and is therefore a citizen of both those states.

21. The Petition alleges that Defendant Eli Lilly and Company is a foreign corporation. Petition, p. 4. Defendant Eli Lilly and Company is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Eli Lilly and Company is an Indiana corporation with its principal place of business in Indiana, and is therefore a citizen of that state.

22. The Petition alleges that Defendant Sigma-Aldrich, Inc., incorrectly named as "Sigma Aldrich," is a foreign corporation. Petition, p. 4. Defendant Sigma-Aldrich, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Sigma-Aldrich, Inc. is a Wisconsin corporation with its principal place of business in Missouri, and is therefore a citizen of both those states.

23. Consequently, all of the Plaintiffs and none of the properly-joined Defendants are citizens of the State of Texas. Thus, complete diversity of citizenship exists under

163059v1

28 U.S.C. § 1332 and removal of the State Court Action is therefore proper under 28 U.S.C. § 1441(b).

## The Amount In Controversy Requirement Is Satisfied

24.     In their Petition, Plaintiffs allege that the minor Plaintiff was injured by the receipt of childhood vaccinations. Petition, p. 6. These vaccines allegedly caused "neurological effects," such as autism. *Id.* The Petition seeks damages for past and future "medical care; loss of earning capacity; physical impairment; disfigurement; physical pain; mental anguish; loss of consortium; loss of services; [and] loss of companionship." *Id.* at pp. 10-11. Plaintiffs also request exemplary damages, and assert that the statutory cap on exemplary damages would not apply to this case. Petition, p. 11.

25.     Defendants deny that any vaccine or vaccine component caused the minor Plaintiffs' alleged injuries. However, in light of the alleged severity of the injuries set forth in Plaintiffs' Petition, Lilly's good-faith belief is that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, individually and collectively, for both the Plaintiff parents' individual claims, and those brought on behalf of the minor child. Consequently, the allegations of the Petition satisfy the amount in controversy requirement of 28 U.S.C. 1332. *See, e.g., St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [$75,000]").

WHEREFORE, because complete diversity exists and the amount in controversy exceeds $75,000, jurisdiction exists in this Court under 28 U.S.C. § 1332. Lilly requests that the 404th Judicial District Court of Cameron County, Texas, proceed no further with Cause No. 2003-08-4338-G, and that the action styled *Torres, et al. v. American Home Products, et al.* be

- 10 -

163059v1

removed from that court to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

By: _____
M. SCOTT MICHELMAN
Attorney-in-Charge
State Bar No. 00797075
So. Dist. of TX ID No. 20802
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX  77002-2911
Telephone:    713/227-8008
Telefax:         713/2279508

ATTORNEYS FOR DEFENDANT,
ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
JEFFERY A. KRUSE
SHOOK, HARDY & BACON L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, MO  64105-2118
Telephone:    816/474-6550
Telefax:         816/421-5547

- 11 -

163059v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 12th day of December, 2003:

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX  78401<br><br>Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX  76234<br><br>Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX  75219 | Plaintiffs, Manual Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail, Return Receipt Requested<br><br>U.S. 1st Class Mail<br><br>U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX  78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift Currie McGhee & Heiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA  30309-3238<br><br>Wade L. McClure<br>Gibson McClure Wallace & Daniels<br>8080 N. Central Expressway, Suite 1300<br>LB50<br>Dallas, TX  75206-1808 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail<br><br>U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX  75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

163059v1

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX 79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX 78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX 77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Lee Davis Thames<br>Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.<br>Post Office Box 22567<br>Jackson, MS 39225-2567 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX 77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

- 13 -

163059v1