IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL TORRES and DOMINGA TORRES, § <br> Individually and as Next Fried of DEREK § <br> TORRES § <br> § | |
| ERIKA DUREE, Individually and as Next § <br> Friend of ERIN JONATHON DUREE § <br> Next Friend of DANIEL VILLANEUVA § <br> § | CAUSE NO. 03-CV-222 <br><br> (Jury Requested) |
| vs. § <br> § | |
| AMERICAN HOME PRODUCTS d/b/a § <br> WYETH, WYETH LABORATORIES, § <br> WYETH-AYERST, WYETH AYERST § <br> LABORATORIES, WYETH LEDERLE § <br> WYETH LEDERLE VACCINES, and § <br> LEDERLE LABORATORIES, et al. § | Judge Hanen |

## PLAINTIFFS' MOTION TO REMAND, AND CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND BRIEF IN SUPPORT

### [Plaintiffs' Motion Remand is Opposed]

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Manuel Torres and Dominga Torres, Individually and as Next Friends of Derek Torres; and Erika Duree, Individually and as Next Friend of Erin Jonathon Duree (hereinafter "Plaintiffs"), and file this Motion to Remand and Consolidated Response to Defendants' Motions to Dismiss and Brief in Support:

### Introduction

Plaintiffs filed this lawsuit individually and on behalf of their minor children arising out of mercury exposure that led to neuro-developmental disorders. The mercury was used as a preservative, known as thimerasol, in certain vaccines the children received. The Defendants include manufacturers and providers of the mercury as well as manufacturers and providers of

the vaccines. In the State court pleading, Plaintiffs asserted claims based on strict product liability, negligence, breach of warranty, and civil conspiracy against named diverse and non-diverse defendants. Additionally, Plaintiffs asserted claims based upon informed consent, negligence, and fraudulent concealment against unnamed non-diverse health care providers referred to as "Clinic Defendants" in the State court pleading.

## Procedural History

Defendant Eli Lilly removed this case on or about December 5, 2003, claiming "fraudulent joinder." Defendant Eli Lilly filed and Amended Removal Petition on or about December 12, 2003. At the time of removal, Plaintiffs had not yet completed the process of naming and serving all defendants. In fact, most of the diverse defendants that joined in the removal of this case had not yet been served at the time of removal. Thus, no answers or responsive pleadings (other than motions to dismiss that have been filed after removal) have been filed in this case as it comes before this Court.

Within days of the removal of this case, the diverse defendants filed Motions to Dismiss, respectively. Plaintiffs file this Motion to Remand and Consolidated Response to all such Motions to Dismiss, which have been filed by Sigma Aldrich (filed December 11), the Vaccine Defendants (filed December 12), Dow Chemical (filed December 12) and Eli Lilly (filed December 12). To date, no discovery has been done. Clearly, this case is in its infant stages.

## Argument & Authorities

### A.    Plaintiffs' Amended Complaint

A party may amend its pleadings once as a matter of course anytime before a responsive pleading is served. FRCP 15(a). A plaintiff may "file one amended complaint as a matter of right when the defendants have not filed a responsive pleading." *Whitaker v. City of Houston*, 963

**Plaintiffs' Motion to Remand and Consolidated Response to**
**Defendants Motion to Dismiss and Brief in Support – Page 2**

F.2d 831, 834-835 (5th Cir. 1992). This includes an amended complaint that adds new parties as defendants. *McGuire v. Turnbo*, 137 F.3d 321, 325 (5th Cir. 1998); *McLellan v. Mississippi Power & Lights Co.*, 526 F.2d 870, 872-873 (5th Cir. 1976). A Motion to Dismiss filed pursuant to FRCP 12 is not considered to be a responsive pleading for the purposes of FRCP 15(a). *McLellan*, 526 F.2d at 873; *McGuire*, 137 F.3d at 325 n.4; *Whitaker*, 963 F.2d at 834-835. See *Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001)(noting that Fifth Circuit still follows the prevailing view that a motion to dismiss is not considered a responsive pleading that would preclude an amendment of complaint as a matter of right pursuant to FRCP 15(a)).

Contemporaneously with the filing of this Motion to Remand, Plaintiffs have filed Plaintiffs' First Amended Complaint, which names the non-diverse health care providers who were sued as "John Doe" defendants in the Original Petition filed in State Court. At this time, there are no "responsive pleadings" filed by any of the removing defendants. As such, Plaintiffs may amend the complaint to name these non-diverse parties as a matter of course. FRCP 15(a).

**B.    Motion to Remand**

   **(1)    Diversity Jurisdiction does not exist**

Plaintiffs are all citizens of the State of Texas. See First Amended Complaint at ¶2.1 and ¶2.2. Defendant Yogesh Trakru, the physician that administered mercury-containing vaccines to Erin Jonathon Duree, is a citizen of Texas. See First Amended Complaint at ¶2.12. Defendant ABC Pediatrics, the clinic where Erin Jonathon Duree received his vaccinations, is a citizen of Texas. See First Amended Complaint at ¶2.13. Defendant Oribi is also a citizen of Texas. See First Amended Complaint at ¶2.11. Thus, complete diversity does not exist. Defendants do not assert any federal question jurisdiction as a basis for removal. As such, without complete

**Plaintiffs' Motion to Remand and Consolidated Response to**
**Defendants Motion to Dismiss and Brief in Support – Page 3**

diversity or any federal question, this Court does not have subject-matter jurisdiction, and this

case should be REMANDED.

### (2)    Fraudulent Joinder standard

In an effort to get around the fact that complete diversity does not exist in this case,

Defendants claim the non-diverse defendants have been fraudulently joined.[1]

> The burden of persuasion placed on those who cry fraudulent joinder is indeed a
> heavy one. In order to establish that an in-state defendant has been fraudulently
> joined, the removing party must show either that there is no possibility that the
> plaintiff would be able to establish a cause of action against the in-state defendant
> in state court; or that there has been outright fraud in the plaintiff's pleading of
> jurisdictional facts.

*B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In the present case, Defendants

do not allege outright fraud in the pleading of jurisdictional facts. Thus, in order to support

removal based on fraudulent joinder, Defendants must carry the heavy burden of establishing

that there is no possibility Plaintiffs would be able to establish a cause of action against any of

the non-diverse defendants in state court. *Hart v. Bayer*, 199 F.3d 239, 246 (5th Cir. 2000). "If

the facts set out in plaintiffs' complaint, taken as true and drawing all inferences in the light most

favorable to plaintiffs, at least raise the possibility that they could succeed in establishing a claim

against the in-state defendant, the defendant' citizenship cannot be disregarded and diversity

jurisdiction is absent." *Great Plains Trust Company v. Morgan Stanley Dean Witter & Co.*, 313

F.3d 305, 311 (5th Cir. 2002). "If there is arguably a reasonable basis for predicting that the state

law *might* impose liability on the facts involved, then there is no fraudulent joinder." *Badon v.

RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2001)(emphasis added).

---

[1] In other cases filed by the same attorneys representing Plaintiffs, the non-diverse health care providers were able to
be identified and named prior to any removal. Nevertheless, these same Defendants made the same fraudulent
joinder argument despite the presence of the non-diverse health care providers. For this reason, Plaintiffs presume
that even though the non-diverse health care providers have been named in Plaintiffs' First Amended Complaint,
Defendants will continue to argue fraudulent joinder supports removal to this Court.

(3)    **The non-diverse Defendants are not fraudulently joined**

The non-diverse Defendants are not fraudulently joined, because Plaintiffs assert valid state-law causes of action against them. Defendants must show that both the non-diverse health care providers and the non-diverse distributor (Oribi) have been fraudulently joined to support removal. If Plaintiffs have viable state law claims against either the health care providers or Oribi, the removal is improper.

(a)    **Non-diverse health care providers**

Texas state law provides a cause of action against a health care provider for lack of informed consent. See TRCS Article 4590i §6.02.[2] Furthermore, Texas state law provides a cause of action for medical negligence – i.e. receiving medical services that are below the standard of care. See, generally, TRCS Article 4590i (Texas Medical Malpractice Act).

Plaintiffs allege that the risks associated with mercury exposure were not disclosed and informed consent was not obtained to inject the relatively large doses (as compared to body weight) of mercury injected into the minor children. See Plaintiffs' First Amended Complaint at ¶5.1-5.7, ¶6.7-6.9. Plaintiffs further allege that the risks of exposure to mercury and mercury poisoning have been known for more than one hundred years in the medical profession. See Plaintiffs' First Amended Complaint at ¶5.1-5.7, ¶6.7-6.9. Plaintiffs specifically allege that warnings were provided by the Food and Drug Administration and the American Academy of Pediatrics in 1999 concerning the exposure of children to mercury from vaccines containing thimerasol. See Plaintiffs' First Amended Complaint at ¶5.1-5.7, ¶6.7-6.9. This evidence establishes a possibility of recovery by Plaintiffs for medical negligence or lack of informed

---

[2] "In a suit against a physician or health care provider involving a health care liability claim that is based on the failure of the physician or health care provider to describe or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks and hazards that could have influenced a reasonable person in making a decision to give or withhold consent."

consent, because Plaintiffs may have requested thimerasol-free and mercury-free vaccines had the risks of mercury poisoning been disclosed by the health care providers.

These facts and allegations must be taken as true for purposes of determining fraudulent joinder. *Great Plains Trust Co.*, 313 F.3d at 311. Under these facts and allegations, Plaintiff Erika Duree, individually and as next friend of Erin Jonathon Duree, clearly has a viable state-law claim against the non-diverse health care providers. As such, the non-diverse health care providers are not fraudulently joined. Defendants have not, and cannot, carry the heavy burden of proving that the non-diverse heath care providers have been fraudulently joined.

### (b)    Non-diverse distributor, Oribi

Defendants also have not established that the non-diverse thimerasol distributor has been fraudulently joined. Under Texas law, a distributor in the stream of commerce of a defective product is a proper defendant. *See* Texas Civil Practice & Remedies Code §82.001(3). Oribi is alleged to be a distributor in the stream of commerce of the defective product to which Plaintiffs were exposed. See First Amended Complaint at ¶2.11. As such, Plaintiffs have stated a viable state law claim against Defendant Oribi.

The affidavit filed by Defendants in support of their claim that Oribi has been fraudulently joined falls short of the heavy burden of proving no possibility of Plaintiffs imposing liability against Oribi under state law. This affidavit does not negate the possibility that Oribi was part of the specific chain of distribution. Importantly, the affidavit provided by Defendants does not state that Oribi never distributed vaccines containing mercury as part of the process of distributing vaccines containing thimerasol to individual health care providers or health care clinics.

Defendants possess the capability to clearly identify the specific chain of distribution for the particular vaccines provided to Plaintiffs.[3] However, Defendants fail to come forward with this information that could show whether Plaintiffs have no possibility of recovery against Oribi. This failure, coupled with the shortcomings of the affidavit of Oribi set forth above, demonstrate that Defendant have not carried the heavy burden of showing Oribi has been fraudulently joined.

### (4) *Collins* mandates remand

The Fifth Circuit Court of Appeals recently reversed a similar case in which these same Defendants removed claiming "fraudulent joinder" and then obtained dismissal pursuant to the National Vaccine Injury Compensation Act. *Collins, et al. v. American Home Products Corp., et al.*, 343 F.3d 765 (5th Cir. 2003). In *Collins*, Mississippi plaintiffs filed similar claims to those asserted by Plaintiff in this case. *Id.* at 768. The defendants included named and unnamed residents of Mississippi, as well as diverse defendants. *Id.* The diverse defendants removed the case, claiming that the non-diverse defendants were fraudulently joined. As in the present case, the fraudulent joinder argument in *Collins* was premised entirely on provisions of the National Vaccine Injury Compensation Act. *Id.*

The District Court initially granted the Mississippi plaintiffs' motion to remand. *See Collins v. American Home Products, et al.*, 2001 WL 34073167 (S.D. Miss. 2001). However, in a later decision, the District Court reversed itself and denied remand. *See Stewart v. American Home Products, et al.*, 2002 WL 32074879 (S.D. Miss. 2002), *reversed*, 343 F.3d 765 (5th Cir. 2003). Following its decision on the jurisdictional issue, the District Court granted dismissal of

---

[3] As manufacturers of the vaccines at issue, Defendants are capable of providing the specific chain of distribution of its products by tracing the lot numbers for particular vaccines. Defendants could demonstrate that Oribi played no role in the distribution of the vaccines at issue by coming forward with this information. However, rather than come forward with this information that would identify the specific chain of distribution, Defendants make a general allegation that although Oribi may have "supplied small amounts of Thimerasol," it never supplied component parts of vaccines to the Defendants or manufacturers.

**Plaintiffs' Motion to Remand and Consolidated Response to**
**Defendants Motion to Dismiss and Brief in Support – Page 7**

the claims without prejudice pursuant to the provisions of the National Vaccine Injury Compensation Act. *Id.*

On appeal, the Fifth Circuit found that the non-diverse health care providers were not fraudulently joined – and reversed. The Fifth Circuit reasoned as follows:

> Here, the defendants successfully convinced the district court to rule on a common defense [i.e. the National Vaccine Injury Compensation Act] under the pretense of determining whether the Mississippi defendants had been fraudulently joined. As we stated in *Smallwood*, "[t]his use of fraudulent joinder frustrates the overarching principle of the well-pleaded complaint rule, that state courts are equally competent to decide federal defenses.

*Collins*, 343 F.3d at 769. The Fifth Circuit disposed of the case as follows:

> Accordingly, we VACATE the dismissal of the plaintiffs' claims and REMAND with instructions that both cases be remanded to the state court from which they were removed.

*Collins*, 343 F.3d at 769. *See also Smallwood v. Illinois Central Railroad Co.*, 342 F.3d 400 (5th Cir. 2003)(cited by *Collins*); *Cheskiewicz ex rel. Cheskiewicz v. Aventis Pasteur, Inc.*, No. 02-3583, 2002 WL 1880524, at *3 (E.D. Pa. August 15, 2002)(unpublished but cited by *Collins*)

Similarly, Plaintiffs respectfully submit that, under *Collins*, this case should be remanded to the Texas State District Court of Cameron County. The Defendants in this case are attempting to convince this Court "to rule on a common defense [i.e. the National Vaccine Injury Compensation Act] under the pretense of determining whether the [Texas] defendants have been fraudulently joined." *Collins*, 343 F.3d at 769. As the Fifth Circuit stated in *Collins*, this "use of fraudulent joinder frustrates the overarching principle of the well-pleaded complaint rule, that state courts are equally competent to decide federal defenses." *Collins*, 343 F.3d at 769. Given that: (1) the facts of this case are identical to the facts in *Collins*, (2) the arguments made by Defendants in this case are identical to the arguments made in *Collins*, and (3) the statutory authority [The National Vaccine Injury Compensation Act] upon which Defendants rely in this

case to show fraudulent joinder is identical to the authority relied upon in *Collins* – the result of this case should be the same as in *Collins*, which is REMAND to State Court.

      **(5)**    **Other cases have rejected the same argument made by Defendants**

      In other mercury poisoning cases, Defendants have made the same arguments of fraudulent joinder in an effort to support removal. The district courts have uniformly rejected such efforts and remanded such cases to state court. *See, e.g. Shadie v. Aventis Pasteur, Inc., et al.*, 254 F.Supp.2d 509 (M.D. Pa. 2003); *Oxendine v. Merck and Companay, Inc., et al.*, 236 F.Supp.2d 517 (D. Md. 2002); *Bertand v. Aventis Pasteur Laboratories, Inc., et al.*, 226 F.Supp.2d 1206 (D. Az. 2002); *Cheskiewicz v. Aventis Pasteur, Inc. et al.*, No. 02-3583, 2002 WL 1880524, at *3 (E.D. Pa. August 15, 2002)(unpublished – cited by Fifth Circuit in *Collins*); *King v. Aventis Pasteur, Inc., et al.*, 210 F.Supp.2d 1201 (D. Ore. 2002).

**C.**    **Response to Motion to Dismiss**

      **(1)**    **Dismissal is not proper when court does not have subject-matter jurisdiction**

      A federal district court may not dismiss a case that was removed from state court when the removal was improper and the federal district court lacks subject-matter jurisdiction. *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 1000 (5th Cir. 2000)(lack of subject matter jurisdiction precluded order granting dismissal of action). For the reasons set forth above, this case was improperly removed, and this court does not have subject-matter jurisdiction. As such, this case should be REMANDED to the State Court from which it came, and Defendants' Motions to Dismiss should not be granted.

      **(2)**    **Vaccine Act does not permit dismissal absent subject-matter jurisdiction**

      Defendants claim that the National Vaccine Injury Compensation Act mandates dismissal of this action. However, there is nothing in the National Vaccine Injury Compensation Act that

authorizes dismissal by a federal district court that does not have subject-matter jurisdiction. To the contrary, the *Collins* decision holds that even in mercury poisoning cases related to thimerasol exposure from vaccinations, a federal district court may not dismiss a case that was improperly removed and over which the federal district court has no subject-matter jurisdiction. *Collins*, 343 F.3d at 768-769.

> **(3)    Plaintiffs respectfully request deferral of ruling on the various dismissal motions until this Court rules concerning subject-matter jurisdiction**

Alternatively, Plaintiffs respectfully request that this Court defer ruling on Defendants' Motions to Dismiss until such time as this Court makes a determination as to whether this Court has subject-matter jurisdiction or whether this case should be remanded to state court. In other thimerasol cases, when faced with motions to remand and motions to dismiss, other courts have followed this approach – determining the subject-matter jurisdiction/removal issue prior to ruling on any motion to dismiss – in thimerasol cases.[4] For example, in *Collins*, the District Court first addressed the Mississippi plaintiffs' remand motion, and only after making a determination that it had subject-matter jurisdiction (which was ultimately reversed by the Fifth Circuit), reached the issue of dismissal pursuant to the National Vaccine Injury Compensation Act. As such, Plaintiffs respectfully request this Court to defer any ruling on Defendants' Motions to Dismiss.

**D.    Conclusion**

In summary, Plaintiffs' Motion to Remand should be GRANTED. No federal question jurisdiction is asserted, complete diversity does not exist, and Defendants have failed to show

---

[4] In each of the thimerasol cases cited by Defendants for the proposition that other federal courts have dismissed cases pursuant to the National Vaccine Injury Compensation Act, there was no issue or question raised concerning subject-matter jurisdiction of the federal court. In cases where a motion to remand has been filed, courts have addressed the issue of subject-matter jurisdiction prior to reaching any motion to dismiss. See cases cited in Part C(3) above. In fact, the only published opinion in which a motion to remand was denied and a motion to dismiss was granted comes from the *Collins* and *Stewart* cases out of the Southern District of Mississippi. As stated above, these cases were reversed by the Fifth Circuit, which held that the district court lacked subject matter jurisdiction and remanded the case. *Collins*, 343 F.3d at 769.

**Plaintiffs' Motion to Remand and Consolidated Response to
Defendants Motion to Dismiss and Brief in Support – Page 10**

that the non-diverse defendants were fraudulently joined. Defendants' Motions to Dismiss should

not be granted because the Court does not have subject-matter jurisdiction over this case.

### Request for Relief

Plaintiffs respectfully request that Plaintiffs' Motion to Remand be GRANTED and that

this case be REMANDED to the 404th Judicial District Court, Cameron County, Texas.

Respectfully Submitted,

*Steve Hastings*

Steve Hastings, Attorney-in-Charge
State Bar No. 09211000
Southern District of Texas Bar No. 2232

HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas 78401
(361) 692-2000
Fax (361) 692-2001

Derrick S. Boyd
State Bar No. 00790350
Michael A. Simpson
State Bar No. 18403650

SIMPSON, BOYD & POWERS, P.L.L.C.
P. O. Box 957
Decatur, Texas 76234
(940) 627-8308
Fax (940) 627-8092

Greg McCarthy
State Bar No. 13367500

MILLER & McCARTHY
3811 Turtle Creek Blvd, Suite 1950
Dallas, Texas 75219
(469) 916-2552
Fax (469) 916-2555

ATTORNEYS FOR PLAINTIFF

**Plaintiffs' Motion to Remand and Consolidated Response to
Defendants Motion to Dismiss and Brief in Support – Page 11**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via Certified Mail, Return Receipt Requested or United States first class mail as set forth below on this 23rd day of December, 2003.

*Via Certified Mail*
**David M. Macdonald**
McCauley, Macdonald & Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
*Attorney for Sigma-Aldrich, Inc.*

*Via Certified Mail*
**Michael R. Klatt**
Susan Burnett
Clark, Thomas & Winters, P.C.
300 West Sixth Street, 15th Floor
P.O. Box 1148
Austin, Texas 78701
*Attorneys for American Home Products Corporation
d/b/a Wyeth, Wyeth Laboratories, Wyeth Ayerst,
Wyeth-Ayerst Laboratories, Wyeth Lederle,
Wyeth Lederle Vaccines and Lederle Laboratories*

*Via Certified Mail*
**Bradely S. Wolff**
M. Diane Owens
Swift, Currie, McGhee & Heiers, L.L.P.
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
*Attorneys for Aventis Pasteur Inc., Individually and
as Successor-in-Interest to Connaught Laboratories,
Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
**Wade L. McClure**
Gibson McClure Wallace & Daniels
8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1808
*Attorneys for Aventis Pasteur Inc., Individually and
as Successor-in-Interest to Connaught Laboratories,
Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

**Plaintiffs' Motion to Remand and Consolidated Response to
Defendants Motion to Dismiss and Brief in Support – Page 12**

*Via Certified Mail*
**R. Jo Reser**
Law Offices of Davidson & Troilo
7550 W. IH-10, Suite 800
San Antonio, Texas 78229
*Attorneys for Aventis Pasteur Inc., Individually and*
*as Successor-in-Interest to Connaught Laboratories,*
*Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
 Stephanie A. Smith
Fulbright & Jaworski, L.L.P.
600 Congress Avenue, Ste. 2400
Austin, Texas 78701-3271
*Attorneys for GlaxoSmithKline, Individually and*
*as Successor-in-Interest to SmithKline Beecham Corp.*

*Via Certified Mail*
**Barclay Manley**
Fulbright & Jaworski, L.L.P.
1301 McKinney Street, Ste. 5100
Houston, Texas 77010-3095
*Attorneys for GlaxoSmithKline, Individually and*
*as Successor-in-Interest to SmithKline Beecham Corp.*

*Via Certified Mail*
**Richard L. Josephson**
**Doug Roberson**
Baker Botts, L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
*Attorneys for Merck & Co., Inc.*

*Via Certified Mail*
**Gene M. Williams**
Mehaffey & Webber, P.C.
P.O. Box 16
Beaumont, Texas 77704
*Attorneys for Baxter International, Inc.*

**Plaintiffs' Motion to Remand and Consolidated Response to**
**Defendants Motion to Dismiss and Brief in Support – Page 13**

*Via Certified Mail*
**Laura J. O'Rourke**
Vinson & Elkins, L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
*Attorneys for Baxter International, Inc.*

*Via Certified Mail*
**Lee Davis Thames**
Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.
P.O. Box 22567
Jackson, MS  39225

*Via Certified Mail*
**John R. Gilbert**
Gilbert & Gilbert, P.L.L.C.
222 N. Velasco Street
P.O. Box 1819
Angleton, Texas  77516
*Attorneys for the Dow Chemical Company*

*Via Certified Mail*
**Jennifer Spencer-Jackson**
**Bryan Haynes**
Locke, Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas Texas  75201
*Attorneys for Eli Lilly and Company*

*Via Certified Mail*
**M. Scott Michelman**
Shook, Hardy & Bacon, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Ste. 1600
Houston, Texas  77002-2911
*Attorneys for Eli Lilly and Company*

*Via Certified Mail*
**Deborah A. Moeller**
**Jeffery A. Druse**
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
*Attorneys for Eli Lilly and Company*

**Plaintiffs' Motion to Remand and Consolidated Response to
Defendants Motion to Dismiss and Brief in Support – Page 14**

*Via Certified Mail*
Mathew H. Hand
Brown & Fortunato, P.C.
905 South Fillmore, Suite 400
P.O. Box 9418
Amarillo, Texas 79105
*Attorneys for Oribi, Inc., Individually and*
*d/b/a Meridian Chemical & Equipment, Inc.*
*and d/b/a Global Fine Chemicals and National*
*Association of Compounding Pharmacists*

Steve Hastings
Steve Hastings

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MANUEL TORRES and DOMINGA TORRES,** | § | |
| **Individually and as Next Fried of DEREK** | § | |
| **TORRES** | § | |
| | § | |
| **ERIKA DUREE, Individually and as Next** | § | |
| **Friend of ERIN JONATHON DUREE** | § | **CAUSE NO. 03-CV-222** |
| **Next Friend of DANIEL VILLANEUVA** | § | |
| | § | **(Jury Requested)** |
| **vs.** | § | |
| | § | |
| **AMERICAN HOME PRODUCTS d/b/a** | § | |
| **WYETH, WYETH LABORATORIES,** | § | **Judge Hanen** |
| **WYETH-AYERST, WYETH AYERST** | § | |
| **LABORATORIES, WYETH LEDERLE** | § | |
| **WYETH LEDERLE VACCINES, and** | § | |
| **LEDERLE LABORATORIES, et al.** | § | |

**ORDER GRANTING PLAINTIFFS'**
**MOTION TO REMAND**

CAME ON THIS THE ____ DAY OF _____, 2004, to be heard the Plaintiffs'

Motion to Remand in the above referenced case. The Court has found that no federal question

jurisdiction is asserted, complete diversity does not exist, and Defendants have failed to show

that the non-diverse defendants were fraudulently joined. Therefore, the court is of the opinion

that the Motion to Remand should be GRANTED.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion

to Remand is GRANTED and that this case be REMANDED to the 404th Judicial District Court,

Cameron County, Texas.

SIGNED this the _____ day of _____, 2004.

_____
U.S. DISTRICT COURT JUDGE

**Order Granting Plaintiffs' Motion to Remand – 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MANUEL TORRES and DOMINGA TORRES,** | § | |
| **Individually and as Next Fried of DEREK** | § | |
| **TORRES** | § | |
| | § | |
| **ERIKA DUREE, Individually and as Next** | § | |
| **Friend of ERIN JONATHON DUREE** | § | **CAUSE NO. 03-CV-222** |
| **Next Friend of DANIEL VILLANEUVA** | § | |
| | § | **(Jury Requested)** |
| **vs.** | § | |
| | § | |
| **AMERICAN HOME PRODUCTS d/b/a** | § | |
| **WYETH, WYETH LABORATORIES,** | § | **Judge Hanen** |
| **WYETH-AYERST, WYETH AYERST** | § | |
| **LABORATORIES, WYETH LEDERLE** | § | |
| **WYETH LEDERLE VACCINES, and** | § | |
| **LEDERLE LABORATORIES, et al.** | § | |

**CERTIFICATE OF CONFERENCE
RE: PLAINTIFFS' MOTION TO REMAND**

Counsel for Plaintiffs has conferred or attempted to confer with all counsel of record that have joined in the removal of this action to federal court on Plaintiffs' Motion to Remand, and Consolidated Response to Motions to Dismiss and Brief in Support thereof. Several Defendants' attorneys indicated they opposed Plaintiffs' Motion to Remand. No agreement was reached concerning disposition of Plaintiffs' Motion to Remand. Given that opposition by any one of the removing parties would necessitate a ruling on Plaintiffs' Motion to Remand, this motion, as indicated on the first page of Plaintiffs' Motion to Remand, is OPPOSED.

Respectfully Submitted,

*Steve Hastings*

Steve Hastings, Attorney-in-Charge
State Bar No. 09211000

Southern District of Texas Bar No. 2232


HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas 78401
(361) 692-2000
Fax (361) 692-2001

Derrick S. Boyd
State Bar No. 00790350
Michael A. Simpson
State Bar No. 18403650

SIMPSON, BOYD & POWERS, P.L.L.C.
P. O. Box 957
Decatur, Texas 76234
(940) 627-8308
Fax (940) 627-8092

Greg McCarthy
State Bar No. 13367500

MILLER & McCARTHY
3811 Turtle Creek Blvd, Suite 1950
Dallas, Texas 75219
(469) 916-2552
Fax (469) 916-2555

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via Certified Mail, Return Receipt Requested or United States first class mail as set forth below on this 23rd day of December, 2003.

*Via Certified Mail*
**David M. Macdonald**
McCauley, Macdonald & Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
*Attorney for Sigma-Aldrich, Inc.*

*Via Certified Mail*
**Michael R. Klatt**
Susan Burnett
Clark, Thomas & Winters, P.C.
300 West Sixth Street, 15th Floor
P.O. Box 1148
Austin, Texas 78701
*Attorneys for American Home Products Corporation*
*d/b/a Wyeth, Wyeth Laboratories, Wyeth Ayerst,*
*Wyeth-Ayerst Laboratories, Wyeth Lederle,*
*Wyeth Lederle Vaccines and Lederle Laboratories*

*Via Certified Mail*
**Bradely S. Wolff**
M. Diane Owens
Swift, Currie, McGhee & Heiers, L.L.P.
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
*Attorneys for Aventis Pasteur Inc., Individually and*
*as Successor-in-Interest to Connaught Laboratories,*
*Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
**Wade L. McClure**
Gibson McClure Wallace & Daniels
8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1808
*Attorneys for Aventis Pasteur Inc., Individually and*
*as Successor-in-Interest to Connaught Laboratories,*
*Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
**R. Jo Reser**
Law Offices of Davidson & Troilo
7550 W. IH-10, Suite 800
San Antonio, Texas 78229
*Attorneys for Aventis Pasteur Inc., Individually and*
*as Successor-in-Interest to Connaught Laboratories,*
*Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
 Stephanie A. Smith
Fulbright & Jaworski, L.L.P.
600 Congress Avenue, Ste. 2400
Austin, Texas 78701-3271
*Attorneys for GlaxoSmithKline, Individually and*
*as Successor-in-Interest to SmithKline Beecham Corp.*

*Via Certified Mail*
**Barclay Manley**
Fulbright & Jaworski, L.L.P.
1301 McKinney Street, Ste. 5100
Houston, Texas 77010-3095
*Attorneys for GlaxoSmithKline, Individually and*
*as Successor-in-Interest to SmithKline Beecham Corp.*

*Via Certified Mail*
**Richard L. Josephson**
**Doug Roberson**
Baker Botts, L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
*Attorneys for Merck & Co., Inc.*

*Via Certified Mail*
**Gene M. Williams**
Mehaffey & Webber, P.C.
P.O. Box 16
Beaumont, Texas 77704
*Attorneys for Baxter International, Inc.*

*Via Certified Mail*
**Laura J. O'Rourke**
Vinson & Elkins, L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
*Attorneys for Baxter International, Inc.*

*Via Certified Mail*
**Lee Davis Thames**
Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.
P.O. Box 22567
Jackson, MS  39225

*Via Certified Mail*
**John R. Gilbert**
Gilbert & Gilbert, P.L.L.C.
222 N. Velasco Street
P.O. Box 1819
Angleton, Texas  77516
*Attorneys for the Dow Chemical Company*

*Via Certified Mail*
**Jennifer Spencer-Jackson**
Bryan Haynes
Locke, Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas Texas  75201
*Attorneys for Eli Lilly and Company*

*Via Certified Mail*
**M. Scott Michelman**
Shook, Hardy & Bacon, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Ste. 1600
Houston, Texas  77002-2911
*Attorneys for Eli Lilly and Company*

*Via Certified Mail*
**Deborah A. Moeller**
**Jeffery A. Druse**
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
*Attorneys for Eli Lilly and Company*

*Via Certified Mail*
Mathew H. Hand
Brown & Fortunato, P.C.
905 South Fillmore, Suite 400
P.O. Box 9418
Amarillo, Texas  79105
*Attorneys for Oribi, Inc., Individually and*
*d/b/a Meridian Chemical & Equipment, Inc.*
*and d/b/a Global Fine Chemicals and National*
*Association of Compounding Pharmacists*

Steve Hastings
Steve Hastings