2⁴

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 9 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as next Friends of DEREK TORRES; ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE, <br><br> vs. <br><br> AMERICAN HOME PRODUCTS d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH AYERST LABORATORIES, WYETH LEDERLE WYETH LEDERLE VACCINES, and LEDERLE LABORATORIES; AVENTIS PASTEUR, INC., Individually and as Successor in Interest to CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT; GLAXOSMITHKLINE, Individually and as Successor in Interest to SMITHKLINE BEECHAM CORP.; MERCK & CO., INC. BAXTER INTERNATIONAL, INC., Individually and as Successor in Interest to NORTH AMERICAN VACCINE, INC.; DOW CHEMICAL COMPANY; ELI LILLY AND COMPANY; SIGMA ALDRICH; ORIBI, INC., Individually and d/b/a MERIDIAN CHEMICAL & EQUIPMENT, INC. and d/b/a GLOBAL FINE CHEMICALS and NATIONAL ASSOCIATION OF COMPOUNDING PHARMACISTS. | CIVIL ACTION NO. 03-CV-222 <br><br> JURY |

## DEFENDANT SIGMA-ALDRICH, INC.'S MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

# **TABLE OF CONTENTS**

**Page(s)**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.      Nature And Stage Of Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Issue Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    Standard Of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.     Summary Of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V.      Plaintiffs' Vaccine-Related Claims Against Sigma-Aldrich Should Be
        Dismissed Pursuant To The Vaccine Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      The Vaccine Court Has Assumed Jurisdiction Over Thimerosal
                Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.      The Chief Special Master of the Vaccine Court Has Recognized That
                Claims for Injuries Resulting from Thimerosal in Vaccines Are
                Covered by the Vaccine Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.      Multiple Courts Across the Country, Including Texas Federal Courts,
                Have Dismissed Vaccine-Related Claims Against Sigma-Aldrich . . . . . . . . . . . 7

        D.      Multiple Provisions of the Vaccine Act Mandate Dismissal in Favor
                of the Vaccine Court's Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

                1.      42 U.S.C. § 300aa-11(a)(5)(b) Mandates That Plaintiffs Cannot
                        Maintain Actions in "Two Fora" for Their Vaccine-related Claims . . . . 13

                2.      42 U.S.C. § 300aa-11(c) Also Mandates Dismissal of Plaintiffs'
                        Civil Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

                3.      42 U.S.C. § 300aa-15(a)(1)(a) Mandates Dismissal of the Parents'
                        Claims for Expenses Incurred by or on Behalf of the Minor Child . . . . . 15

VI.     The Parent Plaintiffs' Claim For Loss Of Consortium Must Be Dismissed
        Based On Texas Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

i

## INDEX OF AUTHORITIES

**CASES**                                                                   **Page(s)**

*Agbebaku v. Sigma-Aldrich, Inc.,*
  Case No. 24-C-02-004243 (Md. Cir. Ct. June 19, 2003) . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Amendola v. Secretary of Health and Human Services,*
  23 Fed. Cl. Ct. 621(July 16, 1991), *aff'd*, 989 F.2d 1180 (Fed. Cir. 1993) . . . . . . . . . . . 14

*Ashton v. Aventis Pasteur, Inc.,*
  No. 04026 (Ct. C.P., Philadelphia County, May 22, 2003) . . . . . . . . . . . . . . . . . . 7, 8, 9

*Benasco v. American Home Products,*
  Civil Action No. 02-3577 (E.D. La. September 10, 2003) . . . . . . . . . . . . . . . . . . . . . . . 7

*Blackmon v. American Home Products Corp.,*
  No. G-02-179 (S.D. Tex. May 8, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Botter v. Aventis Pasteur, Inc.,*
  Civil Action No. 9:02-CV-181 (E.D. Tex. January 15, 2003) . . . . . . . . . . . . . . . . . . . . 7, 8

*Brausewetter v. HHS,*
  No. 99-278V, 1999 WL 562700 (Fed. Cl. July 16, 1999) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carabine v. Aventis Pasteur, Inc.,*
  Civil Action No. A-02-CA-501-SS (W.D. Tex. October 8, 2002) . . . . . . . . . . . . . . . . 7, 8

*Carr v. Aventis Pasteur, Inc.,*
  CV 02-J-3096-NE (N.D. Ala. February. 27, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Cheskiewicz v. Aventis Pasteur, Inc.,*
  No. 0952 (Ct. C.P., Philadelphia County, December. 16, 2002) . . . . . . . . . . . . . 7, 12, 16

*Chevron U.S.A., Inc. v. Natural Resources Defense Counsel, Inc.,*
  467 U.S. 837 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Chiles v. American Home Products Corp.,*
  Civil Action No. 4:03-CV-802-A (N.D. Tex. October 2, 2003) . . . . . . . . . . . . . . . . . 7, 16

*Cyr v. Aventis Pasteur, et al.,*
  No. 01-C-663 (N.H. Sup. Ct., Hillsborough County, August 8, 2003) . . . . . . . . . . . 7, 12

*Daigle v. Aventis Pasteur, Inc.,*
    Civil Action No. 02-CV-11664-RGS (D. Mass. June 13, 2003) . . . . . . . . . . . . . . . . . . . 7

*Grant v. HHS,*
    956 F.2d 1144 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Holder v. Abbott Laboratories, Inc.,*
    Civil Action No. 4:02CV148LN (S.D. Miss. October 15, 2002) . . . . . . . . . . . . . . . 7, 11

*John Corp. v. City of Houston,*
    214 F.3d 573 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Laughter v. Aventis Pasteur, Inc., et al.,*
    Civil Action No. 1:02CV01087 (M.D.N.C. November 12, 2003) . . . . . . . . . . . . . . 7, 10

*Leffall v. Dallas Ind. School Dist.,*
    28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Leroy v. HHS,*
    No. 02-392V, 2002 WL 31730680
    (Ct. Fed. Cl. October. 11, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8, 9, 10, 11, 14, 15

*Liu v. Aventis Pasteur, Inc.,*
    219 F.Supp.2d 762 (W.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Mann v. Glaxo SmithKline Beecham Corporation,*
    Civil Action No. 1:02-CV-2660-CAP (N.D.Ga., July 8, 2003) . . . . . . . . . . . . . . . . 7, 9

*McDonald v. Abbott Laboratories, Inc.,*
    Civil Action No. 3:02CV77LN (S.D. Miss. August 1, 2002) . . . . . . . . . . . . . . . . . 7, 11

*Moss v. Merck & Co.,*
    Civil Action No. 03-0334 (W.D. La. June 19, 2003) . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*Nolan v. Boeing Co.,*
    919 F.2d 1058 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Nowak v. Ironworkers Local 6,*
    81 F.3d 1182 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*O'Connell v. American Home Products Corp.,*
    No. G-02-184 (S.D. Tex. May 7, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

iv

*Owens v. American Home Products Corp.*,
    203 F.Supp.2d 748 (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pannell v. HHS*,
    No. 94-658V, 1995 WL 432643 (Fed. Cl. July 7, 1995) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Radulovic v. American Home Products*,
    Case No. 02-05033 (Fla. Cir., Hillsborough Co., March 5, 2003) . . . . . . . . . . . . . . . 7, 11

*Roberts v. Williamson*,
    111 S.W.3d 113 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Russak v. Aventis Pasteur, Inc.*,
    Civil Action No. A-02-CA-480-SS (W.D. Tex. September 7, 2002) . . . . . . . . . . . . . 7, 8

*Shalala v. Whitecotton*,
    514 U.S. 268 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shanaughy v. Wyeth Co.*,
    No. 02-1517 (Fla. Cir., Pasco Co., December. 5, 2002) . . . . . . . . . . . . . . . . . . . . . . 7, 11

*Strauss v. American Home Products Corp.*,
    208 F.Supp.2d 711 (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Swafford v. Aventis Pasteur, Inc.*,
    Civil Action No. A-03-CA-055-SS (W.D. Tex. March 7, 2003) . . . . . . . . . . . . . . . . 7, 8

*The Vaccine Cases*,
    Civil Case No. JCCP 4246 (Cal. Sup. Ct. Sept. 25, 2003) . . . . . . . . . . . . . . . . . . . 7, 10

*Wax v. Aventis Pasteur, Inc.*,
    240 F.Supp.2d 191 (E.D.N.Y. October 30, 2002), *as clarified*
    (December 16, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11, 12

*White, et al. v. Aventis Pasteur, et al.*,
    No. 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CIV (Miss., 1st Jud. Dist., Hinds County, November 17, 2003) . . . 7, 11

*Young v. Aventis Pasteur, Inc.*,
    Civil Action No. A-02-CA-734-SS (W.D. Tex. January 6, 2003) . . . . . . . . . . . . . . . 7, 8

## STATUTES AND RULES

42 U.S.C. § 300aa-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 300aa-11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

42 U.S.C. § 300aa-11(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13, 14

42 U.S.C. § 300aa-11(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

42 U.S.C. § 300aa-11(a)(5)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C. § 300aa-11(a)(5)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

42 U.S.C. § 300aa-11(a)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C. § 300aa-11(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

42 U.S.C. § 300aa-11(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C. § 300aa-11(c)(1)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

42 U.S.C. § 300aa-15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

42 U.S.C. § 300aa-15(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## DEFENDANT SIGMA-ALDRICH, INC.'S MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant SIGMA-ALDRICH, INC., incorrectly named as "Sigma-Aldrich," (hereinafter "Sigma-Aldrich"), and files this its Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support:

### I.
### NATURE AND STAGE OF PROCEEDING

Plaintiffs filed this action in state court on their behalf and that of their minor children for personal injury under theories of strict products liability, negligence, breach of warranty and civil conspiracy, **all** related to a preservative known as thimerosal allegedly contained in childhood vaccines administered to Plaintiffs' minor children. The case was subsequently removed to this Court on the basis of diversity. Sigma-Aldrich moves to dismiss Plaintiffs' vaccine-related claims for lack of subject matter jurisdiction pursuant to the National Vaccine Injury Compensation Act ("Vaccine Act") 42 U.S.C. § 300aa-1, *et seq.*, which requires that a civil action alleging "vaccine-related" injuries be dismissed unless the plaintiff first files a petition in the Court of Federal Claims ("Vaccine Court") and exhausts all administrative remedies under the Act. As Plaintiffs claims against Sigma-Aldrich are based on injuries allegedly caused by thimerosal-containing vaccines, such claims fall within the exclusive, initial jurisdiction of the Vaccine Court. Sigma-Aldrich also moves to dismiss the parent Plaintiffs' claims for loss of consortium damages for failure to state a claim under Texas law.

## II.
## ISSUE STATEMENT

Whether Plaintiffs' vaccine-related claims against Sigma-Aldrich should be dismissed pursuant to the Vaccine Act and FED. R. CIV. P. 12(b)(1) and (6) to the exclusive, initial jurisdiction of the Vaccine Court, and whether the Plaintiff parents' claim for loss of consortium should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim under Texas law.

## III.
## STANDARD OF REVIEW

Sigma-Aldrich moves for dismissal of Plaintiffs' claims pursuant to FED. R. CIV. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). A case is properly

dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when, as here, the court "lacks the statutory or constitutional power to adjudicate the case." *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000) (quoting *Nowak v. Ironworkers Local 6*, 81 F.3d 1182, 1187 (2d Cir. 1996)). A case is properly dismissed for failure to state a claim under Rule 12(b)(6) when the face of the plaintiffs' pleading establishes that the plaintiffs cannot prove any set of facts that would entitle them to relief. *See Leffall v. Dallas Ind. School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

## IV.
## SUMMARY OF ARGUMENT

This is a products liability case in which the Plaintiffs allege that their minor child has

loss of services and loss of companionship.  Plaintiffs' pleading clearly describes claims that are

compensable under the Vaccine Act, which expressly requires that a civil action alleging "vaccine-

related" injuries be dismissed unless the plaintiff <u>first</u> files a petition in the Vaccine Court <u>and</u>

exhausts all administrative remedies.  *See* 42 U.S.C. § 300aa-11(a)(2)(A).  <u>It is undisputed that</u>

<u>Plaintiffs have not exhausted their administrative remedies under the Vaccine Act</u>.

While Sigma-Aldrich specifically denies liability for Plaintiffs' claims, Plaintiffs allege that

<u>all</u> Defendants, including Sigma-Aldrich, are liable for injuries the minor plaintiff sustained as a

result of being administered thimerosal-containing vaccines.  Because Plaintiffs' claims against

Sigma-Aldrich are based on injuries allegedly caused by vaccines containing thimerosal, such claims

fall within the exclusive, initial jurisdiction of the Vaccine Court and, thus, must be filed first in that

court and fully exhausted under the Vaccine Act.

## V.
## PLAINTIFFS' VACCINE-RELATED CLAIMS AGAINST SIGMA-ALDRICH SHOULD BE  DISMISSED PURSUANT TO THE VACCINE ACT

In this case, Plaintiffs allege that <u>all</u> Defendants, <u>including Sigma-Aldrich</u>, "designed,

manufactured, marketed, and distributed" the thimerosal-containing vaccines administered to

Plaintiffs' minor child.  The Vaccine Act requires that a civil action alleging "vaccine-related"

injuries be dismissed unless the plaintiff <u>first</u> files a petition in the Vaccine Court.  *See* 42 U.S.C.

§ 300aa-11(a)(2)(A).  The Vaccine Act expressly mandates that all claims in excess of $1,000 for

"vaccine-related" injuries, <u>whether brought individually or in a representative capacity</u>, must be filed

<u>first</u> in Vaccine Court <u>before</u> any traditional tort suit may be pursued in state or federal court.  *Id.*

Additionally, a plaintiff must exhaust all administrative remedies in the Vaccine Court before

proceeding in a civil suit. If a plaintiff fails to first file a petition in the Vaccine Court or fully

exhaust the Vaccine Act's compensation remedy and proceedings, the Act mandates dismissal of the plaintiff's civil action. *See* 42 U.S.C. § 300aa-11(a)(2)(B)("If a civil action which is barred under subparagraph (A) is filed in State or Federal court, **the court shall dismiss the action**.") (emphasis added); *see also Shalala v. Whitecotton*, 514 U.S. 268, 270 (1995) ("a claimant alleging more than $1,000 in damages resulting from a vaccination...must exhaust the Act's procedures and refuse to accept the resulting judgment before filing any *de novo* civil action in state or federal court.").

It is undisputed that Plaintiffs have not exhausted their administrative remedies under the Vaccine Act. Therefore, according to the mandatory provisions of the Vaccine Act, Plaintiffs' claims against Sigma-Aldrich in this case must be dismissed.

## A.    The Vaccine Court Has Assumed Jurisdiction Over Thimerosal Cases

On July 3, 2002, the Vaccine Court issued Autism General Order #1 and, in so doing, assumed jurisdiction over hundreds (now thousands) of thimerosal-related claims to determine whether thimerosal-containing vaccines can cause autism and/or similar neurodevelopmental disorders. *See Autism General Order #1*. This general causation inquiry, termed the "Omnibus Autism Proceeding," will likely be decided sometime in late 2004 or early 2005. *See Autism Update and Order, entered on September 24, 2003.* Removing all doubt as to the application of the Vaccine Act to thimerosal-related claims, the Vaccine Court has also created a Master Autism Petition for claimants seeking vaccine compensation, which alleges that:

> As a direct result of one or more vaccinations covered under the National Vaccine Injury Compensation Program, the vaccinee in question has developed a neuro-developmental disorder.... This disorder was caused...by the "thimerosal" ingredient in certain [vaccines].

*Id.* The Vaccine Court's assumption of jurisdiction over thimerosal-related claims is definitive on the question of whether such claims are "vaccine-related" claims for purposes of applying the Vaccine Act. This is so because the Vaccine Court exercises jurisdiction only over "vaccine-related" injury claims, and, pursuant to the Vaccine Act, its initial jurisdiction over such claims is exclusive.

**B.    The Chief Special Master of the Vaccine Court Has Recognized That Claims for Injuries Resulting from Thimerosal in Vaccines Are Covered by the Vaccine Act**

Chief Special Master Gary J. Golkiewicz of the Office of Special Masters of the Court of Federal Claims has conclusively held that injuries allegedly arising from thimerosal-containing vaccines are "definitely 'vaccine-related'" within the plain meaning of the language of the Vaccine Act and "petitioners alleging an injury or death from the thimerosal preservative in vaccines are *statutorily obligated* to file their claim...in the Court of Federal Claims, *in the first instance*." *Leroy v. HHS,* No. 02-392V, 2002 WL 31730680, at *17 (Ct. Fed. Cl. October. 11, 2002) (emphasis in original and added). Chief Special Master Golkiewicz emphasized that his interpretation of "vaccine-related injury" is completely consistent with the legislative history and the statutory scheme of the Vaccine Act. *Leroy,* at *9. Moreover, the Chief Special Master concluded that thimerosal is <u>not</u> an adulterant or contaminant and that exclusive jurisdiction of these "vaccine-related" claims resides in the first instance in the Vaccine Court. *Id.* at *6.

Significantly, the Chief Special Master in *Leroy* construed the provisions of the Vaccine Act <u>to include components of vaccines such as thimerosal.</u> The Chief Special Master held that "the meaning of 'vaccine-related injury or death'...includes injuries allegedly caused by the thimerosal component of a vaccine." *Leroy,* at *6. The Chief Special Master specifically concluded that "*[i]t is reasonable to construe the plain meaning of 'vaccine' to encompass the thimerosal component*

*because, within its ordinary usage, the term 'vaccine' strongly implies the inclusion of bacterium and additional ingredients.*" *Leroy*, at *7 (emphasis added).[1] *See also Brausewetter v. HHS*, No. 99-278V, 1999 WL 562700, at *3 (Fed. Cl. July 16, 1999) (Act applies when there has been exposure to the "**chemical/biological** *components* of the...vaccine); *Pannell v. HHS*, No. 94-658V, 1995 WL 432643, at *2 (Fed. Cl. July 7, 1995) (Vaccine Court defined a "vaccine-related injury" as one caused by the vaccine or *by something contained therein*"); *Grant v. HHS*, 956 F.2d 1144 (Fed. Cir. 1992).

The Chief Special Master held that "an injury or death arising from the thimerosal component is encompassed within the statutory definition of 'vaccine-related injury or death,' thereby granting jurisdiction over such claims" to the Vaccine Court. *Leroy*, at *17. As noted above, Plaintiffs specifically allege injuries from "vaccines manufactured and distributed by Defendants." Thus, the claims stated in Plaintiffs' pleading against Sigma-Aldrich are vaccine-related as defined by the Act, and must be dismissed in favor of the initial, exclusive jurisdiction of the Vaccine Court.[2]

---

[1]      The Vaccine Court's holding in *Leroy* is controlling under the United States Supreme Court's *Chevron* doctrine. *See Chevron U.S.A., Inc. v. Natural Resources Defense Counsel, Inc.*, 467 U.S. 837, 844 (1984) (holding that a court should defer to an administrative agency's reasonable construction of a statute).

[2]      To the extent Plaintiffs are bringing suit against Sigma-Aldrich for allegedly manufacturing or distributing the thimerosal component of the vaccines which allegedly injured Plaintiffs, the same reasoning in support of dismissal applies here. The Chief Special Master observed that "the plain meaning of the term 'vaccine' allows for the composition of different ingredients in the vaccine product, including a preservative such as thimerosal, therefore, a vaccine component is a constituent part of the vaccine." *Id.* at *5. "It is reasonable to construe the plain meaning of 'vaccine' to encompass the thimerosal *component* . . . ." *Id.* at *7 (emphasis in original). Therefore, it is reasonable to construe the plain meaning of "vaccine manufacturer and distributor" to encompass a "thimerosal component manufacturer or distributor." Based on the Vaccine Court's interpretation that the definition of "vaccine" includes the thimerosal component, it consistently follows that vaccine-related claims against vaccine component manufacturers or distributors must be dismissed pursuant to the Vaccine Act. Accordingly, any claims made by Plaintiffs against Sigma-Aldrich as an alleged manufacturer or distributor of the thimerosal component of a vaccine should be dismissed in favor of the exclusive, initial jurisdiction of the Vaccine Court.

**C.    Multiple Courts Across the Country, Including Texas Federal Courts, Have Dismissed Vaccine-Related Claims Against Sigma-Aldrich**

The question of whether Plaintiffs' claims for injuries allegedly arising from the thimerosal preservative of the vaccines is well-settled. Federal and state courts across the country have uniformly held that plaintiffs' claims for injuries allegedly arising from the thimerosal component of vaccines are "vaccine-related" and must be filed and adjudicated in the Vaccine Court first. Further, the overwhelming majority of courts have extended the protections of the Vaccine Act to claims against both manufacturers and distributors of the vaccines and the vaccine component thimerosal, resulting in a national consensus that claims such as those asserted by Plaintiffs must be filed first in the Vaccine Court.[3]

Recently, the United States District Court for the Northern District of Texas in *Chiles v. American Home Products Corp.*, Civil Action No. 4:03-CV-802-A (N.D. Tex. October 2, 2003), dismissed the minors' claims against all defendants. The court held that the plaintiffs' vaccine-

---

[3]    *See Mann v. Glaxo SmithKline Beecham Corporation*, Civil Action No. 1:02-CV-2660-CAP (N.D. Ga. July 8, 2003); *Moss v. Merck & Co.*, Civil Action No. 03-0334 (W.D. La. June 19, 2003); *Liu v. Aventis Pasteur, Inc.*, 219 F.Supp.2d 762, 767 (W.D. Tex. 2002); *Russak v. Aventis Pasteur, Inc.*, Civil Action No. A-02-CA-480-SS (W.D. Tex. September 7, 2002); *Carabine v. Aventis Pasteur, Inc.*, Civil Action No. A-02-CA-501-SS (W.D. Tex. October 8, 2002); *Young v. Aventis Pasteur, Inc.*, Civil Action No. A-02-CA-734-SS (W.D. Tex. January 6, 2003); *Swafford v. Aventis Pasteur, Inc.*, Civil Action No. A-03-CA-055-SS (W.D. Tex. March 7, 2003); *Botter v. Aventis Pasteur, Inc.*, Civil Action No. 9:02-CV-181 (E.D. Tex. January 15, 2003); *Chiles v. American Home Products Corp.*, Civil Action No. 4:03-CV-802-A (N.D. Tex. October 2, 2003); *McDonald v. Abbott Laboratories, Inc.*, Civil Action No. 3:02CV77LN (S.D. Miss. August 1, 2002); *Holder v. Abbott Laboratories, Inc.*, Civil Action No. 4:02CV148LN (S.D. Miss. October 15, 2002); *Wax v. Aventis Pasteur, Inc.*, 240 F.Supp.2d 191, 196 (E.D. N.Y. October 30, 2002), *as clarified* (December 16, 2002); *Cyr v. Aventis Pasteur, et al.*, No. 01-C-663 (N.H., Sup. Ct., Hillsborough County, August 8, 2003) *as clarified* (September 24, 2003); *Cheskiewicz v. Aventis Pasteur, Inc.*, No. 0952 (Ct. C.P., Philadelphia County, December 16, 2002); *Ashton v. Aventis Pasteur, Inc.*, No. 04026 (Ct. C.P., Philadelphia County, May 22, 2003); *Radulovic v. American Home Products*, No. 02-05033 (Fla. Cir., Hillsborough Co., March 5, 2003); *Shanaughy v. Wyeth Co.*, No. 02-1517 CAWS (Fla. Cir., Pasco Co., December. 5, 2002); *Agbebaku v. Sigma-Aldrich, Inc.*, No. 24-C-02-004243 (Md. Cir. Ct. June 19, 2003); *Benasco v. American Home Products*, Civil Action No. 02-3577 (E.D. La. September 10, 2003); *Daigle v. Aventis Pasteur, Inc.*, Civil Action No. 02-CV-11664-RGS (D. Mass. June 13, 2003); *The Vaccine Cases*, Civil Case No. JCCP 4246 (Cal. Sup. Ct. Sept. 25, 2003); *Laughter v. Aventis Pasteur, Inc., et al.*, Civil Action No. 1:02CV01087 (M.D.N.C. November 12, 2003); *White, et al. v. Aventis Pasteur, et al.*, No. 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CIV (Miss., 1st Jud. Dist., Hinds County, November 17, 2003).

related claims against manufacturers of the vaccines or vaccine components must be first brought in the Vaccine Court. *Id.*

Likewise, in *Liu, Russak, Carabine, Young,* and *Swafford*, the United States District Court for the Western District of Texas dismissed the minor plaintiffs' vaccine-related claims against all defendants, including the thimerosal component manufacturers and distributors, requiring such claims to be brought first in the Vaccine Court. *See, e.g., Liu*, 219 F. Supp. 2d at 767-78.

The same result was reached by the United States District Court for the Eastern District of Texas. *See Botter v. Aventis Pasteur, Inc.*, Civil Action No. 9:02-CV-181 (E.D. Tex. January 15, 2003). In *Botter*, the court dismissed the minor's claims against the vaccine and component manufacturers and distributors requiring the claims to be first presented in the Vaccine Court.[4]

Similarly, the Court of Common Pleas of Philadelphia County held that it lacked jurisdiction under the Vaccine Act because claims of thimerosal-related injuries are "vaccine-related" under the Act. *See Ashton v. Aventis Pasteur*, No. 04026 (Ct. C.P., Philadelphia County, May 22, 2003). In *Ashton*, the court found as a matter of law that thimerosal component manufacturers and distributors are afforded the same protections under the Vaccine Act as the vaccine manufacturers. The court "rejected as without authority the plaintiffs' claim that the suppliers of thimerosal occupy a separate class apart from that of the vaccine manufacturers...." *Ashton*, at p. 10. Relying on the Vaccine

---

[4]     Only one Texas federal court has distinguished between manufacturers of vaccines and the vaccine components. The United States District Court for the Southern District of Texas, Galveston Division, stayed rather than dismissed the plaintiffs' vaccine-related claims against the thimerosal component manufacturers, pending resolution of the plaintiffs' claims in the Vaccine Court in *Owens v. American Home Products Corp.*, 203 F.Supp. 2d 748 (S.D. Tex. 2002), *Blackmon v. American Home Products Corp.*, No. G-02-179 (S.D. Tex. May 8, 2002), and *O'Connell v. American Home Products Corp.*, No. G-02-184 (S.D. Tex. May 7, 2002). However, these decisions predate the Vaccine Court's decision in *Leroy* holding that a "vaccine" includes its components and were issued prior to the overwhelming majority of the decisions from federal (including other Texas federal district courts) and state courts dismissing vaccine-related claims against thimerosal component manufacturers and distributors.

Court's opinion in *Leroy*, the court agreed that the thimerosal ingredient "is interchangeable with the vaccine for the purposes of the [thimerosal] defendants' jurisdictional defense." *Id.* at p. 11. The court in *Ashton* expressly concluded, "***Thus, the explicit jurisdiction of the Vaccine Court should, this Court holds, apply to manufacturers, suppliers, and distributors as well.***" *Id.* The *Ashton* decision demonstrates that Plaintiffs' vaccine-related claims against all defendants in this case, including Sigma-Aldrich, must be dismissed.

In *Agbebaku v. Sigma-Aldrich, Inc.*, Case No. 24-C-02-004243 (Cir. Ct., Baltimore City, June 19, 2003), the court dismissed the plaintiffs' vaccine-related claims against the vaccine and thimerosal components manufacturers and distributors for lack of subject matter jurisdiction in fifty-three (53) related cases. *Id.* at p. 15.

Significantly, in *Mann v. Glaxo SmithKline Beecham*, Judge Pannell of the United States District Court for the Northern District of Georgia dismissed the entire case against the vaccine and thimerosal component manufacturers and distributors based on the Vaccine Act. *See Mann v. Glaxo SmithKline Beecham*, , No. 1:02-CV-2660-CAP (N.D.Ga., July 8, 2003). The *Mann* court observed that it was proper to dispose of a case procedurally rather than reach the plaintiffs' motion to remand where "dismissal would be inevitable" due to a lack of subject matter jurisdiction. *Id.* at *2. The *Mann* court expressly considered judicial economy and expeditious resolution of the matter, and held that the Vaccine Act required any party with a "vaccine-related" claim to first file in Vaccine Court and exhaust their remedies, and plaintiffs' failure to do so deprived "this court and all state courts" of subject matter jurisdiction over their complaint. *Id.* at *4 (emphasis added).

Likewise, on June 19, 2003, the United States Court for the Western District of Louisiana issued an Order and Memorandum Ruling dismissing the claims against all vaccine and component

manufacturers and distributors, finding that plaintiffs' vaccine-related claims must first be pursued in the Vaccine Court. *See Moss v. Merck & Co.,* Civil Action No. 03-0334 (W.D. La. June 19, 2003).

Recently, the court handling a statewide coordinated proceeding in California (involving at least sixteen separate cases) dismissed all vaccine-related claims against the vaccine and thimerosal component manufacturers and distributors pursuant to the Vaccine Act. *See* Coordinated Proceeding, *The Vaccine Cases,* Civil Case No. JCCP 4246 (Cal. Sup. Ct. Sept. 25, 2003) ("[b]ecause the Vaccine Court has held that the terms 'vaccine' and 'thimerosal' are interchangeable for purposes of Vaccine Act jurisdiction, claims asserted against the thimerosal defendants are also barred by the Act.").

Further, in thirteen cases involving plaintiffs alleging injuries from thimerosal-containing vaccines, the United States District Court for the Middle District of North Carolina noted that none of the plaintiffs who had filed in Vaccine Court — nor those that had failed to file — had exhausted their administrative remedies, as required by the Vaccine Act. *See Laughter v. Aventis Pasteur, et al.,* No.1:02CV01087, at p. 8 (M.D.N.C. November 12, 2003). Applying *Leroy,* the *Laughter* court held the plaintiffs' claims were vaccine-related and, under the Vaccine Act, the vaccine and thimerosal component manufacturers and distributors were entitled to the Act's protections. *Id.* at 6-7. Accordingly, the court dismissed without prejudice all vaccine-related claims, pending the resolution of those claims in the Vaccine Court. *Id.* at 12.

Most recently, the First Judicial District Court of Hinds County, Mississippi specifically ruled that the Vaccine Act unambiguously directs the conclusions that: (1) thimerosal is a vaccine component; (2) thimerosal manufacturers and distributors are included within the definition of

"manufacturers" for purposes of the Vaccine Act *because* thimerosal is a vaccine component; and (3) the Court *must* dismiss the claims because the plaintiffs failed to file a claim in Vaccine Court. *See White v. Aventis Pasteur, et al.*, No. 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CIV (Miss., 1st Jud. Dist., Hinds County, November 17, 2003). In the transcript of the hearing incorporated in the order, the court held it had "no authority to stay anything," and dismissed both the child's and parents' claims against the alleged thimerosal manufacturers and distributors. *Id. See also McDonald v. Abbott Laboratories, Inc.*, Civil Action No. 3:02CV77LN (S.D. Miss. August 1, 2002); *Holder v. Abbott Laboratories, Inc.*, Civil Action No. 4:02CV148LN (S.D. Miss. October 15, 2002).

Two different circuit courts in Florida have likewise held that the Vaccine Court maintains initial jurisdiction over plaintiffs' "vaccine-related" claims and dismissed these claims against both the vaccine and thimerosal component manufacturers and distributors. *See Radulovic v. American Home Products*, Case No. 02-05033 (Fla. Cir., Hillsborough Co., March 5, 2003); *Shanaughy v. Wyeth Co.*, No. 02-1517 CAWS (Fla. Cir., Pasco Co., December. 5, 2002). In *Radulovic*, the court found *Leroy* to be persuasive authority and adopted the findings and conclusions articulated in *Leroy* as relate to the initial jurisdiction of the Vaccine Court and "the lack of jurisdiction of this Court" over such claims. *Radulovic*, at p. 2. In *Shanaughy*, the court held that dismissal of the plaintiffs' vaccine-related claims was appropriate due to the "Court's lack of initial jurisdiction over such claims." *Shanaughy*, at p. 2.

Moreover, Judge Weinstein of the United States District Court for the Eastern District of New York dismissed the entire case against the vaccine and thimerosal component manufacturers and distributors based on the Vaccine Act. *See Wax v. Aventis Pasteur, Inc.*, 240 F.Supp.2d 191, 196 (E.D.N.Y. October 30, 2002), *as clarified* (December 16, 2002). The court clarified its previous

order that stayed the case by subsequently "dismissing the case...." *Id.* Similarly, the Superior Court

for the Northern District of New Hampshire dismissed the plaintiffs' claims against all defendants,

including Sigma-Aldrich, pursuant to the directives of the Vaccine Act. *See Cyr v. Aventis Pasteur,*

*et al.*, No. 01-C-663 (N.H. Sup. Ct., Hillsborough County, August 8, 2003) *as clarified* (September

24, 2003). The court in *Cyr* clarified its previous order staying the case by subsequently dismissing

the plaintiffs' claims against all defendants. *Id.*

      The Court of Common Pleas in Philadelphia County has also dismissed an entire action

against all defendants, including the thimerosal component manufacturers and distributors. *See*

*Cheskiewicz v. Aventis Pasteur, Inc.*, No. 0952 (Ct. C.P., Philadelphia County, December 16, 2002)

(noting that "where the harm arises from an allergic reaction to non-foreign substances contained in

the vaccine itself, the claim should first be heard in Vaccine Court"). In *Cheskiewicz*, the court

explained that:

> The Vaccine Act, enacted by Congress, provides that all such causes of action
> resulting in harm from the use of certain enumerated vaccines must initially be
> brought before a specially constituted court of the United States Court of Federal
> Claims (hereinafter referred to as Vaccine Court). The Act unequivocally provides
> that *parties must first exhaust their remedies under this Act before commencing*
> *suit in either state or federal court. The Act further directs the state or federal*
> *courts to dismiss actions not first pursued under the Vaccine Act.*

*Cheskiewicz*, at pp. 1-2 (emphasis added). The *Wax* and *Cheskiewicz* court dismissed all of

plaintiffs' vaccine-related claims against <u>all</u> defendants pursuant to the express language of the

Vaccine Act, and the same result should attach in this case.

      The rulings from the multiple courts referenced above, as well as the Vaccine Court's

absolute declaration of jurisdiction over functionally indistinguishable thimerosal claims, dispel any

doubt that Plaintiffs' claims are indeed "vaccine-related" and further confirm that Plaintiffs'

"vaccine-related" claims must first be pursued in the Vaccine Court. The plain language of the Vaccine Act precludes this Court from exercising jurisdiction over Plaintiffs' claims for vaccine-related injuries until Plaintiffs have exhausted their administrative remedies in Vaccine Court.

**D.    Multiple Provisions of the Vaccine Act Mandate Dismissal in Favor of the Vaccine Court's Jurisdiction**

The Vaccine Act mandates that if a civil action is filed in state or federal court in violation of subsection 300aa-11(a)(2)(A), which this case most certainly is, "the court shall dismiss **the action**." *See* 42 U.S.C. § 300aa-11(a)(2)(B) (emphasis added). "Action" means "the entirety of a civil proceeding," not just a part of it. *Nolan v. Boeing Co.,* 919 F.2d 1058, 1066 (5th Cir. 1990). Therefore, this Court must dismiss **all** vaccine-related claims against **all** defendants in this "action" before Plaintiffs may proceed in Vaccine Court.

**1.    42 U.S.C. § 300aa-11(a)(5)(B) Mandates That Plaintiffs Cannot Maintain Actions in "Two Fora" for Their Vaccine-Related Claims**

Dismissal of Plaintiffs' vaccine-related claims against Sigma-Aldrich is further mandated by the express provisions of the Vaccine Act that bar a claimant from seeking compensation in Vaccine Court if a civil claim for the same "vaccine-related injury or death" remains pending against anyone.

Specifically, § 300aa-11(a)(5)(B) of the Vaccine Act provides that:

> If a Plaintiff has pending a **civil action** for damages for a vaccine-related injury or death, such a person may not file a petition under subsection (b) for such injury or death.

42 U.S.C. § 300aa-11(a)(5)(B). By its plain terms, Section 300aa-11(a)(5)(B)'s bar is not limited to pending civil actions for damages for a vaccine-related injury or death against a "vaccine administrator or manufacturer." To the contrary, Congress deliberately elected not to limit this prohibition by omitting the terms "vaccine administrator or manufacturer" used earlier in

part (a)(2)(A) of the same subsection.  In fact, Congress has repeatedly amended Section 300aa-11(a)(5)(B), but has left intact its divergent language that is less restrictive than that of Section 300aa-11(a)(2)(A).

Courts have recognized that Section 300aa-11(a)(5)(B)'s prohibition regarding a pending "civil action for a vaccine-related injury or death" is broader than the bar set forth in Section 300aa-11(a)(2)(A):

> Section 300aa-11(a)(5)(A) of the Act refers to "a civil action for damages for a vaccine-related injury or death."  Congress does not distinguish a claim against a vaccine manufacturer from other types of claims.

*Amendola v. Secretary of Health and Human Services*, 23 Fed. Cl. Ct. 621, 627 (July 16, 1991), *aff'd*, 989 F.2d 1180, 1183 (Fed. Cir. 1993) (recognizing that a "plaintiff who has a civil suit pending...for a vaccine-related injury may not file a petition at all").  (Emphasis added.)

Pursuant to section 300aa-11(a)(5)(B), Plaintiffs are not entitled to have two actions pending for vaccine-related injuries, regardless of the types of claims alleged.  As the Chief Special Master recognized in *Leroy*, claimants are prohibited from "*maintaining actions in two fora.*"  *Id.* at \*9. Accordingly, this case must be dismissed so Plaintiffs' petition in Vaccine Court can proceed until they have exhausted their administrative remedies.

### 2.    42 U.S.C. § 300aa-11(c) Also Mandates Dismissal of Plaintiffs' Civil Action

Dismissal of this entire action is further warranted because the Vaccine Act prohibits Plaintiffs from receiving a settlement or judgment for a "vaccine-related injury or death" prior to receiving compensation from the Vaccine Court.  *See* 42 U.S.C. § 300aa-11(a)(7).  In fact, § 300aa-11(c)(1)(E) of the Vaccine Act explicitly requires that any petitioner seeking compensation with the Vaccine Court affirmatively plead in his or her petition that he or she has "not previously collected

an award or settlement of a civil action for damages for such vaccine-related injury or death." *See*

42 U.S.C. § 300aa-11(c)(1)(E). Again, this bar is not limited, but applies to any judgment or

settlement against any defendant if it is for the same "vaccine-related injury or death." *Leroy*, at *9.

### 3.    42 U.S.C. § 300aa-15(a)(1)(A) Mandates Dismissal of the Parents' Claims for Expenses Incurred by or on Behalf of the Minor Child

The plaintiff-parents bring claims individually (parent claims) and in their representative

capacity on behalf of their minor child (minor claims). Both parent claims and minor claims seek

damages which are recoverable under the Vaccine Act. Specifically, the plaintiff-parents seek

expenses for their child's medical care, loss of earning capacity, physical pain, and mental anguish.

These alleged damages are recoverable under the Act. For example, 42 U.S.C. § 300aa-15(a)(1)(A)

provides that a petitioner under section 300aa-11 for a vaccine-related injury is entitled to

compensation for expenses that "have been or will be incurred by or on behalf of the person who

suffered such injury."[5]   In fact, the Vaccine Act provides compensation for actual and un-

reimbursable expenses and projected expenses (incurred by the victim or on the victim's behalf) for

medical or other remedial care determined to be reasonably necessary, actual and anticipated lost

earnings, actual and projected pain and suffering and emotional distress of the victim. *See* 42 U.S.C.

§ 300aa-15(a); *see also Strauss v. American Home Products Corp.*, 208 F.Supp.2d 711, 715 n. 8

(S.D. Tex. 2002).

Because these damages for vaccine-related injuries are recoverable under the Act, Plaintiffs

must first proceed with these claims in Vaccine Court. Indeed, Plaintiffs' efforts "to recover medical

---

[5]    A petitioner may be any person who has sustained a vaccine-related injury or the legal representative of such person if that person is a minor or disabled. *See* 42 U.S.C. § 300aa-11(b)(1)(A).

expenses through this action is nothing more than an attempt to circumvent the bar put in place by the Vaccine Act requiring a child to first seek recovery from the Vaccine Court for injuries related to a vaccine." *See Carr v. Aventis Pasteur, Inc.*, CV 02-J-3096-NE (N.D. Ala. February. 27, 2003); *see also Cheskiewicz v. Aventis Pasteur, Inc.*, No. 0952 (Ct. C.P., Philadelphia County, December. 16, 2002) (the "Act permits reimbursement for medical bills incurred by or on behalf of a minor"); *Chiles v. American Home Products Corp.*, Civil Action No. 4:03-CV-802-A (N.D. Tex. October 2, 2003) ("because the Vaccine Act provides for payment of expenses incurred on the minor child's behalf, such as medical expenses, these claims must also be dismissed"). Accordingly, because these claims are compensable under the Act, Plaintiffs' claims against Sigma-Aldrich for medical expenses, loss of earning capacity, physical pain and suffering, and emotional distress incurred by or on behalf of their child must be dismissed.

## VI.
### THE PARENT PLAINTIFFS' CLAIM FOR LOSS OF CONSORTIUM MUST BE DISMISSED BASED ON TEXAS LAW

The parent Plaintiffs' claims for loss of consortium, loss of services, and loss of companionship damages should be dismissed with prejudice. Here, the parent Plaintiffs assert a claim for loss of consortium damages against all defendants. However, in the recent case of *Roberts v. Williamson*, the Texas Supreme Court held that Texas parents have no cause of action for loss of consortium based on their minor child's non-fatal injuries. *Id.*, 111 S.W.3d 113, 120 (Tex. 2003). Accordingly, this Court should dismiss with prejudice the parent Plaintiffs' claims for loss of consortium, loss of services and loss of companionship for failure to state a cause of action upon which relief may be granted under Texas law. *Id. See also Chiles*, at pp. 4-5 (dismissing with

prejudice the parent plaintiffs' claims for loss of consortium and loss of companionship and society).

## VII.
## SIGMA-ALDRICH ADOPTS AND JOINS IN THE VACCINE DEFENDANTS' AND DEFENDANT ELI LILLY'S MOTIONS TO DISMISS AND BRIEFS IN SUPPORT

Sigma-Aldrich hereby adopts, joins in, and incorporates as if fully set forth herein, the arguments and supporting legal authorities set forth in the Vaccine Defendants' and Defendant Eli Lilly's Motions to Dismiss and Briefs in Support.

## VIII.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Sigma-Aldrich, Inc. respectfully prays that the Court grant its Motion to Dismiss Plaintiffs' First Amended Complaint and dismiss this action, reject and deny all of Plaintiffs' claims against Sigma-Aldrich, Inc., that Plaintiffs take nothing from Sigma-Aldrich, Inc., and that Sigma-Aldrich, Inc. recover its costs and fees in connection with this case. Sigma-Aldrich, Inc. also prays for such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

By: _David M. Macdonald / by permission DCC_

**David M. Macdonald, Attorney-In-Charge**
State Bar No. 12755300
Southern District of Texas Bar No. 22762
MCCAULEY, MACDONALD & DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2014
(214) 744-3300
(214) 747-0942 (Facsimile)

**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT SIGMA-ALDRICH, INC.**

**OF COUNSEL:**
David C. Colley
State Bar No. 04583600
Southern District of Texas Bar No. 17310
MCCAULEY, MACDONALD & DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
(214) 744-3300
(214) 747-0942 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via Certified Mail, Return Receipt Requested or United States first class mail as set forth below on this _9TH_ day of January, 2004.

*__Via Certified Mail__*
Steve T. Hastings
Hastings Law Firm
101 N. Shoreline, Suite 430
Corpus Christi, Texas 78401

*__Via Certified Mail__*
Michael A. Simpson
Derrick S. Boyd
Simpson & Boyd, PLLC
P.O. Box 957
Decatur, Texas 76234

*__Via Certified Mail__*
Greg McCarthy
Miller & McCarthy
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
*Attorneys for Plaintiff*

Michael R. Klatt
Susan Burnett
Clark, Thomas & Winters, PC
300 West Sixth Street, 15th Floor
Austin, Texas   78701
*Attorneys for American Home Products Corporation
d/b/a Wyeth, Wyeth Laboratories, Wyeth-Ayerst,
Wyeth-Ayerst Laboratories, Wyeth Lederle,
Wyeth Lederle Vaccines and Lederle Laboratories*

Bradley S. Wolff
M. Diane Owens
Swift Currie, McGhee & Heiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
*Attorneys for Aventis Pasteur Inc., Individually and
as Successor-in-Interest to Connaught Laboratories,
Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

Wade L. McClure
Gibson McClure Wallace & Daniels
8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1808
*Attorneys for Aventis Pasteur Inc., Individually and
as Successor-in-Interest to Connaught Laboratories,
Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

Stephanie A. Smith
Fulbright & Jaworski, LLP
600 Congress Avenue, Ste. 2400
Austin, Texas 78701-3271
*Attorneys for GlaxoSmithKline, Individually and
as Successor-in-Interest to SmithKline Beecham Corp.*

Barclay Manley
Fulbright & Jaworski, LLP
1301 McKinney Street, Ste. 5100
Houston, Texas 77010-3095
*Attorneys for GlaxoSmithKline, Individually and
as Successor-in-Interest to SmithKline Beecham Corp.*

**DEFENDANT SIGMA-ALDRICH, INC.'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT - PAGE 19**          2008491 2286/609

Richard L. Josephson
Baker Botts, LLP
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
*Attorneys for Merck & Co., Inc.*

Gene M. Williams
MeHaffey & Webber, P.C.
P.O. Box 16
Beaumont, Texas  77704
*Attorneys for Baxter International, Inc.*

John R. Gilbert
Gilbert & Gilbert, PLLC
222 N. Velasco Street
Angelton, Texas 77515
*Attorneys for the Dow Chemical Company*

Scott Michelman
Shook, Hardy & Bacon, LLP
600 Travis Street, Ste. 1600
Houston, Texas  77002-2911
*Attorneys for Eli Lilly and Company*

Deborah A. Moeller
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
*Attorneys for Eli Lilly and Company*

Matthew H. Hand
Brown & Fortunato, P.C.
905 South Fillmore, Suite 400
Amarillo, Texas  79101
*Attorneys for Oribi, Inc., Individually and
d/b/a Meridian Chemical & Equipment, Inc.,
and d/b/a Global Fine Chemicals and National
Association of Compounding Pharmacists*

**David M. Macdonald**