

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, et al., | § § § § | |
| Plaintiffs, | § § | Civil Action No: 03-CV-222 |
| v. | § § | |
| AMERICAN HOME PRODUCTS, et al., | § § | |
| Defendants. | § § § | |

## DEFENDANT ELI LILLY AND COMPANY'S
## ALTERNATIVE MOTION TO STAY PROCEEDINGS

As set forth in Defendant Eli Lilly and Company ("Lilly")'s accompanying Opposition to Remand, remand of this case is not appropriate. However, should this Court determine that it must reach the "common defense" issue related to the National Childhood Vaccine Injury Act (the "Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1, *et seq.*, in deciding Plaintiffs' Motion to Remand, Lilly respectfully requests that this Court stay these proceedings pending the issuance of a mandate by the Fifth Circuit in *Collins v. American Home Products Corp.*, 343 F.3d 765 (5th Cir. Sep. 9, 2003).

Lilly removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *See* Lilly's Notice of Removal. The basis for Lilly's removal was that the only non-diverse Defendants, Oribi and the City of Laredo, were fraudulently joined. *Id.* at ¶ 11. As set forth in Lilly's Notice of Removal, Oribi was fraudulently joined because no Oribi product could be implicated in the present case as Oribi does not manufacture or sell vaccines or vaccine components. *Id.* at ¶ 12. The City of Laredo was fraudulently joined

for two reasons.  First, Plaintiffs' suit against the City is barred by the doctrine of sovereign immunity.  Second, Plaintiffs' claims against the City are barred by the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-1, *et seq.*

Should the Court need to reach the second issue, this Court should stay this case pending the final outcome of the *Collins* case that is currently pending before the Fifth Circuit. As noted in Lilly's Motion to Dismiss, the Vaccine Act prohibits the filing of a civil claim "against a vaccine administrator or manufacturer."  42 U.S.C. § 300aa-11(a)(2)(A). Therefore, the Vaccine Act requires the dismissal of the manufacturers of vaccines and vaccine components as well as the City of Laredo.  The Vaccine Act "is jurisdictional in nature because it defines the jurisdiction of state and federal courts with respect to civil actions against a vaccine administrator or manufacturer for vaccine-related injuries." *Gilbert v. Secretary of HHS*, 31 Fed. Cl. 379, 381 (Fed. Cl. 1994).  Whether this common jurisdictional defense precludes the removal of the case to this Court on that basis is an unsettled issue of law for which certain Defendants have requested an *en banc* review in the Fifth Circuit.

Plaintiffs' rely heavily on the *Collins* decision, and also cite to *Smallwood v. Illinois Central Railroad Co.*, 342 F.3d 400 (5th Cir. Aug. 7, 2003).  *See* Motion to Remand, pp. 7-9.  The Fifth Circuit has stayed the mandate in *Collins* pending the outcome of a rehearing *en banc* of the *Smallwood* decision.  *See Smallwood* Order of Rehearing *En Banc*, attached as **Exhibit A**.  The *en banc* hearing in *Smallwood* has been tentatively scheduled for May 29, 2004. *See* Docket Sheet, attached as **Exhibit B**.  The mandates in *Smallwood* and *Collins* have been stayed due to the filing of the currently pending petitions for rehearing.  *See* Fed. R. App. P. 41(d).  Therefore, this Court should stay any remand ruling pending the ultimate outcome of the *Smallwood* and *Collins* cases.  If this Court were to remand this case, and the Fifth Circuit later

vacates the prior panel holding, then "Defendants will have lost their right to litigate the case in federal court." *Boyd v. American Heritage Ins. Co.*, No. 3:01-CV-890-BN, 2003 WL 22175982, *2 (S.D. Miss. Sept. 19, 2003). It is for this reason that a growing number of Texas Federal Courts, including the courts in the Southern District, have stayed cases similar to the one currently before the Court. *See Saile v. American Home Prods. Corp.*, No. C-03-336 (S.D. Tex. Oct. 20, 2003), attached as **Exhibit C**; *Jones v. American Home Prods. Corp.*, No. 1:03-CV-657 (E.D. Tex. Nov. 24, 2003), attached as **Exhibit D**; *Ramirez v. American Home Prods. Corp.*, No. 1:03-CV55 (S.D. Tex. Dec. 16, 2003), attached as **Exhibit E**; *Vasquez v. American Home Prods. Corp.*, No. L-03-128 (S.D. Tex. Jan. 6, 2004), attached as **Exhibit F**.

Therefore, for the reasons expressed above, and for the reasons expressed in Lilly's Opposition to Remand, should the Court need to reach the question of the application of the Vaccine Act in deciding Plaintiffs' Motion to Remand, Lilly respectfully requests that this Court stay its ruling pending a mandate from the Fifth Circuit in *Collins*.

Respectfully submitted,

By: _____

M. SCOTT MICHELMAN
Attorney-in-Charge
SBN: 00797075
Southern District of TX ID No. 20802
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX 77002-2911
Telephone: 713/227-8008
Telefax: 713/227-9508

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

- 3 -

1363078v1

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
JEFFERY A. KRUSE
MO State Bar No. 45482
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:    816/474-6550
Telefax:        816/421-554

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Defendant Eli Lilly and Company ("Lilly")
has attempted to confer with counsel for Plaintiffs regarding the disposition of the foregoing
Motion.  After several attempts, Lilly has been unable to contact Plaintiffs' counsel and therefore
assumes that Plaintiffs oppose this Motion.

M. SCOTT MICHELMAN

- 4 -

1363078v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 17th day of January, 2004 as indicated below. Due to the voluminous nature of the exhibits, a copy of the exhibits is being provided only to the Court and to Plaintiffs' counsel. Should other counsel require a copy of the exhibits, Lilly will provide them upon request.

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX 78401 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX 76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX 75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX 78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift, Currie, McGhee & Hiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA 30309-3238 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| R. Jo Reser<br>Davidson & Troilo, P.C.<br>7550 W. IH-10, Suite 800<br>San Antonio, TX 78229-5815 | | U.S. 1st Class Mail |
| Miguel Wise<br>Miguel Wise, P.C.<br>134 West 5th Street<br>Weslaco, TX 78596 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX 75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX 79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX 78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX 77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Gene M. Williams<br>Mehaffy-Weber<br>2615 Calder Avenue<br>Post Office Box 16<br>Beaumont, TX 77704<br><br>Lee Davis Thames/Donna Jacobs<br>Butler, Snow, O'Mara, Stevens & Cannada<br>Post Office Box 22567<br>Jackson, MS 39225-2567 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail<br><br><br><br>U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX 77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

- 6 -

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60782
_____

KELLI SMALLWOOD

Plaintiff-Appellant

versus

ILLINOIS CENTRAL RAILROAD COMPANY; MISSISSIPPI DEPARTMENT OF
TRANSPORTATION

Defendants-Appellees

- - - - -

Appeal from the United States District Court for the
Southern District of Mississippi

- - - - -

ON PETITIONS FOR REHEARING EN BANC

(Opinion August 7, 2003, 5 Cir., 2003, _____F.3d____)

BEFORE: KING, Chief Judge, JOLLY, HIGGINBOTHAM, DAVIS, JONES,
SMITH, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS,
BENAVIDES, STEWART, DENNIS, CLEMENT and PRADO, Circuit
Judges.

BY THE COURT:

A member of the Court in active service having requested

a poll on the petition for rehearing en banc and a majority of

the judges in active service having voted in favor of granting a

rehearing en banc,

IT IS ORDERED that this cause shall be reheard by the

court en banc with oral argument on a date hereafter to be fixed.

The Clerk will specify a briefing schedule for the filing of

supplemental briefs.



IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-60716

JOHN W. STEWART, III; ANNETTE C STEWART; BERNARD COLLINS; ALLISON M. COLLINS; HERMAN R BERNARD, JR.; CAROLA H BERNARD; LARRY BLACKNEL; MELISSA MCGREW; JULES J COUSIN, JR; BEVERLY COUSIN; JOHN GAMBERI; CONNIE GAMBERI; MARK KLINEDINST; LAURIE KLINEDINST; TERI PITTS; TRACY PITTS; KEVIN SAMUEL; VICTORIA SAMUEL; DAVID G UNDERWOOD; LAUREN UNDERWOOD; JEREMY WILLIAMS; SHAMANDA WILLIAMS

Plaintiffs - Appellants

**Exhibit B**

AMERICAN HOME PRODUCTS CORP, doing business as Wyeth; WYETH LABORATORIES (WYETH-AYERST); WYETH-AYERST LABORATORIES; WYETH LEDERLE; WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES; AMERICAN INTERNATIONAL CHEMICAL INC; AVENTIS PASTEUR INC, individually and as successor in interest to Connaught Laboratories, Inc; PASTEUR MERIEUX & PASTEUR MERIEUX CONNAUGHT; B F ASCHER & COMPANY INC; BAXTER INTERNATIONAL INC, individually and as successor in interest to North American Vaccine Inc; BIOPORT CORPORATION INC; EVANS MEDICAL LTD; DOLDER; ELI LILLY & CO; MERCK AND COMPANY INC; SMITHKLINE BEECHAM CORP; [illegible] GULF COAST [illegible] DISCOUNT [illegible] VILLAGE [illegible] are otherwise unknown [illegible]

CHILDREN'S MEDICAL GROUP [illegible]

Defendants-Appellees.

[illegible]

Appeals from the United States District Court for the Southern District of Mississippi

[illegible]

O R D E R:

IT IS ORDERED that the motion of Appellees Wyeth Lederle, Wyether Lederle, Wyeth Lederle, Abbott Laboratories, Aventis Pasteur Inc, Baxter Intl Inc, Bioport Corp Inc, Merck and Company Inc, Eli Lilly and Co and Smithkline Beecham in 02-60797 and Appellees Wyeth [illegible] Wyeth Ayerst, Wyeth Ayerst Labs, Wyeth Lederle, Wyether Lederle, Abbott Laboratories [illegible] Pasteur Inc, Baxter Intl Inc, Bioport Corp Inc, Eli Lilley & Co, Merck and Co Inc, Smithkline Beecham & Wyeth in 02-60767 to stay the mandate pending the outcome of the petitions for rehearing en banc in this case and/or case 02-60792 Smallwood v. Illinois Central Railroad Company, is granted.

EMILIO M. GARZA
UNITED STATES CIRCUIT JUDGE

MOT-21

# General Docket
## US Court of Appeals for the Fifth Circuit

Court of Appeals Docket #: 02-60782                    Filed: 9/24/02
Nsuit: 4360  P.I.: Other
Smallwood v. IL Central RR Co, et al
Appeal from: Southern District of Mississippi, Jackson

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

      District: 0538-3 : 3:01-CV-561-BN
      Ordering Judge: William H Barbour, Jr, US District Judge
      Date Filed: 7/20/01
      Date order/judgment: 8/15/02
      Date NOA filed: 9/10/02
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: Paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
  None
Current cases:
              Lead         Member        Start         End
    Cons/Not Stat:
              02-60736     02-60764      7/7/03
    Related:
              02-60736     02-60782      9/19/03
              02-60764     02-60782      9/19/03

Docket as of December 24, 2003 10:04 pm              Page 1


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

02-60782 Smallwood v. IL Central RR Co, et al

KELLI SMALLWOOD                    Cynthia H Speetjens
      Plaintiff - Appellant       FAX 601-969-0830
                                  601-969-9999
                                  [COR NTC ret]
                                  Frazer & Davidson
                                  500 E Capitol Street
                                  Jackson, MS 39201

                                  Derek A Wyatt
                                  FAX 662-834-2409
                                  662-834-2376
                                  [COR NTC ret]
                                  Pat M Barrett, Jr
                                  FAX 662-834-2409
                                  662-834-2376ext122
                                  [COR LD NTC ret]
                                  Barrett Law Office
                                  404 Court Square N

Ins Co, to motion to strike amicus briefs [4599988-1] by
Appellant Kelli Smallwood [4625527-1]. Date of COS: 9/29/03
Sufficient [Y/N]: y [02-60782] (cmb)

10/3/03      Response/opposition filed by Appellant Kelli Smallwood to
FRAP 28(j) material [4623538-1] by Appellee IL Central RR
Co, MS Dept Trans Date of COS: 9/30/03 Sufficient [Y/N]: y.
[4629583-1] [02-60782] (cmb)

10/9/03      Response/opposition filed by Appellant Kelli Smallwood to
petition for rehearing en banc [4289059-1] by Appellee MS
Dept Trans, petition for rehearing en banc [4289276-1] by
Appellee IL Central RR Co Response/Opposition ddl
satisfied. Date of COS: 10/7/03  Sufficient [Y/N]: y.
[4633609-1] [02-60782] (cmb)

10/23/03     Supplemental authorities (FRAP 28(j)) filed by Appellee IL
Central RR Co in support of petition for rehearing en banc.
[4647283-1]. [02-60782] (cmb)

10/27/03     Response filed by Appellant Kelli Smallwood to FRAP 28(j)
material [4647283-1] by Appellee IL Central RR Co Date of
COS: 10/24/03  Sufficient [Y/N]: y. [4650586-1] [02-60782]
(cmb)

12/1/03      COURT Order filed treating the appellees' petitions for
rehearing en banc as petitions for panel rehearing, the
petitions for panel rehearing are denied. [4683105-1] (IN
DETAIL) (The petitions for rehearing en banc remain
pending.)  Copies to all counsel. [02-60782] (dtg)

Docket as of December 24, 2003 10:04 pm       Page 12

---

02-60782 Smallwood v. IL Central RR Co, et al

12/19/03     COURT Order filed granting petition for rehearing en banc
[4289059-1] COURT Order filed granting petition for
rehearing en banc [4289276-1] with Argument (Y/N)? y Before:
All Active Judges A/Pet Supplemental Brief due on 1/21/04
for Kelli Smallwood. E/Res Supplemental Brief due on 2/20/04
for MS Dept Trans, for IL Central RR Co. ( ) Copies to all
counsel. [02-60782] (gam)

12/19/03     Case reopened. [02-60782] (gam)

12/19/03     Case tentatively calendared for EN BANC oral argument Week
of: 05/24/04. [02-60782] (gam)

Docket as of December 24, 2003 10:04 pm       Page 13

---

| PACER Service Center |
|---|
| Transaction Receipt |
| 01/09/2004 14:33:04 |



## Shook, Hardy& Bacon L.L.P.

Matthew R. Crimmins

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2410 DD
816.421.5547 Fax
mcrimmins@shb.com

| **TO**<br>SCOTT MICHELMAN, SHB | **PHONE** | **FAX**<br>(713)227-9508 |
|---|---|---|
| **FROM**<br>MATTHEW R. CRIMMINS | **IT #**<br>3797 | **MATTER #**<br>LILV.102909 |
| 3 Pages Transmitted<br>Original Document Will Not Follow<br>If you experience any problems, please call 816.474.6550 extension 18058. | **DATE**<br>JANUARY 13, 2004 | |

**COMMENTS:**

Scott:  Attached is Exhibit D to Opposition to Remand.



Geneva
Houston
Kansas City
London
Miami
New Orleans
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

**Confidentiality Notice:** The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

AMANDA W. SAILE,                    §
                                    §
        Plaintiff,                  §
                                    §
vs.                                 §    C.A. NO. C-03-336
                                    §
AMERICAN HOME PRODUCTS CORP         §
d/b/a WYETH, et al.,                §
                                    §
        Defendants.                 §

United States District Court
Southern District of Texas
ENTERED

OCT 2 0 2003

Michael N. Milby, Clerk of Court

## ORDER OF STAY

On this day came on to be considered the Court's jurisdiction
in the above-styled action. This case was originally filed on June
27, 2003, in the 94th Judicial District Court of Nueces County,
Texas where it was assigned Cause No. 03-3987-C. On September 5,
2003, Defendants removed the action asserting diversity
jurisdiction on the basis that the non-diverse Defendant was
fraudulently joined.

On September 19, 2003, Plaintiff filed a Motion to Remand
relying heavily on two recent Fifth Circuit cases: Collins v.
American Home Products Corp., 343 F.3d 765 (5th Cir. Sept. 9, 2003);
and Smallwood v. Illinois Central Railroad Co., 342 F.3d 400 (5th
Cir. Aug. 7, 2003). Collins presents almost identical facts to
Plaintiffs case and suggests that remand is proper under a common
defense analysis. Collins, 343 F.3d at 768-769 (citing Smallwood,
342 F.3d at 405.) However, as Defendants argue, the holdings of
Collins and Smallwood are not the mandate of the Fifth Circuit.

RECEIVED
OCT 23 2003
10:03 m.

because petitions for rehearing en banc have been filed in both cases. Fed. R. App. P. 41(d).

As aptly noted by the district court in Boyd v. American Heritage Insurance Co., if the Court applies the reasoning of Collins and remands the case, and the Fifth Circuit then vacates its holding in Collins, then "Defendants will have lost their right to litigate the case in federal court." Boyd, No. Civ.A.301CV890BN, 2003 WL 22175982, *2 (S.D. Miss. Sept. 19, 2003). So is true that if the Court disregards Collins and denies Plaintiff's Motion to Remand, and the Fifth Circuit upholds its decision in Collins, "then both this Court and the parties will have wasted valuable time and resources litigating a case that will ultimately require remand to state court." Id.

A court has discretion to control the course of the litigation before it, including the inherent authority to stay proceedings. Rohan ex rel Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003); United States v. $9,041,598.68, 163 F.3d 238, 251 (5th Cir. 1998). Furthermore, a court may sua sponte stay a proceeding. Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 737 (5th Cir. 1999).

Based on the uncertainty in this circuit as to the applicability of the "common defense" rule in removal, the Court hereby STAYS all proceedings in the above-styled action pending the Fifth Circuit's rulings on the petitions for rehearings en banc in Collins and/or Smallwood. The Court shall consider the pending

2

motions and reschedule the initial pre-trial conference and motion hearing after the Fifth Circuit has ruled in either <u>Collins</u> or <u>Smallwood</u>.

SIGNED and ENTERED this the ___ day of October, 2003.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

3

15:46 NOV 26, 2003                    TEL NO: 5901015                    #142563  PAGE: 2/4

EOD___NOV 26 2003

FILED - CLERK
U.S. DISTRICT COURT
2003 NOV 24 PM 3: 31
TX EASTERN-BEAUMONT
BY___

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL L. JONES and RHONDA L. JONES, Each Individually and as Next Friends of KRISTIN M. JONES, a Minor | § § § § | |
| VS. | § | Case No. 1:03-CV-657 |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, ET AL. | § § § | |

### ORDER OF STAY

Before the court is Plaintiffs' Motion to Remand. [Doc. #21] The case was filed on June 27, 2003, in the 172 District Court, Jefferson County, Texas. The case was removed to this court on September 4, 2003, on the grounds of diversity. Defendants assert that the three in-state defendants, frequently referred to in the pleadings as the "Healthcare Defendants" (Dr. Kayani, Christus Health Southeast Texas d/b/a/ Christis St. Elizabeth Hospital, and Christis Health) were fraudulently joined.

Plaintiffs argue that any claimed immunity of the Healthcare Defendants under the Vaccine Act is a "common defense" and is insufficient to establish fraudulent joinder. This proposition is supported by *Smallwood v. Illinois Cent. R.R. Co.*, 342 F.3d 400 (5th Cir. 2003). Even more recently, and more directly on point, since it involves many of the same defendants in a very similar vaccine case, is the decision in *Collins v. Am. Home Prod. Corp.*, 343 F.3d 765 (5th Cir. 2003).

62

RECEIVED
DEC - 1 2003

If *Collins* and *Smallwood* were settled law, and the Vaccine Act common defense theory was the only issue before the court, then the rulings in those cases would control and this case would be remanded. However, petitions for rehearing *en banc* have been filed in both cases and the Court of Appeals has by order filed October 9, 2003, stayed the mandate pending the outcome of the petitions for rehearing.

This court will, therefore, adopt the reasoning and analysis of the Hon. Janis Graham Jack, United States District Judge, in a case before that court, *Saile v. Am. Home Prod. Corp.*, #C-03-336, (S. D. Tex. October 20, 2003). If the Fifth Circuit vacates its holdings in *Collins* and *Smallwood,* then a remand by this court will have deprived defendants of their right to litigate the case in federal court. On the other hand, if this court disregards *Collins* and *Smallwood* and denies the motion to remand, then time and resources could be wasted litigating a matter in which remand could be mandated if the *en banc* court upholds the *Collins* and *Smallwood* decisions.[1]

It is, therefore, ORDERED that all proceedings in the above-styled action are STAYED until further order of this court, or until the Fifth Circuit has ruled on the petitions for rehearing *en banc* in *Collins* and *Smallwood,* with the exception that, to avoid further delay and waste of time regardless of the eventual ruling, plaintiff shall file, within 90 days of this order, an expert report or reports on the issues of liability and causation as to each of the "Healthcare Defendants" in accordance with the procedures set out in Tex. Rev. Civ. Stat. Art. 4590i §13.01(i)(j) and

---

[1] The court notes that even if the *Collins* and *Smallwood* decisions are upheld, defendants have argued that the limitations of liability provided by Tex. Rev. Civ. Stat. and Art 4590i and Tex. Fam. Code § 32.103 would bar any recovery against the Healthcare Defendant so they would still be fraudulently joined. This issue need not be considered until after the Court of Appeals has ruled.

15:48 NOV 26, 2003                    TEL NO: 5901015                    #142563  PAGE: 4/4

(r)(5) and (6).  Regardless of which court this case ends up in, such information would advance

the efficient disposition of the case.[2]

Signed this the _24th_ day of November, 2003.

Ron Clark, United States District Judge

---

[2]Article 4950i was repealed effective September 1, 2003, and replaced with Tex. Civ. Proc. & Rem. Code §74.001 et seq.  However Art. 4950i governs in cases such as this one, which was filed before September 1, 2003.  *See* Medical Liability Act, 78 Leg., R.S., Ch. 204, §23.03(d), 2003 Tex. Gen. Laws.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 2 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually | § | |
| and as Next Friend of Jeremiah | § | |
| Ramirez, a minor | § | |
| **Plaintiffs** | § | |
| | § | |
| v. | § | C.A. No. B-03-155 |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL. | § | |
| **Defendants** | § | |
| | § | |

## ORDER OF STAY

BE IT REMEMBERED that on December 16, 2003, the Court **STAYED** this case until the Fifth Circuit has rendered a final mandate in the case of Collins v. American Home Prod. Corp., 343 F.3d 765 (5th Cir. 2003).

Currently pending before this Court is Plaintiffs' Motion to Remand [Dkt. No. 16] and several motions to dismiss filed collectively and individually by Defendants [Dkt. Nos. 5, 6, 23, & 48]. This case was originally filed in the 107th Judicial District Court of Cameron County, Texas on June 27, 2003. Defendants removed the case on September 3, 2003, on the basis of diversity jurisdiction. See 28 U.S.C. §§1332; 1441(a). Defendants argued in their Notice of Removal that two healthcare provider Defendants, Drs. Oralia T. Wells and Eloisa T. Gonzalez, were fraudulently joined for the purpose of defeating federal jurisdiction.

Plaintiffs argue that pursuant to a recent Fifth Circuit case, this Court must remand the case to state court. In a recent panel decision by the Fifth Circuit, which involved nearly identical facts and procedural background, the Court held when a so-called common defense applies to both diverse and non-diverse defendants, remand is the appropriate course for a district court to follow, rather than expanding a jurisdictional inquiry into one based on the merits. See Collins, 343 F.3d 765.

Collins has not become settled law because a petition for rehearing en banc has

DEC 2 6 2003

been filed, and the Fifth Circuit has stayed the mandate pending resolution of the petition for rehearing. See Fed. R. App. P. 41(d). Because the common defense theory in the context of the Vaccine Act is at issue in this case, as it is in Collins, this Court will delay ruling on Plaintiffs' Motion to Remand until a mandate becomes final.[1] In this respect, this Court follows the reasoning and analysis employed in other district courts in the Southern and Eastern Districts of Texas. See Saile v. American Home Prod. Corp., cause no. C-03-336 (S.D. Tex. Oct. 20, 2003) (J. Janis Graham Jack, Order of Stay); Jones v. American Home Prod. Corp., cause no. 1: 03-657 (E.D. Tex. Nov. 24, 2003) (J. Ron Clark, Order of Stay).

Accordingly, it is **ORDERED** that all proceedings in the above captioned case are **STAYED** until the Fifth Circuit has issued a final mandate in the Collins case, or until further order of this Court.

DONE this 16th day of December, 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

---

[1]The Court is aware that Defendants have also argued that regardless of the common defense theory and the final outcome of the Collins case, there is no reasonable possibility of recovery against the healthcare provider defendants under Texas law. Nevertheless, the Court stream lines the process of reviewing Plaintiffs' and Defendants' motions by awaiting a final decision by the Fifth Circuit.

United States District Court
Southern District of Texas
ENTERED

JAN 1 4 2004

Michael N. Milby, Clerk
Laredo Division

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

United State...
Southern L...
Fi...

JAN 0 5 ...

Michael N. Milby, Clerk.

| | |
|---|---|
| GUADALUPE VASQUEZ and JOANN B. VASQUEZ, §<br>§<br>§ | |
| Plaintiffs, §<br>§ | |
| v. § | Civil Action No. L- 03 - 128 |
| §<br>AMERICAN HOME PRODUCTS §<br>CORPORATION D/B/A WYETH, et al, §<br>§ | |
| Defendants. § | |

## ORDER

Plaintiffs in this case have filed a Motion to Stay Proceedings pending the Fifth Circuit's

rulings on the petitions for rehearing en banc of two cases, *Smallwood v. Illinois Cent. R.R. Co.*,

342 F.3d 400 (5th Cir. 2003) and *Collins v. American Home Products Corp.*, 343 F.3d 765 (5th

Cir. 2003). No party has objected to Plaintiffs' motion. However, the Vaccine Defendants[1] have

requested that the length of any stay be tied to the issuance of a "final mandate" in *Collins*.

After Plaintiffs' motion was filed, the Fifth Circuit ordered the rehearing en banc of

*Smallwood. See* 2003 WL 22995174 (5th Cir., Dec. 19, 2003). However, the Fifth Circuit has

not yet decided whether *Collins* will be reheard.

---

[1] The "Vaccine Defendants" are: Abbott Laboratories (named in the complaint as Abbott Laboratories, Inc.); SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Aventis Pasteur, Inc.; Merck & Co., Inc., and Wyeth (named in the complaint as Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyeth Lederle Vaccines and Lederle Vaccines).



For these reasons, Plaintiffs' Motion to Stay Proceedings is hereby **GRANTED**. All proceedings in this case shall be STAYED for 90 days, after which time the Court will evaluate whether continuation of the stay is warranted.

IT IS SO ORDERED.

SIGNED this 6 day of January, 2004.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE