IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Fried of DEREK TORRES § § § § ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE Next Friend of DANIEL VILLANEUVA § § § § § vs. § § AMERICAN HOME PRODUCTS d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH AYERST LABORATORIES, WYETH LEDERLE WYETH LEDERLE VACCINES, and LEDERLE LABORATORIES, et al. § § § § § § § § | CA B-03-222<br><br>(Jury Requested)<br><br>Judge Tagle |

**PLAINTIFFS' RESPONSE TO DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

1.   Plaintiffs submit this Response to Defendant Eli Lilly and Company's Motion to Strike Plaintiffs' First Amended Complaint. On or about December 23, 2003, Plaintiffs filed a First Amended Complaint correctly naming ABC Pediatrics and Yogesh Trakru as the healthcare provider defendants, who were mistakenly identified as the City of Laredo in the Original Petition filed in state court. Compare Plaintiffs' Original Petition at pp. 9-10 with Plaintiffs' First Amended Complaint at ¶5.5-5.7. This was done in response to the pleading error being pointed out by Eli Lilly, which was first pointed out in its Notice of Removal.

2.   On or about January 17, 2004, Eli Lilly and Company filed a Motion to Strike Plaintiffs' First Amended Complaint. Eli Lilly argues that the naming of ABC Pediatrics and Yogesh Trakru was "nothing more than a blatant attempt to defeat diversity jurisdiction." See Motion to Strike at ¶6. However, as shown above, the naming of ABC Pediatrics and Yogesh

Trakru was not done to defeat diversity jurisdiction, but rather to correctly name the proper healthcare defendant.

3. For the reasons set forth below, and for the reasons set forth in Plaintiffs' Reply to Defendant Eli Lilly and Company's Opposition to Remand, Plaintiffs state that Eli Lilly and Company's Motion to Strike Plaintiffs' First Amended Complaint should be DENIED.

4. As stated in Plaintiffs' Motion to Remand, Plaintiffs named the healthcare defendants pursuant to FRCP 15 prior to any responsive pleading being filed by any Defendant. As such, Plaintiffs' amendment naming the healthcare defendants was made as a matter of right under FRCP 15. *Whitaker v. City of Houston*, 963 F.2d 831, 834-835 (5th Cir. 1992). Further, as shown above, in exercising this right to amend the pleadings, Plaintiffs were merely correctly naming the proper healthcare provider defendants – rather than adding any additional defendants.

5. Defendant Eli Lilly contends that whether the amendment was made as a matter of right does not matter, and, instead, contends that permitting the amendment is committed to this Court's discretion as provided by 28 U.S.C. §1447(e). Further, Defendant Eli Lilly contends that Plaintiffs are in fact adding ABC Pediatrics and Yogesh Trakru as defendants, instead of correctly naming the healthcare providers originally sued under the wrong name in state court. Defendant Eli Lilly makes this argument despite the fact that the City of Laredo does not appear anywhere in Plaintiffs' First Amended Complaint, which is further evidence that Plaintiffs are merely correcting the name of the healthcare provider defendants, rather than adding new defendants.

6. Even assuming that Eli Lilly is correct, joinder of ABC Pediatrics and Yogesh Trakru is proper. 28 U.S.C. §1447(e) provides as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.

"Congress adopted the narrow language of section 1447(e) to avoid expanding federal diversity jurisdiction." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275 (5th Cir. 1990). The Fifth Circuit has identified factors to guide the trial court's exercise of discretion under 28 U.S.C. §1447(e). *Hensgens v. Deere Company, et al.*, 833 F.2d 1179 (5th Cir. 1987).[1]

7. In *Hensgens*, the Fifth Circuit rejected the argument made by Defendant Eli Lilly that the indispensable party rule (FRCP 19) governs whether a non-diverse party may be added after removal. *Hensgens*, 833 F.2d at 1182.[2] Rather, the Fifth Circuit committed this decision to the discretion of the trial court, and provided as a guide in the exercise of that discretion the following factors (hereinafter "*Hensgens* factors"):

> In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182. *See also Doleac v. Michalson*, 264 F.2d 470, 474 (5th Cir. 2001) (appellate court could not reverse trial court decision where district court: (1) applied the *Hensgens* factors, (2) permitted post-removal amendment adding non-diverse healthcare provider, and (3) remanded case to state court).

---

[1] Although *Hensgens* was decided prior to adoption of 28 U.S.C. §1447(e), the *Hensgens* factors are still used as a guide in the exercise of discretion to permit amendment pursuant to 28 U.S.C. §1447(e). *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

[2] Since the adoption of 28 U.S.C. 1447(e), the Fifth Circuit has confirmed that FRCP 19 does not control the determination of whether to permit joinder under these circumstances. *Mayes v. Rapaport*, 198 F.3d 457, 462 (5th Cir. 1999) ("this decision is not controlled by a Rule 19 analysis").

**Plaintiffs' Response to Defendant Eli Lilly and Company's**
**Motion to Strike Plaintiffs' First Amended Complaint – Page 3**

8.  The "extent to which the purpose of the amendment is to defeat federal jurisdiction" is the first factor identified by the Fifth Circuit.[3] As shown above, before any issue of federal jurisdiction was raised, Plaintiffs expressed intent to pursue state court claims against the healthcare defendants, and actually named a healthcare provider defendant in its Original Petition filed in state court. Plaintiffs simply misnamed the healthcare providers. By way of their First Amended Complaint, filed shortly after Defendants first pointed out the error, Plaintiffs correctly named ABC Pediatrics and Yogesh Trakru as the healthcare provider defendants. This evidence establishes that the purpose of the amendment was to name the correct healthcare providers – not to defeat federal jurisdiction.

9.  Additionally, even if Defendants could persuade this Court to ignore the fact that Plaintiffs made specific allegations against their healthcare provider (albeit incorrectly named) in the Original Petition filed in state court, joinder of ABC Pediatrics and Yogesh Trakru is still proper. In applying this first *Hensgens* factor, the Fifth Circuit has held that the existence of a viable cause of action against the non-diverse defendant sought to be added is evidence that ***"the principal purpose of the amendment was not to defeat federal jurisdiction."*** *Tillman*, 929 F.2d at 1029 (emphasis added)(noting at end of opinion that trial court correctly permitted the amendment).

10. Recently, the Fifth Circuit has held that claims against healthcare providers identical to the claims asserted by Plaintiffs against their healthcare providers present a viable cause of action. *Collins,* 343 F.3d at 766. Thus, *Tillman* and *Collins* support the view that

---

[3] A reading of Eli Lilly's Opposition to Remand would lead one to believe that this factor weighs in favor of disallowing the amendment if even part of the purpose or effect of the amendment is to defeat diversity jurisdiction. However, it is important to note that this factor does not weigh in favor disallowing the amendment merely because the effect of the amendment is to defeat to diversity or merely because one purpose of the amendment may be to defeat diversity. Rather, this factor looks to "the extent to which the purpose of the amendment is to defeat federal jurisdiction."

**Plaintiffs' Response to Defendant Eli Lilly and Company's
Motion to Strike Plaintiffs' First Amended Complaint – Page 4**

Plaintiffs' proposed amendment is not for the principal purpose of defeating federal jurisdiction. *See also Mayes v. Rapoport*, 198 F.3d 457, 463 (5th Cir. 1999)(applying the *Hensgens* factors and reversing trial court with instructions to permit amendment adding non-diverse defendant against whom plaintiff had viable cause of action and remand the case to state court – even though timing of removal raised questions as to the specific purpose of the amendment). *See also Massaro v. Bard Access Systems, Inc.*, 209 F.R.D. 363, 368 (E.D. Pa. 2002). For these reasons, the evidence is overwhelming that the naming of ABC Pediatrics and Yogesh Trakru in Plaintiffs' First Amended Complaint was not for the purpose of defeating federal jurisdiction.

11.   The second *Hensgens* factor is "whether plaintiff has been dilatory in asking for amendment." This second factor is not even addressed by Defendants. The evidence shows why. Plaintiffs sought the amendment within 30 days of this case being removed. Clearly, Plaintiffs have not been dilatory in asking for an amendment to name the healthcare providers. *See Holcomb v. Brience, Inc.*, 2001 WL 1480756 (N.D. Tex 2001)(post-removal amendment not dilatory when case is in infant stages); *Cannon v. Hartford Ins. Co.*, 1997 WL 760500 (N.D. Tex 1997)(post-removal amendment not dilatory when made "within a matter of weeks after" removal); *Bavousett v. Ace Hardware Corp.*, 2002 WL 313373789 (W.D. Tex. 2002)(fact that proposed amendment came "barely three weeks after the case was removed" weighed in favor of permitting amendment). Additionally, the fact that the amendment was made "as a matter of right" under FRCP 15 weighs in favor of permitting the amendment.

12.   The third factor identified in *Hensgens* is "whether plaintiff will be significantly injured if amendment is not allowed." Contrary to the statements made by Eli Lilly in its Opposition to Remand, Plaintiffs may suffer significant injury if the amendment is not allowed. Most importantly, denial of the amendment would compel Plaintiffs to file a separate suit against

ABC Pediatrics and Yogesh Trakru in state court arising out of the same transaction and occurrence (i.e. receiving the vaccines containing mercury). Forcing a plaintiff to litigate claims arising out of the same transaction or occurrence in state and federal court against separate defendants is a factor that strongly weighs in favor of permitting the amendment. *Mayes*, 198 F.3d at 463-464. *See also Siedlik v. The Stanley Works, Inc.*, 205 F.Supp.2d 762, 765 (E.D. Mich. 2002); *Rosenthal v. Life Fitness Co.*, 977 F.Supp. 597, 600 (E.D. N.Y. 1997); *Wyatt v. National Railroad Passenger Corp.*, 881 F.Supp. 919, 923 (S.D.N.Y. 1995); *Jarriel v. General Motors Corp.*, 835 F.Supp. 639 (N.D. Ga. 1993).

13. Additionally, if this amendment is denied and Plaintiffs are forced to file a separate suit against ABC Pediatrics and Yogesh Trakru in state court, Plaintiffs may suffer additional significant injury by application of damage caps established by the new tort reform laws.[4] Most certainly, the healthcare providers would argue that the tort reform laws – including the caps on damages in medical malpractice cases – would apply to Plaintiffs' claims if Plaintiffs were forced to file a new lawsuit in state court.[5] This would be especially unfair given that Plaintiffs did assert the claims against the healthcare providers prior to September 1, 2003, the effective date of the new law. *See, e.g., Coley v. Program Limited*, 138 F.R.D. 460, 465-466 (E.D. Va. 1990).

14. On the other hand, Defendants can show little or no harm in having this case remanded to state court. *Templeton*, 901 F.2d at 1275-1276. *See also Bavousett v. Ace Hardware Corp.*, 2002 WL 313373789 (W.D. Tex. 2002); *Jones v. Woodmen Accident & Life Co.*, 112 F.Supp.2d 676, 680-681 (N.D. Ohio 2000)(no prejudice to defendants in permitting amendment

---

[4] See Texas Civil Practice & Remedies Code §74.301.

[5] This statute was made effective to cases filed on or after September 1, 2003. Plaintiffs state court petition was filed before September 1, 2003.

**Plaintiffs' Response to Defendant Eli Lilly and Company's**
**Motion to Strike Plaintiffs' First Amended Complaint – Page 6**

where case is in "early stages of litigation, [and] defendants have invested little time, energy and resources in federal court"); *Evans v. General Motors Corp.*, 939 F.Supp.158 (D. Conn. 1996); *Hughes v. Promark Life Inc.*, 751 F.Supp. 985, 987 (S.D. Fla. 1990). Defendants will not lose any defense in state court that they otherwise would have in federal court.[6] Defendants identify no specific harm that will likely befall them if the amendment is permitted. Thus, unlike Plaintiffs, who as shown above will be harmed if forced to file a new lawsuit in state court against the healthcare providers, Defendants will not be significantly injured if the amendment is allowed.

15.  The most compelling factor before this Court is that Plaintiffs clearly expressed a desire and intent to pursue claims against their healthcare providers when the case was originally filed in state court and before any removal issue was raised. This is persuasive evidence that ABC Pediatrics and Yogesh Trakru have not been named in Plaintiffs' First Amended Complaint for the purpose of depriving federal jurisdiction, but rather to name the proper healthcare provider as part of Plaintiffs' original intent to pursue this claim. But for the preemptive removal by Defendants, the correct healthcare provider would have been named in state court. To deny Plaintiffs the opportunity to properly name the correct healthcare provider now that Defendants have by happenstance or by design removed this case before any defendant was served would be inequitable. This fact alone bears on the equities in favor of permitting Plaintiffs' amendment.

16.  For the reasons set forth above, as well as the reasons set forth in Plaintiffs' Reply to Eli Lilly and Company's Opposition to Remand, Plaintiffs respectfully request that Eli Lilly and Company's Motion to Strike Plaintiffs' First Amended Complaint be DENIED.

---

[6] For example, to the extent non-compliance with the Vaccine Act is a defense to Plaintiffs' claims, that defense may be asserted in state court as well as federal court.

Respectfully Submitted,

*Steve Hastings*

Steve Hastings, Attorney in Charge
State Bar No. 09211000
Southern District ID# 2232

HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas 78401
(361) 692-2000
Fax (361) 692-2001

Derrick S. Boyd
State Bar No. 00790350
Michael A. Simpson
State Bar No. 18403650

SIMPSON, BOYD & POWERS, P.L.L.C.
P. O. Box 957
Decatur, Texas 76234
(940) 627-8308
Fax (940) 627-8092

Greg McCarthy
State Bar No. 13367500

MILLER & McCARTHY
3811 Turtle Creek Blvd, Suite 1950
Dallas, Texas 75219
(469) 916-2552
Fax (469) 916-2555

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via Certified Mail, Return Receipt Requested or United States first class mail as set forth below on this 28th day of January, 2004.

*Via Certified Mail*
David M. Macdonald
McCauley, Macdonald & Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
*Attorney for Sigma-Aldrich, Inc.*

*Via Certified Mail*
Michael R. Klatt
Susan Burnett
Clark, Thomas & Winters, P.C.
300 West Sixth Street, 15th Floor
P.O. Box 1148
Austin, Texas 78701
*Attorneys for American Home Products Corporation
d/b/a Wyeth, Wyeth Laboratories, Wyeth Ayerst,
Wyeth-Ayerst Laboratories, Wyeth Lederle,
Wyeth Lederle Vaccines and Lederle Laboratories*

*Via Certified Mail*
Bradely S. Wolff
M. Diane Owens
Swift, Currie, McGhee & Heiers, L.L.P.
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
*Attorneys for Aventis Pasteur Inc., Individually and
as Successor-in-Interest to Connaught Laboratories,
Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
Lisa Gaye Mann
Phillips & Akers
3200 SW Freeway
Ste. 3400
Houston, TX 77027
*Attorneys for Aventis Pasteur Inc., Individually and
As Successor-in-Interest to Connaught Laboratories,
Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

**Plaintiffs' Response to Defendant Eli Lilly and Company's
Motion to Strike Plaintiffs' First Amended Complaint – Page 9**

*Via Certified Mail*
Wade L. McClure
Gibson McClure Wallace & Daniels
8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1808
*Attorneys for Aventis Pasteur Inc., Individually and*
*as Successor-in-Interest to Connaught Laboratories,*
*Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
R. Jo Reser
Law Offices of Davidson & Troilo
7550 W. IH-10, Suite 800
San Antonio, Texas 78229
*Attorneys for Aventis Pasteur Inc., Individually and*
*as Successor-in-Interest to Connaught Laboratories,*
*Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
Miguel Wise
MIGUEL WISE, P.C.
134 W. 5th St.
Weslaco, TX 78596
*Attorneys for Aventis Pasteur Inc., Individually and*
*as Successor-in-Interest to Connaught Laboratories,*
*Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
Stephanie A. Smith
Fulbright & Jaworski, L.L.P.
600 Congress Avenue, Ste. 2400
Austin, Texas 78701-3271
*Attorneys for GlaxoSmithKline, Individually and*
*as Successor-in-Interest to SmithKline Beecham Corp.*

*Via Certified Mail*
Barclay Manley
Fulbright & Jaworski, L.L.P.
1301 McKinney Street, Ste. 5100
Houston, Texas 77010-3095
*Attorneys for GlaxoSmithKline, Individually and*
*as Successor-in-Interest to SmithKline Beecham Corp.*

***Via Certified Mail***
Richard L. Josephson
Doug Roberson
Baker Botts, L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
*Attorneys for Merck & Co., Inc.*

***Via Certified Mail***
Gene M. Williams
Mehaffey & Webber, P.C.
P.O. Box 16
Beaumont, Texas 77704
*Attorneys for Baxter International, Inc.*

***Via Certified Mail***
Laura J. O'Rourke
Vinson & Elkins, L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
*Attorneys for Baxter International, Inc.*

***Via Certified Mail***
Lee Davis Thames
Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.
P.O. Box 22567
Jackson, MS 39225

***Via Certified Mail***
John R. Gilbert
Gilbert & Gilbert, P.L.L.C.
222 N. Velasco Street
P.O. Box 1819
Angleton, Texas 77516
*Attorneys for the Dow Chemical Company*

***Via Certified Mail***
Jennifer Spencer-Jackson
Bryan Haynes
Locke, Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas Texas 75201
*Attorneys for Eli Lilly and Company*

**Plaintiffs' Response to Defendant Eli Lilly and Company's**
**Motion to Strike Plaintiffs' First Amended Complaint – Page 11**

***Via Certified Mail***
M. Scott Michelman
Shook, Hardy & Bacon, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Ste. 1600
Houston, Texas 77002-2911
*Attorneys for Eli Lilly and Company*

***Via Certified Mail***
Deborah A. Moeller
Jeffery A. Druse
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
*Attorneys for Eli Lilly and Company*

***Via Certified Mail***
Mathew H. Hand
Brown & Fortunato, P.C.
905 South Fillmore, Suite 400
P.O. Box 9418
Amarillo, Texas 79105
*Attorneys for Oribi, Inc., Individually and
d/b/a Meridian Chemical & Equipment, Inc.
and d/b/a Global Fine Chemicals and National
Association of Compounding Pharmacists*

*Steve Hastings* (signature)
Steve Hastings

Case 1:03-cv-00222   Document 32   Filed in TXSD on 02/02/2004   Page 12 of 12

**Plaintiffs' Response to Defendant Eli Lilly and Company's
Motion to Strike Plaintiffs' First Amended Complaint – Page 12**