IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 4 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friends of DEREK TORRES | § § § § | |
| ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE | § § § | Civil Action No. 03-CV-222 |
| Plaintiffs, | § § § | |
| VS. | § § | |
| AMERICAN HOME PRODUCTS, d/b/a WYETH, et al. | § § § § | |
| Defendants. | § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1.    **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The conference required by Fed. R. Civ. P. 26(f) was held on January 12, 2004 at the offices of Clark, Thomas & Winters, 300 W. Sixth St., 15th Floor, Austin, TX 78701 and the offices of  Simpson, Boyd & Powers, P.L.L.C., 105 N. State Street, Suite B, Decatur, Texas 76234.  The following counsel participated by telephone:

Steve Hastings                    Counsel for Plaintiffs
Hastings Law Firm
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas  78401

Derrick S. Boyd                    Counsel for Plaintiffs
Simpson, Boyd & Powers, P.L.L.C.
P. O. Box 957
Decatur, Texas  76234

Greg McCarthy                                       Counsel for Plaintiffs
Miller & McCarthy
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas  75219

Bradley S. Wolff                                    Counsel for Aventis Pasteur Inc.
Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309-3238

Douglas B. Roberson                                 Counsel for Merck & Co., Inc.
Baker & Botts
One Shell Plaza
910 Louisiana, Suite 3000
Houston, Texas  77002

Gene M. Williams                                    Counsel for Baxter International, Inc.
Mehaffy & Weber
P.O. Box 16
Beaumont, Texas  77704

Lawrence P. Hampton                                 Counsel for The Dow Chemical Company
Gilbert & Gilbert
P.O. Box 1819
222 North Velasco St
Angleton, Texas  77515

M. Scott Michelman                                  Counsel for Eli Lilly & Company
Shook, Hardy & Bacon, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas  77002-2911

David M. Macdonald                                  Counsel for Sigma-Aldrich, Inc.
Amy S. Harris
McCauley, Macdonald & Devin, P.C.
3800 Renaissance Tower, 1201 Elm Street
Dallas, Texas  75270

Matthew H. Hand                                     Counsel for Oribi Inc.
Brown & Fortunato, P.C.
P.O. Box 9418
Amarillo, Texas  79105-9418

Megan A. Hudgeons                     Counsel for SmithKline Beecham Corp.
Fulbright & Jaworski, L.L.P.          d/b/a GlaxoSmithKline
600 Congress Avenue, Suite 2400
Austin, Texas  788701

Charles Jason Rother                  Counsel for SmithKline Beecham Corp.
Fulbright & Jaworski, L.L.P.          d/b/a GlaxoSmithKline
1301 McKinney, Suite 5100
Houston, TX.  77010-3095

2.   **List the cases related to this one that are pending in any state or federal court with the case number and court.**

The following cases pending in Texas are "related" in the sense that they involve alleged claims of vaccine-related injuries resulting from the administration of vaccines containing thimerosal:

Civil Action No. G-02-185; *Jessica Owens, et al. v. American Home Products Corporation, et al.*; In the United States District Court for the Southern District of Texas, Galveston Division

Civil Action No. G-02-184; *Michael O'Connell and Eileen O'Connell, Individually and as Next Friend to Michael Joseph O'Connell v. American Home Products Corporation, et al.*; In the United States District Court for the Southern District of Texas, Galveston Division

Civil Action No. G-02-179; *Jay Blackmon, et al. v. American Home Products Corporation, et al.*; In the United States District Court for the Southern District of Texas, Galveston Division

No. 03-1267-E; *Joseph Counter v. American Home Products Corporation*; In the 101st Judicial District Court of Dallas County, Texas

Cause No. 03-03511-K ; *Fred Anderson, et al. v. Aventis Pasteur, Inc., et al.*; In the 192nd Civil District Court of Dallas County, Texas

Cause No. 03-1174-J; *Stephen Pyburn et al. v. Aventis Pasteur, Inc., et al.*; In the 191st Judicial District Court of Dallas County, Texas

Cause No. 24481*RM 03; *Lundgren, Joseph et al. v. Aventis Pasteur, et al.*; In the 149th Judicial District Court of Brazoria County, Texas

C.A. No. 9:02CV181; *Kirk Botter and Darla Botter, Individually and as Next Friend of Cody Wyatt Botter v. Aventis Pasteur, Inc., Individually and as Successor-in-Interest to Connaught Laboratories, Inc., et al.*; In the United States District Court for the Eastern District of Texas, Lufkin Division

No. A-02-CA-395-SS; *Kevin Liu, et al. v. Aventis Pasteur, Inc., et al.*; In the United States District Court for the Western District of Texas, Austin Division

No. A:03CV55-SS; *Daron Swafford, et al. v. Aventis Pasteur, Inc., et al.*; In the United States District Court for the Western District of Texas, Austin Division

C.A. A-02-CV-734-55; *Leslie Young and Laurie Young, Individually and as Next Friend of Leslie Martin Young v. American Home Products*; In the U.S. District Court for the Western District of Texas, Austin Division

No. A-02-CA-480-JN; *Ron Russak, et al. v. Aventis Pasteur, Inc., et al.*; In the United States District Court for the Western District of Texas, Austin Division

No. 03-CV-155; *Veronica Ramirez v. American Home Products;* In the United States District Court for the Southern District of Texas, McAllen Division

No. M-03-195; *Jesus G. Salinas, et al. v. American Home Products Corporation, et al;* In the United States District Court for the Southern District of Texas, McAllen Division

No. 03-CV-362; *James W. Douglas, et al. v. American Home Products Corporation*; In the United States District Court for the Southern District of Texas, El Paso Division

Cause No. 03-CV-657; *Michael L. Jones, et al. v. American Home Products Corporation;* In the United States District Court for the Eastern District of Texas, Beaumont Division

Cause No. DR-03-CA-079; *Joel Salas, Sr. et al. v. American Home Products Corporation;* In the United States District Court for the Western District of Texas, Del Rio Division

Cause No. C-03-336; *Amanda W. Saile v. American Home Products Corporation*; In the United States District Court for the Southern District of Texas, Corpus Christi Division

Civil Action No. EP-03-CA-0279-KC; *Lilly Martinez Davila, et al. v. American Home Products Corporation d/b/a Wyeth, et al.*; In the United States District Court for the Western District of Texas, El Paso Division

Civil Action No. 3:03-CV-1640-L; *Manuel Zepeda and Maria Zepeda, Each Individually, and as Next Friends of Manuel A. Zepeda and Marco Zepeda, minors v. American Home Products Corporation, et al;* In the United States District Court for the Northern District of Texas, Dallas Division

Civil Action No. 3:03-CV-1641-P; *Charles Brown and Sylvia Brown, et al., v. American Home Products Corporation, et al;* In the United States District Court for the Northern District of Texas, Dallas Division

No. A:02CA501-SS; *Pete Carabine, et al. v. Aventis Pasteur, Inc., et al.*; In the United States District Court for the Western District of Texas, Austin Division

Civil Action No. 03-CV-573; *Cassidy v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Corpus Christi Division

Civil Action No. 03-CV-520; *Lucio v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Corpus Christi Division

Civil Action No. 03-CV-513; *Mast v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Corpus Christi Division

Civil Action No. 03-CV-519; *Perez v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Corpus Christi Division

Civil Action No. 03-CV-2880-D; *Davis v. American Home Products, et al.;* In the United States District Court for the Northern District of Texas, Dallas Division

Civil Action No. 03-CV-5520; *Galindo v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Houston Division

Civil Action No. 03-CV-1215; *Knight-Henson v. American Home Products, et al.;* In the United States District Court for the Western District of Texas, San Antonio Division

Civil Action No. 03-CV-1214; *Pedraza v. American Home Products, et al.;* In the United States District Court for the Western District of Texas, San Antonio Division

Civil Action No. 03-CV-193; *Meza v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Laredo Division

Civil Action No. 03-CV-1010; *Moinat v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Galveston Division

Civil Action No. 03-CV-198; *Muñoz v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Laredo Division

Civil Action No. 03-CV-0309; *Paquin v. American Home Products, et al.;* In the United States District Court for the Northern District of Texas, Lubbock Division

Civil Action No. 03-CV-192; *Sanchez v. American Home Products, et al.*; In the United States District Court for the Southern District of Texas, Laredo Division

Civil Action No. 03-CV-5521; *Scott v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Houston Division

Civil Action No. 03-CV-2879; *Tenbrook v. American Home Products, et al;* In the United States District Court for the Northern District of Texas, Dallas Division

Civil Action No. 03-CV-222; *Torres v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Brownsville Division

Civil Action No. 03-CV-194; *Uvalle v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Laredo Division

Civil Action No. 05:03-CV-141; *Easter v. American Home Products, et al.;* In the United States District Court for the Eastern District of Texas, Texarkana Division

Civil Action No. 4:03-CV-0082; *Chiles, et al. v. American Home Products, et al.;* In the United States District Court for the Northern District of Texas, Fort Worth Division

Civil Action No. 02-CV-366; *Reyna, et al. v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, McAllen Division

Civil Action No. M-03-259; *Rosello v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, McAllen Division

Civil Action No. 03-CV-390; *Saucedo, et al. v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, McAllen Division

Civil Action No. L-03-128; *Vasquez, et al. v. American Home Products, et al.;* In the United States District Court for the Southern District of Texas, Laredo Division

There are numerous other cases pending in state and federal courts outside of Texas alleging causes of action under applicable state laws arising out of the administration of vaccines containing thimerosal.

**3.    Briefly describe what this case is about.**

The instant lawsuit involves claims of alleged personal injuries brought by Plaintiffs in a representative capacity on behalf of their minor children ("Children Plaintiffs" or "Minor Plaintiffs") and on their own behalf for their separate individual claims ("Parent Plaintiffs"). Plaintiffs allege that their children's injuries are a result of exposure to mercury contained in a preservative in numerous childhood vaccines and, through a normal regimen of early childhood vaccinations, Children Plaintiffs built up a cumulative body burden of mercury many times the permissible limit.   Defendants include manufacturers and distributors of the preservative that

contained mercury (thimerosal), manufacturers of vaccines, and the doctor and clinic who administered vaccines. This lawsuit was removed before any discovery was conducted in the state court.

Defendants contend that the Plaintiffs' claims are for "vaccine-related injuries" as defined by the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300 et seq. (the "Vaccine Act") and that these claims must be dismissed because Plaintiffs have failed to exhaust the mandatory procedures of the Vaccine Act. Defendants contend that every state and federal court in the United States that has resolved this legal issue has held that claims like those Plaintiffs assert here are covered by the Vaccine Act and cannot proceed in state or federal court until Plaintiffs have first exhausted their Vaccine Act Remedies. Additionally, any of Plaintiffs' claims not required to be dismissed pursuant to the Vaccine Act are not recognized under Texas law (e.g., parental loss of consortium, mental anguish, parental lost wages). All of the Defendants deny that their products (which Plaintiffs have yet to identify) were "defective," or that thimerosal caused any of the Plaintiffs' alleged injuries, which Plaintiffs must establish through the use of valid, scientific studies and evidence. Sigma Aldrich, Inc. and Certain Other Defendants also deny liability based upon the bulk supplier defense. Eli Lilly and Company denies liability on the basis that it could not have manufactured or supplied the thimerosal or vaccines administered to the Children Plaintiffs, as it has not manufactured thimerosal or childhood vaccines since the 1970s. The Defendants The Dow Chemical Company and Oribi, Inc. also deny liability on the basis that they did not supply any vaccine administered to the Children Plaintiffs, or any thimerosal that might have been incorporated into any such vaccine.

4.      **Specify the allegation of federal jurisdiction**.

The Defendants allege that federal diversity jurisdiction exists under 28 U.S.C. § 1332.

More specifically, the Defendants contend that the Plaintiffs have fraudulently joined the in-state Defendant Oribi, Inc. Moreover, the Defendants contend that this Court can and should deny Plaintiffs' post-removal attempted joinder of the Montgomery County Health Department, when such joinder is contrived to defeat the Defendants' legitimate interest in a federal forum.

5.    **Name the parties who disagree and the reasons.**

The Plaintiffs contest the existence of diversity jurisdiction, contending that the in-state defendants have been properly joined. Plaintiffs sued the wrong healthcare provider in state court before removal. The naming of the Montgomery County Health Department after removal was not done for the purpose of defeating federal jurisdiction and was not dilatory. Rather, the Montgomery County Health Department was named in substitution of the City of Laredo, which was not named as the healthcare provider. Plaintiffs contend that under *Hensgens* and its progeny, the Montgomery County Health Department is a proper defendant in this case. Plaintiffs contend that other federal courts around the United States that have been presented with the contested fraudulent joinder issue now before this Court have ruled that the cases should be remanded to the state court from which they came. Plaintiffs have filed a motion to remand asking for the same relief.

6.    **List anticipated additional parties that should be included , when they can be added, and by whom the were wanted.**

None anticipated at this time.

7.    **List anticipated interventions.**

None anticipated at this time.

8.    **Describe class-action issues.**

None

9.    **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties believe that the exchange of initial disclosures would be premature in light of the issues of law presented in Plaintiffs' motion to remand and by various Defendants' motions to dismiss. Defendants also believe that the exchange of initial disclosures would be premature in light of the threshold discovery issues discussed in item 10(A)(ii) below.

10.    **Describe the proposed agreed discovery plan, including:**

    A.    **Responses to all the matters raised in Rule 26(f).**

        i.    **Changes that should be made in the timing, form, or requirement for initial disclosures.**

The parties believe that the exchange of initial disclosures would be premature in light of the issues of law presented in Plaintiffs' motion to remand and by various Defendants' motions to dismiss. See paragraph 14 below. Defendants also believe that the exchange of initial disclosures would be premature in light of the threshold discovery issues discussed in item 10(A)(ii) below.

        ii.    **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties agreed that prior to any discovery taking place for an individual plaintiff, Plaintiffs shall produce copies of medical records for that plaintiff similar to those records required to be produced for a vaccine-related claim in the Court of Federal Claims. Until such production, the parties agree that discovery as to that plaintiff should be stayed. These documents will be produced to Defendants without the need for specific interrogatories or requests. The parties will then make their Rule 26(f) disclosures within 15 days of Plaintiffs'

production. After this production and disclosure, discovery shall then be permitted as provided by the Federal Rules of Civil Procedure and as permitted by this Court.

Plaintiffs anticipate taking discovery on all matters necessary to prove the allegations set forth in the Complaint in this case. This includes issues such as causation, research and knowledge of the Defendants concerning the products involved and the effects of mercury in the human body, warnings and labeling of the products involved, corporate knowledge of and connection with studies concerning the effects of mercury exposure, knowledge of the health care providers concerning the effects of mercury exposure, information provided to the health care providers concerning the mercury contained in the vaccines and the effects thereof, and all other issues relevant to the allegations and elements of the claims asserted by Plaintiffs. Plaintiffs further anticipate taking discovery on all matters necessary to establish Plaintiffs' claims for actual and exemplary damages as set forth in the Complaint in this case.

Defendants anticipate that discovery will be needed concerning the nature and extent of the minor Plaintiffs' alleged exposure to thimerosal or thimerosal-containing products that Defendants allegedly designed, manufactured, distributed or sold; the nature and extent of Plaintiffs' injuries; and whether Plaintiffs can prove by valid scientific evidence that those injuries were proximately caused by any product allegedly distributed or sold by Defendants. Defendants will need to conduct discovery to establish dispositive issues on the product or products purportedly sold as allegedly included in the vaccine(s) at issue.

> **iii.    What changes should be made on the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and whether the limitations should be imposed.**

The parties believe there should be no limitations imposed at this time on the number of depositions. No further changes should be made at this time, subject to the completion of initial discovery as set forth above.

      iv.      **Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

Following the Court's ruling on Defendants' motions to dismiss, Defendants will present a proposed order of confidentiality pursuant to Rule 26(c) of the Federal Rules of Civil Procedure governing the Defendants' production of documents. Plaintiffs will review the proposal to determine if an agreement can be reached. If the parties are unable to agree to such a stipulation or order, the Defendants will request the court enter such an order.

      **B.**      **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate that they may send their first set of interrogatories to the Defendants within 30 days after the expiration of the stay described in paragraph 10 (A)( ii) above.

      **C.**      **When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate that they may send their first set of interrogatories to the Plaintiffs no later than 30 days after the expiration of the stay described in paragraph 10(A)(ii) above.

      **D.**      **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking oral depositions of Defendants' corporate representatives and/or employees, current or former, with knowledge relevant to the issues in this case within 12 months following the expiration of the stay described in paragraph 10(A)(ii), above. Plaintiffs also anticipate taking the depositions of Defendants' experts after they are designated and produce their reports pursuant to Rule 26(a)(2)(B).

      **E.**      **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking oral depositions of the Plaintiffs, the Plaintiffs' family members, the Plaintiffs' health care providers, and the Plaintiffs' non-expert witnesses once the stay expires as described above. Defendants anticipate taking the depositions of Plaintiffs' experts after they are designated and produce their reports pursuant to Rule 26(a)(2)(B).

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will designate their expert witnesses and make the required disclosures within 9 months after the expiration of the stay described in paragraph 10 (A)(ii), above.

Defendants will designate their expert witnesses and make the required disclosures 90 days after Plaintiffs' designation and disclosure.

**G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate taking depositions of the Defendants' experts and completing them within 90 days following the designation of experts, including their reports.

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking depositions of the Plaintiffs' experts and completing them within 90 days following the Defendants' designations of their experts, including their reports.

**11.    It the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Except as otherwise specifically addressed, not applicable.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

**13.    State the date the planned discovery can reasonable be completed.**

Fifteen months after the expiration of the stay described in 10(A)(ii) above.

14.     **Describe the possibilities for a prompt settlement or a resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed the possibility of settlement at the conference. During the conference, the parties agreed that it is premature at this time to engage in any meaningful settlement discussions, because defendants contest Plaintiffs' assertion that this Court has subject matter jurisdiction over this action notwithstanding that Plaintiffs have not exhausted their Vaccine Act remedies. Moreover, the central issue before this Court at this time involves a dispute concerning this Court's jurisdiction to entertain this case *at all* (Plaintiffs' Motion to Remand) or to entertain this case *at this time* (Defendants' Motions to Dismiss and/or Motions to Stay). In light of this, the parties agree that meaningful settlement negotiations at this time would be premature.

15.     **Describe what each party has done or agreed to do to bring about a prompt resolution.**

As set forth in paragraph 14 above, the parties discussed and agreed that it was not productive at this time to try to resolve or mediate this case.

16.     **From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

As set forth in paragraph 14 above, the parties believe that it is premature to determine appropriate alternative dispute resolution techniques at this time.

17.     **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

All parties agree that the case should not be referred to a magistrate judge for a jury or non-jury trial. See paragraph 14 above.

18.     **State whether a jury demand has been made and if it was made on time.**

The parties agree that a jury demand has been made on a timely basis.

19.     **Specify the number of hours it will take to present the evidence in this case.**

Plaintiffs believe it will take 40 hours for them to present evidence in this case. Depending upon the number of defendants remaining in the case and the nature of Plaintiffs' claims and injuries, Defendants estimate that they will require 80 hours for them to present evidence in this case.

20.     **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiffs' Motion to Remand.

Plaintiffs' Motion for Leave of Court to File Plaintiffs' First Amended Complaint.

The Vaccine Defendants' (Aventis Pasteur Inc., Merck & Company Inc., SmithKline Beecham d/b/a GlaxoSmithKline, Baxter International, Inc., and Wyeth) Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b) and 12(c), or, in the Alternative, to Stay these proceedings.

Defendant Eli Lilly's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b).

Sigma-Aldrich, Inc.'s Motion to Dismiss.

The Dow Chemical Company's Motion to Dismiss and Motion for Summary Judgment.

21.     **List other motions pending.**

None

22.     **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

(a)     Plaintiffs believe the Court should address Defendants' assertion of federal

jurisdiction in this matter, which is more specifically set forth in Plaintiffs' Motion to

Remand.

(b)    Defendants believe the following issues deserve the special attention of this

Court:

    (1)    The Motions to Dismiss filed by:

        Sigma-Aldrich, Inc.
        The Vaccine Defendants
        Eli Lilly and Company
        The Dow Chemical Company

        The Motion for Summary Judgment filed by:

        The Dow Chemical Company

    (2)    Plaintiffs' failure to exhaust their remedies pursuant to the Vaccine Act.

    (3)    Plaintiffs' failure to identify any particular product manufactured or

supplied by Defendants (*i.e.,* the vaccine type, its manufacturer, lot number, and

the date of administration) which was allegedly given to minor Plaintiffs and

which allegedly caused the Plaintiffs' alleged injuries.

    (4)    The status of the "common defense" doctrine in the Fifth Circuit Court of

Appeals and its implications for this case, particularly Plaintiffs' motion to

remand.

**23.    Certify that all parties have filed Disclosures of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Defendant Sigma Aldrich filed its Certificate of Interested Parties on December 12, 2003.

Defendant Glaxosmithkline filed its Notice of Disclosure of Interested Persons on December 18, 2003.

Defendant Merck & Co., Inc. filed its Certificate of Interested Parties on December 23, 2003.

Defendant Merck & Co., Inc. filed its Notice of Disclosure on December 23, 2003.

Defendant Wyeth filed its Certificate of Interested Parties on December 24, 2003.

Defendant Wyeth filed its Notice of Disclosure on December 24, 2003.

Defendant The Dow Chemical Company filed its Certificate of Interested Parties on December 29, 2003.

Defendant Eli Lilly and Company filed its Certificate of Interested Parties on December 31, 2003.

Defendant Sigma Aldrich filed its Amended Certificiate of Interested Parties and Corporate Disclosure Statement on January 26, 2004.

Defendant Aventis Pasteur, Inc. filed its Certificate of Interested Parties on February 6, 2004.

Defendant Aventis Pasteur, Inc. filed its Notice of Corporate Disclosure on February 6, 2004.

Defendant Oribi, Inc. has not been served with process or made an appearance in this proceeding.

24.    **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Steve T. Hastings                          Counsel for Plaintiffs
State Bar No. 09211000
Fed. ID No. 2232
HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas  78401
(361) 692-2000
(361) 692-2001 (fax)

Michael A. Simpson
State Bar No. 18403650
Derrick S. Boyd
State Bar No. 00790350
SIMPSON, BOYD & POWERS P.L.L.C.
P.O. Box 957 (105 N. State St. #B)
Decatur, Texas  76234
(940) 627-8308
(940) 627-8092 (fax)

Greg McCarthy
State Bar No. 13367500
MILLER & McCARTHY
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas  75219
(469) 916-2552
(469) 916-2555 (fax)

Michael R. Klatt                    Counsel for Defendant Wyeth
State Bar No. 11554200
Fed. I.D. No. 13004
Susan E. Burnett
State Bar No. 20648050
Fed. I.D. No. 18604
Randall L. Christian
State Bar No. 00783826
Fed I.D. No. 15935
Jeffrey R. Lilly
State Bar No. 00787905
Fed. I.D. No. 25873
CLARK, THOMAS, & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 (fax)

Richard L. Josephson                Counsel for Defendant Merck & Co., Inc.
State Bar No. 11031500
Fed. I.D. No. 04614
Paul R. Elliott
State Bar No. 06547500
Fed. I.D. No. 12867
Douglas B. Roberson
State Bar No. 24013409
Fed. I.D. No. 32159
Baker & Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX  77002
(713) 229-1460
(713) 229-1522 (fax)

M. Scott Michelman                    Counsel for Defendant Eli Lilly and Co.
State Bar No. 00797075
Federal I.D. No. 20802
Shook, Hardy & Bacon
JP Morgan Chase Tower
600 Travis, Suite 1600
Houston, TX 77002-2911
(713) 227-8008
(713) 227-9508 (fax)

Deborah A. Moeller                    Counsel for Defendant Eli Lilly and Co.
State Bar No. 44009
Jeffery A. Kruse
State Bar No. 45482
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Tel: (816) 474-6550
Fax: (816) 421-5547

Matthew H. Hand                       Counsel for Defendant Oribi Inc.
State Bar No. 08897150
Brown & Fortunato, P.C.
905 South Filmore, Suite 400
P.O. Box 9418
Amarillo, Texas 79105-9418
(806) 345-6300
(806) 345-6363 (fax)

Gene M. Williams                      Counsel for Defendant Baxter International, Inc.
State Bar No. 2153500
Fed. I.D. No. 1328
MEHAFFY & WEBER
P.O. Box 16
Beaumont, Texas 77704
(409) 835-5011
(409) 835-5729 (fax)

Lee Davis Thames                      Counsel for Defendant Baxter International, Inc.
State Bar No. _____
Donna Jacobs
State Bar No. _____
Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.
P. O. Box 22567
Jackson, Mississippi 39225
Tel: (601) 948-5711

Swift, Currie, McGhee & Heiers, L.L.P.
1355 Peachtree Street, Suite 300
Atlanta, GA  30309-3238
(404) 874-8800
(404) 888-6199 (fax)

Jeffrey S. Wolff                                     Counsel for Defendant SmithKline Beecham
State Bar No. 18684200                         Corp. d/b/a GlaxoSmithKline
State Bar No. 21865900
Fed. I.D. No. 1392
Barclay A. Manley
State Bar No. 12913500
Fed. I.D. No. 1416
Charles Jason Rother
State Bar No. 24013423
Federal ID No. 25742
Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100
Houston, TX.  77010-3095
(713) 651-5151
(713) 651-5246 (fax)

Stephanie A. Smith                                Counsel for Defendant SmithKline Beecham
State Bar No. 18684200                         Corp. d/b/a GlaxoSmithKline
Fed. I.D. No. 20008
Megan A. Hudgeons
State Bar No. 24001645
Fulbright & Jaworski, L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201
(512) 536-4598 (fax)


Respectfully submitted,

*Steve Hastings* **

Steve T. Hastings
Attorney-in-Charge
State Bar No. 09211000
Fed. I.D. No. 2232
HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas  78401
(361) 692-2000

(361) 692-2001

Michael A. Simpson
State Bar No. 18403650
Derrick S. Boyd
State Bar No. 00790350
SIMPSON, BOYD & POWERS, P.L.L.C.
P.O. Box 957 (105 N. State St #B)
Decatur, Texas 76234
(940) 627-8308
(940) 627-8092 (fax)

Gregory J. McCarthy
State Bar No. 13367500
MILLER & MCCARTHY
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
(469) 916-2552
(469) 916-2555 (fax)

**COUNSEL FOR PLAINTIFFS**

Michael R. Klatt
Attorney-in-Charge
State Bar No. 11554200
Fed. I.D. No. 13004
Susan E. Burnett
State Bar No. 20648050
Fed. I.D. No. 18604
Randall L. Christian
State Bar No. 00783826
Fed I.D. No. 15935
Jeffrey R. Lilly
State Bar No. 00787905
Fed. I.D. No. 25873
CLARK, THOMAS, & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 (fax)

**COUNSEL FOR DEFENDANT WYETH**

Richard L. Josephson
Attorney-in-Charge
State Bar No. 11031500
Fed. I.D. No. 04614
Paul R. Elliott
State Bar No. 06547500
Fed. I.D. No. 12867
Douglas B. Roberson
State Bar No. 24013409
Fed. I.D. No. 32159
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX  77002
(713) 229-1460
(713) 229-1522 (fax)

**COUNSEL FOR DEFENDANT MERCK & CO., INC.**

M. Scott Michelman
Attorney-in-Charge
State Bar No. 00797075
Fed. I.D. No. 20802
SHOOK, HARDY & BACON, LLP
JP Morgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas  77002-2911
(713) 227-8008
(713) 227-9508 (fax)

Deborah A. Moeller
State Bar No. 44009
Jeffery A. Kruse
State Bar No. 45482
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Tel:  (816) 474-6550
Fax:  (816) 421-5547

**COUNSEL FOR DEFENDANT ELI LILLY & COMPANY**

R. V. Reser
Attorney-in-Charge
State Bar No. 16789500
Federal I.D. No. 10309
Davidson & Troilo
7550 W. IH 10, Suite 800
San Antonio, Texas  78229
(210) 349-6484

Miguel D. Wise
Miguel Wise, P.C.
134 W. 5th Street
Weslaco, Texas  78596
(956) 968-6898

Wade L. McClure
Gibson, McClure
8080 N. Central Expressway
Suite 1300, LB50
Dallas, Texas  75206-1838
(214) 891-8040

M. Diane Owens
Georgia State Bar No. 557490
Bradley S. Wolff
Georgia State Bar No. 773388
Swift, Currie, McGhee & Hiers, L.L.P.
1355 Peachtree Street, Suite 300
Atlanta, GA  30309
(404) 874-8800
(404) 888-6199 (fax)

**COUNSEL FOR DEFENDANT AVENTIS PASTEUR INC.**

Jeffrey S. Wolff
Attorney-in-Charge
State Bar No. 21865900
Fed. I.D. No. 1392
Barclay A. Manley
State Bar No. 12913500
Fed. I.D. No. 1416
Charles Jason Rother
State Bar No. 24013423
Federal ID No. 25742
Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100

Houston, TX. 77010-3095
(713) 651-5151
(713) 651-5246 (fax)

Stephanie A. Smith
State Bar No. 18684200
Fed. I.D. No. 20008
Megan A. Hudgeons
State Bar No. 24001645
Fulbright & Jaworski, L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
(512) 474-5201
(512) 536-4598 (fax)

**COUNSEL FOR DEFENDANT SMITHKLINE BEECHAM
CORPORATION D/B/A GLAXOSMITHKLINE**

Gene M. Williams
Attorney-in-Charge
State Bar No. 2153500
Fed. I.D. No. 1328
MEHAFFY & WEBER
P.O. Box 16
Beaumont, Texas 77704
(409) 835-5011
(409) 835-5729 (fax)

Lee Davis Thames
Attorney-in-Charge
Donna Jacobs
BUTLER, SNOW, O'MARA, STEVES & CANNADA, P.L.L.C.
P. O. Box 22567
Jackson, Mississippi 39225-2567
(601) 985-4517

**COUNSEL FOR DEFENDANT BAXTER INTERNATIONAL, INC.**

*John R. Gilbert*

John R. Gilbert
Attorney-in-Charge
State Bar No. 07898500
Fed. I.D. No. 3754
GILBERT & GILBERT
222 North Velasco
P. O. Box 1819
Angleton, Texas  77516-1819
(979) 849-5741
(979) 849-7729 fax

**COUNSEL FOR DEFENDANT THE DOW CHEMICAL COMPANY**

*David McDonald*

David M. Macdonald
Attorney-in-Charge
State Bar No. 12755300
Fed. I.D. No. 22762
McCAULEY MACDONALD & DEVIN
1201 Elm Street
Suite 3800, Renaissance Tower
Dallas, Texas  75270
(214) 744-3300
(214) 747-0942 fax

*# = with permission PRE*

**COUNSEL FOR DEFENDANT SIGMA-ALDRICH, INC.**

### Certificate of Service

I certify that on this 23rd day of February, 2004, I forwarded a true and correct copy of the foregoing document on all counsel of record via regular U.S. mail.