IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 26 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, et al., <br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOME PRODUCTS, et al., <br> Defendants. | § § § § § § § § § § |

Civil Action No: 03-CV-222

### DEFENDANT ELI LILLY AND COMPANY'S
### REPLY IN SUPPORT OF ITS MOTION
### TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Eli Lilly and Company ("Lilly") hereby submits this Reply in Support of its Motion to Strike Plaintiffs' First Amended Complaint and would show the Court as follows:

1. In its Notice of Removal, Lilly argued that the Texas citizenship of Oribi and the City of Laredo[1] should be disregarded for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that Oribi and the City of Laredo are fraudulently joined Defendants and that there is no reasonable possibility that Plaintiffs will be able to establish liability against them. *See* Lilly's Notice of Removal at ¶¶10-12; Lilly's Motion to Remand; and Lilly's Surreply in Support of its Motion to Remand.

2. On December 29, 2003, Plaintiffs filed a Motion to Remand. On the same day, in a blatant attempt to defeat diversity, Plaintiffs filed their First Amended Complaint and added claims against new, non-diverse healthcare Defendants.

---

[1] Plaintiffs failed to properly name the City of Laredo as a defendant in their Original Complaint. Lilly specifically does not waive any argument regarding the improper joinder of Laredo by addressing the attempted fraudulent joinder in this pleading.

1388742v1

3. As more fully explained in Lilly's Motion to Strike Plaintiff's First Amended Complaint and Opposition to Remand, this Court has discretion to deny the joinder of a non-diverse party where the joined party would destroy diversity jurisdiction. 28 U.S.C. § 1447(e); *See, e.g., Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

4. On January 28, 2004, Plaintiffs filed their Response to Lilly's Motion to Strike their First Amended Complaint and Reply to Opposition to Remand and argued that F.R.C.P. 15(a) allows them to amend their complaint once as a matter of right.

5. Contrary to Plaintiffs' assertions, the addition of a non-diverse defendant after removal is not governed by F.R.C.P. 15(a). *See Whitworth v. TNT Bestway Transportation, Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (applying 28 U.S.C. 1447(e) and denying leave to amend).

6. Even if this Court determines that F.R.C.P. 15(e) applies, Plaintiffs' amendment should be denied as futile because the Healthcare Defendants Plaintiffs seek to add cannot survive a motion to dismiss. *See Briggs v. Mississippi*, Case No. 02-60737, 2003 WL 21134693 at *6 (5th Cir. June 2, 2003) (affirming district court's denial of plaintiffs' motion for leave to amend his complaint based on futility of amendment); *Becker v. Computer Sciences Corp.*, 541 F. Supp. 694, 699 (S.D. Tex. 1982) (denying motion for leave to amend complaint where amendment was futile). *See also* Lilly's Motion to Dismiss. Plaintiffs are unable to join the resident healthcare Defendants because vaccine administrators may not be joined in a civil suit prior to Plaintiffs proceeding with their claims in the U.S. Court of Federal Claims, pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1, *et seq.*

7. For all of the reasons set out in Lilly's Opposition to Remand and Surreply in Opposition to Remand, Plaintiffs' First Amended Complaint is not properly before the Court.

WHEREFORE, Lilly respectfully requests that the Court grant its Motion and strike Plaintiffs' First Amended Complaint.

Respectfully submitted,

By:_____
M. SCOTT MICHELMAN
Attorney-in-Charge
SBN: 00797075
Southern District of TX ID No. 20802
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX  77002-2911
Telephone:	713/227-8008
Telefax:	713/227-9508

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
JEFFERY A. KRUSE
MO State Bar No. 45482
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:	816/474-6550
Telefax:	816/421-554

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 25th day of February, 2004 as indicated below:

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX 78401 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX 76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX 75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX 78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Lisa Gaye Mann<br>Phillips & Akers, PC<br>3200 Southwest Freeway, Suite 3400<br>Houston, TX 77027 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift, Currie, McGhee & Hiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA 30309-3238 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX 75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX 79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX 78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX 77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Gene M. Williams<br>Mehaffy-Weber<br>2615 Calder Avenue<br>Post Office Box 16<br>Beaumont, TX 77704 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX 77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

_____
M. SCOTT MICHELMAN