

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, et al., | §<br>§<br>§<br>§ | |
| Plaintiffs, | § | |
| | § | Civil Action No: 03-CV-222 |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS, et al., | § | |
| Defendants. | § | |

## DEFENDANT ELI LILLY AND COMPANY'S SURREPLY IN SUPPORT OF ITS OPPOSITION TO REMAND

Defendant Eli Lilly and Company ("Lilly") hereby submits this Surreply in Support of Its Opposition to Plaintiffs' Motion to Remand and would show the Court as follows:

## I.      THE FRAUDULENT JOINDER STANDARD

Plaintiffs continue to maintain that this Court must remand unless Defendants can establish that there is "no possibility" that a state court could find their Complaint states a cause of action against the in-state defendants. Reply to Eli Lilly and Company's Opposition to Remand, at 6. As previously articulated by Lilly in its Opposition to Remand, "[t]his possibility, however, must be **reasonable**, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Fifth Circuit has made it unmistakably clear that remand is required only if there is "a reasonable basis for predicting that the state law might impose liability" on the in-state defendant. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

1384305v1

## II.  THERE IS NO REASONABLE POSSIBILITY THAT PLAINTIFFS WILL BE ABLE TO ESTABLISH LIABILITY AGAINST ORIBI

Lilly has demonstrated that the only non-diverse defendant named in Plaintiffs' Original Complaint, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists ("Oribi"), is fraudulently joined.[1]  In support of Lilly's Notice of Removal, John Rains, President of Oribi, submitted an affidavit establishing that Oribi has never supplied the vaccine component thimerosal to the vaccine manufacturers named in this case.  *See* Notice of Removal, Exhibit H. Subsequently, in Lilly's Opposition to Remand, Lilly attached another affidavit further describing Oribi's non-involvement.  *See* Opposition to Remand, Exhibit A.

Plaintiffs have failed to provide any facts whatsoever which contradict this sworn testimony.  In fact, in four identical cases pending before the Southern District of Texas, Corpus Christi Division, complaints were filed alleging, word-for-word, identical claims against Oribi. In response to these allegations, defendants provided that court with affidavits identical to those provided here.  After all briefing was complete, oral argument was held on February 10, 2004. At that hearing, Plaintiffs' counsel conceded that they could not state a claim against Oribi and orally dismissed them from all four cases.  *See Cassidy v. American Home Products*, No. C-03-573, slip op. at p. 1 (S.D. Tex. Feb. 12, 2004); *Lucio v. American Home Products*, No. 03-CV-520, slip op. at p. 1 (S.D. Tex. Feb. 12, 2004); *Mast v. American Home Products*, No. 03-CV-516, slip op. at p. 1 (S.D. Tex. Feb. 12, 2004); *Perez v. American Home Products*, No. 03-CV-

---

[1]    Plaintiffs also include allegations against the City of Laredo in their Original Complaint, but fail to properly include the City as a defendant.  Without waiving any argument that the City was not properly named, Lilly addresses the fraudulent joinder of the City in order to further demonstrate the lack of merit in Plaintiffs' Motion to Remand.

2

519, slip op. at p. 1 (S.D. Tex. Feb. 12, 2004) (Orders attached as **Exhibit A**). Based on these concessions, plaintiffs withdrew their motions to remand in *Mast* and *Perez*. *Id.*

Despite the fact that this case involves identical claims against Oribi, has identical affidavits on file, involves the same theories of liability and is brought by the same counsel, Plaintiffs surprisingly argue in their motion to remand that the affidavit of John Rains does not negate the possibility that Oribi was part of a specific chain of distribution and does not state that Oribi never distributed thimerosal to individual healthcare providers or healthcare clinics. *See* Motion to Remand at pp. 6-7. But Plaintiffs' Original Complaint did not allege that a healthcare provider gave the minor children thimerosal except in connection with a vaccine. Moreover, Plaintiffs' Complaint does not allege that Oribi somehow supplied thimerosal to a healthcare provider; rather, it alleges that Oribi either (1) distributed a component part (*i.e.*, thimerosal) to a vaccine manufacturer; or (2) distributed a thimerosal-containing vaccine. The two affidavits John Rains has provided completely negate both of these allegations. *See* Affidavit of John Rains, attached as Exhibit H to Lilly's Notice of Removal, and Supplemental Affidavit of John Rains, attached as Exhibit A to Lilly's Opposition to Remand. Because the sworn testimony, along with Plaintiffs' actions in similar cases, eliminate even a "reasonable possibility of recovery" against Oribi, Lilly has established that Oribi has been fraudulently joined.

## III. PLAINTIFFS' CLAIMS AGAINST THE CITY OF LAREDO ARE FRAUDULENT BECAUSE THEY ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY

Plaintiffs seek to amend their Original Complaint to drop the City of Laredo and add certain Healthcare Defendants. Lilly has opposed this action in its Motion to Strike. Should this Court grant Lilly's Motion to Strike, the City of Laredo will still be fraudulently joined in

Plaintiffs' Original Complaint, and should therefore be disregarded for purposes of determining diversity.[2]

### A.    Plaintiffs' claims are barred by the doctrine of sovereign immunity.

As set forth in Lilly's Notice of Removal, the City of Laredo was fraudulently joined because Plaintiffs' claims against the City are barred by the doctrine of sovereign immunity. *See* Lilly's Notice of Removal, ¶ 13. Rather than address this argument, Plaintiffs have sought to drop the City as a Defendant in their First Amended Complaint, and have attempted to add the Healthcare Defendants in its stead. Removal jurisdiction, however, must be based on the allegations "in the state court petition **as they existed at the time of removal**," *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (emphasis added), and "a complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).[3]

The City of Laredo was fraudulently joined as Plaintiffs had no reasonable possibility of recovering against the City. A state entity such as the City of Laredo "is immune from liability for its governmental functions unless that immunity is specifically waived." *City*

---

[2]    Should the Court deny Lilly's Motion to Strike and allow the amendment, the non-diverse defendants are still fraudulently joined such that remand should be denied. *See* Lilly's Opposition to Plaintiffs' Motion to Remand. The Healthcare Defendants are fraudulently joined because the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-1, *et seq.*, requires that claims against the alleged administrators of vaccines be first filed in the Court of Federal Claims. *See* Lilly's Opposition to Plaintiffs' Motion to Remand. Furthermore, Plaintiffs' claims against the Healthcare Defendants also fail under the Medical Liability and Insurance Improvement Act, Tex. Rev. Civ. Stat. Ann. Art. 4590i. *See Jones v. American Home Prods. Corp.*, Case No. 1:03-CV-657 (E.D. Tex. Feb. 13, 2004), attached as **Exhibit B.**

[3]    *See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (same). *See also Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 699 (S.D. Tex. 2002) ("When considering the propriety of subject matter jurisdiction in the context of a motion to remand, a district court must consider the claims in the plaintiff's state court petition as they existed at the time of removal."); *Castellanos v. Bridgestone Corp.*, 215 F. Supp. 2d 862, 867 (S.D. Tex. 2002) (same).

*of El Paso v. Hernandez*, 16 S.W.3d 409, 414 (Tex. Ct. App. 2000).  As such, the City of

Laredo's citizenship must be disregarded in determining diversity jurisdiction.

**B.   Plaintiffs Have Failed To Address Whether They Have Provided The Required Notice**

Plaintiffs have argued that their claims are permissible because they fall within

the limited wavier of sovereign immunity set forth in the Texas Tort Claims Act ("TTCA").[4]

Plaintiffs' Reply at pp. 7-10.  However, to invoke this limited waiver, Plaintiffs were required to

have provided the City with formal, written notice of their claims within six months of the

alleged dates of injury of the minor children.  Tex. Civ. Prac. & Rem. Code § 101.101(a) (2003).

Plaintiffs have never alleged that they complied with this mandatory prerequisite anywhere in

their Original Complaint, Plaintiffs' First Amended Complaint or in Plaintiffs' Motion to

Remand.  Thus, the logical conclusion is that they have provided no such notice.  As compliance

with this notice requirement is a mandatory "prerequisite to a waiver of sovereign immunity,"

failure to comply with the requirement "precludes the waiver of sovereign immunity from suit."

*Nat'l Sports & Spirit, Inc. v. University of North Texas*, 117 S.W.3d 76, 79 (Tex. Ct. App. 2003).

**C.   Plaintiffs Have Not Pled A Set Of Facts Whereby They Can Demonstrate A Waiver Of Sovereign Immunity**

A governmental entity "is immune from liability for its governmental functions

unless that immunity is specifically waived."  *City of El Paso v. Hernandez*, 16 S.W.3d 409, 414

(Tex. Ct. App. 2000).  Plaintiffs focus their entire argument on a provision of the TTCA which

allows for the waiver of sovereign immunity for "personal injury and death so caused by a

condition or use of tangible personal or real property."  Tex. Civ. Prac. & Rem. Code § 101.021

---

[4]     Plaintiffs actually argue that the doctrine of sovereign immunity does not apply to their claims against the Healthcare Defendants because the immunity has been waived. Plaintiffs' Reply to Lilly's Opposition to Remand at pp. 7-10. Lilly has not, however, asserted the sovereign immunity argument in relation to these defendants. Plaintiffs fail to address this argument as it applies to the City of Laredo, apparently having abandoned those claims.

(2003).  Plaintiffs assert that their injuries from routine childhood vaccinations constitute injuries arising out of conditions or the use of personal property, in that the needles used, and the vaccines themselves, are "personal property."  Plaintiffs' Reply, pp. 7-10.  However, Plaintiffs have failed to provide this Court with any authority which would support stretching this limited exception to cover the claims in this case.  Plaintiffs rely heavily on *San Antonio State Hospital v. Cowan*, ___ S.W.3d ___ (Tex. Jan. 9, 2004) (attached to Plaintiffs' Reply as Exhibit A).  That case simply notes that the TTCA allows for the limited waiver of sovereign immunity in certain circumstances, and then determines that the waiver does not apply.  *See id.*

Plaintiffs' first argument concerning sovereign immunity is that their injuries were caused by the "use of personal property" because a needle or syringe was used to administer the vaccines they received.  This argument fails as a matter of Texas law.  "Property does not cause injury if it does no more than furnish the condition that makes the injury possible."  *Dallas County Mental Health v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998).  The cases which discuss the limited "use of personal property" waiver of the TTCA discuss governmental **mis**use or **negligent** use of property.  *See* Opposition to Remand, at 6.  Here, Plaintiffs make no allegation that they were injured by the incorrect use of a needle or syringe.  Rather, the tangential involvement of the needle was simply as a means of administering the vaccines of which Plaintiffs' complain.  Plaintiffs' true claim, as set forth in their Complaint, is that their injuries resulted from the governmental entities' "fail[ure] to disclose" information to Plaintiffs regarding thimerosal.  Original Complaint at p. 9.  The Supreme Court of Texas has held, in the context of a patient's personal medical records, that the "State has not waived immunity from liability for negligence involving the use, misuse, or nonuse of medical information."  *University of Texas Medical Branch v. York*, 871 S.W.2d 175, 176 (Tex. 1994).

6

Logically then, Plaintiffs' claims are not within the limited conduct which justifies waiver of the doctrine of sovereign immunity as they seek to impose liability relating to an alleged failure to inform, not a misuse of personal property.

Plaintiffs' second argument is that their injuries were caused by the "use of personal property" because the vaccines themselves are the "personal property" which was used. Plaintiffs' Reply at pp. 7-10. Even aside from the problem of defining a vaccine serum to be administered in bulk to the public as the government's "personal property," Plaintiffs have failed to distinguish this claim from similar cases in which Texas courts have consistently found no waiver of sovereign immunity. *See, e.g., Nat'l Sports & Spirit, Inc. v. University of North Texas*, 117 S.W.3d 76 (Tex. Ct. App. 2003) (holding no waiver of sovereign immunity by university for providing allegedly contaminated food and ice); *Lloyd v. Eco Resources, Inc.*, 956 S.W.2d 110 (Tex. Ct. App. 1997) (holding no waiver of sovereign immunity by municipality for providing allegedly corrosive water through water utility).

There is no waiver of sovereign immunity for discretionary acts of the government. *Lloyd*, 956 S.W.2d at 124; *see also* Tex. Civ. Prac. & Rem. Code § 101.056(2). In *Lloyd*, the court held that a municipality could not be sued for its decision not to use corrosion inhibitors in its water supply. *Id.* Sovereign immunity was not waived because the municipality's decision was an act of discretion, in that no statute mandated the addition of such inhibitors. *Id.* Sovereign immunity is not waived for injuries allegedly caused by "the formulating of policy." *City of El Paso v. W.E.B. Investments*, 950 S.W.2d 166, 170 (Tex. Ct. App. 1997). Rather, only alleged errors by government employees "carrying out that policy or order" waive sovereign immunity. *Id.* Here, as in *Lloyd*, there is no statute mandating a particular action with regard to its routine function. The City was free to choose to administer

7

thimerosal-containing vaccines as a part of its inoculation program. As Plaintiffs do not assert that any government employee deviated from this program with regard to Plaintiffs' vaccinations, there is no waiver of sovereign immunity.

## IV.    PLAINTIFFS' REPLY MISREPRESENTS THE FACTS IN *COLLINS V. AMERICAN HOME PRODUCTS CORPORATION.*

Plaintiffs assert that the facts in this case are identical to the facts in *Collins v. American Home Products Corp.*, 343 F.3d 765 (5th Cir. 2003). *See* Plaintiffs' Reply to Opposition to Remand at p. 11. This claim is absolutely wrong. Unlike in *Collins*, the basis of removal to federal court here is not a defense shared by the non-diverse defendant—Oribi, Inc.— and any of the diverse defendants. That is, the basis of removal is not an argument that the Vaccine Act bars claims against Oribi, Inc., but is, instead, the fact that Oribi, Inc. has never had a role in the manufacture, sale, or distribution of any vaccines or vaccine components. *See* Notice of Removal at pp. 3-4, and Oribi Affidavit at ¶¶ 3-4.[5]

Because Plaintiffs' attempt to add the non-diverse healthcare defendant comes *after the proper removal of this action to federal court*, the application of the Vaccine Act to claims against this non-diverse defendant has no bearing on the *propriety of the removal in the first instance*.[6] Of course, the propriety of the defendants' arguments *at the time of removal* was the sole issue addressed by the Fifth Circuit in *Collins*. *See Collins*, 343 F.3d at 768-69. Accordingly, and as more thoroughly set forth in Lilly's Opposition to Remand, which is incorporated by reference herein, the *Collins* decision is inapposite to this case and is neither final nor binding on this Court anyway. *See* Opposition to Remand at p. 8.

---

[5]  Furthermore, the City of Laredo is fraudulently joined based on the doctrine of sovereign immunity, which is also not a common defense shared by any non-diverse defendant.

[6]  Plaintiffs' First Amended Complaint should be stricken pursuant to 48 U.S.C. 1447(e). *See* Lilly's Motion to Strike Plaintiffs' First Amended Complaint, which is incorporated by reference herein.

## CONCLUSION

For all of these reasons, and the reasons expressed in Lilly's Notice of Removal and Opposition to Remand, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and1441, and Plaintiffs' Motion to Remand must be denied.

Respectfully submitted,

By:

M. SCOTT MICHELMAN
Attorney-in-Charge
SBN: 00797075
Southern District of TX ID No. 20802
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX   77002-2911
Telephone:      713/227-8008
Telefax:         713/227-9508

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
JEFFERY A. KRUSE
MO State Bar No. 45482
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO   64108
Telephone:    816/474-6550
Telefax:       816/421-554

9

1384305v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 25th day of February, 2004 as indicated below.

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX  78401 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX  76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX  75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX  78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Lisa Gaye Mann<br>Phillips & Akers, PC<br>3200 Southwest Freeway, Suite 3400<br>Houston, TX  77027 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift, Currie, McGhee & Hiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA  30309-3238 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX  75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX  79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX  77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Gene M. Williams<br>Mehaffy-Weber<br>2615 Calder Avenue<br>Post Office Box 16<br>Beaumont, TX  77704 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX  77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

1384305v1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 2 2004

Michael N. Milby, Clerk of Court

49.

| | |
|---|---|
| THERESE CASSIDY, Individually and as | § |
| Next Friend of MICHAEL ANTHONY | § |
| CASSIDY, et al., | § |
|     Plaintiffs, | § |
| v. | §    C.A. No. C-03-573 |
| | § |
| AMERICAN HOME PRODUCTS d/b/a | § |
| WYETH, et al., | § |
|     Defendants. | § |

## ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT ORIBI, INC.

In the February 10, 2004 hearing before the Court, Plaintiffs moved to dismiss all

claims against defendant Oribi, Inc. The Court GRANTS such motion and dismisses all

claims against defendant Oribi, Inc. with prejudice.

ORDERED this the _____ 10 _____ of _____ Feb _____, 2004.


_____
H.W. HEAD, JR.
CHIEF JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

United States District C·
Southern District of Tex·
ENTERED

FEB 1 2 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| TRACY LUCIO, Individually and as Next | § | |
| Friend of JUSTIN LUCIO, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. C-03-520 |
| | § | |
| AMERICAN HOME PRODUCTS d/b/a | § | |
| WYETH, et al., | § | |
| Defendants. | § | |

73.

## ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT ORIBI, INC.

In the February 10, 2004 hearing before the Court, Plaintiffs moved to dismiss all

claims against defendant Oribi, Inc. The Court GRANTS such motion and dismisses all

claims against defendant Oribi, Inc. with prejudice.

ORDERED this the ____10____ of ____Feb____, 2004.


H.W. HEAD, JR.
CHIEF JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LYDIA PEREZ, Individually and as Next | § | |
| Friend of NATHANIEL TYLER PEREZ, | § | |
| LONGINO PEREZ, and MARIO | § | |
| ALBERTO PEREZ, minors, | § | |
| Plaintiffs, | § | |
| v. | § | C.A. No. C-03-519 |
| AMERICAN HOME PRODUCTS d/b/a | § | |
| WYETH, et al., | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
ENTERED

**FEB 1 2 2004**

Michael N. Milby, Clerk of Court

## ORDER GRANTING PLAINTIFFS' MOTION TO WITHDRAW THEIR MOTION TO REMAND

In the February 10, 2004 hearing before the Court, Plaintiffs moved to dismiss

all claims against defendant Oribi, Inc. and moved to withdraw their motion to remand.

The Court GRANTS such motions and dismisses all claims against defendant Oribi, Inc.

with prejudice. The motion to remand is hereby withdrawn.


ORDERED this the ___*10*___ of ___*Feb*___, 2004.



_____

H.W. HEAD, JR.
CHIEF JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 2 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JESSICA MAST, Individually and as Next §<br>Friend of JACOB ROSSI HINOJOSA and §<br>JON DANIEL HINOJOSA, minors, §<br>    Plaintiffs. §<br>v. §<br> §<br>AMERICAN HOME PRODUCTS d/b/a §<br>WYETH, et al., §<br>    Defendants. § | C.A. No. C-03-516 |

## ORDER GRANTING PLAINTIFFS' MOTION TO WITHDRAW THEIR MOTION TO REMAND

In the February 10, 2004 hearing before the Court, Plaintiffs moved to dismiss

all claims against defendant Oribi, Inc. and moved to withdraw their motion to remand.

The Court GRANTS such motions and dismisses all claims against defendant Oribi, Inc.

with prejudice.  The motion to remand is hereby withdrawn.

ORDERED this the ___/ D___ of ___Feb___, 2004.

H.W. HEAD, JR.
CHIEF JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT

2004 FEB 17  AM 11: 16

TX EASTERN-BEAUMONT

BY _Petonia Bell_

| | | |
|---|---|---|
| MICHAEL L. JONES, and RHONDA L. JONES, EACH INDIVIDUALLY and AS NEXT FRIENDS OF KRISTIN M. JONES, A MINOR, | § § § § § | Case No. 1:03-CV-657 |
| V. | § § § | JUDGE RON CLARK |
| AMERICAN HOME PRODUCTS CORPORATION, ET AL. | § § | |

## ORDER

This case was filed in state court by plaintiffs Michael L. Jones and Rhonda L. Jones, individually and as next friends of their daughter, Kristin M. Jones. It was removed by defendants on the basis of diversity jurisdiction, and plaintiffs now move to remand claiming that diversity is destroyed by the presence of three defendants who are citizens of Texas, Dr. Nargis Kayani, Christus Health Southeast Texas d/b/a Christus St. Elizabeth Hospital, and Christus Health (sometimes referred as the "Healthcare Defendants"). The court finds that the Healthcare Defendants were fraudulently joined, and, since the remaining defendant drug manufacturers are not citizens of Texas for diversity purposes, the motion to remand is DENIED.

## BACKGROUND

Plaintiffs, citizens of Texas, sued drug manufacturers of diverse citizenship (the "Manufacturer Defendants") in state court.[1] Plaintiffs also sued Dr. Nargis Kayani, Christus Health

---

[1]Plaintiffs also named "John Does #1-200" as defendants in this suit. However, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

1

Southeast Texas d/b/a Christus St. Elizabeth Hospital (St. Elizabeth Hospital), and Christus Health, the "Healthcare Defendants," all of whom are citizens of Texas.

Plaintiffs' petition in state court alleged that defendants designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold Thimerosal, a compound used in vaccinations, which allegedly can cause harmful effects. Plaintiffs asserted claims under a myriad of statutory and common law theories.

Defendants timely removed this case asserting that federal diversity jurisdiction is satisfied because the amount in controversy exceeds $75,000, the manufacturing defendants are not citizens of Texas for diversity purposes, and the Healthcare Defendants were fraudulently joined. Plaintiffs have moved to remand, asserting that their petition in state court stated a proper cause of action against the Healthcare Defendants under Texas law.

STANDARD OF REVIEW

At the outset the court notes that a federal defense does not give a defendant the right to remove. *See Smallwood v. Ill. Cent. R.R. Co.*, 342 F.3d 400, 408 (5th Cir. 2003). Accordingly, defendants in this case may not rely upon a federal preemptions claim as a basis for removal. Likewise, assertions of defendants which go to the merits of the action as an entirety, and not to the joinder, will not be a basis for finding fraudulent joinder. 342 F.3d at 407. Therefore, any argument the defendants make about the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 *et seq.* ("Vaccine Act"), does not support a denial of the motion to remand.[2]

---

[2] However, plaintiffs disclaimed any cause of action under any federal law, including the Vaccine Act, so the court need not analyze whether plaintiffs have properly asserted a Federal cause of action in state court against the Healthcare Defendants.

2

To prove fraudulent joinder, defendants must show: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse part(ies) in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). There is no claim of actual fraud in this case, so the only inquiry is whether "there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." 326 F.3d at 647.

Fraudulent joinder exists where a plaintiff has failed to plead under state law any specific actionable conduct against the non-diverse defendants. *Griggs v. State Farm Lloyd*, 181 F.3d 694, 699 (5th Cir. 1999). The plaintiff cannot establish potential liability under state law by a pleading that establishes "the mere hypothetical possibility that such an action could exist." 181 F.3d at 701.

This court must determine whether there is a reasonable basis for predicting that plaintiffs might be able to establish liability of one or more of the Healthcare Defendants on the pleaded claims in the state court. *Travis*, 326 F.3d at 648. This does not mean that plaintiff can avoid removal by pointing to "a mere theoretical possibility of recovery under local law." There must arguably be a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder. *Travis*, 326 F.3d at 648.

Generally, the existence of diversity jurisdiction is determined from the record at the time the notice of removal is filed. A court may utilize a "summary judgment type procedure" to determine fraudulent joinder. *See Griggs*, 181 F.3d at 699-700. That is not necessary in this case.

## ANALYSIS OF TEXAS LAW

Whether there is a reasonable basis for predicting that plaintiffs could establish a claim against one or more of the Healthcare defendants in this case must be resolved by reference to Texas law. The fact that this is an immunization case puts it in a different category than other drug cases

3

because Texas statutes impose strict limitations on the possibility of recovery against those who immunize children in Texas.

Physicians, such as Dr. Kayani, and hospitals and other medical facilities, such as defendants St. Elizabeth Hospital and Christus Health, are not liable for damages arising from an immunization administered to a child, except for injuries resulting from the person's or facility's own acts of negligence.[3] TEX. FAM. CODE ANN. § 32.103(b)(Vernon 2002). Accordingly, the Joneses may not prevail against the Healthcare Defendants based upon some imputed theory of negligence. There will have to be an assertion of negligence on the part of one or more of the Healthcare Defendants.

There is also a limitation on the types of negligence for which a plaintiff may recover in Texas against physicians and other healthcare providers such as the defendants in this case.[4] The Texas legislature, finding there was a crisis in health care, limited claims against doctors and other healthcare providers by passing the Medical Liability and Insurance Improvement Act, Tex. Rev. Civ. Stat. Ann. art. 4590i ("MLIIA").[5] Physicians are specifically named in the MLIIA, and

_____

[3]This is not a general or common defense because the statute does not apply to the Manufacturer Defendants.

[4]Again, this is a defense applicable only to the Healthcare Defendants because the Manufacturer Defendants are not covered by the statute.

[5]The MLIIA (Article 4590i) was repealed effective September 1, 2003, when the Texas Legislature rewrote Tex. Civ. Prac. & Rem. Code, Chapter 74. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, §§ 10.09, 23.02(a), 2003 Tex. Sess. Law Serv. (repealing the MLIIA effective September 1, 2003). However, the Act repealing Article 4590i also provided that "[a]n action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose." *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Sess. Law Serv.

4

St. Elizabeth Hospital and Christus Health meet the definition of "health care providers." TEX. REV.

CIV. STAT. ANN. art. 4590i, § 1.03(a)(3)(Vernon Supp. 2003). The MLIIA further provides that:

> In a suit against a physician or a health care provider involving a
> health care liability claim that is based on the failure of the physician
> or health care provider to disclose or adequately to disclose the risk
> and hazard involved in the medical care or surgical procedure
> rendered by the physician or health care provider, the **only** theory on
> which recovery may be had is that of negligence in failing to disclose
> the risks or hazards **that could have influenced a reasonable person
> in making a decision to give or withhold consent.**

TEX. REV. CIV. STAT. ANN. art. 4590i, § 6.02 (Vernon Supp. 2003)(emphasis added). This section

was added to the MLIIA in 1995, so earlier Texas cases about other potential causes of action are

not on point. Therefore, under Texas law, it is not enough in a health liability case to show that there

was some risk, however small, and that a defendant failed to warn of it. A plaintiff must also plead

and prove that the risk was such that a reasonable person would have been influenced to withhold

consent.

Reviewing plaintiffs' petition in state court in view of these specific statutory limitations on

the potential liability of the three Healthcare Defendants, it appears that the petition alleges no

actionable facts or theory which would arguably present a reasonable basis for predicting that state

law would allow recovery against one of these defendants.

The plaintiffs' petition describes the diverse defendants, i.e., the drug companies which

manufactured the vaccines in question, as the "Manufacturer Defendants." The non-diverse

defendants are identified as the "Healthcare Defendants." Sometimes "Defendants" is used to refer

to all of the defendants. However, this reference is frequently confusing in the petition, since it is

5

frequently used to refer to acts such as manufacturing the vaccines which clearly could have only been performed by the Manufacturer Defendants.

Sections IV through X of the petition set out various allegations that the "Defendants" manufactured, created, designed, labeled, sterilized, packaged, and advertised vaccines which were allegedly defective because they included Thimerosal.  To accept these pleadings as "reasonable basis for predicting that state law would allow recovery" against the Healthcare Defendants in this case would be to engage in the pretense that a doctor or a local hospital manufactured, created, designed, labeled, sterilized, packaged, and advertised a vaccine with Thimerosal.  Even indulging all **reasonable** inferences in favor of a plaintiff, there is not even a theoretical possibility that the Healthcare Defendants are going to be found liable for manufacturing, creating, designing, labeling, sterilizing, packaging, and advertising the vaccine.

Only one section of the petition, Section XI, specifies claims against the Healthcare Defendants.  The court therefore examines Section XI, entitled "Liability of Healthcare Defendants," to determine whether the petition meets the requirements of *Griggs* and *Travis*.  Paragraphs 11.02 and 11.03 state only vague, conclusory allegations that the Healthcare Defendants are liable "for their own distinct tortious conduct, separate and apart from the conduct of the Manufacturer Defendants, although they acted in concert with them," and that the conduct of the Healthcare Defendants "forms an independent basis for imposing liability on them for commission of the acts referenced above."  This in no way meets the "specific actionable conduct" test set out in *Griggs*.

Paragraph 11.01 states "all of the allegations set forth above [i.e. Sections IV through X] are adopted for purposes of this paragraph."  However, even a liberal examination of the referenced allegations does not establish even a theoretical possibility that plaintiffs might recover against the

6

Healthcare Defendants. As noted previously, the court is not going to indulge in the fantasy that a doctor and/or local hospital were involved in the manufacture, creation, design, labeling, sterilization, packaging, advertising, or other acts involved in the production of a modern vaccine.

A closer examination of paragraphs of the petition prior to Section XI confirm that even if they were "adopted for the purposes of this paragraph" Section XI still does not set out a cause of action against the Healthcare Defendants.

In Section V, plaintiffs allege strict liability for design defects. Given the statutes cited above, there is no reasonable possibility that the Healthcare Defendants are going to be found liable for design defects of a vaccine containing Thimerosal. *See also Easterly v. HSP of Tex., Inc.*, 772 S.W.2d 211, 213 (Tex. App. – Dallas 1989, no writ).

In Section VII, entitled "Breach of Common Law Implied Warranties," plaintiffs allege that Thimerosal was designed, manufactured, produced, advertised, tested, inspected, and/or sold when it was not fit for human consumption, and that therefore defendants breached the implied warranty of fitness for a particular purpose. Again, while these may be proper claims against the Manufacturer Defendants, in light of the Family Code and the MLIIA, they do not state a claim against the Healthcare Defendants. *See Chapman v. Wilson*, 826 S.W.2d 214, 217-218 (Tex. App. – Austin 1992, writ denied).

In Section VIII, entitled "Negligence," plaintiffs allege that "[d]efendants had a legal responsibility and duty to conform to pharmaceutical industry standards, to possess the knowledge of an expert in the industry and to foresee risks inherent with their products in the same or similar circumstances as other members of the industry." There is no basis under Texas law to hold a physician or hospital to such duties or standards. No such duty, and no negligence in failing to meet

7

such duty, can be imputed to the Healthcare Defendants in this vaccine case. TEX. FAM. CODE ANN. § 32.103(b)(Vernon 2002).

Section IX, setting out alleged violations of the Texas Deceptive Trade Practices - Consumer Protection Act ("DTPA"), does not state a cause of action against the Healthcare Defendants in light of the limitations of Tex. Fam. Code Ann. § 32.103(b) and Tex. Rev. Civ. Stat. Ann. art. 4590i, § 6.02. A claim against a physician may not be re-worded as a DTPA claim in order to avoid the limitation of the MLIIA. *Nguyen v. Kim*, 3 S.W.3d 146, 149-150 (Tex. App. – Houston [14th Dist.] 1999, no pet.); *See also* TEX. REV. CIV. STAT. ANN. art. 4590i, § 12.01 (Vernon Supp. 2003)(stating that the DTPA does not apply to claims for negligence against a physician or health care provider).

In Section X, entitled "Assault," plaintiffs allege that defendants committed an assault under Texas law by the administration of the vaccines containing Thimerosal. As discussed, the Texas Legislature has eliminated by statute that cause of action against those who administer vaccines. Case law from prior to 1995 would not be controlling.

Section VI does come close to brushing against a failure to warn pleading. In paragraph 6.01, plaintiffs allege that defendants "failed to warn or properly and adequately notify, inform, or warn **prescribers** and consumers of its dangers and defects" in a number of respects. (Emphasis added.) Not even the most liberal interpretation could result in this allegation being read as a claim for failure to warn **against a prescriber** such as Dr. Kayani, St. Elizabeth Hospital, or Christus Health. Further, neither in this paragraph nor anywhere else in the petition, do plaintiffs even hint that the risks of hazards are such that they would have "influenced a reasonable person in making a decision to give or withhold consent." *See* TEX. REV. CIV. STAT. ANN. art. 4590i, § 6.02 (Vernon Supp. 2003).

8

Alternatively, paragraph 11.01 of the petition, which is the first paragraph dealing with the alleged liability of the Healthcare Defendants, adopts all of the prior allegations in the petition. This necessarily includes the allegations in paragraph 4.06 that:

> [T]he Manufacturer Defendants deliberately or negligently misrepresented to the public the efficacy and safety of these products that contain Thimerosal. Because of their **failure in all instances, to advise doctors** or consumers that the usage of Thimerosal containing products could result in mercury poisoning, the result is that the Plaintiffs' children have experienced severe bodily injury. (Emphasis added.)

Plaintiffs' petition then goes on in paragraph 4.07 to state:

> The Manufacturer Defendants purposely downplayed and understated the health hazards and risks associated with Thimerosal. The Manufacturer Defendants through promotional literature, deceived potential users of these products by relaying positive information and manipulating statistics to suggest widespread safety, while downplaying the known adverse and serious health effects of ethyl mercury. The Manufacturer Defendants falsely and fraudulently kept relevant information from potential users and minimized user concern regarding the safety of the products that contain Thimerosal.

Paragraph 4.08 of the petition states "[t]he Manufacturer Defendants falsely and fraudulently misrepresented a number of facts regarding these products including, but not limited to, the presence of adequate testing of Thimerosal and the presence of adequate testing of any combination of Thimerosal-containing products."

Of course, a plaintiff may set out theories in the alternatives. However, the above-referenced statements are contained in Section IV of the petition entitled "Facts," which sets out background facts applicable to all of the later sections under the heading "Causes of Action."

In Section XI, plaintiffs adopt all such allegations as part of its claims against the Healthcare Defendants. If one accepts the facts set out in the petition as true, as this court must, there is no

9

theoretical possibility of recovery under Texas law against the Healthcare Defendants for failure to warn about problems which were deliberately concealed by the Manufacturer Defendants. Unlike petitions in other cases in which remand has been ordered, there is no pleading that the Healthcare Defendants here "knew or should have known" of the effects of Thimerosal, and no attempt to otherwise plead in the alternative.

## CONCLUSION

A decision on whether to remand this case depends on whether or not the Healthcare Defendants have been fraudulently joined. Under *Travis* and *Griggs* that decision depends upon whether plaintiff has plead specific facts which would arguably establish a reasonable basis for predicting that Texas law might impose liability on one or more of these defendants.

It is clear that the Texas Legislature has gone to great lengths to strictly limit liability in cases involving the administration of vaccines to children. There are any number of policy reasons for this, including the necessity to vaccinate entire populations to prevent epidemics and the need to ensure that doctors and hospitals will not stop providing such vaccinations because the amount that can be charged for vaccinations is so low and the potential liability is so high. This court cannot gainsay such policy considerations, especially in light of the fact that the United States Congress has also passed legislation establishing limitations on the recovery available to those allegedly injured by vaccines. Accordingly, plaintiffs' claims under theories of strict liability, breach of warranty, negligence, the DTPA, and assault, are barred under Texas law.

As to the failure to warn theory, plaintiffs never attempted, in the only paragraph that states claims against the Healthcare Defendants, to allege that the Healthcare Defendants failed to warn

10

plaintiffs.[6] Instead, plaintiffs in this case have chosen, without pleading in the alternative, to assert that the Manufacturer Defendants deliberately hid information about the effects of Thimerosal, and kept from consumers, doctors, and the public, information about the vaccines. If this is accepted as true, the Healthcare Defendants cannot be liable under Texas Law.

The Texas Legislature has clearly and decisively acted to limit the liability of those who administer vaccines to children. The Texas Supreme Court has recognized that the policy considerations for expanding the potential liability of those who manufacture and distribute products do not apply to physicians. *See Dennis v. Allison,* 698 S.W.2d 94, 94-96 (Tex. 1985), *cited with approval in Parkway Co. v. Woodruff,* 901 S.W.2d 434, 438 (Tex. 1995).

Plaintiffs have potential causes of action against solvent defendants in this case, whom plaintiffs themselves have pled hid information from the Healthcare Defendants. Congress has established a mechanism, the National Childhood Vaccine Injury Act, for resolving claims such as this. There is no arguably reasonable basis for this court to predict that Texas appellate courts are going to reverse course, ignore liability limitations set by the Texas Legislature, and approve an additional theory of recovery against these Healthcare Defendants.

The court finds that plaintiffs have not set out an arguably reasonable basis for predicting that Texas law might impose liability on the Healthcare Defendants under the facts stated.

///

///

_____

[6]Even if by a tortured reading, one assumed that plaintiffs were referring to a Healthcare Defendant in paragraph VI, plaintiffs chose not to plead one of the crucial elements of a cause of action under the MLIIA, namely that the risk or hazard that was not disclosed "could have influenced a reasonable person in making a decision to give or withhold consent."

11

**IT IS THEREFORE ORDERED** that Plaintiffs' Michael L. Jones and Rhonda L. Jones, each individually and as next friends of Kristin M. Jones, a minor, Motion to Remand [Doc. #21] is **DENIED**.

Signed February _13_, 2004.

Ron Clark, United States District Judge

12