United States District Court
Southern District of Texas
FILED

MAR 0 1 2004

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, ET AL., | § § § § | CIVIL ACTION NO. 03-CV-222 |
| | § | JURY REQUESTED |
| **Plaintiffs** | § | |
| v. | § § | |
| AMERICAN HOME PRODUCTS d/b/a WYETH, ET AL., | § § § § | |
| **Defendants** | § | |

### VACCINE DEFENDANTS' RENEWED RULE 12(b) AND 12(c) MOTION TO DISMISS, OR, ALTERNATIVELY, TO STAY THESE PROCEEDINGS, AND REPLY BRIEF IN SUPPORT OF SAME

COME NOW the Vaccine Defendants[1] and submit their Renewed Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b) and 12(c) or, alternatively, to stay the proceedings on any claims not dismissed, and their brief in reply to Plaintiffs' Consolidated Response to Defendants' Motion to Dismiss, and would show the Court as follows:

### I.
### RENEWED RULE 12(b) AND 12(c) MOTION TO DISMISS, OR, ALTERNATIVELY, TO STAY THESE PROCEEDINGS

1. The Vaccine Defendants filed their original Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative, to Stay These Proceedings (hereinafter "Motion to Dismiss") and Memorandum in Support of their Motion to Dismiss on December 15, 2003.

2. On December 29, 2003, Plaintiffs filed their First Amended Complaint.

---

[1] The "Vaccine Defendants" are Aventis Pasteur Inc., Baxter Healthcare, Inc. (incorrectly named as Baxter International, Inc.), Merck & Co., Inc., SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named as GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corp.), and Wyeth.

3.     From a review of Plaintiffs' First Amended Complaint, it appears that Plaintiffs amended their original pleading solely in an attempt to join additional non-diverse defendants. *See* First Amended Complaint at ¶ 2.12 – 2.13.

4.     Moreover, from a review of Plaintiffs' First Amended Complaint, it is clear that the very same defects raised by the Vaccine Defendants' Motion to Dismiss reappear in the amended pleading. *See id., passim.*

5.     In these circumstances, the Court may treat Vaccine Defendants' Motion to Dismiss as directed to Plaintiffs' First Amended Complaint. *See, e.g., Holmes v. National Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996) ("Although [plaintiff's] amended complaint supersedes his original complaint, . . . the court may nevertheless treat defendants' [12(b)(6)] motion as directed to the amended complaint because the defects in [plaintiff's] complaint reappear in the amended complaint.") (citing *Datastorm Technologies, Inc. v. Excalibur Comms., In*c., 888 F. Supp. 112 114 (N.D. Cal. 1995) (treating defendants' 12(b)(6) motion as directed toward plaintiff's amended complaint where original complaint "was only amended to add a new party") and *Patton Elec. Co. v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.  If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.'") (quoting 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, *Federal Practice and Procedure* § 1476 p. 558 (2d ed. 1990))); *Van Deelen v. Ramirez*, No. 00-4067-SAC, 2001 WL 789275, *1 (D. Kan. 2001) (same); *Nix v. Hoke*, 62 F. Supp. 2d 110, 115 (D. D.C. 1999) (same); *Fitzgerald v. State of Arizona*, No. Civ. 96-2077-PMX-SMM, 1997 WL 579193, *3 (D. Ariz. 1997) (same).

6.    The Vaccine Defendants hereby renew and re-urge their Motion to Dismiss as to the purported claims made against them in Plaintiffs' First Amended Complaint.

7.    To that end, the Vaccine Defendants adopt and incorporate herein, for all purposes, their original Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative, to Stay These Proceedings, as well as the supporting briefing and exhibits included therewith.

## II.
## BRIEF IN REPLY TO PLAINTIFFS' CONSOLIDATED RESPONSE

### A.    The District Court has Discretion to Rule on this Motion to Dismiss which Raises Questions of Subject Matter Jurisdiction Determining Removal Jurisdiction.

Plaintiffs contend that, if the Court agrees that it lacks diversity jurisdiction over their lawsuit at this time, the Court's only option would be to remand the case back to state court. *See* Plaintiffs' Combined Response to Motions to Dismiss at pp. 9-10. However, the United States Supreme Court has recognized that "there is no unyielding jurisdictional hierarchy" prohibiting a federal court from entertaining a motion to dismiss based upon a jurisdictional defect before deciding whether to remand. *See Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). In the *Ruhrgas* case, the district court had addressed issues of personal jurisdiction and dismissed the case on that basis before determining its removal jurisdiction. The Supreme Court, accepting this practice, noted that "[a] court that dismisses *on . . . non-merits grounds . . .* before finding subject matter jurisdiction makes no assumption of law-declaring power that violates . . . separation of powers principles . . . [and] [i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Id.* at 584-85 (emphasis added) (citations and internal quotation marks omitted). Thus, because the application of the Vaccine

3

Act is a threshold question of subject matter jurisdiction, this Court has the authority to grant the Defendants' motions to dismiss before Plaintiffs' Motion to Remand.[2]

In the typical removal situation, the federal and state courts have concurrent jurisdiction over the claims, and the jurisdictional question is strictly construed against the removing defendant, which is effectively defeating the plaintiffs' choice of forum. If any aspect of diversity or federal question jurisdiction is lacking, the federal court has no power but to remand. But, in deciding to remand, the federal court makes an implicit assumption that the state court has its own subject matter jurisdiction over the claims asserted—or at least the power and authority to make its own decision as to subject matter jurisdiction. Indeed, the very purpose of narrowly construing removal jurisdiction is to prevent an affront to "the dignity of the state courts":

> Most essentially, federal and state courts are *complementary systems for administering justice in our Nation.* Cooperation and comity, not competition and conflict, are essential to the federal design. A state dignitary interest bears consideration when a district court exercises discretion in a case of this order [by deciding issues other than subject-matter jurisdiction first]. . . . Our Federalism "does not mean blind deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. *What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments.*"

*Ruhrgas*, 526 U.S. at 586 (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)) (emphasis added).

Here, by contrast, the state court has no legitimate interest in hearing claims against those defendants covered by the Vaccine Act. By law, state courts lack jurisdiction to do anything but dismiss those claims. Congress—which has the sole authority to define the subject

---

[2]    While *Ruhrgas* involved the determination of personal jurisdiction prior to subject-matter jurisdiction, and the present case poses two issues of subject-matter jurisdiction—namely, removal jurisdiction and the jurisdictional effect of the Vaccine Act—the same principle should apply: there is no "jurisdictional hierarchy" that a court must follow in deciding among such threshold issues. *See Ruhrgas*, 526 U.S. at 578.

matter jurisdiction of the federal courts—has specifically decreed that *no court* except the Court of Federal Claims can entertain claims, like the ones Plaintiffs allege, for vaccine-related injuries.  Until the Vaccine Court compensation process has been completed, *no other federal or state court* can exercise jurisdiction of those claims.  Put another way, the federal court has precisely the same jurisdictional problem—and the same attendant duty to dismiss—as a state court would have.  *See Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765 (2002) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514 (1869)).

One federal district court has expressly held that it could, and should address the question of dismissal for lack of subject-matter jurisdiction under the Vaccine Act before reaching the issues raised by a motion to remand:

> Generally, a court may not hear or decide a case when it lacks subject matter jurisdiction.  Accordingly, federal courts usually address the question of whether the action was properly removed before assessing other matters.  Where, however, dismissal would be inevitable, a district court may pass directly to a procedurally dispositive issue without addressing the merits of the underlying action or a motion to remand.  *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563 (1999).
>
> The court's decision to dismiss this action without addressing the plaintiffs' motion to remand is the result of the careful consideration by this court of the legal standards and principles involved.  The court bases the decision on the relatively straightforward subject matter jurisdictional question which would apply with equal force in the state court.  Further, such a disposition obviates a more complex fraudulent joinder analysis.  Moreover, the court finds the interests of judicial economy and the expedition of the resolution of this matter to weigh in favor of addressing the motion to dismiss.

*Mann v. Glaxo SmithKline Beecham Corp.*, Civ. A. No. 1:02-CV-2660-CAP (N.D. Ga. July 8, 2003) (dismissing action for vaccine-related injuries without prejudice).

In dismissing the claims covered by the Vaccine Act, the Court will fulfill its Congressionally mandated duty and confirm that the Vaccine Court alone has exclusive jurisdiction over Plaintiffs' compensation claims at present. Under these circumstances, remand would be futile. Because the state court to which this action might be remanded would also lack subject matter jurisdiction, dismissal—and not remand—is the appropriate action. *See, e.g., Asarco, Inc. v. Glenara Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990) ("Were the state action remanded, the [state] courts would be bound by our ruling that defendants had insufficient contacts with [the state] to satisfy the federal due process clause requisites for personal jurisdiction. A remand thus would be a futile gesture, wasteful of scarce judicial resources, an exercise in which we decline to engage."); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991) ("Where . . . remand to state court would be futile . . . the desire to have state courts resolve state law issues is lacking. We do not believe Congress intended to ignore the interest of efficient use of judicial resources. . . . The district court correctly resolved the whole case by dismissing it because a remand to state court would have been futile.").

**B.    The *Collins* Decision is Subject to Rehearing and, Therefore, is Not Binding on this Court.**

The Fifth Circuit, in *Collins v. American Home Products Corp.*, 343 F.3d 765 (5th Cir. 2003, has stayed the issuance of the mandate pending the rehearing en banc of the "common defense" arguments in *Smallwood v. Illinois Central Railroad Co.*, 342 F.3d 400 (5th Cir. 2003). The *Collins* decision is based entirely on the now-vacated decision in *Smallwood* and, therefore, is neither final nor binding.[3]  *See Collins* Order Staying Mandate, attached as Exhibit A, and *Smallwood* Order of Rehearing *En Banc*, attached as Exhibit B.

---

[3]      *See* 5th Cir. Loc. R. 41(d)(1) ("The timely filing of a . . . petition for rehearing en banc . . . stays the mandate until the disposition of the petition . . . unless the court orders otherwise."); *see also* 5th Cir. Loc. R. 41.3 ("Unless otherwise expressly provided, the granting of rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate."); *see also Bliss v. Lockhart*, No. 90-2144, 1990

Moreover, in recognition of the serious consideration being devoted by the Fifth Circuit to these issues and the consequences that its final decision will have upon diversity-jurisdiction removals in this and similar litigation, several United States District Courts—including the Southern District of Texas—have ordered proceedings in similarly situated cases stayed pending the Fifth Circuit's decisions in *Collins* and *Smallwood*. *See Saile v. American Home Prods. Corp.*, C.A. No. C-03-336, "Order of Stay" (S.D. Tex. Oct. 20, 2003), attached as Exhibit C; *Jones v. American Home Prods. Corp.*, Case No. 1:03-CV-657, "Order of Stay" (E.D. Tex. Nov. 24, 2003), attached as Exhibit D[4]; *Ramirez v. American Home Prods. Corp.*, C.A. No. B-03-155, "Order of Stay" (S.D. Tex. Dec.22, 2003), attached as Exhibit E; *Paquin v. American Home Products Corp., et al.*, C.A. No. 5:03-CV-309-C ("Order") (N.D. Tex. Jan. 27, 2004), attached as Exhibit F; *Saucedo, et al. v. American Home Products Corp., et al.*, C.A. No. M:03-390 ("Minutes of Hearing") (S.D. Tex. Feb. 5, 2004), attached as Exhibit G); *Cassidy, et al. v. American Home Products Corp., et al.*, C.A. No. C:03-573 ("Order of Stay") (S.D. Tex. Feb. 12, 2004), attached as Exhibit H); *Lucio, et al. v. American Home Products Corp., et al.*, C.A. No. C:03-520 ("Order of Stay") (S.D. Tex. Feb. 12, 2004), attached as Exhibit I.  Should the Court determine that the *Collins* case is relevant to the case *sub judice*, the Vaccine Defendants respectfully request that the Court follow the example of these District Courts and stay these proceedings pending the Fifth Circuit's final resolution of the *Collins* and *Smallwood* cases.

---

U.S. App. LEXIS 23152 (8th Cir. Dec. 13, 1990) ("Until the mandate issues, a party may petition for rehearing, and the court of appeals may modify or revoke its judgment.").

[4]    United States District Judge Ron Clark recently determined that plaintiffs' allegations against the non-diverse "healthcare defendants" in the *Jones* case failed to state a claim against those defendants as a matter of Texas law, and therefore, that the healthcare defendants were fraudulently joined.  Accordingly, Judge Clark denied plaintiffs' motion to remand for reasons having nothing to do with a "common

**III.**
**CONCLUSION**

Because Plaintiffs have failed to comply with the Vaccine Act, this Court must dismiss their claims and those of their minor children. These include the claims for medical expenses expended "on behalf of" their children and the alleged loss of earning capacity of their children. The remainder of Plaintiffs' individual claims must be dismissed because they are not cognizable under Texas law. For all of these reasons, the Court should dismiss Plaintiffs' First Amended Complaint as against the Vaccine Defendants. In the alternative, any claims which are not dismissed should be stayed pending the completion of the proceedings in Vaccine Court. The Vaccine Defendants request such other and further relief as the Court deems appropriate.

---

defense" issue. *See Jones v. American Home Products*, No. 1:03-CV-657 ("Order") (E.D. Tex. Feb. 17, 2004).

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, TX 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

By: _____
        Michael R. Klatt
        Attorney-in-Charge
        State Bar No. 11554200
        Southern ID No. 13004

**OF COUNSEL:**

Susan E. Burnett
State Bar No. 20648050
Southern ID No. 18604
Randall L. Christian
State Bar No.00783826
Southern ID No. 15935
Jeffrey R. Lilly
State Bar No. 00787905
Southern ID No. 25873
**CLARK, THOMAS & WINTERS**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, TX. 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

**ATTORNEYS FOR DEFENDANT WYETH AND**
**ON BEHALF OF THE VACCINE DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on this 21 day of February, 2004, a copy of the foregoing document has been served on all known counsel of record as follows:

### *VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED:*

**Attorneys for Plaintiffs**
Steve T. Hastings
HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas 78401
(361) 692-2000 (Telephone)
(361) 692-2001 (Facsimile)

Michael A. Simpson
Derrick S. Boyd
SIMPSON, BOYD & POWERS P.L.L.C.
P.O. Box 957
Decatur, Texas 76234
(940) 627-8308 (Telephone)
(940) 627-8092 (Facsimile)

Greg McCarthy
MILLER & McCARTHY
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
(469) 916-2552
(469) 916-2555

### *VIA REGULAR MAIL:*

**Attorneys for Oribi, Inc.**
Matthew H. Hand
BROWN & FORTUNATO, P.C.
905 South Filmore, Suite 400,
P.O. Box 9418
Amarillo, Texas 79105-9418

**Attorneys for Sigma-Aldrich, Inc.**
David M. Macdonald
Amy S. Harris
David McCauley
MCCAULEY, MACDONALD & DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2014

**Attorneys for SmithKline Beecham Corp.**
**d/b/a GlaxoSmithKline**
Jeffrey S. Wolff
Charles Jason Rosser
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Stephanie A. Smith
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas  78701

**Attorneys for Merck & Company, Inc.**
Richard L. Josephson
Paul R. Elliott
Douglas B. Roberson
BAKER & BOTTS
One Shell Plaza
910 Louisiana   Suite 3000
Houston, Texas 77002

**Attorneys for Aventis Pasteur Inc.**
Bradley S. Wolff
M. Diane Owens
SWIFT, CURRIE, MCGHEE & HIERS
1355 Peachtree Street, Suite 300
Atlanta, Georgia 30309-3238

Miguel Wise
MIGUEL WISE, P.C.
134 W. 5th Street
Weslaco, Texas 78596

R. Jo Reser
DAVIDSON & TROILO
7550  W. IH-10, Suite 800
San Antonio, Texas 78229

**Attorneys for Eli Lilly & Company**
M. Scott Michelman
SHOOK, HARDY & BACON, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911

Jeffery A. Kruse
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.,
Kansas City, MO. 64108-2613

**Attorneys for Baxter International, Inc.**
Gene M. Williams
MEHAFFY & WEBER
P.O. Box 16
Beaumont, Texas 77704

**Attorneys for The Dow Chemical Company**
John Gilbert
GILBERT & GILBERT
222 North Velasco
P.O. Box 1819
Angleton, TX 77516

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED

OCT 9 2003

No. 02-60736

CHARLES R. FULBRUGE III
CLERK

BRYAN D COLLINS, as parent and next friend of Zachary W Collins;
ALLYSON M COLLINS, as parent and next friend of Zachary W Collins;
FREDDIE M ANDERSON, as parent and next friend of Robert
Thomas Anderson; GEORGIA M ANDERSON, as parent and next friend of
Robert Thomas Anderson; HERMAN P BERNARD, as parent and next friend
of Reginald L Bernard, ET AL

Plaintiffs - Appellants

v.

AMERICAN HOME PRODUCTS CORP, doing business as Wyeth Laboratories Inc;
WYETH LEDERLE; WYETHER LEDERLE; WYETHER LEDERLE VACCINES AND LEDERLE
LABORATORIES; ABBOTT LABORATORIES; AMERICAN INTERNATIONAL CHEMICAL INC;
AVENTIS PASTEUR INC, Individually and as Successor in Interest to
Connaught Laboratories Inc; PASTEUR MERIEUX CONNAUGHT INC; B F ASCHER &
COMPANY INC; BAXTER INTERNATIONAL INC, Individually and as Successor in
Interest to North American Vaccine Inc; BAXTER CORP; BIOPORT CORPORATION
INC; BRISTOL-MYERS SQUIBB CO; EVANS MEDICAL LTD; MERCK AND COMPANY INC;
RPR PHARMACEUTICALS; DOLDER; ELLI LILLY & CO; SMITHKLINE BEECHAM CORP;
LISA STONE. M D, individually and as Successor in Interest to
Children's Medical Group, PA; BERT BRADFORD, MD; GULF COAST PEDIATRIC
CLINIC; BYRON'S DISCOUNT DRUGS; JEFF COURT, MD, individually and as
Successor in Interest to Children's Medical Group, PA; WALTER E
DANKINS, MD; LOUISA LAWSON, MD; SARTIN'S DISCOUNT DRUGS INC; BRIAN
STRETCH, MD; JULIAN LEE OWEN; VILLAGE PHARMACY; JOHN DOES; CHILDREN'S
MEDICAL GROUP PA

Defendants - Appellees

-------------------------------

CONSOLIDATED WITH
NO. 02-60764

-------------------------------

JOHN W STEWART, III; ANNETTE C STEWART; BRYAN D COLLINS; ALLYSON M
COLLINS; HERMAN R BERNARD, JR; CAROLA H BERNARD; LARRY BLACKWELL;
MELISSA MCGREW; JULES J COUSIN, JR; BEVERLY COUSIN; JOHN GAMBERI;
CONNIE GAMBERI; MARK KLINEDINST; LAURIE KLINEDINST; TERI PITTS; TRACY
PITTS; KEVIN SAMUEL; VICTORIA SAMUEL; DAVID G UNDERWOOD; LAUREN
UNDERWOOD; JEREMY WILLIAMS; SHAWANDA WILLIAMS

Plaintiffs - Appellants

v.

AMERICAN HOME PRODUCTS CORP, doing business as Wyeth; WYETH LABORATORIES; WYETH-AYERST; WYETH-AYERST LABORATORIES; WYETH LEDERLE LABORATORIES; WYTHER LEDERLE; WYETHER LEDERLE VACCINES AND 1CS1LEDERLE LABORATORIES; ABBOTT LABORATORIES; AMERICAN INTERNATIONAL CHEMICAL INC; AVENTIS PASTEUR INC, individually and as successor in interest to Connaught Laboratories, Inc; PASTEUR MERIEUX & PASTEUR MERIEUX CONNAUGHT; B F ASCHER & COMPANY INC; BAXTER INTERNATIONAL INC, individually and as successor in interest to North American Vaccine Inc; BIOPORT CORPORATION INC; EVANS MEDICAL LTD; DOLDER; ELI LILLEY & CO; MERCK AND COMPANY INC; SMITHKLINE BEECHAM CORP; BERT BRADFORD, MD; GULF COAST PEDIATRIC CLINIC; WALTER E DAWKINS, MD; OWEN LBB, MD; SARTIN'S DISCOUNT DRUGS INC; BRIAN STRETCH, doing business as Street Clinic, MD; VILLAGE PHARMACY; WYETH; JOHN DOES, 1-200, who are entities whose names and identities are otherwise unknown to the plaintiffs; JEFFREY CROUT, MD; proprietorships, corporations or other business entities; CHILDREN'S MEDICAL GROUP PA; RPK PHARMACEUTICALS

Defendants - Appellees

------------------------------

Appeals from the United States District Court for the
Southern District of Mississippi, Jackson

------------------------------

O R D E R:

IT IS ORDERED that the motion of Appellees Wyeth Lederle, Wyether Lederle, Wyether Lederle, Abbott Laboratories, Aventis Pasteur Inc, Baxter Intl Inc, Bioport Corp Inc, Merck and Company Inc, Elli Lilly & Co and Smithkline Beecham in 02-60736 and Appellees Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Labs, Wyeth Lederle, Wyther Lederle, Wyether Lederle, Abbott Laboratories, Aventis Pasteur Inc, Baxter Intl Inc, Bioport Corp Inc, Eli Lilley & Co, Merck and Co Inc, Smithkline Beecham, Wyeth in 02-60764 to stay the mandate pending the outcome of the petitions for rehearing en banc in this case and/or case 02-60782 Smallwood v. Illinois Central Railroad Company is *granted*.

_Emilio M. Garza_
EMILIO M. GARZA
UNITED STATES CIRCUIT JUDGE

MOT-21

United States Court of Appeals
Fifth Circuit

# F I L E D

December 19, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60782
_____

KELLI SMALLWOOD

Plaintiff-Appellant

versus

ILLINOIS CENTRAL RAILROAD COMPANY; MISSISSIPPI DEPARTMENT OF
TRANSPORTATION

Defendants-Appellees

- - - - -

Appeal from the United States District Court for the
Southern District of Mississippi

- - - - -

ON PETITIONS FOR REHEARING EN BANC

(Opinion August 7, 2003, 5 Cir., 2003, _____F.3d____)

BEFORE:  KING, Chief Judge, JOLLY, HIGGINBOTHAM, DAVIS, JONES,
         SMITH, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS,
         BENAVIDES, STEWART, DENNIS, CLEMENT and PRADO, Circuit
         Judges.

BY THE COURT:

    A member of the Court in active service having requested

a poll on the petition for rehearing en banc and a majority of

the judges in active service having voted in favor of granting a

rehearing en banc,

    IT IS ORDERED that this cause shall be reheard by the

court en banc with oral argument on a date hereafter to be fixed.

The Clerk will specify a briefing schedule for the filing of

supplemental briefs.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

AMANDA W. SAILE,                    §
                                    §
        Plaintiff,                  §
                                    §
vs.                                 §        C.A. NO. C-03-336
                                    §
AMERICAN HOME PRODUCTS CORP         §
d/b/a WYETH, et al.,                §
                                    §
        Defendants.                 §

United States District Court
Southern District of Texas
ENTERED

OCT 2 0 2003

Michael N. Milby, Clerk of Court

60.

## ORDER OF STAY

On this day came on to be considered the Court's jurisdiction
in the above-styled action.  This case was originally filed on June
27, 2003, in the 94th Judicial District Court of Nueces County,
Texas where it was assigned Cause No. 03-3987-C.  On September 5,
2003, Defendants removed the action asserting diversity
jurisdiction on the basis that the non-diverse Defendant was
fraudulently joined.

On September 19, 2003, Plaintiff filed a Motion to Remand
relying heavily on two recent Fifth Circuit cases: Collins v.
American Home Products Corp., 343 F.3d 765 (5th Cir. Sept. 9, 2003);
and Smallwood v. Illinois Central Railroad Co., 342 F.3d 400 (5th
Cir. Aug. 7, 2003).  Collins presents almost identical facts to
Plaintiffs case and suggests that remand is proper under a common
defense analysis. Collins, 343 F.3d at 768-769 (citing Smallwood,
342 F.3d at 405.)  However, as Defendants argue, the holdings of
Collins and Smallwood are not the mandate of the Fifth Circuit

because petitions for rehearing en banc have been filed in both cases. Fed. R. App. P. 41(d).

As aptly noted by the district court in <u>Boyd v. American Heritage Insurance Co.</u>,, if the Court applies the reasoning of <u>Collins</u> and remands the case, and the Fifth Circuit then vacates its holding in <u>Collins</u>, then "Defendants will have lost their right to litigate the case in federal court." <u>Boyd</u>, No. Civ.A.301CV890BN, 2003 WL 22175982, *2 (S.D. Miss. Sept. 19, 2003). So is true that if the Court disregards <u>Collins</u> and denies Plaintiff's Motion to Remand, and the Fifth Circuit upholds its decision in <u>Collins</u>, "then both this Court and the parties will have wasted valuable time and resources litigating a case that will ultimately require remand to state court." <u>Id.</u>

A court has discretion to control the course of the litigation before it, including the inherent authority to stay proceedings. <u>Rohan ex rel Gates v. Woodford</u>, 334 F.3d 803, 817 (9th Cir. 2003); <u>United States v. $9,041,598.68</u>, 163 F.3d 238, 251 (5th Cir. 1998). Furthermore, a court may <u>sua sponte</u> stay a proceeding. <u>Murphy v. Uncle Ben's, Inc.</u>, 168 F.3d 734, 737 (5th Cir. 1999).

Based on the uncertainty in this circuit as to the applicability of the "common defense" rule in removal, the Court hereby STAYS all proceedings in the above-styled action pending the Fifth Circuit's rulings on the petitions for rehearings en banc in <u>Collins</u> and/or <u>Smallwood</u>. The Court shall consider the pending

2

motions and reschedule the initial pre-trial conference and motion hearing after the Fifth Circuit has ruled in either <u>Collins</u> or <u>Smallwood</u>.

SIGNED and ENTERED this the ___ day of October, 2003.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

3

15:47 NOV 26, 2003                                                    #142571  PAGE: 2/4

**EOD**  NOV 2 6 2003

ILED - CLERK
. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT  2009 NOV 24  PM 3:31

FOR THE EASTERN DISTRICT OF TEXAS     TX EASTERN-BEAUMONT.

BEAUMONT DIVISION        BY _____

| | | |
|---|---|---|
| MICHAEL L. JONES and RHONDA L. | § | |
| JONES, Each Individually and as Next | § | |
| Friends of KRISTIN M. JONES, a Minor | § | |
| | § | |
| VS. | § | Case No.  1:03-CV-657 |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION d/b/a WYETH, ET AL. | § | |

**ORDER OF STAY**

Before the court is Plaintiffs' Motion to Remand. [Doc. #21] The case was filed on

June 27, 2003, in the 172 District Court, Jefferson County, Texas. The case was removed to this

court on September 4, 2003, on the grounds of diversity. Defendants assert that the three in-state

defendants, frequently referred to in the pleadings as the "Healthcare Defendants" (Dr. Kayani,

Christus Health Southeast Texas d/b/a/ Christis St. Elizabeth Hospital, and Christis Health) were

fraudulently joined.

Plaintiffs argue that any claimed immunity of the Healthcare Defendants under the

Vaccine Act is a "common defense" and is insufficient to establish fraudulent joinder. This

proposition is supported by *Smallwood v. Illinois Cent. R.R. Co.*, 342 F.3d 400 (5th Cir. 2003).

Even more recently, and more directly on point, since it involves many of the same defendants in

a very similar vaccine case, is the decision in *Collins v. Am. Home Prod. Corp.*, 343 F.3d 765 (5th

Cir. 2003).

62

If *Collins* and *Smallwood* were settled law, and the Vaccine Act common defense theory was the only issue before the court, then the rulings in those cases would control and this case would be remanded. However, petitions for rehearing *en banc* have been filed in both cases and the Court of Appeals has by order filed October 9, 2003, stayed the mandate pending the outcome of the petitions for rehearing.

This court will, therefore, adopt the reasoning and analysis of the Hon. Janis Graham Jack, United States District Judge, in a case before that court, *Saile v. Am. Home Prod. Corp.,* #C-03-336, (S. D. Tex. October 20, 2003). If the Fifth Circuit vacates its holdings in *Collins* and *Smallwood,* then a remand by this court will have deprived defendants of their right to litigate the case in federal court. On the other hand, if this court disregards *Collins* and *Smallwood* and denies the motion to remand, then time and resources could be wasted litigating a matter in which remand could be mandated if the *en banc* court upholds the *Collins* and *Smallwood* decisions.[1]

It is, therefore, ORDERED that all proceedings in the above-styled action are STAYED until further order of this court, or until the Fifth Circuit has ruled on the petitions for rehearing *en banc* in *Collins* and *Smallwood,* with the exception that, to avoid further delay and waste of time regardless of the eventual ruling, plaintiff shall file, within 90 days of this order, an expert report or reports on the issues of liability and causation as to each of the "Healthcare Defendants" in accordance with the procedures set out in Tex. Rev. Civ. Stat. Art. 4590i §13.01(i)(j) and

---

[1]The court notes that even if the *Collins* and *Smallwood* decisions are upheld, defendants have argued that the limitations of liability provided by Tex. Rev. Civ. Stat. and Art 4590i and Tex. Fam. Code § 32.103 would bar any recovery against the Healthcare Defendant so they would still be fraudulently joined. This issue need not be considered until after the Court of Appeals has ruled.

15:49 NOV 26, 2003                TEL NO: 5901015              #142571  PAGE: 4/4

(r)(5) and (6).  Regardless of which court this case ends up in, such information would advance the efficient disposition of the case.[2]

Signed this the *24th* day of November, 2003.

Ron Clark, United States District Judge

---

[2]Article 4950i was repealed effective September 1, 2003, and replaced with Tex. Civ. Proc. & Rem. Code §74.001 et seq.  However Art. 4950i governs in cases such as this one, which was filed before September 1, 2003.  *See* Medical Liability Act, 78 Leg., R.S., Ch. 204, §23.03(d), 2003 Tex. Gen. Laws.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 2 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually | § | |
| and as Next Friend of Jeremiah | § | |
| Ramirez, a minor | § | |
| **Plaintiffs** | § | |
| | § | |
| v. | § | C.A. No. B-03-155 |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL. | § | |
| **Defendants** | § | |
| | § | |

## ORDER OF STAY

BE IT REMEMBERED that on December 16, 2003, the Court **STAYED** this case until the Fifth Circuit has rendered a final mandate in the case of Collins v. American Home Prod. Corp., 343 F.3d 765 (5th Cir. 2003).

Currently pending before this Court is Plaintiffs' Motion to Remand [Dkt. No. 16] and several motions to dismiss filed collectively and individually by Defendants [Dkt. Nos. 5, 6, 23, & 48]. This case was originally filed in the 107th Judicial District Court of Cameron County, Texas on June 27, 2003. Defendants removed the case on September 3, 2003, on the basis of diversity jurisdiction. See 28 U.S.C. §§1332; 1441(a). Defendants argued in their Notice of Removal that two healthcare provider Defendants, Drs. Oralia T. Wells and Eloisa T. Gonzalez, were fraudulently joined for the purpose of defeating federal jurisdiction.

Plaintiffs argue that pursuant to a recent Fifth Circuit case, this Court must remand the case to state court. In a recent panel decision by the Fifth Circuit, which involved nearly identical facts and procedural background, the Court held when a so-called common defense applies to both diverse and non-diverse defendants, remand is the appropriate course for a district court to follow, rather than expanding a jurisdictional inquiry into one based on the merits. See Collins, 343 F.3d 765.

Collins has not become settled law because a petition for rehearing en banc has

been filed, and the Fifth Circuit has stayed the mandate pending resolution of the
petition for rehearing. See Fed. R. App. P. 41(d). Because the common defense
theory in the context of the Vaccine Act is at issue in this case, as it is in Collins, this
Court will delay ruling on Plaintiffs' Motion to Remand until a mandate becomes final.[1]
In this respect, this Court follows the reasoning and analysis employed in other district
courts in the Southern and Eastern Districts of Texas. See Saile v. American Home
Prod. Corp., cause no. C-03-336 (S.D. Tex. Oct. 20, 2003) (J. Janis Graham Jack,
Order of Stay); Jones v. American Home Prod. Corp., cause no. 1: 03-657 (E.D. Tex.
Nov. 24, 2003) (J. Ron Clark, Order of Stay).

Accordingly, it is **ORDERED** that all proceedings in the above captioned case are
**STAYED** until the Fifth Circuit has issued a final mandate in the Collins case, or until
further order of this Court.

DONE this 16th day of December, 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

---

[1]The Court is aware that Defendants have also argued that regardless of the common
defense theory and the final outcome of the Collins case, there is no reasonable possibility of
recovery against the healthcare provider defendants under Texas law. Nevertheless, the Court
stream lines the process of reviewing Plaintiffs' and Defendants' motions by awaiting a final
decision by the Fifth Circuit.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

STACEY PAQUIN, Individually and as      )
Next friend of Jay Anthony Dolloff,      )
                                         )
                   Plaintiff,            )
                                         )
v.                                       )
                                         )
AMERICAN HOME PRODUCTS, et al.,          )
                                         )   Civil Action No.
                   Defendants.           )   5:03-CV-309-C

**NORTHERN DISTRICT OF TEXAS**
**FILED**

**JAN 27 2004**

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

## <u>ORDER</u>

On this date the Court considered Stacey Paquin's ("Plaintiff") Motion to Remand filed

December 24, 2003. The Court further considered Defendant Eli Lilly and Company's

("Defendant Lilly") Amended Notice of Removal filed December 15, 2003, and Defendant

Lilly's Opposition to Remand filed January 14, 2004.

The Court finds that uncertainty exists within this circuit regarding the "common

defense" rule in removal and remand, pending the Fifth Circuit's *en banc* determination of

*Smallwood v. Illinois Central Railroad Co.*, 342 F.3d 400 (5th Cir. 2003) and/or *Collins v.*

*American Home Products Corporation*, 343 F.3d 765 (5th Cir. 2003).

Therefore, to manage the Court's docket more efficiently, the Court is of the opinion that

all pending motions should be denied without prejudice to refiling and that the above-styled and



-numbered cause should be administratively closed without prejudice to being reopened upon the

filing of a proper motion after a final ruling in *Smallwood* and/or *Collins*.

SO ORDERED.

Dated this ⟍27th⟍ day of January, 2004.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

2

56

**HONORABLE RICARDO H. HINOJOSA, JUDGE PRESIDING**

United States District Court
Southern District of Texas
FILED

FEB 0 5 2004

Michael N. Milby, Clerk of Court

COURTROOM CLERK:    Sylvia S. Martinez
ELEC REC OPER:    Tony Tijerina
LAW CLERK:
INTERPRETER:
CONVENE    p.m.    ADJOURN    p.m.    DATE: February 5, 2004

CIVIL ACTION NO. M-03-390

JESUS SAUCEDO, et al.                    COUNSEL: DERRICK S. BOYD

v.

AMERICAN HOME PRODUCTS            COUNSEL:  SUSAN BURNETT/
                                                         JEFF LILLY/
                                                         ANA LISA GARZA
AVENTIS PASTEUR, INC.                    COUNSEL: BRAD WOLFF/
                                                         MIGUEL WISE
DOW CHEMICAL COMPANY            COUNSEL: LAURENCE HAMPTON
ELI LILLY AND COMPANY            COUNSEL: SCOTT MICHELMAN
MERCK & CO., INC.                    COUNSEL: DOUG ROBERSON

## MINUTES OF HEARING

Case is called on the docket. All present. After some discussion the Court re-sets this case for July 9, 2004 at 2:30 p.m.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 2 2004

50 Michael N. Milby, Clerk of Court

| | |
|---|---|
| THERESE CASSIDY, Individually and as | § |
| Next Friend of MICHAEL ANTHONY | § |
| CASSIDY, et al., | § |
|     Plaintiffs, | § |
| v. | §    C.A. No. C-03-573 |
| | § |
| AMERICAN HOME PRODUCTS d/b/a | § |
| WYETH, et al., | § |
|     Defendants. | § |

## ORDER OF STAY

The Court will await the Fifth Circuit's final determination in *Collins ex rel.*

*Collins v. American Home Products Corp.* before ruling on the motion to remand in this

case. Therefore, all pending motions in this case are administratively stayed. There shall

be no further filings, except for unopposed filings reached by agreement of the parties,

without permission of the Court. Such unopposed filings may be filed without first

seeking leave of the Court.

ORDERED this the _____10_____ of ___Feb___, 2004.

H.W. HEAD, JR.
CHIEF JUDGE

FEB 1 3 2004

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACY LUCIO, Individually and as Next | § | |
| Friend of JUSTIN LUCIO, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. C-03-520 |
| | § | |
| AMERICAN HOME PRODUCTS d/b/a | § | |
| WYETH, et al., | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
ENTERED

FEB 1 2 2004

74  Michael N. Milby, Clerk of Court

### ORDER OF STAY

The Court will await the Fifth Circuit's final determination in *Collins ex rel.*

*Collins v. American Home Products Corp.* before ruling on the motion to remand in this

case. Therefore, all pending motions in this case are administratively stayed. There shall

be no further filings, except for unopposed filings reached by agreement of the parties,

without permission of the Court. Such unopposed filings may be filed without first

seeking leave of the Court.

ORDERED this the _____ *10* _____ of _____ *Feb* _____, 2004.

_____

H.W. HEAD, JR.
CHIEF JUDGE

FEB 1 3 2004