IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL TORRES AND DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, ET AL, | § § § § | |
| Plaintiffs, | § § | |
| V. | § | C.A. No. B-03-222 |
| AMERICAN HOME PRODUCTS, et al., | § § § | |
| Defendants. | § § | |

### VACCINE DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

The Vaccine Defendants[1] submit this memorandum of law to inform the Court of recent developments in the Fifth Circuit, and to explain how new rulings from the court of appeals support their opposition to the pending motion to remand.

### INTRODUCTION

On September 10, 2004, the Fifth Circuit issued a decision *en banc* in *Smallwood v. Ill. Cent. R.R. Co.*, 2004 WL 2011408 (5th Cir. Sept. 10, 2004) (en banc). The *Smallwood* majority held that

> when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant *equally disposes of all defendants,* there is no improper joinder of the in-state defendant [and,] in such a situation, the entire suit must be remanded.

*Smallwood v. Ill. Cent. R.R. Co.*, 2004 WL 2011408, *2-3 (5th Cir. Sept. 10, 2004) (en banc) (emphasis added).

---

[1] The "Vaccine Defendants" are Aventis Pasteur Inc., Baxter International, Inc., Merck & Co., Inc., SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named as GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corp.), and Wyeth. In addition, The Dow Chemical Company also joins in and adopts this response.

30803608.1

1

Critical to the proper application of *Smallwood*, the Fifth Circuit also recently decided an appeal involving a claim of injury allegedly attributable to the thimerosal preservative in FDA-approved vaccines. In *Moss v. Merck & Co.*, No. 03-30958, 2004 U.S. App. LEXIS 17011, *4-7 (5th Cir. Aug. 16, 2004), the Fifth Circuit held that Eli Lilly & Company, named as a defendant because it made thimerosal in the past and not because it made vaccines, was not a "vaccine manufacturer" and could not avail itself of the Vaccine Act jurisdictional defenses pleaded by the vaccine manufacturer defendants. Following *Moss*, the "common defense" rule would not defeat Vaccine Defendants' removal of a thimerosal case predicated on improper joinder, where Lilly or other defendants similarly situated could not rely on the Vaccine Act jurisdictional bar as a common defense with the Vaccine Defendants and in-state vaccine administrators.

Collectively, these two rulings demonstrate that this Court properly has jurisdiction over the removed action, and that the Court should deny plaintiffs' motion to remand.

## BACKGROUND

In their Original Petition, plaintiffs sued non-diverse defendants Oribi, Inc. ("Oribi"), Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists ("Oribi") – which they claimed distributed thimerosal-containing vaccines or component parts of such vaccines. In their First Amended Complaint, Plaintiffs included allegations against non-diverse healthcare defendants ABC Pediatrics and Yogesh Trakru. On December 23, 2003, Plaintiffs moved to remand, arguing that the Court lacked diversity jurisdiction. Prior to Plaintiffs' motion for remand, Defendants moved to dismiss this action or alternatively stay the claims, which motion to dismiss was renewed on February 27, 2004. On March 23, 2004, this Court stayed this case until a mandate becomes final in *Collins*. Recent developments in *Collins* and other related cases

have prompted the filing of this Supplemental Memorandum of Law urging the Court to deny Plaintiffs pending motion for remand.

## ARGUMENT

I. **The Common Defense Bar To Removal Does Not Apply Because The Vaccine Act Jurisdictional Defense Does Not Cover Defendant Lilly**

    A. **Under Fifth Circuit's *Moss* Ruling, Lilly Is Not A Vaccine Manufacturer, And Cannot Assert Any Defenses Based On The Vaccine Act**

The Fifth Circuit's *en banc* narrowly-articulated ruling in *Smallwood* does not compel remand of this case. *See Smallwood v. Ill. Cent. R.R. Co.*, 2004 WL 2011408 (5th Cir. Sept. 10, 2004) (en banc).[2]  To the contrary: the common defense rule *Smallwood* defined does not apply here because the defense at issue here does not apply to all defendants.

The *Smallwood* majority held that the "common defense" rule "applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant *and that showing is equally dispositive of all defendants."* *Smallwood*, 2004 WL 2011408 at *18. No such showing can be made here. The procedural defenses available to the Vaccine Defendants and the non-diverse healthcare defendants under the Act are not equally dispositive of the claims against Lilly, a defendant in this case. Eli Lilly & Company is sued here as a manufacturer of the preservative thimerosal and, under *Moss*, Lilly is therefore not a "vaccine manufacturer" entitled to the protections of the National Childhood Vaccine Injury Act of 1986. *Moss v. Merck & Co.*, No. 03-30958, 2004 U.S. App. LEXIS 17011, *4-7 (5th Cir. Aug. 16, 2004) ("Under the plain meaning of the Vaccine Act, Eli Lilly is not a vaccine manufacturer . . ."). The *Moss* Court read the Vaccine Act to apply only to vaccine-related

---

[2] On September 17, 2004, the *Smallwood* defendants each moved to stay issuance of the mandate pending filing a petition for a writ of certiorari. The Fifth Circuit has not issued the mandate in *Smallwood*.

30803608.1

3

lawsuits brought against a "vaccine administrator or manufacturer." *Id.* at *4 (citing the Vaccine Act, 42 U.S.C. § 300aa-11(a)(2)(A)). Therefore, the Court held that the Act's tort ban – the way the jurisdictional defense is implemented to protect Vaccine Defendants – does not bar suit against Eli Lilly. *Id.*

Together, these two rulings show that this Court properly has jurisdiction over the removed action, and that the Court should deny plaintiffs' motion to remand when reached because the procedural defenses available to the Vaccine Defendants and the non-diverse healthcare defendants under the Act are not equally dispositive of the claims against Lilly, a defendant in this case. *See, e.g., McDonal, Mabel v. Abbott Laboratories*, No. 3:02-cv-78WS ("Order") (S.D. Miss. Sept. 28, 2004) (Exhibit 1). In *Mabel McDonal*, Judge Henry T. Wingate of the United States District Court for the Southern District of Mississippi determined that the Vaccine Act jurisdictional defense is not a "common defense" because it does not apply to the manufacturers of thimerosal, like, for example, Eli Lilly. Judge Wingate considered motions to dismiss virtually identical to those presented in the instant case, involving the same allegations about thimerosal used as a preservative in childhood vaccines, and involving the same types of defendants at issue here — non-diverse healthcare defendants, diverse manufacturers of thimerosal, and diverse manufacturers of vaccines. *Id.* at 12-13.

> **B.   The Fifth Circuit Has Yet To Explicitly Consider The Combined Effect Of *Moss* And *Smallwood* On Removal Jurisdiction In Thimerosal Cases Where Lilly Is A Defendant**

Although the *Mabel McDonal* plaintiffs' claims against the diverse vaccine manufacturers are subject to the Vaccine Act, as are their claims against the non-diverse healthcare defendants, their remaining claims against the diverse defendants who manufacture thimerosal are not barred by the Vaccine Act: ***"the defendants' showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state***

4

*defendant applies only to the vaccine manufacturers and administrators, not to the manufacturers of Thimerosal."* *Id.* (emphasis added). Recognizing that the narrowly-articulated ruling in *Smallwood* does not apply to the case, Judge Wingate denied the plaintiffs' motion to remand and dismissed the plaintiffs' claims against the diverse vaccine manufacturers and the non-diverse healthcare defendants because these claims are barred by the Vaccine Act. *Id.* at 13.

Judge Wingate also recently denied a motion to remand in a nearly identical case alleging vaccine-related injury, and dismissed the claims against the vaccine manufacturers and the non-diverse healthcare defendants for the exact same reason as he did so in *McDonal*. *See Robinson v. American Home Products Corp.*, No. 3:03-cv-1076WS ("Order") (S.D. Miss. Sept. 30, 2004) (Exhibit 2).

Signaling that the "common defense" rule will not dictate the jurisdictional outcome of vaccine-related injury cases, a panel of the Fifth Circuit has recently requested supplemental briefing on the applicability of *Smallwood* in the context of a Vaccine Act removal. *McDonal, Jamielee v. Abbott Laboratories*, No. 02-60773 (September 27, 2004 Letter Requesting Briefing) (5th Cir.) (Exhibit 3). In *Jamielee McDonal*, a thimerosal-containing vaccine case that presents the same jurisdictional questions that are raised here, the Fifth Circuit has given the parties until October 12, 2004 to file supplemental briefing addressing *Smallwood*'s effect on the outcome of that case. *Id.* The Fifth Circuit's call for supplemental briefing in *Jamielee McDonal* indicates that at least one panel of the Fifth Circuit is seeking to have the common defense issue further addressed in cases that raise *Smallwood* jurisdictional issues in an identical Vaccine Act context as that presented here.

Another panel of the Fifth Circuit has handled the *Smallwood* jurisdictional issue differently from the *Jamielee McDonal* panel, but that was because it failed to account for the

30803608.1

*Moss* decision that affirmatively held that thimerosal manufacturers are not vaccine manufacturers under the Vaccine Act. *See Collins v. American Home Products Corp.*, 343 F.3d 765, 768-9 (5th Cir. 2003) (consolidated with *Stewart v. American Home Products Corp.*, No. 02-607644). That panel's approach does not control here because it does not reflect any consideration of *Moss*. In *Collins* and *Stewart*, the Fifth Circuit considered the common defense issue in two removed thimerosal cases and, *in 2003*, issued its decision that the cases should be remanded based on the original panel decision in *Smallwood*. A petition for rehearing and rehearing *en banc* was filed, and the Fifth Circuit stayed issuance of the mandate in *Collins* and *Stewart* pending the *en banc* decision in *Smallwood*. Plainly, the *Collins* and *Stewart* ruling did not consider the impact of *Moss* – which was decided in *August 2004*.

On October 4, 2004, the Fifth Circuit denied the pending petitions for rehearing in *Collins* and *Stewart*.[3] Nothing in the Court's action, however, suggests that it gave any consideration to *Moss*.[4] By contrast, Judge Wingate's *Mabel McDonal* and *Robinson* orders, discussed above, relied upon the same reasoned arguments *Moss* provided when he denied the motions to remand and dismissed the claims against the vaccine manufacturers. It remains open for the *Jamielee McDonal* panel of the Fifth Circuit, which has specifically asked for supplemental briefing, to address the interaction of *Moss* and *Smallwood* and provide further guidance to the district courts.

---

[3] On October 6, 2004, the Vaccine Defendants in *Collins* and *Stewart* moved under Fed. R. App. P. 41 for a stay of the mandate pending the filing of a petition for certiorari. The Fifth Circuit has not issued the mandate in *Collins* and *Stewart*.

[4] The Vaccine Defendants in *Collins* submitted a supplemental authority letter, pursuant to Fed. R. App. P. 28(j), to bring the *Moss* ruling specifically to the attention of the *Collins* panel. The order denying the pending petitions apparently issued before the Vaccine Defendants' letter was received by the panel.

30803608.1

6

Defendants respectfully request that this Court follow Judge Wingate's reasoning and deny plaintiffs' motion to remand. At the very least, pending the final outcome of the *Smallwood, Collins, Stewart* and *Jamielee McDonal* cases, until the mandates issue in all of those matters, and these important questions of federal court jurisdiction are resolved, the Vaccine Defendants submit that a stay of this action should remain in place.

## CONCLUSION

For the reasons stated above, the Vaccine Defendants submit that Plaintiffs' Motion to Remand be DENIED.

Respectfully submitted,

By _____
Jeffrey S. Wolff
State Bar No. 21865900
Southern District I.D. No. 1392
Fulbright & Jaworski L.L.P.
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: 713.651.5151
Facsimile: 713.651.5246

Attorney-In-Charge for Defendant
SmithKline Beecham Corporation d/b/a
GlaxoSmithKline

30803608.1

7

OF COUNSEL:
Stephanie A. Smith
  State Bar No. 18684200
  Southern District I.D. No. 20008
Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701
Telephone: 512.474.5201
Facsimile: 512.536.4598

Charles Jason Rother
  State Bar No. 24013423
  Southern District I.D. No. 25742
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713.651.5151
Facsimile: 713.651.5246

Jose E. Garcia
  State Bar No. 07636780
  Southern District I.D. No. 3934
Garcia & Villarreal, L.L.P.
4311 North. McColl Road
McAllen, Texas 78504
Telephone: 956.630.0081
Facsimile: 956.630.3631

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure to counsel for Plaintiffs and to all other counsel and parties via first class U.S. mail on this 13th day of October, 2004, as follows:

Steve Tilden Hastings
Hastings Law Firm
101 North Shoreline, Suite 430
Corpus Christi, Texas 78401
*and*
Michael A. Simpson
Derrick S Boyd
Simpson, Boyd & Powers, P.L.L.C.
105 North State Street, Suite B
P.O. Box 957
Decatur, Texas 76234
*and*
Greg McCarthy
Miller & McCarthy
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219

**Counsel for Plaintiffs**

M. Diane Owens
Bradley S. Wolff
Swift, Currie, McGhee & Hiers, L.L.P.
1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309-3238
*and*
Wade Lowrie McClure
Gibson, McClure, Wallace & Daniels, L.L.P.
8080 North Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1838
*and*
Miguel Wise
Miguel Wise, P.C.
134 W. 5th Street
Weslaco, TX 78596

Richard L. Josephson
Paul R. Elliott
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
**Counsel for Defendant**
**Merck & Co., Inc.**

M. Scott Michelman
Debbie Moeller
Shook, Hardy & Bacon, LLP
600 Travis Street, Suite 1600
Houston, Texas 77002-2911
*and*
Jeffrey A. Kruse
Shook, Hardy & Bacon
2555 Grand Boulevard
Kansas City, MO 64108-2613
**Counsel for Defendant**
**Eli Lilly and Company**

David Michael Macdonald
McCauley, Macdonald & Devin
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2014
**Counsel for Defendant**
**Sigma Aldrich**

Matthew Hand
Brown & Fortunato, P.C.
P.O. Box 9418
Amarillo, Texas 79105
**Counsel for Defendant**
**Oribi, Inc. Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and d/b/a National Association of Compounding Pharmacists**

30803608.1

*and*
R. Jo Reser
Davidson & Troilo, P.C.
7550 IH-10 West
San Antonio, Texas 78229
**Counsel for Defendant**
**Aventis Pasteur Inc., f/k/a Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught**

Alan B. Daughtry
Vinson & Elkins LLP
1001 Fannin, Suite 2300
Houston, Texas 77002
*and*
Lee Davis Thames
Butler, Snow, O'Mara, Stevens & Cannada
P O Box 22567
Jackson, Mississippi 39225-2567
**Counsel for Defendant**
**Baxter International, Inc.**

John R Gilbert
Gilbert & Gilbert
P.O. Box 1819
222 N. Velasco St.
Angleton, Texas 77516
**Counsel for Defendant**
**Dow Chemical Company**

Michael R. Klatt
Susan E. Burnett
Clark, Thomas & Winters
P.O. Box 1148
Austin, Texas 78767
**Counsel for Defendant**
**Wyeth (f/k/a American Home Products)**

_____
Jeffrey S. Wolff