B-03 CV 222

FILED
SEP 28 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MABEL ANNETTE HUGHES MCDONAL, ET AL      PLAINTIFFS

V.      CIVIL ACTION NO. 3:02-cv-78WS

ABBOTT LABORATORIES, ET AL.      DEFENDANTS

## ORDER

Before this court is the motion of the plaintiffs asking this court to remand this lawsuit to the Circuit Court of Hinds County, Mississippi. Plaintiffs bring their motion to remand under the authority of Title 28 U.S.C. § 1447(c).[1] Plaintiffs here are Mable Annette Hughes McDonal and Darryl A. McDonal, the parents of Jamielee Hughes McDonal, a minor child. By this lawsuit filed in state court on January 11, 2002, plaintiffs sue the various manufacturers of childhood vaccines which contain the preservative Thimerosal;[2] the pharmaceutical companies that dispensed those vaccines; the physicians who prescribed them; and River Oaks Hospital of Jackson, Mississippi. Plaintiffs, the defendant physicians, and River Oaks Hospital are all

---

[1] Title 28 U.S.C. § 1447 provides in pertinent part: (c) A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and nay actual expenses including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

[2] Thimerosal is a mercury-containing organic compound which has been used widely as a preservative in a number of biological and drug products, including many vaccines, to help prevent potentially life threatening contamination from harmful microbes. See United States Food & Drug Administration Vaccine Adverse Event Reporting System (VAERS).

citizens of the State of Mississippi. Charging in their First Amended Complaint that the minor plaintiff Jamielee Hughes McDonal now suffers from mercury poisoning resulting from the injections of childhood vaccines preserved with thimerosal, the plaintiffs assert causes of action for strict liability, negligence, gross negligence, breach of implied warranty and medical malpractice under state law. Plaintiffs seek future costs and expenses relating to the medical treatment of Jamielee Hughs McDonal, lost wages, damages for emotional distress, and damages for loss of consortium. Plaintiffs also seek punitive damages and attorney fees.[3]

Plaintiffs' complaint alleges no specific claims under federal law. Moreover, the plaintiffs specifically deny that any part of this case is subject to the National Childhood Vaccine Injury Act, Title 42 U.S.C. § 300aa-11(2)(A)[4] referred to as the "Vaccine Act" because, say plaintiffs, the substance Thimerosal is not covered by the Vaccine Act since it is an adulterant or contaminant intentionally added to the vaccines which allegedly injured Jamielee Hughes McDonal.

---

[3]The plaintiffs have not limited their claims against the vaccine manufacturers and administrators to any amount below $1000.00.

[4]Title 42 U.S.C. § 300aa-11(2)(A) provides in pertinent part that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount *against a vaccine administrator or manufacturer in a State or Federal court for damages* arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition has been filed, in accordance with section 300aa-16 of this title, for compensation under the Program for such injury or death and -- (i)(I) the United States Court of Federal Claims has issued a judgment under section 300aa-12 of this title on such petition.

Thus, say plaintiffs, this court lacks subject matter jurisdiction either under diversity of citizenship, Title 28 U.S.C. § 1332,[5] or under Title 28 U.S.C. § 1331[6], federal question jurisdiction, to exercise jurisdiction here. Accordingly, say plaintiffs, this court should grant their motion for remand.

This lawsuit was removed to federal court by defendant Eli Lilly & Company pursuant to Title 28 U.S.C. § 1441(a).[7] Joining in this removal are the defendants Abbott Laboratories, Inc.; Aventis Pastuer, Inc., individually and as successor to Connaught; Baxter International, Inc.; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Merck & Company, Inc.; and Sigma Aldrich. The non-diverse defendants Mitizi Ferguson, M.D.; Leslie Lamar Jones, M.D.; and River Oaks Hospital, did not join in the removal, an act not required since they are identified as fraudulently joined defendants. *Tedder v. F.M.C. Corporation*, 590 F.2d 115, 117 (5th Cir. 1979) (noting that the citizenship of non-diverse defendants will be disregarded for purposes of determining removability).

The removing defendants contend that this court has subject matter jurisdiction over this case under the authority of Title 28 U.S.C. § 1332, diversity of citizenship, on

---

[5]Title 28 U.S.C. § 1332(a) provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; ..."

[6]Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[7]Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3

the basis that the non-diverse defendants, River Oaks Hospital and Drs. Ferguson and Jones, all residents of Mississippi, were fraudulently joined in order to defeat this court's subject matter jurisdiction. Other defendants, namely Wyeth, in all its various forms such as American Home Products, Wyeth-Ayerst etc., Emerck, GDL International, Inc., GlaxoSmithKline Belgium, King Pharmaceuticals, Medeve Pharmaceuticals, Inc., Spectrum Chemical Manufacturing Corporation, and Urquima, who were not served with process at the time of this removal, also did not join in the removal, which, say the removing defendants, is not required. *See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993); *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir. 1992); and *McKnight v. Illinois Cent. R.R.*, 967 F.Supp. 182, 185 n. 6 (E.D. La. 1997) (a defendant who has not been properly served need not consent to the notice of removal).

The removing defendants also contend that this court has subject matter jurisdiction over this case predicated on Title 28 U.S.C. § 1331, federal question, because the plaintiffs' claims are governed by the provisions of Title 42 U.S.C. § 300aa-1 *et seq.*, the Vaccine Act, at least with regard to the pediatricians, the hospital, and the manufacturers of vaccines, namely defendants Aventis Pasteur, GlaxoSmithKline, and Merck.

So, the instant case presents two sets of diverse defendants, and one set of non-diverse defendants. One group of diverse defendants, such as Eli Lilly and Sigma Aldrich, are manufacturers of Thimerosal, while the other group, namely Aventis Pasteur, GlaxoSmithKline, and Merck manufactures vaccines. The non-diverse defendants are two pediatricians and a hospital. Some of the plaintiffs' claims are

4

against vaccine manufacturers and administrators, while the rest of the plaintiffs' claims are against the manufacturers of the preservative Thimerosal. The manufacturers of vaccines, the physicians and the hospital (administrators of vaccines) all claiming to be covered by the Vaccine Act, contend that the plaintiffs' claims against them must be presented to the Federal Court of Claims (Vaccine Court) pursuant to the Vaccine Act.

The parties also have appeared for hearings before this court to address the impact of the decision of the United States Court of Appeals for the Fifth Circuit in *Smallwood v. Illinois Central R. Co.*, 342 F.3d 400 (5th Cir. 2003). *Smallwood* addresses an aspect of removal and remand jurisprudence.

## REMOVAL AND REMAND STANDARDS

Generally, "the remand of a case that has been removed to federal court is governed by statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c)." *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993). Section 1441(c) provides that, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question jurisdiction], is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates." Section 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. These two

5

sections provide district courts with the general authority to remand a case over which there is no subject matter jurisdiction. *See Buchner*, 981 F.2d at 819.

In order to determine whether a case has been removed properly to federal court on the basis of federal question jurisdiction, this court examines plaintiff's complaint under the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Under that doctrine, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Of course, a plaintiff may choose to forgo federal claims in order to prevent removal. "The [well-pleaded complaint] rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "When a party has a choice between federal and state law claims, the party may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Medina v. Ramsey Steel Company*, 238 F.3d 674, 680 (5th Cir. 2001).

Whether on the basis for federal question or diversity, the removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Insurance Company*, 882 F.2d 187, 190 (5th Cir. 1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). Where the removing party alleges diversity of citizenship jurisdiction on the basis of improper joinder, it must prove the basis for improper joinder (formerly fraudulent joinder). *Laughlin*, 882 F.2d at 190;

6

*Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish improper joinder, the removing party must prove: (1) that there was actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (citations omitted); *Burden v. General Dynamics Corporation*, 60 F.3d 213, 217 (5th Cir. 1995); *Cavallini v. State Farm Mutual Auto Insurance Company*, 44 F.3d 256, 259 (5th Cir. 1995).

In order to determine the propriety of removal, this court may "pierce the pleadings" of the complaint and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini*, 44 F.3d at 256; *LeJeune v. Shell Oil Company*, 950 F.2d 267, 271 (5th Cir. 1992). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Board of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). *See also Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000) (finding that the "mere theoretical possibility of recovery under local law" does not preclude removal. "[T]here must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder."). Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

In *Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL 2047314 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782), the United States Court of Appeals for the Fifth

7

Circuit held that there is no improper joinder of an in-state defendant with a diverse defendant where the showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant applies equally to dispose of the plaintiff's claims against all the defendants (common claim or defense).

This court first shall address the scope of the Vaccine Act, and then the matter of *Smallwood's* impact on this case.

### THE VACCINE ACT

Specifically crafted for manufacturers and administrators of vaccine, the Vaccine Act establishes a no-fault compensation Program, designed to curb the time and expense of traditional tort litigation. Congress envisioned a system where awards to an injured vaccinee or a person suing on the vaccinee's behalf were to be "made quickly, easily, and with certainty and generosity." *Knudsen v. Secretary of HHS*, 35 F.3d 543, 549 (Fed.Cir. 1994) (quoting H.R.Rep. No. 99-908, at 3, reprinted in 1986 U.S.C.C.A.N. 6344, 6344). *See also Shalala v. Whitecotton*, 514 U.S. 268, 270, 115 S.Ct. 1477, 131 L.Ed.2d 374 (1995).

The Vaccine Act directs an individual who is injured by a vaccine to file a Program petition in the Federal Court of Claims against the United States government, namely the Secretary for the Department of Health and Human Services, rather than against the vaccine manufacturers who provide the vaccines to doctors, and against hospitals who administer the vaccines. As the Federal Circuit recognized, the Vaccine Program "stems from Congress's recognition that '[w]hile most of the Nation's children enjoy great benefit from immunization programs, a small but significant number have been gravely injured.'" *Knudsen*, 35 F.3d at 549 (quoting H.R.Rep. No.

8

99-908, at 4, reprinted in 1986 U.S.C.C.A.N. at 6345). All persons alleging a vaccine-related injury are entitled to take advantage of the Program's "streamlined" process.

Significantly, the Vaccine Act prohibits a victim of a vaccine-related injury or death from filing a civil action for damages of more than $1,000 against a vaccine manufacturer or an administrator unless the victim first files a petition in Vaccine Court pursuant to the Vaccine Act. See Title 42 U.S.C. § 300aa-11(a)(2)(A).[8] If the victim of a vaccine-related injury or death first files a civil action in either state or federal court, "the court shall dismiss the action." Title 42 U.S.C. § 300aa(a)(2)(B)[9] and § 11(a)(3).[10]

The plaintiffs claim that since Thimerosal is an adulterant or contaminant, it is not covered by the Vaccine Act. This court disagrees for the reasons that follow.

### THE THIMEROSAL CLAIMS ARE VACCINE RELATED

Federal courts addressing this issue have decided that Thimerosal is not an "adulterant" or "contaminant" within the meaning of the Vaccine Act and, therefore,

---

[8]Title 42 U.S.C. § 300aa-11(a)(2)(A) provides that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988 ... ."

[9]Title 42 U.S.C. § 300aa-11(a)(2)(B) provides in part that "[i]f a civil action which is barred under subparagraph (A) is filed in a State or Federal court, the court shall dismiss the action."

[10]Section 11(a)(3) provides that "[n]o vaccine administrator or manufacturer may be made a party to a civil action (other than a civil action which may be brought under paragraph (2)) for damages for a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988."

9

lawsuits for injuries allegedly resulting from the use of Thimerosal in vaccines are not excluded from being heard by special masters in the United States Court of Federal Claims. *See, e.g., Liu v. Aventis Pasteur, Inc.*, 219 F.Supp.2d 762 (W.D. Tex. 2002); *Owens v. American Home Products Corporation*, 203 F.Supp.2d 748 (S.D. Tex. May 7, 2002); *O'Connell v. American Home Products Corporation*, No. G-02-184, slip op. (S.D. Tex. May 7, 2002). *See also Bertrand v. Aventis Pasteur, Labs., Inc.*, 2002 WL 31194226, at *5-*6 (D.Ariz. Sept. 23, 2002) (declining to resolve whether thimerosal is an adulterant or contaminant, but noting that "every federal court to have ruled on the issue has held that injuries resulting from Thimerosal contained in vaccines are vaccine-related under the meaning of the Act"); *Blackmon v. American Home Products Corporation*, No. G-02-179, slip op. (S.D. Tex. May 8, 2002), which holds that thimerosal cases are vaccine-related cases under the meaning of the Vaccine Act; and *Collins v. American Home Products Corporation*, No. 01-979, slip op. (S.D. Miss. Aug.1, 2002), dismissing the plaintiffs' thimerosal claims because Autism Order # 1 "foreclose[d] any reasonable possibility that the plaintiffs had stated a cognizable claim against the resident defendants); *McDonald v. Abbott Labs.*, No. 02-77, slip op. (S.D. Miss. Aug. 1, 2002); and *Stewart v. American Home Products Corporation*, No. 02-427, slip op. (S.D. Miss. Aug. 1, 2002), cases holding that claims arising from thimerosal are covered by the Vaccine Act; and *Chiles v. American Home Products Corporation*, 2003 WL 22287527 (N.D. Tex.), holding that the thimerosal claims asserted on behalf of the minor plaintiffs were "vaccine-related injuries" which had to be pursued in accordance with the Vaccine Act, Title 42 U.S.C. § 300aa-11(a)(2)(A), citing *Owens ex rel. Schafer v. American Home Products*, 203 F.Supp.2d at 754-56.

The *Owens* court noted that the Federal Drug Administration has long recognized that preservatives such as thimerosal are "constituent materials" of vaccines, citing 21 C.F.R. § 610.15 (indicating that constituents of biological materials include ingredients, preservatives, diluents and adjuvants). That thimerosal is not mentioned by name in the regulation, said the *Owens* court, does not necessarily exclude it as an acceptable additive or as a component of the vaccine preparation. *Id.*, 203 F.Supp.2d at 755, n. 10.

The Federal Court of Claims has noted that the legislative history of the Vaccine Act supports the finding that Congress intended injuries allegedly related to thimerosal be brought under the "Program" provided by the statute for informal hearings before a Federal Court of Claims. *Leroy v. Secretary of Department of Health and Human Services*, 2002 WL 31730680 (Fed. Cl. Oct. 11, 2002). In *Leroy*, the Secretary of Health and Human Services successfully argued that, "[g]iven the congressional purpose of channeling liability for vaccine injuries to the Program and the fact the vaccines chosen for coverage contained thimerosal, it is incongruous to argue that at the same time Congress extended coverage to these vaccines, it intended to define away that coverage for any injury related to thimerosal." *Id.*

Other courts addressing the same issue have concluded that claims of injuries resulting from Thimerosal are vaccine related. *See Wax v. Aventis Pasteur Inc.*, 240 F.Supp.2d 191 (E.D. N.Y. 2002) (upholding the determination of the Secretary of Health and Human Services that the preservative thimerosal was not adulterant to or contaminant of vaccines, and that individuals claiming thimerosal in vaccines caused their autism were required under the Vaccine Act to present their claims to the Vaccine

11

Court before pursuing any other civil litigation; Public Health Service Act, §§ 2111(a)(2)(A), 2133(5), as amended, Title 42 U.S.C. §§ 300aa-11(a)(2)(A), 300aa-33(5); 21 C.F.R. § 610.15). In *Murphy v. Aventis Pastuer, Inc.*, 270 F.Supp.2d 1368 (N.D. Ga. 2003), the district court concluded that whenever a civil action is brought in violation of Title 42 U.S.C. § 300aa-11(a)(2)(A), which provides that no person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a state or federal court for damages arising from a vaccine-related injury or death, the presiding court "shall dismiss the action." *Id.*, at 1375-76.

In the instant case, the plaintiffs' claims against the vaccine manufacturers such as Aventis Pastuer, Inc., GlaxoSmithKline; and Merck & Company, Inc., are subject to the Vaccine Act, as are the plaintiffs' claims against the non-diverse defendants Mitizi Ferguson, M.D.; Leslie Lamar Jones, M.D.; and River Oaks Hospital.

The remaining defendants who manufacture or distribute Thimerosal are parties of diverse citizenship to the plaintiffs. Thus, the plaintiffs claims against them properly are removed to federal court pursuant to Title 28 U.S.C. § 1332. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (all defendants must be of diverse citizenship from the plaintiff(s)). The requisite amount in controversy for this court's jurisdiction is present since the amount of the plaintiffs' damages claims is unspecified. Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. *St. Paul Reinsurance*

12

*Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Company*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Allstate Insurance Company v. Hilbun*, 692 F.Supp. 698, 701 (S.D. Miss. 1988).

### THE *SMALLWOOD* DECISION

In *Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL 2047314 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782), the Fifth Circuit upheld its previous conclusion reached in *Smallwood v. Illinois Central R. Co.*, 342 F.3d 400 (5th Cir. 2003), that there is no improper joinder of an in-state defendant with a diverse defendant where the showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant applies equally to dispose of the plaintiff's claims against all the defendants (common claim or defense). The Fifth Circuit stated as follows:

> ...[O]ur holding today is *narrow*. It applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is *equally dispositive of all defendants*... (emphasis added).

*Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL 2047314 *5-*6 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782).

In the instant case, the defendants' showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant applies only to the vaccine manufacturers and administrators, not to the manufacturers of Thimerosal.

13

## CONCLUSION

Therefore, in accordance with the foregoing authority, this court hereby denies the motion of the plaintiffs to remand this case to the Circuit Court of Hinds County, Mississippi [Docket No. 7-1]. The plaintiff's claims against the vaccine manufacturers and the non-diverse defendants Mitizi Ferguson, M.D.; Leslie Lamar Jones, M.D.; and River Oaks Hospital are subject to the Vaccine Act and are dismissed. The motion of the vaccine defendant GlaxoSmithKline to stay [Docket No. 42-1] is terminated as moot.

SO ORDERED AND ADJUDGED, this the ___28th___ day of ___September___, 2004.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:02-cv-78WS
Order Denying Remand

14