

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

GLEN ROBINSON AND CYNTHIA ROBINSON                      **PLAINTIFFS**

V.                                      CIVIL ACTION NO. 3:03-cv-1076 WS

AMERICAN HOME PRODUCTS d/b/a/ WYETH,
ET AL.                                                  **DEFENDANTS**

### <u>ORDER</u>

Before this court are the motions of the defendants Merck & Company, Sigma-Aldrich, and Donald Butts to dismiss the plaintiffs' complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." Dismissal under Rule 12(b)(6) is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of the claim(s) warranting relief. *See Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir. 1996). Also before the court is the motion of the plaintiffs asking this court to remand this lawsuit to the Circuit Court of Hinds County, Mississippi. Plaintiffs bring their motion to remand under the authority of Title 28 U.S.C. § 1447(c).[1]

---

[1]Title 28 U.S.C. § 1447 provides in pertinent part: **(c)** A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and nay actual expenses including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

$2$

Plaintiffs here are Glen Robinson and Cynthia Robinson, the parents of Godfrey Robinson, a minor child. By this lawsuit filed in state court on September 5, 2002, plaintiffs sue the various manufacturers of childhood vaccines which contain the preservative Thimerosal;[2] the pharmaceutical companies that dispensed those vaccines; the physicians who prescribed them; and Central Mississippi Medical Center (CMMC) of Jackson, Mississippi. Plaintiffs, the defendant physicians, CMMC, and Clinic for Children, are all citizens of the State of Mississippi. Charging in their original Complaint that the minor plaintiff Godfrey Robinson now suffers from mercury poisoning resulting from the injections of childhood vaccines preserved with Thimerosal, the plaintiffs assert causes of action for strict liability, negligence, gross negligence, breach of implied warranty and medical malpractice under state law. Plaintiffs seek future costs and expenses relating to the medical treatment of Godfrey Robinson, lost wages, damages for emotional distress, and damages for loss of consortium. Plaintiffs also seek punitive damages and attorney fees.[3]

Plaintiffs' complaint alleges no specific claims under federal law. Moreover, the plaintiffs specifically deny that any part of this case is subject to the National Childhood Vaccine Injury Act, Title 42 U.S.C. § 300aa-11(2)(A),[4] referred to as the "Vaccine Act"

---

[2]Thimerosal is a mercury-containing organic compound which has been used widely as a preservative in a number of biological and drug products, including many vaccines, to help prevent potentially life threatening contamination from harmful microbes. *See* United States Food & Drug Administration Vaccine Adverse Event Reporting System (VAERS).

[3]The plaintiffs have not limited their claims against the vaccine manufacturers and administrators to any amount below $1000.00.

[4]Title 42 U.S.C. § 300aa-11(2)(A) provides in pertinent part that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount *against a vaccine administrator or manufacturer in a State or Federal court for damages*

because, say plaintiffs, the substance Thimerosal is not covered by the Vaccine Act since it is an adulterant or contaminant intentionally added to the vaccines which allegedly injured Godfrey Robinson.

Thus, say plaintiffs, this court lacks subject matter jurisdiction either under diversity of citizenship, Title 28 U.S.C. § 1332,[5] or under Title 28 U.S.C. § 1331,[6] federal question jurisdiction, to exercise jurisdiction here. Accordingly, say plaintiffs, this court should grant their motion for remand.

This lawsuit was removed to federal court by defendant Aventis Pasteur, Inc., pursuant to Title 28 U.S.C. § 1441(a).[7] The other defendants have been served with process and unanimously have joined in this removal. The defendants contend that this court has subject matter jurisdiction over this case under the authority of Title 28 U.S.C. § 1332, diversity of citizenship, on the basis that the non-diverse defendants, Dr. Donald Butts, Dr. Nancy Kilesch, CMMC, and Clinic for Children were fraudulently

---

arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition has been filed, in accordance with section 300aa-16 of this title, for compensation under the Program for such injury or death and – (i)(I) the United States Court of Federal Claims has issued a judgment under section 300aa-12 of this title on such petition.

[5]Title 28 U.S.C. § 1332(a) provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; ..."

[6]Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[7]Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3

joined in order to defeat this court's subject matter jurisdiction. Referring to these
defendants as the "doctor" and "hospital" defendants, defendants argue that these
defendants have been improperly joined in this lawsuit because the plaintiffs' claims
are governed by the provisions of Title 42 U.S.C.§ 300aa-1 *et seq.*, the Vaccine Act.

The defendants note that this case presents two sets of diverse defendants, as
well as one set of non-diverse defendants. One group of diverse defendants, such as
Sigma Aldrich, are manufacturers of Thimerosal, while the other group, namely
Aventis Pasteur and Merck, manufactures vaccines. The non-diverse defendants are
two pediatricians, a hospital and a clinic. The manufacturers of vaccines, the
physicians, the hospital and the clinic, (administrators of vaccines) all claiming to be
covered by the Vaccine Act, argue that the plaintiffs' claims against them first must be
presented to the Federal Court of Claims (Vaccine Court) pursuant to the Vaccine Act.

### REMOVAL AND REMAND STANDARDS

Recently, in *Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL
2047314 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782), the United States Court of
Appeals for the Fifth Circuit replaced the terms "fraudulent joinder" and "fraudulent
misjoinder" with the term "improper joinder." The Court held that there is no improper
joinder of an in-state defendant with a diverse defendant where a "common defense"
precluding recovery would apply equally to dispose of the plaintiff's claims against all
the defendants.

Under Title 28 U.S.C. § 1441(a), "any civil action brought in a State court of
which the district courts of the United States have original jurisdiction, may be
removed ... to the district court of the United States for the district and division

4

embracing the place where such action is pending." The removing party has the

burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan*

*v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114

S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190

(5th Cir. 1989) (holding that the "removing party bears the burden of establishing

federal jurisdiction."). In cases in which the removing party alleges diversity of

citizenship jurisdiction on the basis of improper joinder, formerly fraudulent joinder, "it

has the burden of proving the improper basis for joinder (previously fraud)." *Laughlin*,

882 F.2d at 190; *Carriere v. Sears, Roebuck & Company*, 893 F.2d 98, 100 (5th Cir.

1990), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish

improper joinder, the removing party must prove:  (1) that there was actual fraud in the

plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of

establishing a cause of action against the non-diverse defendant in state court. *Griggs*

*v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (citations omitted);  *Burden v.*

*General Dynamics Corporation*, 60 F.3d 213, 217 (5th Cir. 1995);  *Cavallini v. State*

*Farm Mutual Auto Ins. Company*, 44 F.3d 256, 259 (5th Cir.1995). This court can

"pierce the pleadings" and consider "summary judgment-type evidence such as

affidavits and deposition testimony." *Cavallini*, 44 F.3d at 256. Under this standard,

plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck*

*v. Texas State Board of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000);  *Badon*

*v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000) (finding that the "mere

theoretical possibility of recovery under local law" does not preclude removal.

Plaintiffs must show that there exists "a reasonable basis for predicting that state law

5

would allow recovery in order to preclude a finding of fraudulent joinder."). Finally, this court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42 (5th Cir. 1992).

In the instant case, the defendants contend that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendants. The defendants argue that the plaintiff's claims against them are governed by the Vaccine Act, and that the Act applies equally to the defendants who make vaccines, to the physicians, to the hospital and to the clinic. This leaves the defendants who make Thimerosal, and the defendants' assertion of jurisdictional basis is complete diversity between the plaintiffs and the defendants who make Thimerosal, after the Vaccine Act claims against the defendants who make vaccines, the physicians, the hospital and the clinic are dismissed.

This court first shall address the scope of the Vaccine Act, and then the matter of diversity jurisdiction and the *Smallwood* decision's impact on this case.

## THE VACCINE ACT

Specifically crafted for manufacturers and administrators of vaccine, the Vaccine Act establishes a no-fault compensation Program, designed to curb the time and expense of traditional tort litigation. Congress envisioned a system where awards to an injured vaccinee or a person suing on the vaccinee's behalf were to be "made quickly, easily, and with certainty and generosity." *Knudsen v. Secretary of HHS*, 35

6

F.3d 543, 549 (Fed.Cir. 1994) (quoting H.R.Rep. No. 99-908, at 3, reprinted in 1986 U.S.C.C.A.N. 6344, 6344). *See also Shalala v. Whitecotton*, 514 U.S. 268, 270, 115 S.Ct. 1477, 131 L.Ed.2d 374 (1995).

The Vaccine Act directs an individual who is injured by a vaccine to file a Program petition in the Federal Court of Claims against the United States government, namely the Secretary for the Department of Health and Human Services, rather than against the vaccine manufacturers who provide the vaccines to doctors, and against hospitals who administer the vaccines. As the Federal Circuit recognized, the Vaccine Program "stems from Congress's recognition that '[w]hile most of the Nation's children enjoy great benefit from immunization programs, a small but significant number have been gravely injured.'" *Knudsen*, 35 F.3d at 549 (quoting H.R.Rep. No. 99-908, at 4, reprinted in 1986 U.S.C.C.A.N. at 6345). All persons alleging a vaccine-related injury are entitled to take advantage of the Program's "streamlined" process.

Significantly, the Vaccine Act prohibits a victim of a vaccine-related injury or death from filing a civil action for damages of more than $1,000 against a vaccine manufacturer or an administrator unless the victim first files a petition in Vaccine Court pursuant to the Vaccine Act. *See* Title 42 U.S.C. § 300aa-11(a)(2)(A).[8]  If the victim of

---

[8]Title 42 U.S.C. § 300aa-11(a)(2)(A) provides that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988 ... ."

7

a vaccine-related injury or death first files a civil action in either state or federal court,

"the court shall dismiss the action." Title 42 U.S.C. § 300aa(a)(2)(B)[9] and § 11(a)(3).[10]

The plaintiffs' complaint refers to Thimerosal as an adulterant or contaminant, a

substance not covered by the Vaccine Act. This court disagrees for the reasons that

follow.

## THE THIMEROSAL CLAIMS ARE VACCINE RELATED

Federal courts addressing this issue have decided that Thimerosal is not an

"adulterant" or "contaminant" within the meaning of the Vaccine Act and, therefore,

lawsuits for injuries allegedly resulting from the use of Thimerosal in vaccines are not

excluded from being heard by special masters in the United States Court of Federal

Claims. *See, e.g., Liu v. Aventis Pasteur, Inc.*, 219 F.Supp.2d 762 (W.D. Tex. 2002);

*Owens v. American Home Products Corporation*, 203 F.Supp.2d 748 (S.D. Tex. May

7, 2002); *O'Connell v. American Home Products Corporation*, No. G-02-184, slip op.

(S.D. Tex. May 7, 2002). *See also Bertrand v. Aventis Pasteur, Labs., Inc.*, 2002 WL

31194226, at *5-*6 (D.Ariz. Sept. 23, 2002) (declining to resolve whether Thimerosal is

an adulterant or contaminant, but noting that "every federal court to have ruled on the

issue has held that injuries resulting from Thimerosal contained in vaccines are

---

[9]Title 42 U.S.C. § 300aa-11(a)(2)(B) provides in part that "[i]f a civil action which is barred under subparagraph (A) is filed in a State or Federal court, the court shall dismiss the action."

[10]Section 11(a)(3) provides that "[n]o vaccine administrator or manufacturer may be made a party to a civil action (other than a civil action which may be brought under paragraph (2)) for damages for a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988."

8

vaccine-related under the meaning of the Act"); *Blackmon v. American Home Products Corporation*, No. G-02-179, slip op. (S.D. Tex. May 8, 2002), which holds that Thimerosal cases are vaccine-related cases under the meaning of the Vaccine Act; and *Collins v. American Home Products Corporation*, No. 01-979, slip op. (S.D. Miss. Aug.1, 2002), dismissing the plaintiffs' Thimerosal claims because Autism Order # 1 'foreclose[d] any reasonable possibility that the plaintiffs had stated a cognizable claim against the resident defendants); *McDonald v. Abbott Labs.*, No. 02-77, slip op. (S.D. Miss. Aug. 1, 2002); and *Stewart v. American Home Products Corporation*, No. 02-427, slip op. (S.D. Miss. Aug. 1, 2002), cases holding that claims arising from Thimerosal are covered by the Vaccine Act; and *Chiles v. American Home Products Corporation*, 2003 WL 22287527 (N.D. Tex.), holding that the Thimerosal claims asserted on behalf of the minor plaintiffs were "vaccine-related injuries" which had to be pursued in accordance with the Vaccine Act, Title 42 U.S.C. § 300aa-11(a)(2)(A), citing *Owens ex rel. Schafer v. American Home Products*, 203 F.Supp.2d at 754-56.

The *Owens* court observed that the Federal Drug Administration has long recognized that preservatives such as Thimerosal are "constituent materials" of vaccines, citing 21 C.F.R. § 610.15 (indicating that constituents of biological materials include ingredients, preservatives, diluents and adjuvants). That Thimerosal is not mentioned by name in the regulation, said the *Owens* court, does not necessarily exclude it as an acceptable additive or as a component of the vaccine preparation. *Id.*, 203 F.Supp.2d at 755, n. 10.

The Federal Court of Claims has stated that the legislative history of the Vaccine Act supports the finding that Congress intended injuries allegedly related to

9

Thimerosal be brought under the "Program" provided by the statute for informal hearings before a Federal Court of Claims. *Leroy v. Secretary of Department of Health and Human Services*, 2002 WL 31730680 (Fed. Cl. Oct. 11, 2002). In *Leroy*, the Secretary of Health and Human Services successfully argued that, "[g]iven the congressional purpose of channeling liability for vaccine injuries to the Program and the fact the vaccines chosen for coverage contained Thimerosal, it is incongruous to argue that at the same time Congress extended coverage to these vaccines, it intended to define away that coverage for any injury related to Thimerosal." *Id.*

Other courts addressing the same issue have concluded that claims of injuries resulting from Thimerosal are vaccine related. *See Wax v. Aventis Pasteur Inc.*, 240 F.Supp.2d 191 (E.D. N.Y. 2002) (upholding the determination of the Secretary of Health and Human Services that the preservative Thimerosal was not adulterant to or contaminant of vaccines, and that individuals claiming Thimerosal in vaccines caused their autism were required under the Vaccine Act to present their claims to the Vaccine Court before pursuing any other civil litigation; Public Health Service Act, §§ 2111(a)(2)(A), 2133(5), as amended, Title 42 U.S.C. §§ 300aa-11(a)(2)(A), 300aa-33(5); 21 C.F.R. § 610.15). In *Murphy v. Aventis Pastuer, Inc.*, 270 F.Supp.2d 1368 (N.D. Ga. 2003), the district court concluded that whenever a civil action is brought in violation of Title 42 U.S.C. § 300aa-11(a)(2)(A), which provides that no person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a state or federal court for damages arising from a vaccine-related injury or death, the presiding court "shall dismiss the action." *Id.*, at 1375-76.

10

So, in the instant case, the plaintiffs' claims against the vaccine manufacturers such as Aventis Pastuer, Inc., and Merck & Company, Inc., are subject to the Vaccine Act, as are the plaintiffs' claims against the non-diverse defendants Dr. Donald Butts, Dr. Nancy Kliesch, CMMC, and Clinc for Children.

The remaining defendants who manufacture or distribute Thimerosal are parties of diverse citizenship to the plaintiffs. Thus, the plaintiffs claims against them properly are removed to federal court pursuant to Title 28 U.S.C. § 1332. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (all defendants must be of diverse citizenship from the plaintiff(s)). The requisite amount in controversy for this court's jurisdiction is present owing to the nature of this lawsuit even though the amount of the plaintiffs' damages claims is unspecified. Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Company*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Allstate Insurance Company v. Hilbun*, 692 F.Supp. 698, 701 (S.D. Miss. 1988).

## THE *SMALLWOOD* DECISION

In *Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL 2047314 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782), the Fifth Circuit upheld its previous conclusion reached in *Smallwood v. Illinois Central R. Co.*, 342 F.3d 400 (5th Cir. 2003), that there is no improper joinder of an in-state defendant with a diverse defendant where the showing that there is no reasonable basis for predicting that state law would allow

11

recovery against the in-state defendant applies equally to dispose of the plaintiff's

claims against all the defendants (common claim or defense).  The Fifth Circuit stated

as follows:

> ...[O]ur holding today is *narrow*.  It applies only in that limited
> range of cases where the allegation of improper joinder rests
> only on a showing that there is no reasonable basis for
> predicting that state law would allow recovery against the
> in-state defendant and that showing is *equally dispositive of
> all defendants*... (emphasis added).

*Smallwood v. Illinois Cent. R.R. Co.*, --- F.3d ---, 2004 WL 2047314 *5-*6 (5th Cir.

(Miss.) Sep 10, 2004) (NO. 02-60782).

In the instant case, the defendants' showing that there is no reasonable basis

for predicting that state law would allow recovery against the in-state defendant applies

only to the vaccine manufacturers and administrators, not to the manufacturers of

Thimerosal;  thus, the directive of *Smallwood* does not apply in this circumstance.

## CONCLUSION

Therefore, in accordance with the foregoing authority, this court hereby denies

the motion of the plaintiffs to remand this case to the Circuit Court of Hinds County,

Mississippi [**Docket No. 9-1**].  The plaintiff's claims against the vaccine

manufacturers, to wit, American Home Products, Aventis Pastuer and Merck &

Company, and the non-diverse defendants, namely Dr. Donald butts, Dr. Nancy

Kliesch, CMMC, and Clinic for Children, are subject to the Vaccine Act and are

dismissed.  Consequently, the motions of the defendants Merck & Company and Dr.

Donald Butts to dismiss [**Docket Nos. 4-1 and 6-1**] are granted *per force*, though not

12

necessarily for the reasons urged in those motions. The motion of Sigma-Aldrich, Inc., to dismiss **[Docket No. 5-1]** is denied.

SO ORDERED AND ADJUDGED, this the ___*30th*___ day of ___*September*___, 2004.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:03-cv-1076WS
Order Denying Remand