IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE  DIVISION

| | | |
|---|---|---|
| MANUEL TORRES AND DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, ET AL, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | C.A. No. B-03-222 |
| AMERICAN HOME PRODUCTS, et al., | § § | |
| Defendants. | § § | |

**SUPPLEMENTAL STATUS REPORT CONCERNING DECISIONS
OF THE COURT OF APPEALS BEARING UPON THE
MOTION TO REMAND AND STAY OF THIS ACTION**

The Vaccine Defendants[1] submit this supplemental memorandum to inform the Court of further recent developments in the Fifth Circuit which bear upon the continued stay of all proceedings and Plaintiff's motion to remand in this action.

**I.    Recent Decision on Scope of the "Common Defense" Rule**

In their last filing, the Vaccine Defendants advised the Court of the Fifth Circuit's decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *Moss v. Merck & Co.*, 381 F.3d 501 (5th Cir. 2004) and argued that the proper reading of these cases is that the "common defense" rule cannot defeat Vaccine Defendants' removal of a thimerosal case predicated on improper joinder. As the Vaccine Defendants explained, the *Smallwood* rule— which precludes improper joinder removals when the diverse and non-diverse defendants share a "common defense"—"applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state

---

[1] The "Vaccine Defendants" are Aventis Pasteur Inc., Baxter International, Inc., Merck & Co., Inc., SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named as GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corp.), and Wyeth.

law would allow recovery against the in-state defendant *and that showing is equally dispositive of all defendants*." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc) (emphasis added).  In *Moss*, the Fifth Circuit expressly held that manufacturers of thimerosal, the preservative used in some vaccines, were not subject to the Vaccine Act.  *Moss v. Merck & Co.,* 381 F.3d 501 (5th Cir. 2004).  As a result of *Moss*, defendant Eli Lilly cannot rely on the Vaccine Act's jurisdictional bar, and thus, the defense on which the fraudulent joinder in this case was predicated is not available to all defendants and thus not "common" as a matter of law.

On November 16, 2004, the Fifth Circuit issued a decision that confirms that this limitation on the application of *Smallwood* is correct and expressly holds that the "common defense" rule announced in *Smallwood* is only to be applied where the available defense is, in fact, "dispositive of *all* claims against *all* defendants." *Rainwater v. Lamar Life Ins. Co.*, 2004 WL 2601137, — F.3d — (5th Cir. 2004) (per curiam) (emphasis in original) (Exhibit 1).   In *Rainwater*, the court of appeals remanded to district court a case that was removed from a Mississippi state court on fraudulent joinder grounds. The removing defendant claimed that any action against the Mississippi-resident defendants was barred by the statute of limitations.  The district court found the resident defendants were fraudulently joined and denied the plaintiffs' motion to remand.  On appeal, the non-resident defendant argued that the denial of remand to state court was proper, the "common defense" rule notwithstanding, because the limitations defense did not necessarily dispose of all claims made against it. The court of appeals remanded the case to the district court for a determination of whether the limitations defense would bar all claims against the non-resident defendant, directing that:

> If that court should determine that the limitations defense in question is dispositive of *all* claims against *all* defendants, then *Smallwood* would require remand to state court (where, presumably, the entire case would be dismissed).  If, however, the district court should determine that the time bar defense is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case.

30831124.1

2

*Rainwater*, 2004 WL 2601137, at *2 (emphasis in original).[2]

Consistent with *Smallwood*, *Moss*, and *Rainwater*, this Court properly has jurisdiction over this action, and the Court should deny plaintiffs' motion to remand this action because the procedural defenses available to the Vaccine Defendants and the non-diverse healthcare defendants under the Act are not equally dispositive of the claims against all defendants.[3]

## II.    Other Recent Developments

The Fifth Circuit Court of Appeals has now issued its mandates in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *Collins v. American Home Products Corp.*, 343 F.3d 765 (5th Cir. 2003).  The Vaccine Defendants filed a petition for writ of certiorari in the Supreme Court of the United States in *Collins* on November 18, 2004.

---

[2] This result is further consistent with Judge Wingate's analysis in *McDonal v. Abbott Laboratories*, C.A. No. 3:02-cv-78WS (S.D. Miss. Sept. 28, 2004), attached as Exhibit 3 to the Vaccine Defendants' previous filing; *see also Robinson v. American Home Products Corp.*, No. 3:03-cv-1076WS (S.D. Miss. Sept. 30, 2004) (Exhibit 2).

[3] Once the stay is lifted, and as jurisdiction over this matter properly resides with this Court, Defendants will address matters pertaining to Plaintiffs' improper filing of its First Amended Complaint and attempts to defeat diversity jurisdiction under that pleading, based upon a recent order issued by Southern District of Texas, Corpus Christi Division, granting Defendants' Motion to Strike Plaintiffs' First Amended Complaint, in a matter that involved nearly indistinguishable circumstances.  *See Lucio v. Am. Home Prods. Corp.*, Order, No. C-03-520 (S.D. Tex. October 27, 2004) (Exhibit 3).

30831124.1

Respectfully submitted,


By /s/ Jeffrey S. Wolff_____
    Jeffrey S. Wolff
    State Bar No. 21865900
    Southern District I.D. No. 1392
Fulbright & Jaworski L.L.P.
1301 McKinney Street, Suite 5100
Houston, Texas  77010-3095
Telephone:  713.651.5151
Facsimile:  713.651.5246

Attorney-in-Charge for Defendant
SmithKline Beecham Corporation d/b/a
GlaxoSmithKline

OF COUNSEL:
Stephanie A. Smith
  State Bar No. 18684200
  Southern District I.D. No. 20008
Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas  78701
Telephone:  512.474.5201
Facsimile:  512.536.4598

Charles Jason Rother
  State Bar No. 24013423
  Southern District I.D. No. 25742
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  713.651.5151
Facsimile:  713.651.5246

Jose E. Garcia
  State Bar No. 07636780
  Southern District I.D. No. 3934
Garcia & Villarreal, L.L.P.
4311 North. McColl Road
McAllen, Texas  78504
Telephone:  956.630.0081
Facsimile:  956.630.3631

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure to counsel for Plaintiffs and to all other counsel and parties via first class U.S. mail on this 24th day of November, 2004, as follows:

Steve Tilden Hastings
Hastings Law Firm
101 North Shoreline, Suite 430
Corpus Christi, Texas 78401
*and*
Michael A. Simpson
Derrick S Boyd
Simpson, Boyd & Powers, P.L.L.C.
105 North State Street, Suite B
P.O. Box 957
Decatur, Texas  76234
*and*
Greg McCarthy
Miller & McCarthy
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219

**Counsel for Plaintiffs**

M. Diane Owens
Bradley S. Wolff
Swift, Currie, McGhee & Hiers, L.L.P.
1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia  30309-3238
*and*
Wade Lowrie McClure
Gibson, McClure, Wallace & Daniels, L.L.P.
8080 North Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1838
*and*
Miguel Wise
Miguel Wise, P.C.
134 W. 5th Street
Weslaco, TX 78596

Richard L. Josephson
Paul R. Elliott
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas  77002-4995
**Counsel for Defendant**
**Merck & Co., Inc.**

M. Scott Michelman
Debbie Moeller
Shook, Hardy & Bacon, LLP
600 Travis Street, Suite 1600
Houston, Texas  77002-2911
*and*
Jeffrey A. Kruse
Shook, Hardy & Bacon
2555 Grand Boulevard
Kansas City, MO 64108-2613
**Counsel for Defendant**
**Eli Lilly and Company**

David Michael Macdonald
McCauley, Macdonald & Devin
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270-2014
**Counsel for Defendant**
**Sigma Aldrich**

Matthew Hand
Brown & Fortunato, P.C.
P.O. Box 9418
Amarillo, Texas 79105
**Counsel for Defendant**
**Oribi, Inc. Individually and d/b/a Meridian**
**Chemical & Equipment, Inc. and d/b/a**
**Global Fine Chemicals and d/b/a National**
**Association of Compounding Pharmacists**

*and*
R. Jo Reser
Davidson & Troilo, P.C.
7550 IH-10 West
San Antonio, Texas  78229
**Counsel for Defendant**
**Aventis Pasteur Inc., f/k/a Connaught**
**Laboratories, Inc., f/d/b/a Pasteur Merieux**
**Connaught**

Alan B. Daughtry
Vinson & Elkins LLP
1001 Fannin, Suite 2300
Houston, Texas 77002
*and*
Lee Davis Thames
Butler, Snow, O'Mara, Stevens & Cannada
P O Box 22567
Jackson, Mississippi  39225-2567
**Counsel for Defendant**
**Baxter International, Inc.**

John R Gilbert
Gilbert & Gilbert
P.O. Box 1819
222 N. Velasco St.
Angleton, Texas  77516
**Counsel for Defendant**
**Dow Chemical Company**

Michael R. Klatt
Susan E. Burnett
Clark, Thomas & Winters
P.O. Box 1148
Austin, Texas  78767
**Counsel for Defendant**
**Wyeth (f/k/a American Home Products)**

  /s/ Jeffrey S. Wolff
Jeffrey S. Wolff