2004 WL 2601137                                                                              Page 1
--- F.3d ---
(Cite as: 2004 WL 2601137 (5th Cir.(Miss.)))

Only the Westlaw citation is currently available.

United States Court of Appeals,
Fifth Circuit.

Richard C. RAINWATER and Anna D.
Rainwater, Plaintiffs-Appellants,
v.
LAMAR LIFE INSURANCE CO., Conseco
Life Insurance Co., Thomas Stroo and James
Payton, Defendants-Appellees.

No. 03-60283.

Nov. 16, 2004.

**Background:** Insureds sued life insurer and non-diverse life insurance agents in state court, alleging fraudulent misrepresentation. Following removal of action, the United States District Court for the Southern District of Mississippi, Charles Pickering Sr., J., 207 F.Supp.2d 561, initially granted insureds' motion to remand, but then set aside the order of remand, 246 F.Supp.2d 546. Insureds appealed.

**Holding:** The Court of Appeals held that remand to District Court was required to determine whether limitations defense that disposed of claims against in-state defendants was dispositive of claims against all defendants.
Appeal dismissed; case remanded with instructions.

**Removal of Cases** 🔑107(9)
334k107(9) Most Cited Cases
Following removal of insured's state law fraudulent misrepresentation claim against life insurer and non-diverse agents, on grounds that in-state agents were improperly joined because claims against them were barred by statute of limitations, remand to district court was required to determine whether limitations defense was dispositive of claims against all defendants.

Ronald Otto Gaiser, John Christopher Johnston, Gaiser & Associates, Birmingham, AL, Lawrence Elmer Abernathy, III, Abernathy Law Office, Laurel, MS, for the Rainwaters.

F.A. Flowers, III, Paul P. Bolus, Christian Nicole Watson, Burr & Forman, Birmingham, AL, for Lamar Life Ins. Co. and Conseco Life Ins. Co.

Douglas R. Duke, Shell Buford, Jackson, MS, for Stroo.

Norman Gene Hortman, Jr., Deidra Jones Bassi, Christopher Brian McDaniel, Hortman, Harlow, Martindale, Bassi & Robinson, Laurel, MS, for Payton.

Walter D. Willson, Kenna L. Mansfield, Jr., Wells, Marble & Hurst, Jackson, MS, for American Sec. Ins. Co., Amicus Curiae.

Appeal from the United States District Court for the Southern District of Mississippi.

Before HIGGINBOTHAM, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

*1 Plaintiffs-Appellants Richard and Anna Rainwater (the "Rainwaters") appeal the district court's denial of their motion to remand this action to Mississippi state court. Specifically, the Rainwaters bring this interlocutory appeal to contest the district court's ruling that Defendants-Appellees Thomas Stroo and James Payton, who are Mississippi residents, were "improperly" joined because of the Rainwaters' inability to establish a cause of action against them. The district court's ruling was based on its conclusion that any claims that the Rainwaters may have had against Stroo and Payton were time-barred under the applicable Mississippi statute of limitations. [FN1] The district court nevertheless certified its order pursuant to 28 U.S.C. § 1292(b) to allow the Rainwaters to pursue this interlocutory appeal on the question



Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

2004 WL 2601137    Page 2
--- F.3d ---
(Cite as: 2004 WL 2601137 (5th Cir.(Miss.)))

of fraudulent concealment, which the district court determined was a controlling question of law in this action. The district court's principal concern was that Mississippi state law on the fraudulent concealment doctrine was ambiguous or one where "there is substantial ground for difference of opinion." [FN2]

We granted permission to the Rainwaters to pursue this interlocutory appeal. On August 29, 2003, after the parties' appellate briefs were filed, however, we decided *Ross v. Citifinancial, Inc.* [FN3] Our decision in *Ross* resolved any remaining doubts that the district court may have had about a substantial ground for a difference of opinion on the doctrine of fraudulent concealment. This does not, however, resolve the remand issue in this case.

While this interlocutory appeal was winding its way through our court, another Mississippi case involving removal and remand was being reheard en banc so that this court could consider whether cases removed from state court on grounds of diversity of citizenship under a claim then labeled "fraudulent" joinder must be remanded if the legal basis for determining that there is no reasonable probability for recovery against the in-state defendants would constitute a common defense that eschews any reasonable probability of recovery against all out-of-state defendants as well. The en banc opinion in that case, *Smallwood v. Illinois Central Railroad*, [FN4] was filed on September 10, 2004, and its holding casts a new and different doubt on the remand issue of the instant case.

Specifically, if the statute of limitations that we now know from the holding in *Ross* precludes any recovery by the Rainwaters against in-state defendants Stroo and Payton, also precludes recovery against all defendants, resident and diverse, then under *Smallwood* such a determination would go "to the entire case" rather than to the appropriateness of the joinder. [FN5] Thus it would follow under *Smallwood* that, if the statute of limitations in question does bar recovery against all defendants, the joinder of Stroo and Payton would not necessarily be "improper" and the entire case would have to be remanded to state court.

*2 This case turns, therefore, on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of all claims against all defendants, as the principle of *Smallwood* is triggered only when all defendants are reached. Lamar Life insists that, even assuming that the time bar in play in this case goes to the fraud-related claims against all defendants, this bar does not dispose of all claims against Lamar Life. This defendant reads the complaint as alleging additional violations of Mississippi law, viz., improperly setting interest rates and improperly charging particular fees, that are not necessarily disposed of by the limitations defense.

If plaintiffs' complaint were pellucid and Lamar Life's reading of it could be verified beyond cavil, the inclusion of such claims against Lamar Life would mean that the statute of limitations that disposes of all claims against the in-state defendants would not constitute a "common defense." That in turn would preclude remand under the rule of *Smallwood.* Unfortunately, however, we have considerable difficulty discerning the distinct theories of recovery advanced and causes of actions alleged in the plaintiff's complaint; and the parties have not fully clarified this question for us. Whether by design or inadvertence, the plaintiffs have nebulously drafted their complaint. Its only reference to improper fees is a description of the benefits realized by Lamar Life, as distinguished from its in-state agents, as a result of the alleged fraud.

Even though application of *Smallwood*'s common defense rule is truly a question of law and thus an issue that we could dispose of on appeal, prudence dictates that, under these circumstances, the district court is likely better positioned to make that call in the first place,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

2004 WL 2601137
--- F.3d ---
(Cite as: 2004 WL 2601137 (5th Cir.(Miss.)))

Page 3

given the benefit of its background knowledge of Mississippi law and its opportunity to hold hearings on those questions about the complaint that remain in doubt. We therefore remand this case to the district court for further consistent proceedings in light of both *Ross* and *Smallwood*. If that court should determine that the limitations defense in question is dispositive of *all* claims against *all* defendants, then *Smallwood* would require remand to state court (where, presumably, the entire case would be dismissed). If, however, the district court should determine that the time bar defense is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case. Under these circumstances, the interlocutory appeal that we previously granted under § 1292(b) must be dismissed and the case remanded to the district court for further proceedings consistent with this opinion.

APPEAL DISMISSED; CASE REMANDED with instructions.

> FN1. See *Rainwater v. Lamar Life Ins. Co.*, 246 F.Supp.2d 546, 552-53 (S.D.Miss.2003).
>
> FN2. *Id.* at 553.
>
> FN3. 344 F.3d 458 (5th Cir.2003).
>
> FN4. 385 F.3d 568 (5th Cir.2004).
>
> FN5. *Id.* at 574.

2004 WL 2601137 (5th Cir.(Miss.))

Briefs and Other Related Documents (Back to top)

03-60283                              (Docket)
(Mar. 27, 2003)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

FILED SEP 30 2004
J. T. NOBLIN, CLERK
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GLEN ROBINSON AND CYNTHIA ROBINSON                             PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:03-cv-1076 WS

AMERICAN HOME PRODUCTS d/b/a/ WYETH,
ET AL.                                                          DEFENDANTS

## ORDER

Before this court are the motions of the defendants Merck & Company, Sigma-Aldrich, and Donald Butts to dismiss the plaintiffs' complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." Dismissal under Rule 12(b)(6) is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of the claim(s) warranting relief. *See Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir. 1996). Also before the court is the motion of the plaintiffs asking this court to remand this lawsuit to the Circuit Court of Hinds County, Mississippi. Plaintiffs bring their motion to remand under the authority of Title 28 U.S.C. § 1447(c).[1]

---

[1] Title 28 U.S.C. § 1447 provides in pertinent part: (c) A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and nay actual expenses including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

EXHIBIT 2

Plaintiffs here are Glen Robinson and Cynthia Robinson, the parents of Godfrey Robinson, a minor child. By this lawsuit filed in state court on September 5, 2002, plaintiffs sue the various manufacturers of childhood vaccines which contain the preservative Thimerosal;[2] the pharmaceutical companies that dispensed those vaccines; the physicians who prescribed them; and Central Mississippi Medical Center (CMMC) of Jackson, Mississippi. Plaintiffs, the defendant physicians, CMMC, and Clinic for Children, are all citizens of the State of Mississippi. Charging in their original Complaint that the minor plaintiff Godfrey Robinson now suffers from mercury poisoning resulting from the injections of childhood vaccines preserved with Thimerosal, the plaintiffs assert causes of action for strict liability, negligence, gross negligence, breach of implied warranty and medical malpractice under state law. Plaintiffs seek future costs and expenses relating to the medical treatment of Godfrey Robinson, lost wages, damages for emotional distress, and damages for loss of consortium. Plaintiffs also seek punitive damages and attorney fees.[3]

Plaintiffs' complaint alleges no specific claims under federal law. Moreover, the plaintiffs specifically deny that any part of this case is subject to the National Childhood Vaccine Injury Act, Title 42 U.S.C. § 300aa-11(2)(A),[4] referred to as the "Vaccine Act"

---

[2]Thimerosal is a mercury-containing organic compound which has been used widely as a preservative in a number of biological and drug products, including many vaccines, to help prevent potentially life threatening contamination from harmful microbes. *See* United States Food & Drug Administration Vaccine Adverse Event Reporting System (VAERS).

[3]The plaintiffs have not limited their claims against the vaccine manufacturers and administrators to any amount below $1000.00.

[4]Title 42 U.S.C. § 300aa-11(2)(A) provides in pertinent part that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount *against a vaccine administrator or manufacturer in a State or Federal court for damages*

2

because, say plaintiffs, the substance Thimerosal is not covered by the Vaccine Act since it is an adulterant or contaminant intentionally added to the vaccines which allegedly injured Godfrey Robinson.

Thus, say plaintiffs, this court lacks subject matter jurisdiction either under diversity of citizenship, Title 28 U.S.C. § 1332,[5] or under Title 28 U.S.C. § 1331,[6] federal question jurisdiction, to exercise jurisdiction here. Accordingly, say plaintiffs, this court should grant their motion for remand.

This lawsuit was removed to federal court by defendant Aventis Pasteur, Inc., pursuant to Title 28 U.S.C. § 1441(a).[7] The other defendants have been served with process and unanimously have joined in this removal. The defendants contend that this court has subject matter jurisdiction over this case under the authority of Title 28 U.S.C. § 1332, diversity of citizenship, on the basis that the non-diverse defendants, Dr. Donald Butts, Dr. Nancy Kliesch, CMMC, and Clinic for Children were fraudulently

---

arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition has been filed, in accordance with section 300aa-16 of this title, for compensation under the Program for such injury or death and -- (i)(I) the United States Court of Federal Claims has issued a judgment under section 300aa-12 of this title on such petition.

[5]Title 28 U.S.C. § 1332(a) provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; ..."

[6]Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[7]Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3

joined in order to defeat this court's subject matter jurisdiction. Referring to these defendants as the "doctor" and "hospital" defendants, defendants argue that these defendants have been improperly joined in this lawsuit because the plaintiffs' claims are governed by the provisions of Title 42 U.S.C.§ 300aa-1 *et seq.*, the Vaccine Act.

The defendants note that this case presents two sets of diverse defendants, as well as one set of non-diverse defendants. One group of diverse defendants, such as Sigma Aldrich, are manufacturers of Thimerosal, while the other group, namely Aventis Pasteur and Merck, manufactures vaccines. The non-diverse defendants are two pediatricians, a hospital and a clinic. The manufacturers of vaccines, the physicians, the hospital and the clinic, (administrators of vaccines) all claiming to be covered by the Vaccine Act, argue that the plaintiffs' claims against them first must be presented to the Federal Court of Claims (Vaccine Court) pursuant to the Vaccine Act.

### REMOVAL AND REMAND STANDARDS

Recently, in *Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL 2047314 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782), the United States Court of Appeals for the Fifth Circuit replaced the terms "fraudulent joinder" and "fraudulent misjoinder" with the term "improper joinder." The Court held that there is no improper joinder of an in-state defendant with a diverse defendant where a "common defense" precluding recovery would apply equally to dispose of the plaintiff's claims against all the defendants.

Under Title 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division

4

embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of improper joinder, formerly fraudulent joinder, "it has the burden of proving the improper basis for joinder (previously fraud)." *Laughlin*, 882 F.2d at 190; *Carriere v. Sears, Roebuck & Company*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish improper joinder, the removing party must prove: (1) that there was actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (citations omitted); *Burden v. General Dynamics Corporation*, 60 F.3d 213, 217 (5th Cir. 1995); *Cavallini v. State Farm Mutual Auto Ins. Company*, 44 F.3d 256, 259 (5th Cir.1995). This court can "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini*, 44 F.3d at 256. Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Board of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000) (finding that the "mere theoretical possibility of recovery under local law" does not preclude removal. Plaintiffs must show that there exists "a reasonable basis for predicting that state law

would allow recovery in order to preclude a finding of fraudulent joinder."). Finally, this court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42 (5th Cir. 1992).

In the instant case, the defendants contend that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendants. The defendants argue that the plaintiff's claims against them are governed by the Vaccine Act, and that the Act applies equally to the defendants who make vaccines, to the physicians, to the hospital and to the clinic. This leaves the defendants who make Thimerosal, and the defendants' assertion of jurisdictional basis is complete diversity between the plaintiffs and the defendants who make Thimerosal, after the Vaccine Act claims against the defendants who make vaccines, the physicians, the hospital and the clinic are dismissed.

This court first shall address the scope of the Vaccine Act, and then the matter of diversity jurisdiction and the *Smallwood* decision's impact on this case.

## THE VACCINE ACT

Specifically crafted for manufacturers and administrators of vaccine, the Vaccine Act establishes a no-fault compensation Program, designed to curb the time and expense of traditional tort litigation. Congress envisioned a system where awards to an injured vaccinee or a person suing on the vaccinee's behalf were to be "made quickly, easily, and with certainty and generosity." *Knudsen v. Secretary of HHS*, 35

F.3d 543, 549 (Fed.Cir. 1994) (quoting H.R.Rep. No. 99-908, at 3, reprinted in 1986 U.S.C.C.A.N. 6344, 6344). *See also Shalala v. Whitecotton*, 514 U.S. 268, 270, 115 S.Ct. 1477, 131 L.Ed.2d 374 (1995).

The Vaccine Act directs an individual who is injured by a vaccine to file a Program petition in the Federal Court of Claims against the United States government, namely the Secretary for the Department of Health and Human Services, rather than against the vaccine manufacturers who provide the vaccines to doctors, and against hospitals who administer the vaccines. As the Federal Circuit recognized, the Vaccine Program "stems from Congress's recognition that '[w]hile most of the Nation's children enjoy great benefit from immunization programs, a small but significant number have been gravely injured.'" *Knudsen*, 35 F.3d at 549 (quoting H.R.Rep. No. 99-908, at 4, reprinted in 1986 U.S.C.C.A.N. at 6345). All persons alleging a vaccine-related injury are entitled to take advantage of the Program's "streamlined" process.

Significantly, the Vaccine Act prohibits a victim of a vaccine-related injury or death from filing a civil action for damages of more than $1,000 against a vaccine manufacturer or an administrator unless the victim first files a petition in Vaccine Court pursuant to the Vaccine Act. *See* Title 42 U.S.C. § 300aa-11(a)(2)(A).[8] If the victim of

---

[8]Title 42 U.S.C. § 300aa-11(a)(2)(A) provides that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988 ... ."

7

a vaccine-related injury or death first files a civil action in either state or federal court, "the court shall dismiss the action." Title 42 U.S.C. § 300aa(a)(2)(B)[9] and § 11(a)(3).[10]

The plaintiffs' complaint refers to Thimerosal as an adulterant or contaminant, a substance not covered by the Vaccine Act. This court disagrees for the reasons that follow.

### THE THIMEROSAL CLAIMS ARE VACCINE RELATED

Federal courts addressing this issue have decided that Thimerosal is not an "adulterant" or "contaminant" within the meaning of the Vaccine Act and, therefore, lawsuits for injuries allegedly resulting from the use of Thimerosal in vaccines are not excluded from being heard by special masters in the United States Court of Federal Claims. *See, e.g., Liu v. Aventis Pasteur, Inc.,* 219 F.Supp.2d 762 (W.D. Tex. 2002); *Owens v. American Home Products Corporation,* 203 F.Supp.2d 748 (S.D. Tex. May 7, 2002); *O'Connell v. American Home Products Corporation,* No. G-02-184, slip op. (S.D. Tex. May 7, 2002). *See also Bertrand v. Aventis Pasteur, Labs., Inc.,* 2002 WL 31194226, at *5-*6 (D.Ariz. Sept. 23, 2002) (declining to resolve whether Thimerosal is an adulterant or contaminant, but noting that "every federal court to have ruled on the issue has held that injuries resulting from Thimerosal contained in vaccines are

---

[9] Title 42 U.S.C. § 300aa-11(a)(2)(B) provides in part that "[i]f a civil action which is barred under subparagraph (A) is filed in a State or Federal court, the court shall dismiss the action."

[10] Section 11(a)(3) provides that "[n]o vaccine administrator or manufacturer may be made a party to a civil action (other than a civil action which may be brought under paragraph (2)) for damages for a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988."

8

vaccine-related under the meaning of the Act"); *Blackmon v. American Home Products Corporation*, No. G-02-179, slip op. (S.D. Tex. May 8, 2002), which holds that Thimerosal cases are vaccine-related cases under the meaning of the Vaccine Act; and *Collins v. American Home Products Corporation*, No. 01-979, slip op. (S.D. Miss. Aug.1, 2002), dismissing the plaintiffs' Thimerosal claims because Autism Order # 1 'foreclose[d] any reasonable possibility that the plaintiffs had stated a cognizable claim against the resident defendants); *McDonald v. Abbott Labs.*, No. 02-77, slip op. (S.D. Miss. Aug. 1, 2002); and *Stewart v. American Home Products Corporation*, No. 02-427, slip op. (S.D. Miss. Aug. 1, 2002), cases holding that claims arising from Thimerosal are covered by the Vaccine Act; and *Chiles v. American Home Products Corporation*, 2003 WL 22287527 (N.D. Tex.), holding that the Thimerosal claims asserted on behalf of the minor plaintiffs were "vaccine-related injuries" which had to be pursued in accordance with the Vaccine Act, Title 42 U.S.C. § 300aa-11(a)(2)(A), citing *Owens ex rel. Schafer v. American Home Products*, 203 F.Supp.2d at 754-56.

The *Owens* court observed that the Federal Drug Administration has long recognized that preservatives such as Thimerosal are "constituent materials" of vaccines, citing 21 C.F.R. § 610.15 (indicating that constituents of biological materials include ingredients, preservatives, diluents and adjuvants). That Thimerosal is not mentioned by name in the regulation, said the *Owens* court, does not necessarily exclude it as an acceptable additive or as a component of the vaccine preparation. *Id.*, 203 F.Supp.2d at 755, n. 10.

The Federal Court of Claims has stated that the legislative history of the Vaccine Act supports the finding that Congress intended injuries allegedly related to

Thimerosal be brought under the "Program" provided by the statute for informal hearings before a Federal Court of Claims. *Leroy v. Secretary of Department of Health and Human Services*, 2002 WL 31730680 (Fed. Cl. Oct. 11, 2002). In *Leroy*, the Secretary of Health and Human Services successfully argued that, "[g]iven the congressional purpose of channeling liability for vaccine injuries to the Program and the fact the vaccines chosen for coverage contained Thimerosal, it is incongruous to argue that at the same time Congress extended coverage to these vaccines, it intended to define away that coverage for any injury related to Thimerosal." *Id.*

    Other courts addressing the same issue have concluded that claims of injuries resulting from Thimerosal are vaccine related. *See Wax v. Aventis Pasteur Inc.*, 240 F.Supp.2d 191 (E.D. N.Y. 2002) (upholding the determination of the Secretary of Health and Human Services that the preservative Thimerosal was not adulterant to or contaminant of vaccines, and that individuals claiming Thimerosal in vaccines caused their autism were required under the Vaccine Act to present their claims to the Vaccine Court before pursuing any other civil litigation; Public Health Service Act, §§ 2111(a)(2)(A), 2133(5), as amended, Title 42 U.S.C. §§ 300aa-11(a)(2)(A), 300aa-33(5); 21 C.F.R. § 610.15). In *Murphy v. Aventis Pastuer, Inc.*, 270 F.Supp.2d 1368 (N.D. Ga. 2003), the district court concluded that whenever a civil action is brought in violation of Title 42 U.S.C. § 300aa-11(a)(2)(A), which provides that no person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a state or federal court for damages arising from a vaccine-related injury or death, the presiding court "shall dismiss the action." *Id.*, at 1375-76.

So, in the instant case, the plaintiffs' claims against the vaccine manufacturers such as Aventis Pastuer, Inc., and Merck & Company, Inc., are subject to the Vaccine Act, as are the plaintiffs' claims against the non-diverse defendants Dr. Donald Butts, Dr. Nancy Kliesch, CMMC, and Clinc for Children.

The remaining defendants who manufacture or distribute Thimerosal are parties of diverse citizenship to the plaintiffs. Thus, the plaintiffs claims against them properly are removed to federal court pursuant to Title 28 U.S.C. § 1332. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (all defendants must be of diverse citizenship from the plaintiff(s)). The requisite amount in controversy for this court's jurisdiction is present owing to the nature of this lawsuit even though the amount of the plaintiffs' damages claims is unspecified. Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Company*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Allstate Insurance Company v. Hilbun*, 692 F.Supp. 698, 701 (S.D. Miss. 1988).

## THE *SMALLWOOD* DECISION

In *Smallwood v. Illinois Cent. R.R. Co.*, --- F.3d ---, 2004 WL 2047314 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782), the Fifth Circuit upheld its previous conclusion reached in *Smallwood v. Illinois Central R. Co.*, 342 F.3d 400 (5th Cir. 2003), that there is no improper joinder of an in-state defendant with a diverse defendant where the showing that there is no reasonable basis for predicting that state law would allow

11

recovery against the in-state defendant applies equally to dispose of the plaintiff's claims against all the defendants (common claim or defense). The Fifth Circuit stated as follows:

> ...[O]ur holding today is *narrow*. It applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is *equally dispositive of all defendants*... (emphasis added).

*Smallwood v. Illinois Cent. R.R. Co.*, --- F.3d ---, 2004 WL 2047314 *5-*6 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782).

In the instant case, the defendants' showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant applies only to the vaccine manufacturers and administrators, not to the manufacturers of Thimerosal; thus, the directive of *Smallwood* does not apply in this circumstance.

### CONCLUSION

Therefore, in accordance with the foregoing authority, this court hereby denies the motion of the plaintiffs to remand this case to the Circuit Court of Hinds County, Mississippi [**Docket No. 9-1**]. The plaintiff's claims against the vaccine manufacturers, to wit, American Home Products, Aventis Pastuer and Merck & Company, and the non-diverse defendants, namely Dr. Donald butts, Dr. Nancy Kilesch, CMMC, and Clinic for Children, are subject to the Vaccine Act and are dismissed. Consequently, the motions of the defendants Merck & Company and Dr. Donald Butts to dismiss [**Docket Nos. 4-1 and 6-1**] are granted *per force*, though not

12

necessarily for the reasons urged in those motions. The motion of Sigma-Aldrich, Inc., to dismiss [Docket No. 5-1] is denied.

SO ORDERED AND ADJUDGED, this the 30th day of September, 2004.

*Henry T. Wingate*
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:03-cv-1076WS
Order Denying Remand

13

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TRACY LUCIO, Individually and as Next Friend of JUSTIN LUCIO, et al., Plaintiffs, § § § § | |
| v. § | C.A. No. C-03-520 |
| AMERICAN HOME PRODUCTS d/b/a WYETH, et al., Defendants. § § § § | |

### ORDER GRANTING DEFENDANT WYETH'S MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT

Pending before the Court is Defendant Wyeth's Motion to Strike Plaintiffs' First Amended Complaint (D.E. 47).

The Court's determination regarding the Motion to Strike is made pursuant to 28 U.S.C. § 1447(e).[1] § 1447(e) provides that if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court." § 1447(e) encompasses both an amendment which consists of an addition of a defendant or an amendment which consists of an identification of a John Doe defendant. *Doleac ex rel.*

---

[1] Federal Rule of Civil Procedure 15(a) does not control the filing of the amended complaint here. Because plaintiffs seek to add non-diverse defendants, Dr. Zebaida and the Children's Clinic, which would destroy subject matter jurisdiction, through their amended complaint, leave of this Court should have been sought before the plaintiffs filed the amended complaint even though no responsive pleadings had yet been served. *See White v. City Fin. Co.*, 277 F.Supp.2d 646, 650-51 (S.D. Miss. 2003); *Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D. La. 1997); *Whitworth v. TNT Bestway Transp., Inc.*, 914 F.Supp. 1434, 1435 (E.D. Tex. 1996); 6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure* § 1477 (2d ed. 1990).

1

EXHIBIT 3

*Doleac v. Michalson*, 264 F.3d 470, 476-77 (5th Cir. 2001). Thus, despite the parties' disagreement about the true nature of this amendment, § 1447(e) still applies. The Court scrutinizes the present amendment, which would destroy subject matter jurisdiction, more closely than an ordinary amendment. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

The Court has considered the *Hensgens* factors[2] and has balanced the equities between the defendant and the plaintiffs to determine whether or not it should strike plaintiffs' first amended complaint. The Court finds that the balance of equities weighs in favor of the defendant's interest in their choice of a federal forum.

First, it is plainly apparent that the purpose of the amended complaint is to destroy diversity jurisdiction. As the minor children in this case have been receiving their vaccinations since birth by health care providers, the identity of such providers and the place at which the vaccinations were administered would be known to the plaintiffs at the time of the filing of their original complaint. Yet, plaintiffs chose not to include these parties in their original petition. The failure to do so demonstrates to the Court that the current attempt at amendment is solely an attempt to destroy diversity.

---

[2] In a § 1447(e) determination, the Court should consider a number of factors, which include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. Although the *Hensgens* case was decided before the enactment of 28 U.S.C. § 1447(e), the Fifth Circuit has noted that it still may be used in the discretionary determination of this section. *See, e.g., Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 681 (5th Cir. 1999).

Also, plaintiffs have not been diligent in attempting to make the amendment. The original petition was filed in August of 2003 and the amended complaint was not filed until January 5, 2004. Again, it is extremely doubtful that it would have taken the plaintiffs that amount of time to find out the identities of the vaccine administrators. Finally, even though plaintiffs may be injured by the Court denying the amendment, the fact that the plaintiffs could have avoided such injury by including Dr. Zebaida and Children's Clinic in their original petition outweighs the potential of injury. The Court finds that there are no additional equities in favor of either party. In this balancing of factors, the Court finds that the amended complaint should not be allowed.

As such, the Court GRANTS Defendant Wyeth's Motion to Strike Plaintiffs' First Amended Complaint (D.E. 47) and STRIKES Plaintiffs' First Amended Complaint (D.E. 34).

ORDERED this the __27__ of __Oct__, 2004.

_____
H.W. HEAD, JR.
CHIEF JUDGE