FILED

APR 30 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SHIRLEY KNIGHT-HENSON,           )
Individually and as Next Friend of   )
CALEB KNIGHT, ET AL.,             )
                                  )
        Plaintiffs,               )
                                  )
vs.                               )    CIVIL ACTION NO. SA-03-CA-1215-FB
                                  )
AMERICAN HOME PRODUCTS d/b/a       )
Wyeth, ET Al.,                    )
                                  )
        Defendants.               )

## ORDER OF REMAND

Before the Court are pending motions, including plaintiffs' motion to remand and defendants' motions to strike plaintiffs' amended complaint and dismiss or stay plaintiffs' claims. This matter presents similar facts and legal issues to those raised in numerous cases which defendants removed from state courts in Texas, including <u>Trina Galindo, Individually and as Next Friend of Alec Paul Galindo, et al., v. American Home Products d/b/a Wyeth, et al.</u>, Civil Action No. H-03-5520. In the <u>Galindo</u> case, the Honorable Sim Lake granted plaintiffs' motion to remand. He did so in part because defendant "had not carried its 'heavy' burden of persuading the court that non-diverse Oribi was fraudulently joined." The Judge also declined to: (1) strike plaintiffs' joinder of the non-diverse healthcare providers and (2) refrain from ruling based on the "common defense" argument because, although the Fifth Circuit has granted rehearing, the argument "is not dispositive of whether this action should be remanded." Because several defendants "are Texas citizens and have not been fraudulently joined," Judge Lake explained, "removal of the action to federal court was improper." Having made this determination, the Judge concluded that the Court had no jurisdiction to consider defendants' motions to dismiss.

54

After careful consideration of this and related orders, the response and replies, the pleadings on file and the entire record in the matter, and having conducted an independent review of the arguments, caselaw and statutes, this Court finds the discussion and analysis contained in Judge Lake's Memorandum and Order (see attached) of remand to be applicable and persuasive authority in this case.

IT IS THEREFORE ORDERED that defendants' motions to dismiss (docket nos. 4, 5, 6, 11, 14, 29, 32) are DISMISSED as MOOT;

IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's first amended complaint (docket no. 30) is DENIED;

IT IS FINALLY ORDERED that plaintiffs, motion to remand (docket no. 21) is GRANTED such that the above-styled and numbered cause is REMANDED to the 288th Judicial District Court of Bexar County, Texas, for lack of subject matter jurisdiction. The Clerk of the Court is directed to send a certified copy of this order of remand to the District Clerk of Bexar County, Texas. Remaining motions pending with the Court, if any, are dismissed.

It is so ORDERED.

SIGNED this _____ 30 _____ day of April, 2004.


FRED BIERY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 1 0 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| TRINA GALINDO, Individually and as Next Friend of ALEC PAUL GALINDO, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-03-5520 |
| AMERICAN HOME PRODUCTS d/b/a WYETH, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs' Motion to Remand (Docket Entry No. 26). For the reasons stated below, the motion will be granted.

### I. Procedural Background

Plaintiffs, Trina Galindo, individually and as next friend of Alec Paul Galindo, and Juan Carlos Garza and Bertha Garza, individually and as next friend of Juan Carlos Garza, II, brought this action against the defendants, American Home Products d/b/a Wyeth, Inc.; Wyeth Laboratories; Wyeth-Ayerst; Wyeth-Ayerst Laboratories; Wyeth Lederle; Wyeth Lederle Vaccines; Lederle Laboratories; Aventis Pasteur, Inc., individually and as successor in interest to Connaught Laboratories, Inc., Pasteur Merieux and Pasteur Merieux Connaught; GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corporation; Merck &

42

Co., Inc.; Baxter International, Inc., individually and as successor in interest to North American Vaccine, Inc.; Dow Chemical Company; Eli Lilly and Company; Sigma Aldrich; Oribi, Inc., individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists; and various unnamed "Clinic Defendants"[1] (collectively, "Defendants").

The action was originally filed in Texas state court in Harris County. The petition alleges various common law torts, including strict products liability, negligence, breach of warranty, and fraudulent concealment, arising from the fact that vaccines allegedly containing mercury, which were designed, manufactured, marketed, and/or distributed by Defendants, were administered to Plaintiffs' children and proximately caused them neurological damage.[2]

Defendant Sigma-Aldrich, Inc. filed a Notice of Removal (Docket Entry No. 1) pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity jurisdiction. All defendants other than Oribi and the "John Doe" defendants -- the non-diverse defendants -- consented to the removal.[3] Various defendants then filed motions

---

[1]See Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 9-10.

[2]See id. at unnumbered pp. 7-10.

[3]Notice of Removal, Docket Entry No. 1 at ¶ 5. Sigma-Aldrich submits that Oribi's consent was not required for two reasons: (1) it was fraudulently joined to defeat diversity, citing Jernigan v. Ashand Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993); and
(continued...)

to dismiss (Docket Entry Nos. 21, 5, 9, 10). On December 29, 2003, Plaintiffs filed both a Motion to Remand (Docket Entry No. 26) and their First Amended Complaint (Docket Entry No. 27). The First Amended Complaint substitutes the names of the non-diverse healthcare providers who were identified only as "Clinic Defendants" in the original state court petition.[4]  Defendant Sigma-Aldrich filed its Opposition to Remand (Docket Entry No. 36) on January 12, 2004.  Plaintiffs filed a reply (Docket Entry No. 41) on January 26, 2004.

Plaintiffs are all citizens of Texas.[5]  All defendants, other than Oribi and the healthcare providers, maintain their principal places of business and are incorporated in states other than Texas.[6]  Oribi is a Texas citizen.[7]  The healthcare providers named in the First Amended Complaint -- James Peter Zucconi, M.D., Antonio Garcia, M.D., and Latin American Clinic of Houston -- are all citizens of Texas.[8]

---

[3](...continued)
(2) Oribi had not yet been served when the notice of removal was filed, citing Marshall v. Skydive America South, 903 F. Supp. 1067, 1068 (E.D. Tex. 1995).

[4]See Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 2.12-2.14.

[5]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered p. 2.

[6]Notice of Removal, Docket Entry No. 1 at ¶ 8.

[7]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 3-4.

[8]Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 2.12-2.14.

## II.  Standard of Review

28 U.S.C. § 1447(c) provides two grounds for remand:  (1) a defect in removal procedure or (2) lack of subject matter jurisdiction.  Cuellar v. Crown Life Ins. Co., 116 F. Supp.2d 821, 825 (S.D. Tex. 2000).  When considering a motion to remand the removing party bears the "heavy" burden of showing that removal was proper.  Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).

Removal is available based on diversity in cases over which the court would have had original diversity jurisdiction, subject to two limitations:  (1) none of the defendants may be a citizen of the state in which the district court sits; and (2) diversity must have existed when the original action and the petition for removal were filed.  28 U.S.C. § 1441(b).  If it appears that the district court lacks subject matter jurisdiction at any time before final judgment, the case must be remanded.  28 U.S.C. § 1447(c).

A case may be removed despite the presence of a non-diverse defendant if the removing defendant establishes that the non-diverse defendant was fraudulently or improperly joined.  To establish fraudulent joinder the defendant must show (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court.  Travis, 326 F.3d at 647 (citations omitted).

Defendants do not allege actual fraud.  The relevant test is therefore whether Defendants have shown "absolutely no possibility"

that Plaintiffs will be able to establish a cause of action or that
no "reasonable basis" exists for Plaintiffs' recovery against the
non-diverse defendant.    Id. (concluding that these two seemingly
different tests are equivalent).    Where colorable claims exist "the
court may not find that the non-diverse parties were fraudulently
joined based on its view of the merits of those claims . . . .
Instead, that is a merits determination which must be made by the
state court." Smallwood v. Ill. Cent. R.R. Co., 342 F.3d 400, 405
(5th Cir. 2003) (quoting Boyer v. Snap-On Tools Corp., 913 F.2d
108, 113 (3d Cir. 1990)).    A good faith assertion that a state
court might impose liability on the facts involved, whether or not
the plaintiff can actually prove a case, is sufficient to defeat an
allegation that the plaintiff has joined a sham defendant.    See
Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 179
(5th Cir. 1968) (finding that plaintiff had not fraudulently joined
agent of corporation because plaintiff need only have a good faith
expectation, not a legal certainty, of recovery).

Because removal jurisdiction "raises significant federalism
concerns," Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.
1988), appeal after remand, 915 F.2d 965 (5th Cir. 1990), aff'd,
112 S.Ct. 1076 (1992), courts must construe removal statutes
"narrowly, with doubts resolved in favor of remand to the state
court." Value Recovery Group, Inc. v. Hourani, 115 F. Supp.2d 761,
765 (S.D. Tex. 2000) (quoting Jefferson Parish Hosp. Dist. No. 2 v.
Harvey, 788 F. Supp. 282, 283-84 (E.D. La. 1992)).    The court may

"pierce the pleadings" and consider affidavits or other documentary evidence only to the extent that they clarify allegations in the petition.  <u>Travis</u>, 326 F.3d at 649.

### III.  The Parties' Arguments

**A.   Plaintiffs' Arguments**

Citing Federal Rule of Civil Procedure 15(a), Plaintiffs argue that they are entitled as a matter of course to amend their pleadings before a responsive pleading has been filed.[9]  When Plaintiffs filed their amended complaint, Defendants had only filed motions to dismiss, which Plaintiffs argue are not considered responsive pleadings.[10]  Plaintiffs' First Amended Complaint names the non-diverse healthcare providers, who were merely referred to as the "Clinic Defendants" in the original petition, and alleges that they are all citizens of Texas.[11]

Plaintiffs argue (1) that diversity jurisdiction does not exist because several named defendants and all Plaintiffs are citizens of Texas, (2) that the non-diverse defendants were not fraudulently joined because Plaintiffs have asserted valid state-law causes of action against them, and (3) that Sigma-Aldrich cannot carry its burden of establishing that Plaintiffs do not have

---

[9]Plaintiffs' Motion to Remand, Docket Entry No. 26 at p. 2.

[10]<u>Id.</u> at p. 3 (<u>citing</u> <u>Lewis v. Fresne</u>, 252 F.3d 352, 360 (5th Cir. 2001)).

[11]Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 2.12-2.14.

viable claims against either the healthcare providers or Oribi.[12] Specifically, Plaintiffs contend that they have alleged Texas state law causes of action for lack of informed consent and medical negligence against the healthcare providers and a products liability cause of action against Oribi as a distributor in the stream of commerce of the allegedly defective product.[13]

Plaintiffs also challenge Sigma-Aldrich's reliance on the argument that Defendants possess a common defense under the National Vaccine Injury Compensation Act as a means for determining the issue of fraudulent joinder. Plaintiffs assert that the Fifth Circuit -- in a case with "identical" facts, where the same defendants made the same arguments -- concluded that the case should have been remanded to state court.[14]

**B.  Sigma-Aldrich's Arguments in Opposition to Remand**

Sigma-Aldrich argues that Plaintiffs' original petition contained only one non-diverse defendant, Oribi, that was fraudulently joined.  Sigma-Aldrich cites affidavits it has attached to its response to Plaintiffs' motion to show that Plaintiffs are "mistaken" in their allegation that Oribi distributed thimerosal-containing vaccines or component parts of

---

[12]Plaintiffs' Motion to Remand, Docket Entry No. 26 at pp. 4-5.

[13]Id. at pp. 5-6 (citing Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 5.1-5.7, 6.7-6.9, 2.11, respectively).

[14]Id. at pp. 8-9 (discussing Collins ex rel. Collins v. American Home Products Corp., 343 F.3d 765 (5th Cir. 2003)).

such vaccines that are the subject of this action.[15] Sigma-Aldrich contends that Plaintiffs have no factual basis for recovery against Oribi, and that their allegations against Oribi are "wholly conclusory" and thus insufficient.[16]

Sigma-Aldrich also argues that Plaintiffs should not be given leave to amend to name non-diverse healthcare providers because adding these parties is a ruse to defeat diversity.[17] Alternatively, if the court does not strike Plaintiffs' First Amended Complaint, Sigma-Aldrich contends that the healthcare providers named therein have been fraudulently joined because the claims against them are barred by the National Childhood Vaccine Injury Act, which creates an exclusive and mandatory system for resolving vaccine-related injuries that Plaintiffs have not exhausted.[18]

## IV.  Analysis

**A.   Joinder of the Healthcare Providers**

    1.   The Applicable Complaint

Sigma-Aldrich argues that the presence of the healthcare providers named in Plaintiffs' amended complaint should not affect

---

[15]Defendant Sigma-Aldrich, Inc.'s Opposition to Remand, Docket Entry No. 36 at pp. 1, 11-13.

[16]Id. at pp. 4-5.

[17]Id. at p. 2.

[18]Id.

t:\files\m&o\03-5520 remand                    -8-

the court's assessment of diversity because adding these parties is a ruse to defeat diversity or, alternatively, that they were fraudulently joined. Sigma-Aldrich is correct that fictitious defendants are disregarded for purposes of determining removal jurisdiction. However, this statement of law is only relevant if the court does not consider Plaintiffs' amended complaint.

Sigma-Aldrich asserts that, because this action was removed, Plaintiffs do not have a right as a matter of course to amend their complaint. Instead, the court must grant them leave to do so. Sigma-Aldrich urges the court to deny Plaintiffs leave to amend, thereby eliminating the healthcare providers from the court's diversity analysis. Resolution of Plaintiffs' motion to remand thus requires that the court first determine the threshold issue of whether the court should look to the original state court petition or to Plaintiffs' First Amended Complaint that was filed contemporaneously with the motion to remand.

Within thirty days of the removal Plaintiffs filed an amended complaint. Plaintiffs may amend once as a matter of right anytime before defendants have filed a responsive pleading. FED. R. CIV. P. 15(a). Motions to dismiss are not considered responsive pleadings. Whitaker v. City of Houston, 963 F.2d 831, 834-35 (5th Cir. 1992). Removal does not preclude a plaintiff from amending as a matter of right pursuant to Rule 15(a) unless the plaintiff seeks "to join additional defendants whose joinder would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e). In such instances, the court

has discretion to deny joinder or to permit joinder and remand the action to state court. Id.

Under the heading "Causes of Action against the Clinic Defendants," Plaintiffs' original petition contains two pages of factual allegations.[19]  The petition asserts that unnamed "Clinic Defendants" dispensed vaccines containing thimerosal before June 1999 without disclosing the risks and that they continued to dispense these vaccines after June 1999 despite an FDA announcement about hazards associated with thimerosal-containing vaccines.[20] These allegations clearly indicate that Plaintiffs intended to pursue claims against their healthcare providers from the outset.

The court therefore concludes that section 1447(c) does not prevent Plaintiffs from amending as a matter of right because Plaintiffs' amended complaint merely identifies parties described in the original petition.  In other words, the amended complaint does not actually add defendants.  Moreover, even if naming the healthcare providers is construed as "adding parties," the court may permit joinder of these defendants and remand the action to state court.

In determining whether to permit post-removal joinder of non-diverse defendants, the court considers the factors articulated in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), cert.

_____

[19]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 9-10.

[20]Id.

denied, 110 S.Ct. 150 (1989). Those factors are (1) the extent to which the purpose of the amendments is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in seeking the amendment, (3) whether plaintiff will be significantly injured if the amendment is disallowed, and (4) the relative equities involved. Id. at 1182. The first Hensgens factor is the vehicle for applying the fraudulent joinder doctrine to non-diverse defendants joined after removal.[21]

Because Plaintiffs were not dilatory in filing their amendment, and because Plaintiffs would be significantly injured by having to pursue two distinct lawsuits involving a common nucleus of operative facts in two different fora, the court concludes that the second and third Hensgens factors weigh heavily in favor of permitting joinder. Assessing whether the healthcare providers were joined solely to defeat federal jurisdiction, which also bears on the relative equities of permitting joinder, requires a more thorough analysis.

2.   Fraudulent Joinder of the Healthcare Providers

To show that the healthcare providers were fraudulently joined, Sigma-Aldrich must show Plaintiffs' inability to establish a cause of action against the healthcare providers. Travis, 326

---

[21]Although the fraudulent joinder doctrine does not directly apply to non-diverse defendants joined after removal, if a removing defendant "can carry the heavy burden of proving fraudulent joinder, that fact should be a factor -- and perhaps the dispositive factor -- that the court considers in deciding whether a plaintiff may join a non-diverse defendant." Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999).

F.3d at 647. If "there is arguably a reasonable basis for predict-
ing that the state law might impose liability on the facts
involved," then there is no fraudulent joinder. Badon v. RJR
Nabisco, Inc., 236 F.3d 282, 286 (5th Cir.), reh'g and reh'g en
banc denied by 250 F.3d 745 (5th Cir. 2001). Thus, the court must
examine the relevant substantive law to determine whether any
colorable claim against the healthcare providers exists. Whether
Plaintiffs have stated a valid state law cause of action against
the healthcare providers depends upon the basic "factual fit
between [their] allegations and the pleaded theory of recovery."
Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999).

    Plaintiffs claim that James Peter Zucconi, M.D., Antonio
Garcia, M.D., and Latin American Clinic of Houston, Texas,
committed medical negligence by failing to warn Plaintiffs of the
known dangers of thimerosal-containing vaccines that these
defendants administered to their children.[22] Under Texas law a
healthcare provider assumes the duty to warn patients of dangers
associated with a particular prescribed drug. Morgan v. Wal-Mart
Stores, Inc., 30 S.W.3d 455, 462 (Tex. App. -- Austin 2000, pet.
denied). To recover for negligent failure to warn Plaintiffs must
prove (1) that the healthcare provider's warning was defective and
(2) that the failure to warn was a producing cause of the
plaintiffs' injuries. Technical Chemical Co. v. Jacobs, 480 S.W.2d
602, 605 (Tex. 1972). Plaintiffs have alleged that the healthcare

---

[22]Plaintiffs' First Amended Complaint, Docket Entry No. 27 at
¶¶ 6.8 & 7.0.

providers administered the thimerosal-containing vaccines without warning Plaintiffs of the risk that those vaccines could be hazardous to a child's health and that this conduct proximately caused Plaintiffs' injuries.[23]

Plaintiffs also allege that the healthcare providers are liable to Plaintiffs for fraudulent concealment.[24] Fraudulent concealment is a cause of action under Texas law and requires proof of the same elements as common law fraud. Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997). The elements of fraud are (1) a material representation was made (2) that was false, (3) the speaker knew it was false when the representation was made or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party should act upon it, (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury. Formosa Plastics Corp. v. Presidio Engineers & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998). Plaintiffs have alleged that the healthcare providers failed to disclose a material fact within their knowledge, that this fact was not within Plaintiffs' knowledge, that these defendants knew of Plaintiffs' ignorance, that these defendants induced Plaintiffs to act by failing to disclose, and that Plaintiffs were injured as a result.[25]

---

[23]Id.

[24]Id. at ¶ 6.9.

[25]Id.

Sigma-Aldrich argues that the healthcare providers are fraudulently joined because Plaintiffs' state tort claims against those defendants are preempted by a federal defense provided by the National Vaccine Compensation Act, 42 U.S.C. § 300aa-11(a)(2)(A). However, in the absence of complete preemption,[26] which creates a federal question, the existence of a federal defense is not dispositive of the jurisdictional inquiry. Smallwood, 342 F.3d at 408. Deciding whether the healthcare providers may rely on a federal defense would require the court to step across "the threshold jurisdictional issue into a decision on the merits." Id. at 404 (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990)). Such a use of the fraudulent joinder doctrine would "frustrate[] the overarching principle of the well-pleaded complaint rule, that state courts are equally competent to decide federal defenses." Collins ex rel. Collins v. American Home Products Corp., 343 F.3d 765, 769 (5th Cir. 2003) (quoting Smallwood, 342 F.3d at 408).[27]

---

[26]"Complete preemption" occurs when a federal statute entirely displaces all state law causes of action in a given field, whereas "conflict preemption" merely serves as a defense to a state action and does not establish federal question jurisdiction. Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999). The well-pleaded complaint rule prevents removal solely on the basis of conflict preemption. Roark v. Humana, Inc., 307 F.3d 298, 305 (5th Cir. 2002).

[27]Sigma-Aldrich argues that Collins is inapplicable or, in the alternative, that the court should refrain from ruling on the remand issue because the Fifth Circuit has granted a rehearing en banc of the "common defense" arguments in Smallwood, upon which Collins relied, and because other district courts have issued a stay for this reason. Collins is a succinct opinion, issued
(continued...)

-14-

The fact that Plaintiffs were "unable to effect the substitution [of named defendants] before [defendant] removed does not somehow convert any subsequent effort at substitution into a joinder 'for the sole purpose of destroying diversity.'" Gilberg v. Stepan Co., 24 F. Supp.2d 355, 357 (citing Davis v. American Commercial Barge Line Co., 1998 WL 341840, *2 (E.D. La. 1998)). Furthermore, as explained below, when Plaintiffs amended to include the actual names of the healthcare providers this action already lacked complete diversity because of the presence of Oribi as a defendant. Because Sigma-Aldrich has not produced evidence that would negate the possibility of liability on the part of the healthcare providers, it has failed to carry its "heavy" burden of establishing that the healthcare providers were fraudulently joined. See Travis, 326 F.3d at 649-51. The court concludes therefore that, if section 1447(e) even applies, all Hensgens factors weigh heavily in favor of permitting an amendment.

B.   Fraudulent Joinder of Oribi

Plaintiffs' original petition asserts that Oribi, a non-diverse thimerosal distributor, is liable to Plaintiffs under theories of strict liability, negligence, fraud, misrepresentation,

---

[27](...continued)
without dissent, that relies on the Fifth Circuit's recent, well-reasoned, unanimous decision in Smallwood. Moreover, the "common defense" argument is not dispositive of whether this action should be remanded. For these reasons, the court concludes that reliance on Collins and Smallwood is justified and declines to stay its ruling.

and civil conspiracy.[28]   Under Texas law a distributor of a defective product in the stream of commerce is a proper defendant in a products liability action.   TEX. CIV. PRAC. & REM. CODE § 82.001(3).   Plaintiffs have alleged that Oribi was such a distributor and that Plaintiffs were exposed to the product that they distributed.[29]

Sigma-Aldrich contends that there is no factual basis for recovery against Oribi, attaching an affidavit that states that Oribi never distributed any vaccines, let alone vaccines containing thimerosal.[30] This affidavit is summary-judgment type evidence that bears on a contested fact.   At this juncture contested factual issues must be resolved in Plaintiffs' favor.   See Smallwood, 342 F.3d at 403.   Sigma-Aldrich also argues that Plaintiffs' allegations against Oribi are "wholly conclusory" and thus insufficient.[31] Yet, to show that removal was improper, a plaintiff need only demonstrate that the plaintiff pleaded basic facts corresponding to each element of a legitimate state law claim against a non-diverse defendant thereby demonstrating a "reasonable basis for predicting that the state law might impose liability on

---

[28]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 7-9.

[29]Id.

[30]Affidavit of John Rains, Defendant Sigma-Aldrich, Inc.'s Opposition to Remand, Docket Entry No. 36, Exhibit A.

[31]Defendant Sigma-Aldrich, Inc.'s Opposition to Remand, Docket Entry No. 36 at p. 4.

Westlaw

Slip Copy
Slip Copy, 2005 WL 910601
**(Cite as: Slip Copy)**

Page 1

Slip Copy, 2005 WL 910601
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas
Division.
Steve DAVIS, et al., Plaintiffs,
v.
AMERICAN HOME PRODUCTS, et al.,
Defendants.
**No. Civ.A.3:03CV2880-D.**

April 20, 2005.

Gregory J. McCarthy , Dallas, TX, Derrick S. Boyd,
Decatur, TX, for Plaintiff.
Michael R. Klatt , Jeffrey R. Lilly , Austin, TX,
Wade L. McClure , Laura J. O'Rourke , Bryan
Haynes , Jennifer Jackson Spencer , David Michael
MacDonald , Joel Jay Steed , Dallas, TX, Jeffrey S.
Woff , Richard L. Josephson . Houston, TX, John R.
Gilbert , Angleton, TX, Matthew Henry Hand,
Amarillo, TX, for Defendants.

*MEMORANDUM OPINION AND ORDER*

FITZWATER, J.
*1 Plaintiffs move to remand this action to state
court, contending the parties are not completely
diverse citizens and that the three Texas defendants
are properly joined. The court need not address
potentially-unsettled questions concerning the impact
of the common defense rule in determining whether
this case was removable. Plaintiffs' motion turns on a
straightforward determination of whether defendants
have carried their heavy burden of establishing the
improper joinder of one Texas defendant. Concluding
they have not, the court grants plaintiffs' motion and
remands this case to state court.

I

This is one in a number of lawsuits that have arisen
from the administration of vaccinations that
contained the preservative Thimerosal. Plaintiffs
Steve Davis and Regina Davis (collectively,
"plaintiffs"), individually and as next friend of Tyler
Davis ("Tyler"). sue defendants American Home
Products d.b.a Wyeth, Wyeth Laboratories, Wyeth-
Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle,

Wyeth Lederle Vaccines, and Lederle Laboratories;
Aventis Pasteur, Inc., individually and as successor in
interest to Connaught Laboratories, Inc., Pasteur
Merieux, and Pasteur Merieux Connaught;
GlaxoSmithKline, individually and as successor in
interest to SmithKlineBeecham Corp.; Merck & Co.,
Inc.; Baxter International, Inc., individually and as
successor in interest to North American Vaccine,
Inc.; Dow Chemical Company; Eli Lilly and
Company ("Lilly"); Sigma Aldrich; Oribi, Inc.,
individually and d/b/a Meridian Chemical &
Equipment, Inc., and d/b/a Global Fine Chemicals,
and d/b/a National Association of Compounding
Pharmacists ("Oribi"); White Rock Pediatrics, P.A.
("White Rock"), and Cecelia Etheridge, M.D.
("Dr.Etheridge"). They maintain that defendants are
liable on various theories arising from Tyler's
exposure to very high doses of mercury through
several vaccinations administered between 1997 and
2001 that contained Thimerosal. Plaintiffs allege that
Tyler suffers from autism, a neurological
developmental disorder, caused by this exposure.
They sue all defendants except White Rock and Dr.
Etheridge on theories of strict product liability
(design defect, manufacturing defect, and marketing
defect), negligence, breach of warranty,
fraud/misrepresentation, and civil conspiracy.
Plaintiffs assert claims for negligence and fraudulent
concealment against White Rock and Dr. Etheridge.

Defendants removed this case based on diversity of
citizenship. Because Oribi, White Rock, and Dr.
Etheridge are Texas citizens, defendants contend
these three defendants were improperly joined.
Plaintiffs move to remand, asserting they were
properly joined and that the court lacks diversity
jurisdiction.

Plaintiffs filed their motion on December 23, 2003.
At the parties' request, the court on June 4, 2004
stayed consideration of the motion (and the pending
motions to dismiss) while awaiting entry of the
mandate in *Collins v. American Home Products
Corp.,* 343 F.3d 765 (5th Cir.2003), *cert. denied,*
2005 WL 875941 (U.S. Apr.18, 2005) (No. 04-674).
FN1 The court has received supplemental briefing,
and the motion is ripe for decision.

> FN1. As it turns out. *Collins* does not
> control the court's disposition of plaintiffs'
> motion.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 910601
**(Cite as: Slip Copy)**

II

**\*2** Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) ; *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction by a citizen of the state in which the action is brought. If a defendant has been improperly joined, however, the citizenship of that party is disregarded for purposes of determining diversity and applying § 1441(b).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 576 (5th Cir.2004) (en banc), *cert. denied,* 2005 WL 876004 (U.S. Apr.18, 2005) (No. 04-831). Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiffs are unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir.2003)).

Under the second alternative (the one at issue in this case),

the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Id.* There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law.... The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The decision to

conduct such an inquiry rests within the discretion of the trial court and "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. As noted, "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

III

The court need only decide whether defendants have met their heavy burden of demonstrating that defendant Oribi was improperly joined. Plaintiffs allege in their state court petition that "Oribi, Inc. is a proper defendant in this case in that it distributed one or more of the vaccines or component parts of the vaccines in question." Pet. at 4. Defendant Lilly maintains in opposition to plaintiffs' remand motion (and other defendants urge in supplemental briefing) that Oribi was improperly joined because the evidence establishes that Oribi never supplied component parts of vaccines to any defendant, Oribi does not supply Thimerosal to vaccine manufacturers, its Thimerosal business was limited to acting as a repackager, it did not sell Thimerosal to pharmaceutical companies that manufacture vaccines, it has never distributed vaccines, including those containing Thimerosal, and it did not sell or distribute Thimerosal to individual health care providers or health care clinics. *See* Lilly Jan. 12, 2004 Opposition at 4 (citing John Rains ("Rains") Aff.). FN2

> FN2. Lilly cites "Exhibit H" to the notice of removal. The December 1, 2003 notice of removal does not contain an "Exhibit H." The amended notice of removal filed December 19, 2003 adopted the prior exhibits by reference. The Rains affidavit contained in Lilly's appendix, and on which the court relies, is the one dated November 19, 2003.

**\*3** Although some judges have concluded that Oribi was improperly joined, *see, e.g., Sanchez v. American Home Products,* No. L-03-192, slip op. at 3 (S.D.Tex. Sept.30, 2004) (Kazen, J.), others, including a member of this court, have held that the removing defendants failed to establish the improper joinder of Oribi, *see, e.g., Tenbrook v. American Home Products,* 2004 WL 2208480, at \*5 (N.D.Tex. Sept.30, 2004) (Solis, J.), *recons. denied,* 2005 WL 767723 (Apr. 1, 2005) ; *Galindo v. American Home*

Slip Copy
Slip Copy, 2005 WL 910601
**(Cite as: Slip Copy)**

*Products,* No. H-03-5520, slip op. at 17 (S.D.Tex. Feb.10, 2004) (Lake, J.). The Rains affidavit that defendants rely on in the present case is the same one that was filed in *Tenbrook.* FN3 Assessing the evidence before him under both the Rule 12(b)(6) and summary-procedure standards, Judge Solis reasoned:

> FN3. The court has compared Lilly's appendix filed January 12, 2004 in *Tenbrook* with the appendix filed the same day in the present case. Except for differences attributable to the fact that they relate to different lawsuits, the appendixes appear to be the same. The Rains affidavit included in each appendix is identical.

In this case, Plaintiffs' complaint more than meets the standard to survive a Rule 12(b)(6)-type analysis. However, even were the Court to pierce the pleadings and add the affidavit to its consideration, there would still be a lack of evidence for improper joinder. When determining improper joinder, the district court must evaluate the plaintiff's factual allegations in the light most favorable to the plaintiff and resolve all contested issues of substantive fact in favor of the plaintiff.... Indeed, if there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the cause must be remanded. The court's examination should not focus on whether the plaintiff will or is likely to prevail on the merits of the claim, but rather on whether there exists *any* possibility that the plaintiff might do so. After viewing the evidence in a light most favorable to Plaintiffs, the Court is not convinced that Plaintiffs improperly joined Oribi. While the affidavit illustrates strong arguments for the Defendants, more evidence could be presented through the discovery process that might alter the current findings. The present time however, is not the forum to conduct this inquiry.*Id.* at *5 (citations, internal quotation marks, emphasis, and brackets omitted).

To deny plaintiffs' motion to remand in the present case, the court would be required to disagree explicitly with Judge Solis' assessment of the same evidence. FN4 The court is quite hesitant to do so under the circumstances presented here, where the proof is identical in both cases and the defendants carry a heavy burden of establishing improper joinder. Were the court to deny the remand motion, FN5 the plaintiffs in this case would be required to

litigate in federal court whereas the plaintiffs in *Tenbrook* would be able to litigate in their chosen state-court forum, despite the essentially-identical nature of the facts and procedural postures of each. In these circumstances, the court opts to follow the relevant holding of *Tenbrook* and grant plaintiffs' motion.

> FN4. In their January 14, 2005 supplemental memorandum, defendants assert that the Rains affidavit in *Sanchez* is "identical to the affidavit submitted in this case." Ds. Jan. 14, 2005 Supp. Mem. at [2]. This contention is incorrect. The affidavit in *Sanchez,* which is attached as exhibit 1 to defendants' supplemental memorandum, is dated January 9, 2004, not, as in *Tenbrook* and the instant case, November 19, 2003, and it contains the following averments that are not included in the Rains affidavit submitted in *Tenbrook* and this case: (1) "Oribi, Inc. has never distributed any vaccines, let alone vaccines containing Thimerosal [,]" Ex. 1, ¶ 4; and (2) "Oribi, Inc. did not sell or distribute Thimerosal to individual health care providers or health care clinics[,] *id.* ¶ 6.

> FN5. For purposes of this reasoning, the court assumes *arguendo* that it would have agreed with defendants' contention that the common defense rule would be rendered inapposite by harmonizing the rule of *Smallwood* with the result of *Moss v. Merck & Co.,* 381 F.3d 501, 503-04 (5th Cir.2004) (holding that Lilly is not a vaccine manufacturer within the meaning of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 *et seq.*).

*4 Plaintiffs' December 23, 2003 motion to remand is granted. The court concludes that it lacks subject matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1447(c), the court remands the case to the 116th Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

SO ORDERED.

N.D.Tex.,2005.

Davis v. American Home Products

Slip Copy, 2005 WL 910601

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 910601
**(Cite as: Slip Copy)**

Briefs and Other Related Documents (Back to top)

- 2004 WL 1597443 (Trial Motion, Memorandum and Affidavit) Vaccine Defendants' Reply Brief in Support of Their Rule 9(b), 12(b), and 12(c) Motion to Dismiss, or, Alternatively, to Stay These Proceedings (Jan. 12, 2004)
- 2004 WL 1597441 (Trial Motion, Memorandum and Affidavit) Eli Lilly and Company's Reply to Plaintiffs' Consolidated Response to Defendants' Motions to Dismiss (Jan. 06, 2004)
- 2004 WL 1597447 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply to Defendant Eli Lilly and Company's Opposition to Remand (Jan. 02, 2004)
- 2003 WL 23661189 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant Wyeth's Unopposed Motion for Leave to Proceed Without Local Counsel (Dec. 23, 2003)
- 2003 WL 23661152 (Trial Motion, Memorandum and Affidavit) Eli Lilly and Company's Motion to Dismiss and Memorandum in Support Thereof (Dec. 08, 2003)
- 2003 WL 23274415 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant Sigma-Aldrich, Inc.'s Motion to Dismiss (Dec. 05, 2003)
- 2003 WL 23274431 (Trial Motion, Memorandum and Affidavit) Defendant Sigma-Aldrich, Inc.'s Motion to Dismiss (Dec. 05, 2003)
- 2003 WL 23661146 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant Sigma-Aldrich, Inc.'s Motion to Dismiss (Dec. 05, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy
Slip Copy, 2005 WL 767723
**(Cite as: Slip Copy)**

**H**
Slip Copy, 2005 WL 767723
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas
Division.
Cory TENBROOK and Kim, Tenbrook, Individually
and as Next Friend of Tyler Tenbrook, Plaintiffs,
v.
AMERICAN HOME PRODUCTS d/b/a Wyeth, et
al. Defendants.
**No. 3:03-CV-2879-P.**

April 1, 2005.

Derrick S. Boyd , Michael Alan Simpson , Simpson
& Boyd , Decatur, Gregory J. Mccarthy , Miller &
McCarthy , Dallas, Steve T. Hastings , Hastings &
Alfaro, Corpus Christi, TX, for Plaintiffs.
Michael R. Klatt , Clark Thomas & Winters ,
Stephanie A. Smith , Fulbright & Jaworski , Austin,
Wade L. McClure , Gibson McClure Wallace &
Daniels , Laura J. O'Rourke , Vinson & Elkins ,
Jennifer Gray Jackson , Bryan Haynes , Locke
Liddell & Sapp , David Michael MacDonald ,
McCauley MacDonald & Devin , Philipa M.
Remington , Stinnett Thiebaud & Remington ,
Dallas, Jeffrey S. Woff , Fulbright & Jaworski-
Houston , Richard L. Josephson , Baker Botts-
Houston , M. Scott Michelman , Shook Hardy &
Bacon , Houston, John R. Gilbert , Gilbert & Gilbert ,
Angleton, Matthew Henry Hand , Brown & Fortunato
, Amarillo, TX, Bradley S. Wolff , Swift Currie
McGhee & Hiers , Atlanta, GA, Lee Davis Thames ,
Butler Snow O'Mara Stevens & Cannada, Jackson,
MS, for Defendants.

*ORDER*

SOLIS, J.
*1 Now before the Court is Vaccine Defendants'
("Defendants") Motion to Reconsider Order of
Remand and Notice of Supplemental Authority
("Motion to Reconsider"), filed October 6, 2004.
FN1 Plaintiffs filed their Response on October 19,
2004, and Defendants filed their Reply on October
25, 2004.

FN1. The "Vaccine Defendants" are Aventis
Pasteur, Inc., Baxter Healthcare, Inc.

(incorrectly named as Baxter International,
Inc.), Merck & Co. Inc., SmithKline
Beecham       Corporation       d/b/a
GlaxoSmithKline (incorrectly named as
GlaxoSmithKline, Individually and as
Successor in Interest to SmithKlineBeecham
Corp.), and Wyeth (incorrectly named as
American Home Products d/b/a Wyeth,
Wyeth Laboratories, Wyeth-Ayerst, Wyeth-
Ayerst Laboratories, Wyeth Lederle, Wyeth
Lederle      Vaccines,       and       Lederle
Laboratories).

After considering the parties' arguments and briefing,
and the applicable law, the Court hereby DENIES
Defendants' Motion to Reconsider.


I. Background and Procedural History


On September 30, 2004, this Court granted Plaintiffs'
Motion to Remand. The following paragraphs restate
essentially the factual background of that Order.

Plaintiffs Cory and Kim Tenbrook, individually and
on behalf of their minor child, Tyler Tenbrook
("Tyler"), who all claim Texas citizenship, originally
brought this case in the 44th Judicial District Court,
Dallas County, Texas, on May 29, 2003. In that
forum, they alleged that Tyler sustained neurological
injuries from exposure to the preservative thimerosal,
and that such exposure led to neuro-developmental
disorders. In their Original Petition, Plaintiffs sought
causes of action for strict liability, negligence, breach
of warranty, fraud and misrepresentation, and civil
conspiracy against the numerous defendants,
including Oribi, Inc., ("Oribi") and Jerry K. Johnson,
M.D. ("Dr.Johnson"), who both claim Texas
citizenship. FN2

FN2. The parties named in Plaintiffs' Motion
to Remand included: (1) Wyeth, f/k/a
American Home Products Corporation
(incorrectly named as American Home
Products d/b/a Wyeth, Wyeth Laboratories,
Wyeth-Ayerst, Wyeth-Ayerst Laboratories,
Wyeth Lederle, Wyeth Lederle Vaccines,
and Lederle Laboratories). (2) Aventis
Pasteur, Inc., Individually and as Successor
in Interest to Connaught Laboratories, Inc.,
Pasteur Merieux and Pasteur Merieux

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Connaught, (3) SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named as GlaxoSmithKline, Individually and as Successor in Interest to SmithKline Beecham Corp.), (4) Merck & Co., Inc., (5) Baxter Healthcare, Inc. (Incorrectly named as Baxter International, Inc.) Individually and as Successor in Interest to North American Vaccine, Inc., (6) The Dow Chemical Company, (7) Eli Lilly and Company, (8) Sigma-Aldrich, Inc. (incorrectly named as Sigma-Aldrich), (9) Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. And d/b/a Global Fine Chemicals and d/b/a National Association of Compounding Pharmacists, and (10) Jerry K. Johnson, M.D. Excluding Oribi and Dr. Johnson, no other Defendant is a citizen of the state of Texas.

Defendant Eli Lilly then removed the case to this Court on December 1, 2003, pursuant to 28 U.S.C. § 1332 and improper joinder. Thereafter, with the exception of Oribi, all Defendants filed motions to dismiss, alleging that Plaintiffs failed to first exhaust the mandatory procedures set forth in the National Childhood Vaccine Injury Compensation Act ("Vaccine Act"). 42 U.S.C., Sections 300aa-1 et seq. FN3 After Plaintiffs filed their Motion to Remand, asserting lack of subject matter jurisdiction, Vaccine Defendants filed an opposing motion alleging federal jurisdiction was in fact proper. FN4 As this Court noted that it could not rule on a motion to dismiss without subject matter jurisdiction, see Heaton v. Monogram Credit Card Bank of Ga., 231 F.3d 994, 1000 (5th Cir.2000) (finding a lack of subject matter jurisdiction to preclude a dismissal of the case); cf. Boudloche v. Conoco Oil Corp., 615 F.3d 687, 689 (5th Cir.1989) (finding it improper to grant summary judgment without subject matter jurisdiction), the Court first considered Plaintiffs' Motion to Remand, and having found such action proper, remanded the case to the 44th Judicial District Court, Dallas County, Texas ("Order Granting Remand") on September 30, 2004. FN5 On that same day, the Clerk mailed a certified copy of the Order Granting Remand to the case to the state court. Defendants now argue that the Court should reconsider its Order Granting Remand because, according to Defendants, the Court erroneously determined that it lacked subject-matter jurisdiction.

under the Vaccine Act.

FN4. See Vaccine Defs.' Reply Brief in Support of their Rule 9(b), 12(b), and 12(c) Motion to Dismiss, or Alternatively, to Stay These Proceedings, filed January 12, 2004.

FN5. The Court granted Plaintiffs' Motion to Remand in light of the improper joinder standard advanced by the Fifth Circuit in Smallwood v. Illinois Central Railroad Co., 385 F.3d 568 (5th Cir.2004) (en banc) (Smallwood III ). Therein, the decision mandated that "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." Id. at 575. Applying that "common defense" rule to the facts of the case, this Court found "remand to the state court necessary" as "Defendants' argument of dismissal" went "to the merits of the case, rather than the issue of improper joinder." Tenbrook v. American Home Products, 2004 WL 2208480 at *4 (N.D.Tex. Sep.30, 2004). The gravamen of Defendants' Motion to Reconsider is that the common defense rule does not apply to the case sub judice in light of Moss v. Merck & Co., 381 F.3d 501, 504 (5th Cir. Aug.16, 2004).

## II. Reconsidering Remand

*2 Notwithstanding the validity of Defendants' Motion to Reconsider, a remand for lack of subject matter jurisdiction generally may not be reviewed. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...."); FN6 see also Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) ("As long as a district court's remand is based on ... lack of subject-matter jurisdiction ... a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)."). Additionally, when a federal district court decides to remand and so notifies the state court by mailing a certified copy of the remand order, the federal court is divested of jurisdiction. Arnold v. Garlock, 278 F.3d 426, 438 (5th Cir.2001) (citing Browning v. Navarro, 743 F.2d 1069, 1078-79 (5th Cir.1984)).

FN3. It is undisputed that Plaintiffs have not yet exhausted their administrative remedies

Slip Copy                                                          Page 3
Slip Copy, 2005 WL 767723
**(Cite as: Slip Copy)**

FN6. While the statute contains an exception pursuant to 28 U.S.C. § 1443, or civil rights cases, this case does not qualify for that exception.

Moreover, "even if the district court's determination of subject matter jurisdiction was erroneous, it remains immune from review." *Rio De Janeiro of the Federated Republic of Brazil v. Phillip Morris, Inc.,* 239 F.3d 714, 716 (5th Cir.2001) (citing *Heaton v. Monogram Credit Card Bank of Georgia,* 231 F.3d 994, 997 (5th Cir.2000)); *see also Browning,* 743 F.2d at 1079 ("Even a federal court, persuaded that it has issued an erroneous remand order, cannot vacate the order once entered."). As the First Circuit mandated: "The action must not ricochet back and forth depending upon the most recent determination of a federal court ... The district court has *one shot, right or wrong." In re La Providencia Development Corp.,* 406 F.2d 251, 252-53 (1st Cir.1969) ; *Browning,* 743 F.2d at 1079 (quoting same).

In sum, the strength or cogency of Defendants' argument is beside the point. This Court finds itself without jurisdiction to make that determination.

### III. Conclusion

For the foregoing reasons, the court hereby DENIES Defendants' Motion to Reconsider, and this case is remanded to the 44th Judicial District Court, Dallas County, Texas.

It is so ordered.

N.D.Tex.,2005.
Tenbrook v. American Home Products
Slip Copy, 2005 WL 767723

Briefs and Other Related Documents (Back to top)

• 2004 WL 1597433 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply to Defendant Eli Lilly and Company's Opposition to Remand (Jan. 29, 2004)
• 2004 WL 1597429 (Trial Motion, Memorandum and Affidavit) Vaccine Defendants' Reply Brief in Support of Their Rule 9(b), 12(b), and 12(c) Motion to Dismiss, or, Alternatively, to Stay These Proceedings (Jan. 12, 2004)
• 2004 WL 1597431 (Trial Motion, Memorandum and Affidavit) Eli Lilly and Company's Opposition to Remand (Jan. 12, 2004)

• 2004 WL 1597428 (Trial Motion, Memorandum and Affidavit) Eli Lilly and Company's Reply to Plaintiffs' Consolidated Response to Defendants' Motions to Dismiss (Jan. 06, 2004)
• 2003 WL 23661097 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant Wyeth's Unopposed Motion for Leave to Proceed Without Local Counsel (Dec. 22, 2003)
• 2003 WL 23661111 (Trial Motion, Memorandum and Affidavit) Corrected Memorandum of Law in Support of Vaccine Defendants' Rule 9(b), 12(b) and 12(c) Motion to Dismiss or, in the Alternative, to Stay These Proceedings (Dec. 22, 2003)
• 2003 WL 23661065 (Trial Motion, Memorandum and Affidavit) Eli Lilly and Company's Motion to Dismiss and Memorandum in Support Thereof (Dec. 08, 2003)
• 2003 WL 23661083 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Vaccine Defendants' Rule 9(b), 12(b) and 12(c) Motion to Dismiss or, in the Alternative, to Stay These Proceedings (Dec. 08, 2003)
• 2003 WL 23661058 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant Sigma-Aldrich, Inc.'s Motion to Dismiss (Dec. 05, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.