## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, et al. | § § § | CIVIL ACTION NO. 1:03-CV-00222 |
| | § | |
| Plaintiffs | § § | JURY REQUESTED |
| | § | |
| v. | § § | |
| | § | |
| AMERICAN HOME PRODUCTS d/b/a WYETH, et al. | § § | |
| | § | |
| Defendants | § | |

### PLAINTIFFS RENEWED MOTION TO REMAND, PLAINTIFFS' RESPONSE TO VACCINE DEFENDANTS' RENEWED RULE 12(b) AND 12(c) MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THESE PROCEEDINGS, AND PLAINTIFFS' ALTERNATIVE MOTION TO STAY

Pursuant to 28 U.S.C. §1447, Plaintiffs file this their Renewed Motion to Remand and, subject thereto, pursuant to the Court's order dated August 2, 2005, Plaintiffs file this their Response to Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative, to Stay These Proceedings, and Plaintiffs' Alternative Motion to Stay.[1]

### Introduction

This is one of many lawsuits pending around the State of Texas and the United States alleging damages to minor children resulting from mercury poisoning. The minor plaintiffs in this case were exposed to mercury via vaccinations received during the first years of their life.

---

[1] Plaintiffs sought the additional time to respond to the Renewed Motion to Dismiss based on negotiations between counsel for Eli Lilly and counsel for the Vaccine Defendants in this and other cases seeking an agreement to resolve all outstanding procedural issues, including the issues before this Court, by agreement. Plaintiffs believe that based on conversations through Friday, August 5, 2005, these negotiations may result in an agreement between the parties. Plaintiffs will continue to work towards such an agreement that, hopefully, can be completed in the next week or so.

The mercury came from a preservative known as Thimerasol that was intentionally added to the vaccines as a preservative and not as part of the ingredients of the vaccine.

When these cases were originally filed, claimants generally contended that the provisions of the National Childhood Vaccine Injury Compensation Act, 42 U.S.C. §§300aa-1, *et seq.*, (hereinafter "Vaccine Act") did not apply to mercury poisoning claims arising from exposure to this preservative because Thimerasol was an adulterant or contaminant added to the vaccine. As noted by the Fifth Circuit, this was an open question as late as 2004, after Plaintiffs filed the present case. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 185 (5th Cir. 2005)("It was, until recently, an open question in this circuit as to whether Thimerasol constituted an adulterant or contaminant within the understanding of the Vaccine Act.") However, Courts rejected that argument and concluded that plaintiffs must exhaust remedies afforded under the Vaccine Act before claims against the manufacturers of vaccines and healthcare providers may be filed in federal or state court. This includes claims filed by parents of children seeking medical care damages up to the age of majority under Texas law. See Vaccine Defendants' Renewed Motion at pp. 9-12. Accordingly, Plaintiffs have filed and are pursuing concurrently claims in the Federal Claims Court pursuant to the Vaccine Act.

In the present case, Plaintiffs have asserted claims against manufacturers of the vaccines (Vaccine Defendants), administrators of the vaccine (Healthcare Provider Defendants), and those involved in the development, manufacturer and distribution of the preservative Thimerasol (more specifically – Eli Lilly, Sigma Aldrich and Oribi). The claims asserted against these defendants involve common questions of law and fact, and assert claims for a common injury – neurological development disorders caused by exposure to mercury. Trial of claims against the Thimerasol Defendants separately from trial against the Vaccine Defendants and Healthcare Providers will

result in an unnecessary multiplicity of trials and risk separate factual findings and judicial determinations in cases that involve a single common issue – did the mercury contained in the preservative Thimerasol cause the neurological disorders of these minor plaintiffs?

However, with respect to claims against Eli Lilly, Sigma Aldrich and Oribi (hereinafter "Thimerasol Defendants"), there is no requirement that plaintiffs exhaust remedies under the Vaccine Act. *McDonal*, 408 F.3d at 185; *Moss v. Merck & Co.*, 381 F.3d 501, 503 (5th Cir. 2004). As such, those claims may not be dismissed for failure to exhaust remedies under the Vaccine Act. Thus, under the interpretations of the Vaccine Act by the Fifth Circuit Court of Appeals, Plaintiffs face the quandary of separate proceedings against parties that caused a common injury.

### Issues Pending/Relief Requested

There are two issues pending before this Court: (1) Plaintiffs' Renewed Motion to Remand and (2) Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative, to State these proceedings. For the reasons set forth below, Plaintiffs respectfully request that their Motion to Remand be GRANTED and that all other motions (including the motions to dismiss) be DENIED as moot.

Alternatively, in the event this Court denies Plaintiffs' Motion to Remand and asserts subject matter jurisdiction over this case, Plaintiffs respectfully request: (1) that the claims asserted against the Vaccine Defendants and Healthcare Provider Defendants be stayed or dismissed without prejudice to rejoinder if and when remedies are exhausted under the Vaccine Act; and (2) that the claims asserted against the Thimerasol Defendants be stayed pending "a result in the Vaccine Court." *Moss*, 381 F.3d at 506 (remanding claims against Eli Lilly for

injuries resulting from exposure to mercury with instruction to stay proceedings pending exhaustion of remedies under the Vaccine Act by plaintiffs).

### Argument & Authorities

#### *Plaintiffs' Motion to Remand should be GRANTED*

In *Collins ex rel. Collins v. American Home Products Corp.*, 343 F.3d 765, 769 (5th Cir. 2003), the Fifth Circuit concluded that subject matter did not exist in a mercury poisoning case with procedural facts almost identical to the present case (claims for mercury poisoning against healthcare providers, manufacturers of vaccines, and manufacturers of thimerasol arising from vaccinations). Upon the belief that an en banc hearing would change this result, the Vaccine Defendants requested, and were granted, a stay of these proceedings pending a final decision in *Collins*. The mandate in *Collins* has now issued, and the holding in *Collins* remains unchanged. For these reasons, under *Collins*, Plaintiffs respectfully request remand of this case to state court.

Without question, in a separate but more recent case, a different panel of the Fifth Circuit reached what appears to be a different conclusion than the holding in *Collins*. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 185 (5th Cir. 2005). The *McDonal* panel held that non-diverse health care defendants were improperly joined because the plaintiffs had failed to exhaust remedies under the Vaccine Act. *McDonal*, 408 F.3d at 185. Accordingly, the *McDonal* panel ordered the dismissal of claims against the vaccine administrators and manufacturers, but not the Thimerasol Defendants. *McDonal*, 408 F.3d at 185. In a similar situation, the Fifth Circuit reversed a trial court decision dismissing claims against Thimerasol Defendants under the Vaccine Act, and remanded with instruction to stay the proceedings against the Thimerasol Defendants pending a result in the Vaccine Court with respect to claims asserted under the Vaccine Act. *Moss v. Merck*

& Co., 381 F.3d 501, 503 (5th Cir. 2004)(remanding claims against Eli Lilly with instruction to stay pending exhaustion of remedies under the Vaccine Act).

In the event this Court chooses to follow the rationale of the panel decision in *McDonal* and not the panel decision in *Collins*, there is still a lack of subject matter jurisdiction requiring remand of this case. Even disregarding the Vaccine Defendants and the Healthcare Providers, there remains a lack of complete diversity as between Plaintiffs, residents of Texas, and the remaining Defendants. Oribi, sued as a distributor of thimerasol, is a proper defendant under Texas law applicable to this case. *See* Texas Civil Practice & Remedies Code §82.001(4). It is undisputed that Oribi is a resident of Texas for purpose of diversity. As such, there is a lack of complete diversity and, therefore, no subject matter jurisdiction – even if this Court follows *McDonal* and not *Collins*.

The Vaccine Defendants contend that Oribi has been fraudulently joined. The majority of Texas District Courts, including at least one District Court in the Southern District, that have analyzed the exact same evidence now before this Court have rejected this argument. See rulings attached as Exhibit A in the following cases: *Galindo v. American Home Products, et al.*, Civil Action No. 03-CV-5520 (S.D. Tex.-Houston 2004); *Pedraza v. American Home Products, et al.*, Civil Action No. SA-03-CV-1214 (S.D. Tex.-San Antonio 2004); *Knight-Henson v. American Home Products, et al.*, Civil Action No. SA-03-CV-1214 (S.D. Tex.-San Antonio 2004); *Davis v. American Home Products, et al.*, Civil Action No. 3:03CV2880-D, 2005 WL 910601 (N.D. Tex.-Dallas 2005); *Tenbrook v. American Home Products, et al.*, Civil Action 3:03CV2879P, 2004 WL 2208480; 2005 WL 767723 (N.D. Tex.-Dallas 2005). To be sure, other District Courts have dismissed Oribi. However, in the present case, the Vaccine Defendants seek a finding the Oribi was fraudulently joined. The facts show that Oribi was voluntarily dismissed in open court

Plaintiffs' Renewed Motion to Remand, Plaintiffs' Response to Vaccine
Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative,
To Stay these Proceedings, and Plaintiffs' Alternative Motion to Stay – Page 5

in the proceedings before Judge Head in Corpus Christi, and that the other two dismissals relied on this dismissal by Judge Head.[2] Whereas, in the other five cases listed above, Texas District Courts rejected the argument that Oribi had been fraudulently joined based on the same evidence now before this Court. For the reasons set forth in these opinions, Plaintiffs respectfully request that this Court reject Defendants' fraudulent joinder argument as to Oribi, and GRANT Plaintiffs' Motion to Remand based on a lack of diversity jurisdiction.

*Alternatively, Plaintiffs' respectfully request that this case be Stayed or Partially Stayed*

As stated in Plaintiffs' prior briefing, this Court must determine it has subject matter jurisdiction before ruling on any pending motions to dismiss. *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 1000 (5th Cir. 2000)(lack of subject matter jurisdiction precluded order granting dismissal of action). For the reasons set forth above, and for the reasons adopted by Texas District Courts in *Galindo*, *Tenbrook*, *Davis*, *Pedraza* and *Knight-Henson*, Plaintiffs submit that there is a lack of complete diversity and, therefore, no subject matter jurisdiction. As such, all pending motions to dismiss should be denied as moot. In the event this Court rejects the analysis of *Galindo*, *Tenbrook*, *Davis*, *Pedraza* and *Knight-Henson*, finds that Oribi has been fraudulently joined, and denies Plaintiffs' Motion to Remand, Plaintiffs respectfully request these proceedings be stayed, in whole or in part, pending exhaustion of remedies under the Vaccine Act.[3]

---

[2] Plaintiffs have rejected requests by Oribi to obtain dismissal in those cases where remand has been granted.

[3] As the Court is probably aware, significant changes were made in Texas tort law by the Texas legislature effective September 1, 2003. This case, along with many others, was filed in State Court before the effective date of those changes. While it is unclear what, if any, impact such "tort reform" laws will have on these proceedings, prudence and precaution required these filings prior to September 1, 2003. Moreover, at the commencement of this case, the law was still unsettled with respect to whether thimerasol was part of the vaccine (and, thus, Plaintiffs' claims fell under the Vaccine Act) or whether thimerasol was an adulterant (and, thus, Plaintiffs' claims were excluded from the Vaccine Act). Additionally, an Act of Congress (subsequently repealed) made after this case was filed would have precluded lawsuits of this type against Eli Lilly and others similarly situated. Other such events, unforeseeable at this time, may occur prior to exhaustion of Plaintiffs' remedies under the Vaccine Act that could prejudice

Plaintiffs' Renewed Motion to Remand, Plaintiffs' Response to Vaccine
Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative,
To Stay these Proceedings, and Plaintiffs' Alternative Motion to Stay – Page 6

*Vaccine Defendants and Healthcare Provider Defendants*

With respect to the Vaccine Defendants and Healthcare Provider Defendants, in the event this Court denies Plaintiffs' Motion to Remand, Plaintiffs respectfully request such claims be stayed pending exhaustion of remedies under the Vaccine Act. See Footnote 2. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 81 L.Ed. 153 (1936)(power to stay proceedings is inherent to Court's power to manage its docket). See Defendants' Renewed Motion at p. 20-21 (seeking stay pending completion of the proceedings in Vaccine Court as alternative remedy).[4] Alternatively, in the event the Court decides to grant Vaccine Defendants' Renewed Motion to Dismiss, Plaintiffs respectfully request such claims be dismissed without prejudice to re-filing if and when Plaintiffs exhaust their remedies under the Vaccine Act. See Defendants' Renewed Motion at p. 22 (seeking dismissal without prejudice as to all claims asserted by or on behalf of minor plaintiffs).

*Thimerasol Defendants*

With respect to the Thimerasol Defendants, in the event this Court denies Plaintiffs' Motion to Remand and dismisses Oribi, dismissal of the remaining defendants (specifically, Eli

---

Plaintiffs' claims already on file before September 1, 2003. There can be no doubt that Plaintiffs have exhibited actions consistent with their intent to exhaust remedies under the Vaccine Act prior to pursuing litigation against these defendants for these claims. The plaintiffs in *Galindo, Tenbrook, Davis, Pedraza* and *Knight-Henson*, all represented by Plaintiffs' counsel in the present case, upon remand, have not pursued discovery or any other actions in the state courts after remand. Rather, these plaintiffs have chosen to let the proceedings in the Vaccine Act run its course and exhaust remedies afforded under the Vaccine Act prior to pursuing cases in state court. Likewise, Plaintiffs in the present case have filed claims under the Vaccine Act, and pursued no discovery of other actions other than seeking remand of this case to state court and responding to motions filed by Defendants. Clearly, consistent with the intent of the Vaccine Act, Plaintiffs have shown they intend to pursue and exhaust remedies under the Vaccine Act before pursuing claims in state or federal court. For this reason, if this Court concludes it has subject matter jurisdiction, Plaintiffs respectfully request stay of these proceedings pending exhaustion of remedies under the Vaccine Act. Such a result would be consistent with the intent of the Vaccine Act, would protect Defendants from the expense of litigating cases prior to exhaustion of such remedies, and would protect Plaintiffs for any such prejudice that may arise from dismissal.

[4] See also Vaccine Defendants' Renewed Motion at page 5, wherein Vaccine Defendants argue that "litigat[ing] claims relating to the same injury, at the same time, but on multiple tracks and in different forums [would be] wasteful [and] burdensome."

**Plaintiffs' Renewed Motion to Remand, Plaintiffs' Response to Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative, To Stay these Proceedings, and Plaintiffs' Alternative Motion to Stay – Page 7**

Lilly and Sigma Aldrich) would be improper. *McDonal*, 408 F.3d at 185; *Moss*, 381 F.3d at 503. As to those claims, Plaintiffs would respectfully request a stay of this case pending exhaustion of remedies under the Vaccine Act. This is consistent with the instructions on remand from the Fifth Circuit in the *Moss* case:

> For the foregoing reasons, the judgment is REVERSED and the Mosses' claims reinstated. At oral argument, the Mosses represented that they would be satisfied with an order staying their suit until the Vaccine Court renders a decision on the award, if any, to Amber. The case is therefore REMANDED ***with instruction to stay the proceeding*** pending a result in the Vaccine Court, and for any further proceedings that are not inconsistent with this opinion.

*Moss*, 381 F.3d at 506 (emphasis added).

## Conclusion

In summary, for the reasons set forth above, Plaintiffs respectfully request disposition of the pending issues as follows:

(1)    Plaintiffs respectfully request that this Court GRANT Plaintiffs' Motion to Remand, and remand this case to state court;

(2)    Alternatively, in the event this Court asserts subject matter jurisdiction and dismisses Plaintiffs' claims against the state court defendants, Plaintiffs' respectfully request that this Court STAY all claims against all parties pending exhaustion of remedies under the Vaccine Act

(3)    Alternatively, in the event this Court asserts subject matter jurisdiction, dismisses Plaintiffs' claims against the state court defendants, and grants the Vaccine Defendants Renewed Motion to Dismiss, Plaintiffs respectfully request that this Court STAY all claims against all remaining parties pending exhaustion of remedies under the Vaccine Act consistent with the instructions of the Fifth Circuit on remand in *Moss*.

Respectfully Submitted,

Derrick S. Boyd, Attorney-in-Charge
State Bar No. 00790350
Michael A. Simpson
State Bar No. 18403650
SIMPSON, BOYD & POWERS, P.L.L.C.
P. O. Box 957
Decatur, Texas 76234
(940) 627-8308
Fax (940) 627-8092

Steve Hastings
State Bar No. 09211000
HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas 78401
(361) 692-2000
Fax (361) 692-2001

Greg McCarthy
State Bar No. 13367500
MILLER & McCARTHY
3811 Turtle Creek Blvd, Suite 1950
Dallas, Texas 75219
(469) 916-2552
Fax (469) 916-2555

ATTORNEYS FOR PLAINTIFF

Plaintiffs' Renewed Motion to Remand, Plaintiffs' Response to Vaccine
Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative,
To Stay these Proceedings, and Plaintiffs' Alternative Motion to Stay – Page 9

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that the foregoing document was served on the following attorneys via Facsimile and/or U.S. Certified Mail-Return Receipt Requested on this the 8th day of August, 2005.

*Attorneys for Sigma-Aldrich, Inc.*
**David M. Macdonald**
**David Colley**
McCauley, Macdonald & Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270


*Attorneys for American Home Products Corporation*
*d/b/a Wyeth, Wyeth Laboratories, Wyeth Ayerst,*
*Wyeth-Ayerst Laboratories, Wyeth Lederle,*
*Wyeth Lederle Vaccines and Lederle Laboratories*
**Michael R. Klatt**
**Susan Burnett**
Clark, Thomas & Winters, P.C.
300 West Sixth Street, 15th Floor
P.O. Box 1148
Austin, Texas  78701


*Attorneys for Aventis Pasteur Inc., Individually and*
*as Successor-in-Interest to Connaught Laboratories,*
*Inc., Pasteur Merieux, and Pasteur Merieux Connaught*
**Bradley S. Wolff**
**M. Diane Owens**
Swift, Currie, McGhee & Heiers, L.L.P.
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3238

**Wade L. McClure**
Gibson McClure Wallace & Daniels
8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1808

**R. Jo Reser**
Law Offices of Davidson & Troilo
7550 W. IH-10, Suite 800
San Antonio, Texas  78229


*Attorneys for GlaxoSmithKline, Individually and*
*as Successor-in-Interest to SmithKline Beecham Corp.*
**Stephanie A. Smith**
Fulbright & Jaworski, L.L.P.
600 Congress Avenue, Ste. 2400
Austin, Texas 78701-3271

**Barclay Manley**
**Jason Rother**
Fulbright & Jaworski, L.L.P.
1301 McKinney Street, Ste. 5100
Houston, Texas  77010-3095


*Attorneys for Merck & Co., Inc.*
**Richard L. Josephson**
**Doug Roberson**
**Paul Elliott**
Baker Botts, L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002


*Attorneys for Baxter International, Inc.*
**Laura J. O'Rourke**
Vinson & Elkins, L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201

**Benjamin F.S. Elmore**
Vinson & Elkins
2300 First City tower
1001 Fannin Street
Houston, TX 77002-6760

*Attorneys for the Dow Chemical Company*
**John R. Gilbert**
Gilbert & Gilbert, P.L.L.C.
222 N. Velasco Street
P.O. Box 1819
Angleton, Texas  77516

*Attorneys for Eli Lilly and Company*
**Jennifer Spencer-Jackson**
Bryan Haynes
Locke, Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas Texas  75201

**M. Scott Michelman**
**Gene M. Williams**
Shook, Hardy & Bacon, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Ste. 1600
Houston, Texas  77002-2911
*Attorneys for Eli Lilly and Company*

**Deborah A. Moeller**
**Jeffery A. Druse**
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613

*Attorneys for Oribi, Inc., Individually and*
*d/b/a Meridian Chemical & Equipment, Inc.*
*and d/b/a Global Fine Chemicals and National*
*Association of Compounding Pharmacists*
**Mathew H. Hand**
Brown & Fortunato, P.C.
905 South Fillmore, Suite 400
P.O. Box 9418
Amarillo, Texas  79105

Derrick S. Boyd, Attorney for Plaintiffs