# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 1 0 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| TRINA GALINDO, Individually and | § | CIVIL ACTION NO. H-03-5520 |
| as Next Friend of ALEC PAUL | § | |
| GALINDO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS d/b/a | § | |
| WYETH, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs' Motion to Remand (Docket Entry No. 26).  For the reasons stated below, the motion will be granted.

### I.  Procedural Background

Plaintiffs, Trina Galindo, individually and as next friend of Alec Paul Galindo, and Juan Carlos Garza and Bertha Garza, individually and as next friend of Juan Carlos Garza, II, brought this action against the defendants, American Home Products d/b/a Wyeth, Inc.; Wyeth Laboratories; Wyeth-Ayerst; Wyeth-Ayerst Laboratories; Wyeth Lederle; Wyeth Lederle Vaccines; Lederle Laboratories; Aventis Pasteur, Inc., individually and as successor in interest to Connaught Laboratories, Inc., Pasteur Merieux and Pasteur Merieux Connaught; GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corporation; Merck &

Co., Inc.; Baxter International, Inc., individually and as
successor in interest to North American Vaccine, Inc.; Dow Chemical
Company; Eli Lilly and Company; Sigma Aldrich; Oribi, Inc.,
individually and d/b/a Meridian Chemical & Equipment, Inc. and
d/b/a Global Fine Chemicals and National Association of Compounding
Pharmacists; and various unnamed "Clinic Defendants"[1]
(collectively, "Defendants").

The action was originally filed in Texas state court in
Harris County. The petition alleges various common law torts,
including strict products liability, negligence, breach of
warranty, and fraudulent concealment, arising from the fact that
vaccines allegedly containing mercury, which were designed,
manufactured, marketed, and/or distributed by Defendants, were
administered to Plaintiffs' children and proximately caused them
neurological damage.[2]

Defendant Sigma-Aldrich, Inc. filed a Notice of Removal
(Docket Entry No. 1) pursuant to 28 U.S.C. §§ 1332, 1441, and 1446
based on diversity jurisdiction. All defendants other than Oribi
and the "John Doe" defendants -- the non-diverse defendants --
consented to the removal.[3] Various defendants then filed motions

---

[1] See Plaintiffs' Original Petition attached to Notice of
Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 9-10.

[2] See id. at unnumbered pp. 7-10.

[3] Notice of Removal, Docket Entry No. 1 at ¶ 5. Sigma-Aldrich
submits that Oribi's consent was not required for two reasons:
(1) it was fraudulently joined to defeat diversity, citing Jernigan
v. Ashand Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993); and
(continued...)

to dismiss (Docket Entry Nos. 21, 5, 9, 10).  On December 29, 2003,

Plaintiffs filed both a Motion to Remand (Docket Entry No. 26) and

their First Amended Complaint (Docket Entry No. 27).   The First

Amended Complaint substitutes the names of the non-diverse

healthcare providers who were identified only as "Clinic

Defendants" in the original state court petition.[4]   Defendant

Sigma-Aldrich filed its Opposition to Remand (Docket Entry No. 36)

on January 12, 2004.   Plaintiffs filed a reply (Docket Entry

No. 41) on January 26, 2004.

Plaintiffs are all citizens of Texas.[5]  All defendants, other

than Oribi and the healthcare providers, maintain their principal

places of business and are incorporated in states other than

Texas.[6]  Oribi is a Texas citizen.[7]  The healthcare providers named

in the First Amended Complaint -- James Peter Zucconi, M.D.,

Antonio Garcia, M.D., and Latin American Clinic of Houston -- are

all citizens of Texas.[8]

---

[3](...continued)
(2) Oribi had not yet been served when the notice of removal was
filed, citing Marshall v. Skydive America South, 903 F. Supp. 1067,
1068 (E.D. Tex. 1995).

[4]See Plaintiffs' First Amended Complaint, Docket Entry No. 27
at ¶¶ 2.12-2.14.

[5]Plaintiffs' Original Petition attached to Notice of Removal,
Docket Entry No. 1, Exhibit B at unnumbered p. 2.

[6]Notice of Removal, Docket Entry No. 1 at ¶ 8.

[7]Plaintiffs' Original Petition attached to Notice of Removal,
Docket Entry No. 1, Exhibit B at unnumbered pp. 3-4.

[8]Plaintiffs' First Amended Complaint, Docket Entry No. 27 at
¶¶ 2.12-2.14.

## II.  Standard of Review

28 U.S.C. § 1447(c) provides two grounds for remand:  (1) a defect in removal procedure or (2) lack of subject matter jurisdiction.  Cuellar v. Crown Life Ins. Co., 116 F. Supp.2d 821, 825 (S.D. Tex. 2000).  When considering a motion to remand the removing party bears the "heavy" burden of showing that removal was proper.  Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).

Removal is available based on diversity in cases over which the court would have had original diversity jurisdiction, subject to two limitations:  (1) none of the defendants may be a citizen of the state in which the district court sits; and (2) diversity must have existed when the original action and the petition for removal were filed.  28 U.S.C. § 1441(b).  If it appears that the district court lacks subject matter jurisdiction at any time before final judgment, the case must be remanded.  28 U.S.C. § 1447(c).

A case may be removed despite the presence of a non-diverse defendant if the removing defendant establishes that the non-diverse defendant was fraudulently or improperly joined.  To establish fraudulent joinder the defendant must show (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court.  Travis, 326 F.3d at 647 (citations omitted).

Defendants do not allege actual fraud.  The relevant test is therefore whether Defendants have shown "absolutely no possibility"

that Plaintiffs will be able to establish a cause of action or that no "reasonable basis" exists for Plaintiffs' recovery against the non-diverse defendant. Id. (concluding that these two seemingly different tests are equivalent). Where colorable claims exist "the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims . . . . Instead, that is a merits determination which must be made by the state court." Smallwood v. Ill. Cent. R.R. Co., 342 F.3d 400, 405 (5th Cir. 2003) (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 113 (3d Cir. 1990)). A good faith assertion that a state court might impose liability on the facts involved, whether or not the plaintiff can actually prove a case, is sufficient to defeat an allegation that the plaintiff has joined a sham defendant. See Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 179 (5th Cir. 1968) (finding that plaintiff had not fraudulently joined agent of corporation because plaintiff need only have a good faith expectation, not a legal certainty, of recovery).

Because removal jurisdiction "raises significant federalism concerns," Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988), appeal after remand, 915 F.2d 965 (5th Cir. 1990), aff'd, 112 S.Ct. 1076 (1992), courts must construe removal statutes "narrowly, with doubts resolved in favor of remand to the state court." Value Recovery Group, Inc. v. Hourani, 115 F. Supp.2d 761, 765 (S.D. Tex. 2000) (quoting Jefferson Parish Hosp. Dist. No. 2 v. Harvey, 788 F. Supp. 282, 283-84 (E.D. La. 1992)). The court may

"pierce the pleadings" and consider affidavits or other documentary evidence only to the extent that they clarify allegations in the petition.  <u>Travis</u>, 326 F.3d at 649.

### III.  **The Parties' Arguments**

#### A.  **Plaintiffs' Arguments**

Citing Federal Rule of Civil Procedure 15(a), Plaintiffs argue that they are entitled as a matter of course to amend their pleadings before a responsive pleading has been filed.[9]  When Plaintiffs filed their amended complaint, Defendants had only filed motions to dismiss, which Plaintiffs argue are not considered responsive pleadings.[10]  Plaintiffs' First Amended Complaint names the non-diverse healthcare providers, who were merely referred to as the "Clinic Defendants" in the original petition, and alleges that they are all citizens of Texas.[11]

Plaintiffs argue (1) that diversity jurisdiction does not exist because several named defendants and all Plaintiffs are citizens of Texas, (2) that the non-diverse defendants were not fraudulently joined because Plaintiffs have asserted valid state-law causes of action against them, and (3) that Sigma-Aldrich cannot carry its burden of establishing that Plaintiffs do not have

---

[9]Plaintiffs' Motion to Remand, Docket Entry No. 26 at p. 2.

[10]<u>Id.</u> at p. 3 (<u>citing</u> <u>Lewis v. Fresne</u>, 252 F.3d 352, 360 (5th Cir. 2001)).

[11]Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 2.12-2.14.

viable claims against either the healthcare providers or Oribi.[12] Specifically, Plaintiffs contend that they have alleged Texas state law causes of action for lack of informed consent and medical negligence against the healthcare providers and a products liability cause of action against Oribi as a distributor in the stream of commerce of the allegedly defective product.[13]

Plaintiffs also challenge Sigma-Aldrich's reliance on the argument that Defendants possess a common defense under the National Vaccine Injury Compensation Act as a means for determining the issue of fraudulent joinder. Plaintiffs assert that the Fifth Circuit -- in a case with "identical" facts, where the same defendants made the same arguments -- concluded that the case should have been remanded to state court.[14]

**B.  Sigma-Aldrich's Arguments in Opposition to Remand**

Sigma-Aldrich argues that Plaintiffs' original petition contained only one non-diverse defendant, Oribi, that was fraudulently joined.  Sigma-Aldrich cites affidavits it has attached to its response to Plaintiffs' motion to show that Plaintiffs are "mistaken" in their allegation that Oribi distributed thimerosal-containing vaccines or component parts of

---

[12]Plaintiffs' Motion to Remand, Docket Entry No. 26 at pp. 4-5.

[13]Id. at pp. 5-6 (citing Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 5.1-5.7, 6.7-6.9, 2.11, respectively).

[14]Id. at pp. 8-9 (discussing Collins ex rel. Collins v. American Home Products Corp., 343 F.3d 765 (5th Cir. 2003)).

such vaccines that are the subject of this action.[15]  Sigma-Aldrich contends that Plaintiffs have no factual basis for recovery against Oribi, and that their allegations against Oribi are "wholly conclusory" and thus insufficient.[16]

Sigma-Aldrich also argues that Plaintiffs should not be given leave to amend to name non-diverse healthcare providers because adding these parties is a ruse to defeat diversity.[17] Alternatively, if the court does not strike Plaintiffs' First Amended Complaint, Sigma-Aldrich contends that the healthcare providers named therein have been fraudulently joined because the claims against them are barred by the National Childhood Vaccine Injury Act, which creates an exclusive and mandatory system for resolving vaccine-related injuries that Plaintiffs have not exhausted.[18]

### IV.  Analysis

### A.    Joinder of the Healthcare Providers

#### 1.    The Applicable Complaint

Sigma-Aldrich argues that the presence of the healthcare providers named in Plaintiffs' amended complaint should not affect

---

[15]Defendant Sigma-Aldrich, Inc.'s Opposition to Remand, Docket Entry No. 36 at pp. 1, 11-13.

[16]Id. at pp. 4-5.

[17]Id. at p. 2.

[18]Id.

the court's assessment of diversity because adding these parties is a ruse to defeat diversity or, alternatively, that they were fraudulently joined. Sigma-Aldrich is correct that fictitious defendants are disregarded for purposes of determining removal jurisdiction. However, this statement of law is only relevant if the court does not consider Plaintiffs' amended complaint.

Sigma-Aldrich asserts that, because this action was removed, Plaintiffs do not have a right as a matter of course to amend their complaint. Instead, the court must grant them leave to do so. Sigma-Aldrich urges the court to deny Plaintiffs leave to amend, thereby eliminating the healthcare providers from the court's diversity analysis. Resolution of Plaintiffs' motion to remand thus requires that the court first determine the threshold issue of whether the court should look to the original state court petition or to Plaintiffs' First Amended Complaint that was filed contemporaneously with the motion to remand.

Within thirty days of the removal Plaintiffs filed an amended complaint. Plaintiffs may amend once as a matter of right anytime before defendants have filed a responsive pleading. FED. R. CIV. P. 15(a). Motions to dismiss are not considered responsive pleadings. Whitaker v. City of Houston, 963 F.2d 831, 834-35 (5th Cir. 1992). Removal does not preclude a plaintiff from amending as a matter of right pursuant to Rule 15(a) unless the plaintiff seeks "to join additional defendants whose joinder would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e). In such instances, the court

has discretion to deny joinder or to permit joinder and remand the action to state court.  Id.

Under the heading "Causes of Action against the Clinic Defendants," Plaintiffs' original petition contains two pages of factual allegations.[19]  The petition asserts that unnamed "Clinic Defendants" dispensed vaccines containing thimerosal before June 1999 without disclosing the risks and that they continued to dispense these vaccines after June 1999 despite an FDA announcement about hazards associated with thimerosal-containing vaccines.[20] These allegations clearly indicate that Plaintiffs intended to pursue claims against their healthcare providers from the outset.

The court therefore concludes that section 1447(c) does not prevent Plaintiffs from amending as a matter of right because Plaintiffs' amended complaint merely identifies parties described in the original petition.  In other words, the amended complaint does not actually add defendants.  Moreover, even if naming the healthcare providers is construed as "adding parties," the court may permit joinder of these defendants and remand the action to state court.

In determining whether to permit post-removal joinder of non-diverse defendants, the court considers the factors articulated in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), cert.

---

[19]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 9-10.

[20]Id.

denied, 110 S.Ct. 150 (1989). Those factors are (1) the extent to which the purpose of the amendments is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in seeking the amendment, (3) whether plaintiff will be significantly injured if the amendment is disallowed, and (4) the relative equities involved. Id. at 1182. The first Hensgens factor is the vehicle for applying the fraudulent joinder doctrine to non-diverse defendants joined after removal.[21]

Because Plaintiffs were not dilatory in filing their amendment, and because Plaintiffs would be significantly injured by having to pursue two distinct lawsuits involving a common nucleus of operative facts in two different fora, the court concludes that the second and third Hensgens factors weigh heavily in favor of permitting joinder. Assessing whether the healthcare providers were joined solely to defeat federal jurisdiction, which also bears on the relative equities of permitting joinder, requires a more thorough analysis.

### 2.   Fraudulent Joinder of the Healthcare Providers

To show that the healthcare providers were fraudulently joined, Sigma-Aldrich must show Plaintiffs' inability to establish a cause of action against the healthcare providers. Travis, 326

---

[21]Although the fraudulent joinder doctrine does not directly apply to non-diverse defendants joined after removal, if a removing defendant "can carry the heavy burden of proving fraudulent joinder, that fact should be a factor -- and perhaps the dispositive factor -- that the court considers in deciding whether a plaintiff may join a non-diverse defendant." Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999).

F.3d at 647. If "there is arguably a reasonable basis for predict-ing that the state law might impose liability on the facts involved," then there is no fraudulent joinder. Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 (5th Cir.), reh'g and reh'g en banc denied by 250 F.3d 745 (5th Cir. 2001). Thus, the court must examine the relevant substantive law to determine whether any colorable claim against the healthcare providers exists. Whether Plaintiffs have stated a valid state law cause of action against the healthcare providers depends upon the basic "factual fit between [their] allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999).

Plaintiffs claim that James Peter Zucconi, M.D., Antonio Garcia, M.D., and Latin American Clinic of Houston, Texas, committed medical negligence by failing to warn Plaintiffs of the known dangers of thimerosal-containing vaccines that these defendants administered to their children.[22] Under Texas law a healthcare provider assumes the duty to warn patients of dangers associated with a particular prescribed drug. Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455, 462 (Tex. App. -- Austin 2000, pet. denied). To recover for negligent failure to warn Plaintiffs must prove (1) that the healthcare provider's warning was defective and (2) that the failure to warn was a producing cause of the plaintiffs' injuries. Technical Chemical Co. v. Jacobs, 480 S.W.2d 602, 605 (Tex. 1972). Plaintiffs have alleged that the healthcare

---

[22]Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 6.8 & 7.0.

providers administered the thimerosal-containing vaccines without warning Plaintiffs of the risk that those vaccines could be hazardous to a child's health and that this conduct proximately caused Plaintiffs' injuries.[23]

Plaintiffs also allege that the healthcare providers are liable to Plaintiffs for fraudulent concealment.[24] Fraudulent concealment is a cause of action under Texas law and requires proof of the same elements as common law fraud. Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997). The elements of fraud are (1) a material representation was made (2) that was false, (3) the speaker knew it was false when the representation was made or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party should act upon it, (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury. Formosa Plastics Corp. v. Presidio Engineers & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998). Plaintiffs have alleged that the healthcare providers failed to disclose a material fact within their knowledge, that this fact was not within Plaintiffs' knowledge, that these defendants knew of Plaintiffs' ignorance, that these defendants induced Plaintiffs to act by failing to disclose, and that Plaintiffs were injured as a result.[25]

---

[23]Id.

[24]Id. at ¶ 6.9.

[25]Id.

Sigma-Aldrich argues that the healthcare providers are fraudulently joined because Plaintiffs' state tort claims against those defendants are preempted by a federal defense provided by the National Vaccine Compensation Act, 42 U.S.C. § 300aa-11(a)(2)(A). However, in the absence of complete preemption,[26] which creates a federal question, the existence of a federal defense is not dispositive of the jurisdictional inquiry. Smallwood, 342 F.3d at 408. Deciding whether the healthcare providers may rely on a federal defense would require the court to step across "the threshold jurisdictional issue into a decision on the merits." Id. at 404 (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990)). Such a use of the fraudulent joinder doctrine would "frustrate[] the overarching principle of the well-pleaded complaint rule, that state courts are equally competent to decide federal defenses." Collins ex rel. Collins v. American Home Products Corp., 343 F.3d 765, 769 (5th Cir. 2003) (quoting Smallwood, 342 F.3d at 408).[27]

---

[26]"Complete preemption" occurs when a federal statute entirely displaces all state law causes of action in a given field, whereas "conflict preemption" merely serves as a defense to a state action and does not establish federal question jurisdiction. Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999). The well-pleaded complaint rule prevents removal solely on the basis of conflict preemption. Roark v. Humana, Inc., 307 F.3d 298, 305 (5th Cir. 2002).

[27]Sigma-Aldrich argues that Collins is inapplicable or, in the alternative, that the court should refrain from ruling on the remand issue because the Fifth Circuit has granted a rehearing en banc of the "common defense" arguments in Smallwood, upon which Collins relied, and because other district courts have issued a stay for this reason. Collins is a succinct opinion, issued
(continued...)

The fact that Plaintiffs were "unable to effect the substitution [of named defendants] before [defendant] removed does not somehow convert any subsequent effort at substitution into a joinder 'for the sole purpose of destroying diversity.'" Gilberg v. Stepan Co., 24 F. Supp.2d 355, 357 (citing Davis v. American Commercial Barge Line Co., 1998 WL 341840, *2 (E.D. La. 1998)). Furthermore, as explained below, when Plaintiffs amended to include the actual names of the healthcare providers this action already lacked complete diversity because of the presence of Oribi as a defendant. Because Sigma-Aldrich has not produced evidence that would negate the possibility of liability on the part of the healthcare providers, it has failed to carry its "heavy" burden of establishing that the healthcare providers were fraudulently joined. See Travis, 326 F.3d at 649-51. The court concludes therefore that, if section 1447(e) even applies, all Hensgens factors weigh heavily in favor of permitting an amendment.

B.    Fraudulent Joinder of Oribi

Plaintiffs' original petition asserts that Oribi, a non-diverse thimerosal distributor, is liable to Plaintiffs under theories of strict liability, negligence, fraud, misrepresentation,

---

[27](...continued)
without dissent, that relies on the Fifth Circuit's recent, well-reasoned, unanimous decision in Smallwood. Moreover, the "common defense" argument is not dispositive of whether this action should be remanded. For these reasons, the court concludes that reliance on Collins and Smallwood is justified and declines to stay its ruling.

and civil conspiracy.[28]    Under Texas law a distributor of a defective product in the stream of commerce is a proper defendant in a products liability action.    TEX. CIV. PRAC. & REM. CODE § 82.001(3).    Plaintiffs have alleged that Oribi was such a distributor and that Plaintiffs were exposed to the product that they distributed.[29]

Sigma-Aldrich contends that there is no factual basis for recovery against Oribi, attaching an affidavit that states that Oribi never distributed any vaccines, let alone vaccines containing thimerosal.[30]  This affidavit is summary-judgment type evidence that bears on a contested fact.    At this juncture contested factual issues must be resolved in Plaintiffs' favor.  See Smallwood, 342 F.3d at 403.    Sigma-Aldrich also argues that Plaintiffs' allegations against Oribi are "wholly conclusory" and thus insufficient.[31]  Yet, to show that removal was improper, a plaintiff need only demonstrate that the plaintiff pleaded basic facts corresponding to each element of a legitimate state law claim against a non-diverse defendant thereby demonstrating a "reasonable basis for predicting that the state law might impose liability on

---

[28]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 7-9.

[29]Id.

[30]Affidavit of John Rains, Defendant Sigma-Aldrich, Inc.'s Opposition to Remand, Docket Entry No. 36, Exhibit A.

[31]Defendant Sigma-Aldrich, Inc.'s Opposition to Remand, Docket Entry No. 36 at p. 4.

the facts involved." <u>Badon</u>, 236 F.3d at 285 (<u>quoting</u> <u>Bobby Jones</u> <u>Garden Apartments</u>, 391 F.2d at 175). Sigma-Aldrich has not carried its "heavy" burden of persuading the court that non-diverse Oribi was fraudulently joined. <u>Travis</u>, 326 F.3d at 649.

### V.  Conclusion and Order

Because several defendants are Texas citizens and have not been fraudulently joined, removal of this action to federal court was improper. Defendant Sigma-Aldrich, Inc.'s Motion to Strike Plaintiffs' First Amended Complaint (Docket Entry No. 37) is **DENIED**, and Plaintiffs' Motion to Remand (Docket Entry No. 26) is **GRANTED**.[32] This action is **REMANDED** to the 152nd Judicial District Court of Harris County, Texas. The clerk will promptly deliver a copy of this Memorandum and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 10th day of February, 2004.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[32]Having determined that removing this action to federal court was improper, the court has no jurisdiction to consider Defendants' motions to dismiss. <u>Heaton v. Monogram Credit Card Bank of Georgia</u>, 231 F.3d 994, 1000 (5th Cir. 2000).

MAY-09-2004 18:48 FROM- T-753 P.002 F-356

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

APR 3 0 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

LISA PEDRAZA, Individually and           )
as Next Friend of JACOB OLIVA,           )
                                         )
        Plaintiffs,                      )
                                         )
vs.                                      )       CIVIL ACTION NO. SA-03-CA-1214-FB
                                         )
AMERICAN HOME PRODUCTS d/b/a             )
Wyeth, ET AL.,                           )
                                         )
        Defendants.                      )

## ORDER OF REMAND

Before the Court are pending motions, including plaintiffs' motion to remand and defendants'

motions to strike plaintiffs' amended complaint and dismiss or stay plaintiffs' claims. This matter

presents similar facts and legal issues to those raised in numerous cases which defendants removed

from state courts in Texas, including _Trina Galindo, Individually and as Next Friend of Alec Paul_

_Galindo, et al., v. American Home Products d/b/a Wyeth, et al.,_ Civil Action No. H-03-5520. In

the _Galindo_ case, the Honorable Sim Lake granted plaintiffs' motion to remand. He did so in part

because defendant "had not carried its 'heavy' burden of persuading the court that non-diverse Oribi

was fraudulently joined." The Judge also declined to: (1) strike plaintiffs' joinder of the non-diverse

healthcare providers and (2) refrain from ruling based on the "common defense" argument because,

although the Fifth Circuit has granted rehearing, the argument "is not dispositive of whether this

action should be remanded." Because several defendants "are Texas citizens and have not been

fraudulently joined," Judge Lake explained, "removal of the action to federal court was improper."

Having made this determination, the Judge concluded that the Court had no jurisdiction to consider

defendants' motions to dismiss.



After careful consideration of this and related orders, the response and replies, the pleadings on file and the entire record in the matter, and having conducted an independent review of the arguments, caselaw and statutes, this Court finds the discussion and analysis contained in Judge Lake's Memorandum and Order (see attached) of remand to be applicable and persuasive authority in this case.

IT IS THEREFORE ORDERED that defendants' motions to dismiss (docket nos. 3, 8, 9, 10, 26, 29) are DISMISSED as MOOT;

IT IS FURTHER ORDERED that the motion for leave to file in excess of the page limit (docket no. 7) and motions for leave to file sur-reply (docket no. 38) and supplemental authority (docket no. 39) are GRANTED;

IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's first amended complaint (docket no. 27) is DENIED;

IT IS FINALLY ORDERED that plaintiffs' motion to remand (docket no. 18) is GRANTED such that the above-styled and numbered cause is REMANDED to the 57th Judicial District Court of Bexar County, Texas, for lack of subject matter jurisdiction. The Clerk of the Court is directed to send a certified copy of this order of remand to the District Clerk of Bexar County, Texas. Motions pending with the Court, if any, are dismissed.

It is so ORDERED.

SIGNED this ____30____ day of April, 2004.


FRED BIERY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 1 0 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| TRINA GALINDO, Individually and as Next Friend of ALEC PAUL GALINDO, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-03-5520 |
| AMERICAN HOME PRODUCTS d/b/a WYETH, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs' Motion to Remand (Docket Entry No. 26). For the reasons stated below, the motion will be granted.

### I. Procedural Background

Plaintiffs, Trina Galindo, individually and as next friend of Alec Paul Galindo, and Juan Carlos Garza and Bertha Garza, individually and as next friend of Juan Carlos Garza, II, brought this action against the defendants, American Home Products d/b/a Wyeth, Inc.; Wyeth Laboratories; Wyeth-Ayerst; Wyeth-Ayerst Laboratories; Wyeth Lederle; Wyeth Lederle Vaccines; Lederle Laboratories; Aventis Pasteur, Inc., individually and as successor in interest to Connaught Laboratories, Inc., Pasteur Merieux and Pasteur Merieux Connaught; GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corporation; Merck &

Co., Inc.; Baxter International, Inc., individually and as successor in interest to North American Vaccine, Inc.; Dow Chemical Company; Eli Lilly and Company; Sigma Aldrich; Oribi, Inc., individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists; and various unnamed "Clinic Defendants"[1] (collectively, "Defendants").

The action was originally filed in Texas state court in Harris County. The petition alleges various common law torts, including strict products liability, negligence, breach of warranty, and fraudulent concealment, arising from the fact that vaccines allegedly containing mercury, which were designed, manufactured, marketed, and/or distributed by Defendants, were administered to Plaintiffs' children and proximately caused them neurological damage.[2]

Defendant Sigma-Aldrich, Inc. filed a Notice of Removal (Docket Entry No. 1) pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity jurisdiction. All defendants other than Oribi and the "John Doe" defendants -- the non-diverse defendants -- consented to the removal.[3] Various defendants then filed motions

---

[1]See Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 9-10.

[2]See id. at unnumbered pp. 7-10.

[3]Notice of Removal, Docket Entry No. 1 at ¶ 5. Sigma-Aldrich submits that Oribi's consent was not required for two reasons: (1) it was fraudulently joined to defeat diversity, citing Jernigan v. Ashand Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993); and
(continued...)

to dismiss (Docket Entry Nos. 21, 5, 9, 10). On December 29, 2003, Plaintiffs filed both a Motion to Remand (Docket Entry No. 26) and their First Amended Complaint (Docket Entry No. 27). The First Amended Complaint substitutes the names of the non-diverse healthcare providers who were identified only as "Clinic Defendants" in the original state court petition.[4] Defendant Sigma-Aldrich filed its Opposition to Remand (Docket Entry No. 36) on January 12, 2004. Plaintiffs filed a reply (Docket Entry No. 41) on January 26, 2004.

Plaintiffs are all citizens of Texas.[5] All defendants, other than Oribi and the healthcare providers, maintain their principal places of business and are incorporated in states other than Texas.[6] Oribi is a Texas citizen.[7] The healthcare providers named in the First Amended Complaint -- James Peter Zucconi, M.D., Antonio Garcia, M.D., and Latin American Clinic of Houston -- are all citizens of Texas.[8]

---

[3](...continued)
(2) Oribi had not yet been served when the notice of removal was filed, citing Marshall v. Skydive America South, 903 F. Supp. 1067, 1068 (E.D. Tex. 1995).

[4]See Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 2.12-2.14.

[5]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered p. 2.

[6]Notice of Removal, Docket Entry No. 1 at ¶ 8.

[7]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 3-4.

[8]Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 2.12-2.14.

-3-

n:\files\mko\03-5520.remand

## II.  Standard of Review

28 U.S.C. § 1447(c) provides two grounds for remand:  (1) a defect in removal procedure or (2) lack of subject matter jurisdiction.  Cuellar v. Crown Life Ins. Co., 116 F. Supp.2d 821, 825 (S.D. Tex. 2000).  When considering a motion to remand the removing party bears the "heavy" burden of showing that removal was proper.  Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).

Removal is available based on diversity in cases over which the court would have had original diversity jurisdiction, subject to two limitations:  (1) none of the defendants may be a citizen of the state in which the district court sits; and (2) diversity must have existed when the original action and the petition for removal were filed.  28 U.S.C. § 1441(b).  If it appears that the district court lacks subject matter jurisdiction at any time before final judgment, the case must be remanded.  28 U.S.C. § 1447(c).

A case may be removed despite the presence of a non-diverse defendant if the removing defendant establishes that the non-diverse defendant was fraudulently or improperly joined.  To establish fraudulent joinder the defendant must show (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court.  Travis, 326 F.3d at 647 (citations omitted).

Defendants do not allege actual fraud.  The relevant test is therefore whether Defendants have shown "absolutely no possibility"

that Plaintiffs will be able to establish a cause of action or that no "reasonable basis" exists for Plaintiffs' recovery against the non-diverse defendant.  Id. (concluding that these two seemingly different tests are equivalent).  Where colorable claims exist "the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims . . . . Instead, that is a merits determination which must be made by the state court."  Smallwood v. Ill. Cent. R.R. Co., 342 F.3d 400, 405 (5th Cir. 2003) (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 113 (3d Cir. 1990)).  A good faith assertion that a state court might impose liability on the facts involved, whether or not the plaintiff can actually prove a case, is sufficient to defeat an allegation that the plaintiff has joined a sham defendant.  See Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 179 (5th Cir. 1968) (finding that plaintiff had not fraudulently joined agent of corporation because plaintiff need only have a good faith expectation, not a legal certainty, of recovery).

Because removal jurisdiction "raises significant federalism concerns," Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988), appeal after remand, 915 F.2d 965 (5th Cir. 1990), aff'd, 112 S.Ct. 1076 (1992), courts must construe removal statutes "narrowly, with doubts resolved in favor of remand to the state court."  Value Recovery Group, Inc. v. Hourani, 115 F. Supp.2d 761, 765 (S.D. Tex. 2000) (quoting Jefferson Parish Hosp. Dist. No. 2 v. Harvey, 788 F. Supp. 282, 283-84 (E.D. La. 1992)).  The court may

"pierce the pleadings" and consider affidavits or other documentary evidence only to the extent that they clarify allegations in the petition.  <u>Travis</u>, 326 F.3d at 649.

### III.  The Parties' Arguments

#### A.  Plaintiffs' Arguments

Citing Federal Rule of Civil Procedure 15(a), Plaintiffs argue that they are entitled as a matter of course to amend their pleadings before a responsive pleading has been filed.[9]  When Plaintiffs filed their amended complaint, Defendants had only filed motions to dismiss, which Plaintiffs argue are not considered responsive pleadings.[10]  Plaintiffs' First Amended Complaint names the non-diverse healthcare providers, who were merely referred to as the "Clinic Defendants" in the original petition, and alleges that they are all citizens of Texas.[11]

Plaintiffs argue (1) that diversity jurisdiction does not exist because several named defendants and all Plaintiffs are citizens of Texas, (2) that the non-diverse defendants were not fraudulently joined because Plaintiffs have asserted valid state-law causes of action against them, and (3) that Sigma-Aldrich cannot carry its burden of establishing that Plaintiffs do not have

---

[9]Plaintiffs' Motion to Remand, Docket Entry No. 26 at p. 2.

[10]<u>Id.</u> at p. 3 (<u>citing</u> <u>Lewis v. Fresne</u>, 252 F.3d 352, 360 (5th Cir. 2001)).

[11]Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 2.12-2.14.

viable claims against either the healthcare providers or Oribi.[12]
Specifically, Plaintiffs contend that they have alleged Texas state
law causes of action for lack of informed consent and medical
negligence against the healthcare providers and a products
liability cause of action against Oribi as a distributor in the
stream of commerce of the allegedly defective product.[13]

Plaintiffs also challenge Sigma-Aldrich's reliance on the
argument that Defendants possess a common defense under the
National Vaccine Injury Compensation Act as a means for determining
the issue of fraudulent joinder. Plaintiffs assert that the Fifth
Circuit -- in a case with "identical" facts, where the same
defendants made the same arguments -- concluded that the case
should have been remanded to state court.[14]

B.   **Sigma-Aldrich's Arguments in Opposition to Remand**

Sigma-Aldrich argues that Plaintiffs' original petition
contained only one non-diverse defendant, Oribi, that was
fraudulently joined. Sigma-Aldrich cites affidavits it has
attached to its response to Plaintiffs' motion to show that
Plaintiffs are "mistaken" in their allegation that Oribi
distributed thimerosal-containing vaccines or component parts of

---

[12]Plaintiffs' Motion to Remand, Docket Entry No. 26 at pp. 4-5.

[13]Id. at pp. 5-6 (citing Plaintiffs' First Amended Complaint,
Docket Entry No. 27 at ¶¶ 5.1-5.7, 6.7-6.9, 2.11, respectively).

[14]Id. at pp. 8-9 (discussing Collins ex rel. Collins v.
American Home Products Corp., 343 F.3d 765 (5th Cir. 2003)).

-7-

n:\files\m&o\03 5526 remand

such vaccines that are the subject of this action.[15] Sigma-Aldrich contends that Plaintiffs have no factual basis for recovery against Oribi, and that their allegations against Oribi are "wholly conclusory" and thus insufficient.[16]

Sigma-Aldrich also argues that Plaintiffs should not be given leave to amend to name non-diverse healthcare providers because adding these parties is a ruse to defeat diversity.[17] Alternatively, if the court does not strike Plaintiffs' First Amended Complaint, Sigma-Aldrich contends that the healthcare providers named therein have been fraudulently joined because the claims against them are barred by the National Childhood Vaccine Injury Act, which creates an exclusive and mandatory system for resolving vaccine-related injuries that Plaintiffs have not exhausted.[18]

## IV.  Analysis

**A.  Joinder of the Healthcare Providers**

### 1.  The Applicable Complaint

Sigma-Aldrich argues that the presence of the healthcare providers named in Plaintiffs' amended complaint should not affect

---

[15]Defendant Sigma-Aldrich, Inc.'s Opposition to Remand, Docket Entry No. 36 at pp. 1, 11-13.

[16]Id. at pp. 4-5.

[17]Id. at p. 2.

[18]Id.

the court's assessment of diversity because adding these parties is
a ruse to defeat diversity or, alternatively, that they were
fraudulently joined.    Sigma-Aldrich is correct that fictitious
defendants are disregarded for purposes of determining removal
jurisdiction.  However, this statement of law is only relevant if
the court does not consider Plaintiffs' amended complaint.

Sigma-Aldrich asserts that, because this action was removed,
Plaintiffs do not have a right as a matter of course to amend their
complaint.   Instead, the court must grant them leave to do so.
Sigma-Aldrich urges the court to deny Plaintiffs leave to amend,
thereby eliminating the healthcare providers from the court's
diversity analysis.   Resolution of Plaintiffs' motion to remand
thus requires that the court first determine the threshold issue of
whether the court should look to the original state court petition
or to Plaintiffs' First Amended Complaint that was filed
contemporaneously with the motion to remand.

Within thirty days of the removal Plaintiffs filed an amended
complaint.  Plaintiffs may amend once as a matter of right anytime
before defendants have filed a responsive pleading.  FED. R. CIV. P.
15(a).  Motions to dismiss are not considered responsive pleadings.
Whitaker v. City of Houston, 963 F.2d 831, 834-35 (5th Cir. 1992).
Removal does not preclude a plaintiff from amending as a matter of
right pursuant to Rule 15(a) unless the plaintiff seeks "to join
additional defendants whose joinder would destroy subject matter
jurisdiction."  28 U.S.C. § 1447(e).  In such instances, the court

n:\files\mkb\03-5520 remand                           -9-

MAY-03-2004 16:49   FROM-                                    T-753  P.013  F-356

has discretion to deny joinder or to permit joinder and remand the action to state court.  Id.

Under the heading "Causes of Action against the Clinic Defendants," Plaintiffs' original petition contains two pages of factual allegations.[19]  The petition asserts that unnamed "Clinic Defendants" dispensed vaccines containing thimerosal before June 1999 without disclosing the risks and that they continued to dispense these vaccines after June 1999 despite an FDA announcement about hazards associated with thimerosal-containing vaccines.[20] These allegations clearly indicate that Plaintiffs intended to pursue claims against their healthcare providers from the outset.

The court therefore concludes that section 1447(c) does not prevent Plaintiffs from amending as a matter of right because Plaintiffs' amended complaint merely identifies parties described in the original petition.  In other words, the amended complaint does not actually add defendants.  Moreover, even if naming the healthcare providers is construed as "adding parties," the court may permit joinder of these defendants and remand the action to state court.

In determining whether to permit post-removal joinder of non-diverse defendants, the court considers the factors articulated in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), cert.

---

[19]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 9-10.

[20]Id.

denied, 110 S.Ct. 150 (1989). Those factors are (1) the extent to which the purpose of the amendments is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in seeking the amendment, (3) whether plaintiff will be significantly injured if the amendment is disallowed, and (4) the relative equities involved. Id. at 1182. The first Hensgens factor is the vehicle for applying the fraudulent joinder doctrine to non-diverse defendants joined after removal.[21]

Because Plaintiffs were not dilatory in filing their amendment, and because Plaintiffs would be significantly injured by having to pursue two distinct lawsuits involving a common nucleus of operative facts in two different fora, the court concludes that the second and third Hensgens factors weigh heavily in favor of permitting joinder. Assessing whether the healthcare providers were joined solely to defeat federal jurisdiction, which also bears on the relative equities of permitting joinder, requires a more thorough analysis.

## 2. Fraudulent Joinder of the Healthcare Providers

To show that the healthcare providers were fraudulently joined, Sigma-Aldrich must show Plaintiffs' inability to establish a cause of action against the healthcare providers. Travis, 326

---

[21]Although the fraudulent joinder doctrine does not directly apply to non-diverse defendants joined after removal, if a removing defendant "can carry the heavy burden of proving fraudulent joinder, that fact should be a factor -- and perhaps the dispositive factor -- that the court considers in deciding whether a plaintiff may join a non-diverse defendant." Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999).

F.3d at 647. If "there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder. Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 (5th Cir.), reh'g and reh'g en banc denied by 250 F.3d 745 (5th Cir. 2001). Thus, the court must examine the relevant substantive law to determine whether any colorable claim against the healthcare providers exists. Whether Plaintiffs have stated a valid state law cause of action against the healthcare providers depends upon the basic "factual fit between [their] allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999).

Plaintiffs claim that James Peter Zucconi, M.D., Antonio Garcia, M.D., and Latin American Clinic of Houston, Texas, committed medical negligence by failing to warn Plaintiffs of the known dangers of thimerosal-containing vaccines that these defendants administered to their children.[22]  Under Texas law a healthcare provider assumes the duty to warn patients of dangers associated with a particular prescribed drug. Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455, 462 (Tex. App. -- Austin 2000, pet. denied). To recover for negligent failure to warn Plaintiffs must prove (1) that the healthcare provider's warning was defective and (2) that the failure to warn was a producing cause of the plaintiffs' injuries. Technical Chemical Co. v. Jacobs, 480 S.W.2d 602, 605 (Tex. 1972). Plaintiffs have alleged that the healthcare

---

[22]Plaintiffs' First Amended Complaint, Docket Entry No. 27 at ¶¶ 6.8 & 7.0.

-12-

n:\files\m4o\03-5520 remand

providers administered the thimerosal-containing vaccines without warning Plaintiffs of the risk that those vaccines could be hazardous to a child's health and that this conduct proximately caused Plaintiffs' injuries.[23]

Plaintiffs also allege that the healthcare providers are liable to Plaintiffs for fraudulent concealment.[24]  Fraudulent concealment is a cause of action under Texas law and requires proof of the same elements as common law fraud. Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997). The elements of fraud are (1) a material representation was made (2) that was false, (3) the speaker knew it was false when the representation was made or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party should act upon it, (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury. Formosa Plastics Corp. v. Presidio Engineers & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998). Plaintiffs have alleged that the healthcare providers failed to disclose a material fact within their knowledge, that this fact was not within Plaintiffs' knowledge, that these defendants knew of Plaintiffs' ignorance, that these defendants induced Plaintiffs to act by failing to disclose, and that Plaintiffs were injured as a result.[25]

---

[23]Id.

[24]Id. at ¶ 6.9.

[25]Id.

Sigma-Aldrich argues that the healthcare providers are fraudulently joined because Plaintiffs' state tort claims against those defendants are preempted by a federal defense provided by the National Vaccine Compensation Act, 42 U.S.C. § 300aa-11(a)(2)(A). However, in the absence of complete preemption,[26] which creates a federal question, the existence of a federal defense is not dispositive of the jurisdictional inquiry. Smallwood, 342 F.3d at 408. Deciding whether the healthcare providers may rely on a federal defense would require the court to step across "the threshold jurisdictional issue into a decision on the merits." Id. at 404 (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990)). Such a use of the fraudulent joinder doctrine would "frustrate[] the overarching principle of the well-pleaded complaint rule, that state courts are equally competent to decide federal defenses." Collins ex rel. Collins v. American Home Products Corp., 343 F.3d 765, 769 (5th Cir. 2003) (quoting Smallwood, 342 F.3d at 408).[27]

------

[26]"Complete preemption" occurs when a federal statute entirely displaces all state law causes of action in a given field, whereas "conflict preemption" merely serves as a defense to a state action and does not establish federal question jurisdiction. Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999). The well-pleaded complaint rule prevents removal solely on the basis of conflict preemption. Roark v. Humana, Inc., 307 F.3d 298, 305 (5th Cir. 2002).

[27]Sigma-Aldrich argues that Collins is inapplicable or, in the alternative, that the court should refrain from ruling on the remand issue because the Fifth Circuit has granted a rehearing en banc of the "common defense" arguments in Smallwood, upon which Collins relied, and because other district courts have issued a stay for this reason. Collins is a succinct opinion, issued (continued...)

The fact that Plaintiffs were "unable to effect the substitution [of named defendants] before [defendant] removed does not somehow convert any subsequent effort at substitution into a joinder 'for the sole purpose of destroying diversity.'" Gilberg v. Stepan Co., 24 F. Supp.2d 355, 357 (citing Davis v. American Commercial Barge Line Co., 1998 WL 341840, *2 (E.D. La. 1998)). Furthermore, as explained below, when Plaintiffs amended to include the actual names of the healthcare providers this action already lacked complete diversity because of the presence of Oribi as a defendant. Because Sigma-Aldrich has not produced evidence that would negate the possibility of liability on the part of the healthcare providers, it has failed to carry its "heavy" burden of establishing that the healthcare providers were fraudulently joined. See Travis, 326 F.3d at 649-51. The court concludes therefore that, if section 1447(e) even applies, all Hensgens factors weigh heavily in favor of permitting an amendment.

B.  Fraudulent Joinder of Oribi

Plaintiffs' original petition asserts that Oribi, a non-diverse thimerosal distributor, is liable to Plaintiffs under theories of strict liability, negligence, fraud, misrepresentation,

---

[27](...continued)
without dissent, that relies on the Fifth Circuit's recent, well-reasoned, unanimous decision in Smallwood. Moreover, the "common defense" argument is not dispositive of whether this action should be remanded. For these reasons, the court concludes that reliance on Collins and Smallwood is justified and declines to stay its ruling.

and civil conspiracy.[28] Under Texas law a distributor of a defective product in the stream of commerce is a proper defendant in a products liability action. TEX. CIV. PRAC. & REM. CODE § 82.001(3). Plaintiffs have alleged that Oribi was such a distributor and that Plaintiffs were exposed to the product that they distributed.[29]

Sigma-Aldrich contends that there is no factual basis for recovery against Oribi, attaching an affidavit that states that Oribi never distributed any vaccines, let alone vaccines containing thimerosal.[30] This affidavit is summary-judgment type evidence that bears on a contested fact. At this juncture contested factual issues must be resolved in Plaintiffs' favor. See Smallwood, 342 F.3d at 403. Sigma-Aldrich also argues that Plaintiffs' allegations against Oribi are "wholly conclusory" and thus insufficient.[31] Yet, to show that removal was improper, a plaintiff need only demonstrate that the plaintiff pleaded basic facts corresponding to each element of a legitimate state law claim against a non-diverse defendant thereby demonstrating a "reasonable basis for predicting that the state law might impose liability on

---

[28]Plaintiffs' Original Petition attached to Notice of Removal, Docket Entry No. 1, Exhibit B at unnumbered pp. 7-9.

[29]Id.

[30]Affidavit of John Rains, Defendant Sigma-Aldrich, Inc.'s Opposition to Remand, Docket Entry No. 36, Exhibit A.

[31]Defendant Sigma-Aldrich, Inc.'s Opposition to Remand, Docket Entry No. 36 at p. 4.