## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

MANUEL TORRES and DOMINGA TORRES,
Individually and as Next Friends of DEREK
TORRES, et al.,

          Plaintiffs,

v.

AMERICAN HOME PRODUCTS, et al.,

          Defendants.

Civil Action No: 03-CV-222

## ELI LILLY AND COMPANY'S RENEWED MOTION TO DISMISS
## AND MEMORANDUM IN SUPPORT THEREOF

# TABLE OF CONTENTS

Table of Authorities ........................................................................................... iii

    Cases ................................................................................................. iii-iv

    Statutes ................................................................................................... iv

    Other Authorities .................................................................................... iv

Nature of Proceedings Before The Court ............................................................. 1

Issue Presented for Review ................................................................................. 2

    Whether Plaintiffs' Petition Should be Dismissed Because of the U.S.
    Court of Federal Claims' Exclusive Initial Jurisdiction Over Vaccine-
    Related Claims ......................................................................................... 2

Summary of Argument ....................................................................................... 2

Argument ........................................................................................................... 3

I.    All Vaccine-Related Claims Must be Dismissed for Lack of Jurisdiction Pursuant
    to the Vaccine Act .................................................................................... 3

    A.    The Vaccine Act Bars This Civil Action ..................................... 3

    B.    The Chief Special Master of the Vaccine Court has Recognized That
        Claims for Injuries Resulting from Thimerosal in Vaccines are Covered
        by the Vaccine Act ...................................................................... 5

    C.    Multiple Courts Across the Country Have Held that the Vaccine Act
        Covers Claims Attributed to Thimerosal in Childhood Vaccines ............... 6

    D.    Multiple Provisions of the Vaccine Act Require Dismissal ........................ 7

    E.    The Act Requires Dismissal of the Parents' Claims Brought On Behalf
        of the Minor Plaintiffs for Medical Expenses, Loss of Earning Capacity
        and Pain and Suffering ............................................................... 8

II.   Should the Court Determine that it has Jurisdiction over any of Plaintiffs' Claims,
    the Court Should Dismiss Plaintiffs' Petition, and Each Cause of Action Therein,
    For Failure to State a Claim ...................................................................... 9

A.      Plaintiffs Fail to Allege that Any Product Sold or Manufactured by
        Lilly Caused the Minor Plaintiffs' Alleged Injuries ................................... 10

B.      Plaintiffs' Claims for Strict Liability Fail as a Matter of Law ................. 12

C.      Plaintiffs' Claims for Negligence Fail as a Matter of Law ....................... 12

D.      Plaintiffs' Claim for Breach of Warranty Fails as a Matter of Law ......... 13

E.      Plaintiffs' Claim for Civil Conspiracy Fails as a Matter of Law .............. 13

III.    The Parent Plaintiffs have no Cognizable Claim for Loss of Consortium,
        Services and Companionship, or for Mental Anguish .......................................... 14

A.      Texas Law Requires Dismissal of the Parent Plaintiffs' Claim for
        Loss of Consortium, Services and Companionship ................................... 14

B.      The Parent Plaintiffs' Claim for Mental Anguish Must be Dismissed
        Under Texas Law ...................................................................................... 15

IV.     Conclusion ........................................................................................................... 16

Certificate of Service ...................................................................................................... 18

1726567v1

## TABLE OF AUTHORITIES

### CASES

*Ashton v. Aventis Pasteur, Inc.,* 851 A.2d 908 (Pa. Super. Ct. 2004) *affirming* No. 04026, 2003 WL 21361355 (Pa. Ct. Comm. Pleas May 22, 2003)............................................6

*Blackmon v. American Home Prods. Corp.,* 267 F. Supp. 2d 667 (S.D. Tex. 2002) .....................6

*Block v. Wyeth, Inc.,* No. 3:02-CV-1077, 2003 WL 20307, *2 (N.D. Tex. Jan. 28, 2003)........................................................................................................................................12, 13

*Brown v. Secretary of HHS,* 874 F. Supp. 238 (S.D. Ind. 1994) ....................................................4

*Carr v. Aventis Pasteur, Inc.,* CV 02-J-3096-NE at 4 (N.D. Al. Feb. 27, 2003)............................9

*Castellanos v. Bridgestone Corp.,* 215 F. Supp. 2d 862 (S.D. Tex. 2002)....................................11

*Cheskiewicz v. Aventis Pasteur, Inc. et al.,* May Term 2002, No. 0952, at 4 (Ct. Common Pleas of Phila Cty, Pa. Dec. 16, 2002).........................................................................9

*Chiles v. Am. Home Prods. Corp.,* No. 4:03-CV-802-A 2003 WL 22287527 (N.D. Tex. Oct. 2, 2003)..............................................................................................................6

*Firestone Steel Products Co. v. Barajas,* 927 S.W.2d 608 (Tex. 1996)............................11, 12, 13

*Gilbert v. Secretary of HHS,* 31 Fed. Cl. 379 (Fed. Cl. 1994).....................................................2, 4

*In re Fibreboard Corp.,* 893 F.2d 706 (5th Cir. 1990).................................................................11

*Laughter v. Aventis Pasteur Inc.,* 291 F. Supp. 2d 406 (M.D.N.C. 2003) .....................................6

*Leroy v. Secretary of HHS,* No. 02-392V, 2002 WL 31730680 (Fed. Cl. Oct. 11, 2002).........................................................................................................................................5, 7

*Liu v. Aventis Pasteur, Inc.,* 219 F. Supp. 2d 762 (W.D. Tex. 2002).............................................6

*Minnesota Mining and Manufacturing Co. v. Atterbury,* 978 S.W.2d 183 (Tex. App. 1998)..................................................................................................................................13

*O'Connell v. American Home Prods. Corp.,* 2002 WL 31455729 (S.D. Tex. May 7, 2002)..........................................................................................................................................6

*Owens v. American Home Prods. Corp.,* 203 F. Supp. 2d 748 (S.D. Tex. 2002) ..........................6

*Roberts v. Williamson,* 111 S.W.3d 113 (Tex. July 3, 2003) .......................................................14

*Sanchez v. Schindler*, 651 S.W.2d 249 (Tex. 1983) ........................................................15

*Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)....................................4

*Stewart v. Secretary of HHS*, 2002 WL 31965743 (Fed. Cl. Dec. 30, 2002) ...................7

*Strauss v. American Home Prods. Corp.,* 208 F. Supp. 2d 711 (S.D. Tex. 2002) ...........6

*Torrington Co. v. Stutzman*, 46 S.W.3d 829 (Tex. 2000)................................................12

*Wax v. Aventis Pasteur Inc.,* 240 F. Supp. 2d 191, 196 (E.D.N.Y. 2002).........................6

## STATUTES

42 U.S.C. § 300aa-11(a)(2)(B) .......................................................................................2, 4

42 U.S.C. § 300aa-11(a)(5)(B) ..........................................................................................7

42 U.S.C. § 300aa-15(3)(A) ...............................................................................................8

42 U.S.C. § 300aa-15(4) .....................................................................................................8

42 U.S.C. § 300aa-15(a)(1)(A) ...........................................................................................8

42 U.S.C. §§ 300aa-1, *et seq.* .......................................................................................2, 4

## OTHER AUTHORITIES

Autism General Order # 1, *In re: Claims for Vaccine Injuries Resulting in Autism
Spectrum Disorder or a Similar Neurodevelopmental Disorder,* 2002 WL
31696785 (Fed. Cl. July 3, 2002) .................................................................................7

Autism Update and Order – November 7, 2003, *In re: Claims for Vaccine Injuries
Resulting in Autism Spectrum Disorder or a Similar Neurodevelopmental
Disorder* (Fed. Cl. Nov. 7, 2003)..................................................................................5

Restatement (Second) of Torts § 402A (1965)...............................................................12

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

MANUEL TORRES and DOMINGA TORRES,
Individually and as Next Friends of DEREK
TORRES, et al.,
          Plaintiffs,

v.

AMERICAN HOME PRODUCTS, et al.,
          Defendants.

Civil Action No: 03-CV-222

### ELI LILLY AND COMPANY'S RENEWED MOTION TO DISMISS
### AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rules of Civil Procedure 12(b) and 12(c) and the Court's Orders dated March 23, 2004 and May 6, 2004, Defendant Eli Lilly and Company ("Lilly") files this Renewed Motion to Dismiss the claims brought against it in this action and shows the Court the following:

### NATURE OF PROCEEDINGS BEFORE THE COURT

Plaintiffs have brought suit on behalf of themselves and their minor children for injuries allegedly received by their children from vaccines. Plaintiffs' Original Petition (hereinafter "Petition"), p. 2. Plaintiffs alleged that their injuries were caused by the use of the vaccine component thimerosal as a preservative in their vaccines. Petition at 5. Eli Lilly and Company (hereinafter "Lilly") and the other Defendants in this case are alleged to have "designed, manufactured, marketed and distributed the vaccines" which contained thimerosal as a component. Petition at 6-8. Plaintiffs seek damages for "medical case; loss of earning capacity; physical impairment; disfigurement; physical pain; mental anguish; loss of consortium; loss of services; [and] loss of companionship." Petition at 10.

## ISSUE PRESENTED FOR REVIEW

**Whether Plaintiffs' Petition Should Be Dismissed Because Of the U.S. Court Of Federal Claims' Exclusive Initial Jurisdiction Over Vaccine-Related Claims**

The National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1, *et seq.*, requires the dismissal of all claims brought against manufacturers of vaccines or vaccine components prior to exhausting administrative remedies in the U.S. Court of Federal Claims. 42 U.S.C. § 300aa-11(a)(2)(B). The Vaccine Act "is jurisdictional in nature because it defines the jurisdiction of state and federal courts with respect to civil actions against a vaccine administrator or manufacturer for vaccine-related injuries," and therefore presents a threshold issue for the Court. *Gilbert v. Secretary of HHS*, 31 Fed. Cl. 379, 381 (Fed. Cl. 1994). Should the Court determine that it has jurisdiction over any of Plaintiffs' claims, the allegations in Plaintiffs' Petition fail to state a claim for which relief can be granted under Texas law.

When deciding a motion to dismiss under Rule 12(b), a complaint should be dismissed if it appears "beyond a doubt" that a plaintiff, based on the allegations in the complaint, has no "set of facts in support of his claim which would entitle him to relief.

## SUMMARY OF ARGUMENT

Plaintiffs have sued Lilly for injuries claimed to have been sustained from the administration of childhood vaccines which contained thimerosal as a component part. Plaintiffs' Petition asserts that Lilly, along with the other Defendants, manufactured the vaccines alleged to have caused injury. Vaccine-related claims, however, must first be brought pursuant to the National Childhood Vaccine Injury Act (42 U.S.C. §§ 300aa-1, *et seq.)* (the "Vaccine Act" or "Act"), which gives the U.S. Court of Federal Claims **exclusive** initial jurisdiction over such claims. Plaintiffs have not yet exhausted the administrative remedies as required by the Act. This Court, therefore, should dismiss Plaintiffs' claims for lack of subject matter jurisdiction. In

2

further support of its Motion to Dismiss, Lilly adopts, incorporates, and hereby joins in the

Vaccine Defendants' Renewed Rule 12(b) and 12 (c) Motion to Dismiss.

Should the Court determine to reach the merits of Plaintiffs' claims, the Court

should dismiss those claims on substantive grounds. Plaintiffs have failed to allege any set of

facts under which Lilly can be held liable for the Plaintiffs' alleged injuries under Texas law.

Specifically, Plaintiffs have not alleged that Lilly is the manufacturer of any particular vaccine

(or the thimerosal component thereof) which allegedly injured the minor Plaintiffs. It is clear,

therefore, that Plaintiffs' claims fail as a matter of law because no product made or sold by Lilly

is alleged to have caused any injury to the minor Plaintiffs. Moreover, Plaintiffs are not entitled

to damages for loss of consortium or mental anguish under Texas law. For these reasons, should

the Court determine it has jurisdiction over Plaintiffs' claims, all of their claims against Lilly

must be dismissed.

## ARGUMENT

## I.    ALL VACCINE-RELATED CLAIMS MUST BE DISMISSED FOR LACK OF JURISDICTION PURSUANT TO THE VACCINE ACT

### A.    The Vaccine Act Bars This Civil Action

Plaintiffs' Petition alleges that Lilly, along with the other Defendants, was

responsible for manufacturing or marketing vaccines which allegedly injured the minor Plaintiffs

due to the inclusion of thimerosal as a preservative. *See* Petition at p. 5 (discussing "[v]accines

designed, manufactured, marketed and distributed by Defendants" and stating "Defendants

continued to design, manufacture market and distribute childhood vaccines"), p. 7 ("Defendants

designed manufactured marketed and distributed the vaccines that contained mercury and were

injected into the children."). Significantly, Plaintiffs' petition does not differentiate between

Defendants as vaccine and non-vaccine manufacturers; rather, Plaintiffs have sued all

3

Defendants as vaccine manufacturers. This is significant because, in determining whether to grant a motion to dismiss under Rule 12, the Court must assume all material facts and allegations contained in the complaint are true. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)..

The Vaccine Act prohibits the filing of this type of civil lawsuit for "vaccine-related" claims prior to filing a petition in a specially-designated court of the U.S. Court of Federal Claims ("Vaccine Court"). 42 U.S.C. §§ 300aa-1, *et seq.* Where a plaintiff violates this prohibition by filing a civil action in state or federal court against a manufacturer, "the court shall dismiss the action." 42 U.S.C. § 300aa-11(a)(2)(B).[1] Plaintiffs, who assert that all Defendants are vaccine manufacturers, have failed to exhaust their administrative remedies prior to bringing this suit. Thus, the Court must dismiss the action for lack of jurisdiction.

Chief Judge Head recently addressed four cases virtually identical to this one in which the petitions also framed their claims generally against all defendants. The court held that all defendants "fall under a generalized allegation that they . . . are vaccine manufacturers," and thus dismissed <u>all</u> vaccine-related representative claims against <u>all</u> defendants. *Cassidy v. American Home Products*, Civil Action No. C-03-573, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit A**); *Lucio v. American Home Products*, Civil Action No. C-03-520, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit B**); *Mast v. American Home Products*, Civil Action No. C-03-516, Order (S.D. Tex. June 18, 2004) (**Exhibit C**); *Perez v. American Home Products*, Civil Action No. C-03-519, Order (S.D. Tex. June 18, 2004) (**Exhibit D**). Like the plaintiffs in *Cassidy, Lucio, Mast* and

---

[1]    The Vaccine Act "is jurisdictional in nature because it defines the jurisdiction of state and federal courts with respect to civil actions against a vaccine administrator or manufacturer for vaccine-related injuries." *Gilbert v. Secretary of HHS*, 31 Fed. Cl. 379, 381 (Fed. Cl. 1994). *See also Brown v. Secretary of HHS*, 874 F. Supp. 238, 241 (S.D. Ind. 1994) ("[t]his Court's jurisdiction over a claim for compensation for a vaccine-related injury or death is determined by the [Vaccine Act]."). This Court need only recognize that

*Perez,* Plaintiffs in this case have not exhausted their administrative remedies, and their claims must be dismissed.

### B.    The Chief Special Master of the Vaccine Court Has Recognized That Claims for Injuries Resulting From Thimerosal in Vaccines are Covered by the Vaccine Act

The Chief Special Master of the Vaccine Court has concluded that claims (like Plaintiffs') for alleged injuries from thimerosal are vaccine-related and are covered by the Vaccine Act. *See Leroy v. Secretary of HHS,* No. 02-392V, 2002 WL 31730680 (Fed. Cl. Oct. 11, 2002) (**Exhibit E**). In *Leroy,* petitioners alleged that thimerosal-containing vaccines caused developmental problems within the diagnosis of autism spectrum disorder. Their claims were similar to numerous other cases filed under the Vaccine Act. *Leroy,* 2002 WL 31730680 at *1.[2] At issue was whether the Vaccine Court had jurisdiction over those claims. *Id.* The Chief Special Master conclusively held that "petitioners alleging injury from the thimerosal preservative in vaccines are statutorily obligated to file their claim . . . in the Court of Federal Claims, *in the first instance.*" *Id.* at *17. (emphasis in original). The Chief Special Master held that "an injury or death arising from the thimerosal component is encompassed within the statutory definition of 'vaccine-related injury or death,' thereby granting jurisdiction over such claims" to the Vaccine Court. *Id.* at *17. As noted above, Plaintiffs have alleged injuries from "vaccines designed, manufactured, marketed, and distributed by Defendants." Petition at p. 5. Thus, the claims stated in Plaintiffs' Petition against Lilly are vaccine-related as defined by the Act, and must be first brought in Vaccine Court.

---

the Vaccine Act applies to this case to determine that dismissal of Plaintiffs' vaccine-related claims is appropriate.

[2]    The Vaccine Court is currently exercising jurisdiction over approximately 4600 cases involving similar allegations that vaccines or the vaccine component thimerosal allegedly caused autism. *See* Autism Update and Order – February 24, 2005, *In re: Claims for Vaccine Injuries Resulting in Autism Spectrum Disorder or a Similar Neurodevelopmental Disorder* (Fed. Cl. Feb. 24, 2005) (**Exhibit F**).

**C.    Multiple Courts Across the Country Have Held that the Vaccine Act Covers Claims Attributed to Thimerosal in Childhood Vaccines**

A wealth of federal- and state-court decisions agree that the Plaintiffs' claims for injuries allegedly caused by the thimerosal component of vaccines are precisely the type of "vaccine-related" claims that must first be adjudicated by the Vaccine Court. *See, e.g., Chiles v. Am. Home Prods. Corp.*, No. 4:03-CV-802-A, 2003 WL 22287527 (N.D. Tex. Oct. 2, 2003) (**Exhibit G**); *Laughter v. Aventis Pasteur Inc.*, 291 F. Supp. 2d 406 (M.D.N.C. 2003); *Murphy v. Aventis Pasteur, Inc.*, 270 F. Supp. 2d 1368 (N.D. Ga. 2003); *Swafford v. Aventis Pasteur, Inc.*, No. A-03-CA-055-SS (W.D. Tex. Mar. 10, 2003) (**Exhibit H**); *Young v. Aventis Pasteur, Inc.*, No. A-02-CA-734-SS (W.D. Tex. Jan. 6, 2003) (**Exhibit I**); *Blackmon v. American Home Prods. Corp.*, 267 F. Supp. 2d 667 (S.D. Tex. 2002); *Carabine v. Aventis Pasteur, Inc.*, No. A-02-CA-501-SS (W.D. Tex. Oct. 8, 2002) (**Exhibit J**); *Russak v. Aventis Pasteur, Inc.*, No. A-02-CA-480-SS (W.D. Tex. Sept. 9, 2002) (**Exhibit K**); *Wax v. Aventis Pasteur Inc.*, 240 F. Supp. 2d 191, 196 (E.D.N.Y. 2002) (dismissing on ground that Vaccine Court "can and should determine whether it has jurisdiction"); *Liu v. Aventis Pasteur, Inc.*, 219 F. Supp. 2d 762 (W.D. Tex. 2002); *Owens v. American Home Prods. Corp.*, 203 F. Supp. 2d 748 (S.D. Tex. 2002); *O'Connell v. American Home Prods. Corp.*, Civil Action No. G-02-184, 2002 WL 31455729 (S.D. Tex. May 7, 2002) (**Exhibit L**); *Strauss v. American Home Prods. Corp.*, 208 F. Supp. 2d 711 (S.D. Tex. 2002); *Ashton v. Aventis Pasteur, Inc.*, 851 A.2d 908 (Pa. Super. Ct. 2004), *affirming* No. 04026, 2003 WL 21361355 (Pa. Ct. Comm. Pleas May 22, 2003); *Cheskiewicz v. Aventis Pasteur, Inc.*, 843 A.2d 1258 (Pa. Super. Ct. 2004) *affirming* No. 0952 (Pa. Ct. Comm. Pleas. Dec. 16, 2002).

Plaintiffs are suing Lilly and the other defendants claiming they manufactured vaccines that allegedly caused the minor Plaintiff's vaccine-related injuries.    The above-

6

described rulings, as well as the instructive opinions issued by the Vaccine Court,[3] dispel any doubt that Plaintiffs' claims for alleged injuries from the administration of vaccines are indeed "vaccine-related" claims and must first be pursued in Vaccine Court. The plain language of the Vaccine Act precludes this Court from exercising jurisdiction over such claims until Plaintiffs have exhausted their administrative remedies in Vaccine Court.

### D.    Multiple Provisions of the Vaccine Act Require Dismissal

Dismissal of Plaintiffs' vaccine-related claims against Lilly is further mandated by the provisions of the Vaccine Act that bar a claimant from seeking compensation in the Vaccine Court if a civil claim for the same "vaccine-related injury or death" remains pending against any entity. Specifically, § 300aa-11(a)(5)(B) provides that "[i]f a Plaintiff has pending a **civil action** for damages for a vaccine-related injury or death, such person may not file a petition under subsection (b) of this section for such injury or death." (emphasis added). Section 300aa-11(a)(5)(B) mandates that Plaintiffs cannot maintain a civil suit for vaccine-related damages in state or federal court and at the same time pursue vaccine-related claims in Vaccine Court. Section 300aa-11(a)(5)(B) furthers Congress's intent that claims be pursued first in Vaccine Court.

According to § 300aa-11(a)(5)(B), Plaintiffs are not entitled to have two actions pending for vaccine-related injuries, regardless of the types of claims alleged. Nor may Plaintiffs elect to bypass Vaccine Court to proceed first in state or federal court. Instead, the Vaccine Act requires that Plaintiffs first bring their claims in Vaccine Court, free of co-pending litigation in another forum. As Plaintiffs are bringing suit against Lilly claiming it manufactured vaccines

---

[3]    *See* Autism General Order # 1, *In re: Claims for Vaccine Injuries Resulting in Autism Spectrum Disorder or a Similar Neurodevelopmental Disorder*, 2002 WL 31696785 (Fed. Cl. July 3, 2002) (**Exhibit M**); *Leroy*, 2002 WL 31730680 (**Exhibit E**); *Stewart v. Secretary of HHS*, 2002 WL 31965743 (Fed. Cl. Dec. 30, 2002) (**Exhibit N**).

7

that allegedly caused injuries, this case must be dismissed so Plaintiffs can exhaust their administrative remedies.

### E. The Act Requires Dismissal Of The Parents' Claims Brought On Behalf Of The Minor Plaintiffs For Medical Expenses, Loss Of Earning Capacity and Pain and Suffering

As noted above, the minor Plaintiffs cannot pursue their civil claims because they have failed to exhaust their administrative remedies under the Vaccine Act. To the extent the parent Plaintiffs' alleged damages can also be recovered under the Vaccine Act, the parent Plaintiffs too must exhaust administrative remedies before pursuing their civil claims.

The parent Plaintiffs seek damages for "medical care," "loss of earning capacity," "physical pain" and "mental anguish." Petition at p. 10. To the extent these alleged damages are brought on behalf of the minor Plaintiffs, they are undeniably recoverable under the Act. 42 U.S.C. § 300aa-15(a)(1)(A) provides that a petitioner under § 300aa-11 for a vaccine-related injury is entitled to compensation for expenses that "have been or will be incurred by or on behalf of the person who suffered such injury." Furthermore, § 300aa-15(a)(3)(A) provides for compensation for impaired earning capacity, and § 300aa-15(a)(4) provides for "actual and projected pain and suffering." As these damages for vaccine-related injuries are specifically recoverable under the Act, Plaintiffs must first proceed with these claims in Vaccine Court. *See Blackmon*, Civil Action No. g-02-179, at 15; *Owens* 203 F.Supp.2d at 748; *O'Connell*, Civil Action No. G-02-184, at 15 (dismissing all parent's representative claims against vaccine manufacturers except for loss or consortium to proceed in Vaccine Court[4]).

The fact that these claims are brought by the parents is of no consequence. As the United States District Court for the Northern District of Alabama noted in a similar case, parent

---

[4]    As discussed in the subsequent section, loss of consortium claims have since been rejected by the Texas Supreme Court.

Plaintiffs' effort "to recover medical expenses through this action is nothing more than an attempt to circumvent the bar put in place by the Vaccine Act requiring a child to first seek recovery from the Vaccine Court for injuries related to a vaccine." *Carr v. Aventis Pasteur, Inc.*, CV 02-J-3096-NE at 4 (N.D. Al. Feb. 27, 2003) (**Exhibit O**). *See also Strauss v. American Home Prods. Corp.*, 208 F. Supp. 2d 711, 715 n.8 (S.D. Tex. June 11, 2002) (stating that allowing claims compensable under the Act to go forward in a juridical forum – simply because they are alleged by the parent rather than the child – "would clearly undermine the stated objectives of the Vaccine Act"); *Cheskiewicz v. Aventis Pasteur, Inc. et al.,* May Term 2002, No. 0952, at 4 (Ct. Common Pleas of Phila Cty, Pa. Dec. 16, 2002) (**Exhibit P**) (the "Act permits reimbursement for medical bills incurred by or on behalf of a minor."). Plaintiffs' claims for medical expenses, loss of earning capacity and pain and suffering brought by or on behalf of the minor Plaintiffs must be dismissed and pursued in Vaccine Court.

## II.   SHOULD THE COURT DETERMINE THAT IT HAS JURISDICTION OVER ANY OF PLAINTIFFS' CLAIMS, THE COURT SHOULD DISMISS PLAINTIFFS' PETITION, AND EACH CAUSE OF ACTION THEREIN, FOR FAILURE TO STATE A CLAIM

Should the Court determine that it has jurisdiction over any of Plaintiffs' claims, those claims should be dismissed for failing to state a claim against Lilly. Courts across the country have dismissed claims against Lilly in similar vaccine-related cases. For example, as discussed above, on October 27, 2004, in cases virtually identical to the present case, Chief Judge Head dismissed all representative claims brought by the parent Plaintiffs on behalf of their children, and dismissed with prejudice the parent Plaintiffs' individual damages claims for loss of consortium, loss of companionship, loss of services, emotional distress and mental anguish. *Cassidy v. American Home Products Corp.*, Civil Action No. C-03-573, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit A**); *Lucio v. American Home Products*, Civil Action No. C-03-520, Order

(S.D. Tex. Oct. 27, 2004) (**Exhibit B**); *Mast v. American Home Products*, Civil Action No. C-03-516, Order (S.D. Tex. June 18, 2004) (**Exhibit C**); *Perez v. American Home Products*, Civil Action No. C-03-519, Order (S.D. Tex. June 18, 2004) (**Exhibit D**). Other courts considering this issue have reached the same result as Chief Judge Head. *See Jones v. American Home Products*, Civil Action No. 1:03-CV-657, Order (E.D. Tex. Jan. 20, 2005) (**Exhibit Q**); *Bordenkircher v. American Home Products*, No. 5:03-cv-443-Oc-10GRJ (M.D. Fla. Mar. 25, 2004); *amended by* No. 5:-cv-443-Oc-10GRJ (M.D. Fla. Apr. 27, 2004) (both orders attached as **Exhibit R**); *Alleman v. Sigma Aldrich, Inc.*, No. 24-C-03-009646 (M.D. Cir. Ct. July 19, 2004) (**Exhibit S**); *Cheskiewicz v. Aventis Pasteur,* 843 A.2d 1258, 2004 PA. Super. 40 (Pa. Super. Ct. 2004). In the present case, Plaintiffs have not alleged that any specific product manufactured or sold by Lilly caused any injury to the minor Plaintiffs. Plaintiffs have thus failed to state a claim against Lilly as a matter of Texas law, and their claims against Lilly should be dismissed.

A.    **Plaintiffs Fail to Allege That Any Product Sold or Manufactured by Lilly Caused the Minor Plaintiffs' Alleged Injuries**

Plaintiffs appear to have had difficulty determining which manufacturers were responsible for the minor Plaintiffs' alleged injuries. Their solution was to adopt a scattergun approach to pleading, dispensing with individualized claims in favor of general allegations against an ambiguous group of "Defendants." For example, while Plaintiffs assert in each cause of action that the "Defendants designed, manufactured, marketed and distributed the vaccines" which allegedly caused them injury, they did not allege which vaccines the minors actually received, which of those vaccines actually contained thimerosal, and which Defendants were allegedly responsible. Petition at p 7-8. The best Plaintiffs can do is allege that "[v]accines designed, manufactured, marketed and distributed by Defendants are routinely administered to **children**," (Petition at p. 5)(emphasis added), but they never allege **which vaccines** were

10

administered to **this child**. Most importantly, Plaintiffs never allege they received any Lilly product, let alone that they were injured by the same. While Texas law only requires "notice pleading," it has not extended the concept as far as allowing pleadings against "Defendants" generally without noting some facts or circumstances that demonstrate a particular Defendant's involvement. *See Castellanos v. Bridgestone Corp.*, 215 F. Supp. 2d 862, 864 (S.D. Tex. 2002).

In Texas, it is a "fundamental principle of traditional products liability law . . . that the plaintiffs must prove that the defendant supplied the product which caused the injury." *In re Fibreboard Corp.*, 893 F.2d 706, 711 (5th Cir. 1990) (quoting *Gaulding v. Celotex Corp.*, 772 S.W.2d 66 (Tex. 1989)). Texas courts "have not adopted the theories of alternative liability, concert of action, enterprise liability, or market share liability." *Hicks v. Pfizer & Co.,* 2005 WL 1077554 at *7 (E.D. Tex. March 8, 2005). A plaintiff's proof, therefore, must necessarily "focus on individuals, not groups." *Id; see also Cimino v. Raymark Indus.*, 151 F.3d 297, 313 (5th Cir. 1998). Without a specific claim against Lilly, but only a claim against "Defendants" generally for their involvement in allegedly manufacturing vaccines, Plaintiffs' claims against Lilly fail as a matter of Texas law.

Additionally, under Texas law, a manufacturer has no duty to injured consumers if it did not design, manufacture or sell the particular product "in question." *Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 615 (Tex. 1996); *see also Hicks*, 2005 WL 1077554 at *7 (holding that, in a polio vaccine case, to establish defendant's liability plaintiff "must adduce evidence that [the defendant] actually supplied the [polio vaccine] that [plaintiff] ingested and which allegedly caused her injury"). As Plaintiffs do not allege the minor Plaintiffs received or were injured by <u>any</u> Lilly product, let alone the product "in question" in this case, they cannot make out a claim under Texas law. *See Block v. Wyeth, Inc.*, No. 3:02-CV-1077, 2003 WL

11

203067, *2 (N.D. Tex. 2003) (**Exhibit T**) (noting that if a defendant did not manufacture the product which allegedly caused the injury, the *Barajas* case indicates Texas would find no duty under any "common law tort theory").

### B.    Plaintiffs' Claims for Strict Liability Fail as a Matter Of Law

To succeed on a claim of strict liability, a plaintiff "must prove the defendant supplied the product that caused the injury." *Firestone Steel*, 927 S.W.2d at 614. Furthermore, section § 402A of the Restatement (Second) of Torts, which has been adopted in Texas, only subjects a party to liability if the party "**is engaged in the business of selling such a product,** and . . . [the product] is expected to and does reach the user or consumer without substantial change in the condition in which it is sold." *Id.* at 613 (quoting Rest. 2d Torts § 402A (1965)) (emphasis added). While Plaintiffs' Petition alleges that the vaccines of which they complain were "defective products," nowhere is it alleged that Lilly actually manufactured or sold said vaccines to the minor Plaintiffs. Petition at p. 7. Rather, Lilly is lumped together with all other Defendants which **collectively** are allegedly responsible for the minor Plaintiffs' alleged injuries. The claims against Lilly as to strict liability fail as a matter of law, as there are no allegations that Lilly manufactured or distributed a product which allegedly was defective.

### C.    Plaintiffs' Claims for Negligence Fail as a Matter of Law

Under Texas law, to succeed on a claim of negligence, a plaintiff must show "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Firestone Steel*, 927 S.W.2d at 613. There is "no duty to take action to prevent harm to others absent certain special relationships or circumstances." *McLennan v. American Eurocopters Corp. Inc.*, 245 F.3d 403, 452 (5th Cir. 2001); *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000) (noting that a broad-form negligence instruction is insufficient in cases where a plaintiff seeks to "impose a duty on another to take

protective action based on special circumstances or the relationship between the parties"). While Plaintiffs allege the legal conclusion that all "Defendants," including Lilly, "owed a duty" to Plaintiffs, they fail to allege the basis for the imposition of such a duty on Lilly or any other particular Defendant. Petition at p. 7. Once again, Plaintiffs fail to plead that the minor Plaintiffs received any product manufactured by Lilly. It does not matter how negligent Plaintiffs *believe* the Defendants were. Plaintiffs have no claim if the Defendants did not manufacture the product which allegedly caused the harm (i.e., the product "in question"). *Firestone Steel*, 927 S.W.2d at 615; *Block*, 2003 WL 203067 at *2 (**Exhibit T**). As Plaintiffs have failed to plead any duty as to Lilly with regard to the minor Plaintiffs' alleged injuries, Plaintiffs' negligence claim against Lilly fails as a matter of law.

### D.     Plaintiffs' Claim for Breach of Warranty Fails as a Matter of Law

A claim for breach of warranty requires a showing of proximate cause. *Minnesota Mining and Mfg. Co. v. Atterbury*, 978 S.W.2d 183, 197 (Tex. App.—Texarkana 1998). Even when a claim is reviewed under the lesser standard of "producing cause," the "plaintiffs must establish by a reasonable medical probability that each of them has suffered or will suffer injuries or illnesses as a result of the [product] manufactured by [Defendant]." *Id.* Plaintiffs do not allege that the product which allegedly injured the minor Plaintiffs was manufactured by any particular Defendant. In fact, they do not even allege that any particular Defendant ever had possession of a product which allegedly caused them injury. Without some connection with the alleged injury-producing product, there is no showing of proximate or even producing cause, and Lilly cannot be held liable for breach of warranty.

### E.     Plaintiffs' Claim for Civil Conspiracy Fails As A Matter of Law

As noted above, as there are no allegations that Lilly manufactured the products which allegedly injured the minor Plaintiffs, Lilly owes no duty to Plaintiffs. *Firestone Steel*,

13

927 S.W.2d at 615.  Similarly, without proof of duty, civil conspiracy claims fail as a matter of law.  *Id.* at 617.  Since conspiracy is an intentional tort, Plaintiffs must demonstrate an intent to conspire to commit a wrongful act.  *Id.*  Since all allegations of wrongful acts against Lilly fail, Plaintiffs' conspiracy claim fails as well.  Accordingly, all of Plaintiffs' Claims against Lilly must be dismissed with prejudice.

## III.   THE PARENT PLAINTIFFS HAVE NO COGNIZABLE CLAIM FOR LOSS OF CONSORTIUM, SERVICES AND COMPANIONSHIP, OR FOR MENTAL ANGUISH

As set forth above, Plaintiffs have failed to state a claim against Lilly under Texas law.  Even if this Court were to find that Plaintiffs have stated a claim against Lilly, however, the parent Plaintiffs may not recover for loss of consortium or mental anguish under Texas law.

### A.   Texas Law Requires Dismissal of the Parent Plaintiffs' Claims for Loss of Consortium, Services and Companionship

The parent Plaintiffs seek damages for "loss of consortium, loss of services, [and] loss of companionship," based on allegedly serious injuries to their minor child.  Petition at p 10-11.  The Texas Supreme Court, however, has "decline[d] to extend a claim for loss of consortium to parents of children who have been seriously injured."  *Roberts v. Williamson*, 111 S.W.3d 113, 119 (Tex. 2003).  The court determined that "no compelling social policy impels us to recognize a parent's right to damages for the loss of filial consortium," and held that "the common law is best served" by denying such claims.  *Id.* at 120.

In similar cases involving FDA-approved vaccines, courts have dismissed with prejudice the plaintiff parents' claims for loss of consortium because such claims are barred under Texas law.  *Jones v. American Home* Products, Civil Action No. 1:03-CV-657, Order (E.D. Tex. Jan. 20, 2006) (**Exhibit Q**); *Cassidy v. American Home Products*, Civil Action No. C-03-573, Order (S.D. Tex. Oct. 27, 204); (**Exhibit A**); *Lucio v. American Home Products*, Civil

14

Action No. C-03-520, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit B**); *Mast v. American Home Products*, Civil Action No. C-03-516, Order (S.D. Tex. June 18, 2004) (**Exhibit C**); *Perez v. American Home Products*, Civil Action No. C-03-519, Order (S.D. Tex. June 18, 2004) (**Exhibit D**). The parent Plaintiffs' claim for loss of consortium in this case must likewise be dismissed.

Furthermore, Plaintiffs' "loss of services" claim also fails because the Texas Supreme Court has explicitly rejected "the antiquated concept of the child as an economic asset." *Sanchez v. Schindler*, 651 S.W.2d 249, 251 (Tex. 1983) (abolishing pecuniary loss rule). Therefore, parent Plaintiffs' claims for loss of consortium and loss of services due to the alleged injuries to the minor Plaintiffs must be dismissed for failing to state a claim as a matter of Texas law.

**B.    The Parent Plaintiffs' Claim for Mental Anguish Must be Dismissed Under Texas Law**

The parent Plaintiffs' claim of mental anguish also fails under Texas law. For such "bystander claims" to exist, the parent had to be directly impacted by a "sensory and contemporaneous observance" of the traumatic event. *United Servs. Auto Ass'n v. Keith*, 970 S.W.2d 540, 542 (Tex. 1998) (per curiam). Here, the parent Plaintiffs do not qualify as "bystanders" under Texas law for purposes of a mental anguish claim because they do not allege that they witnessed a shocking accident. Rather, the alleged injury occurred over time, and the parent Plaintiffs necessarily learned of their children's alleged injuries from others (presumably physicians) well after their children's vaccines were administered. *See Id.* (requiring that bystander plaintiff "suffer shock as a result of a direct emotional impact . . . from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence").

15

Considering parental emotional distress claims in an identical situation, United States District Judge Samuel Kent observed that "[parent] Plaintiffs clearly did not witness and perceive the type of shocking accident contemplated by the bystander theory of recovery. . . and, consequently, the bystander theory is inapplicable to the fact of this case, as a matter of Texas law." *Owens*, 203 F. Supp. 2d at 757-58. *See also Jones v. American Home Products*, Civil Action No. 1:03-CV-657, Order (E.D. Tex. Jan. 20, 2006) (**Exhibit Q**); *Cassidy v. American Home Products Corp.*, Civil Action No. C-03-573, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit A**); *Lucio v. American Home Products*, Civil Action No. C-03-520, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit B**); *Mast v. American Home Products*, Civil Action No. C-03-516, Order (S.D. Tex. June 18, 2004) (**Exhibit C**); *Perez v. American Home Products*, Civil Action No. C-03-519, Order (S.D. Tex. June 18, 2004) (**Exhibit D**).

Moreover, even if the parent Plaintiffs were "bystanders" for purposes of such claims, they could not recover unless the children could also recover. *See Edinburg Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 79 (Tex. 1997). As previously set forth, the minor Plaintiffs have failed to state a claim against Lilly, thus, *all claim* for damages for mental anguish must be dismissed.

## IV.    CONCLUSION

Plaintiffs' Petition asserts generally that Defendants, including Lilly, designed, manufactured and marketed vaccines that allegedly caused vaccine-related injuries. Such claims must be dismissed for lack of jurisdiction because Plaintiffs must first exhaust their administrative remedies by bringing these claims in Vaccine Court. Alternatively, each cause of action against Lilly should be dismissed for failure to state a claim under Texas law.

For all of the reasons set forth above, Lilly respectfully requests that the Court dismiss Plaintiffs' vaccine-related claims to proceed first in the Court of Federal Claims as

16

provided by the Vaccine Act. Should the Court determine that any of Plaintiffs' claims survive such a dismissal, Lilly requests that those claims be dismissed with prejudice for failure to state a claim under Texas law.

Respectfully submitted,

By:    /s/ M. Scott Michelman
   GENE M. WILLIAMS
   Attorney-in-Charge
   SBN: 21535300
   So. Dist. of TX ID No. 1328
   M. SCOTT MICHELMAN
   SBN: 00797075
   So. Dist. of TX ID No. 20802
   SHOOK, HARDY & BACON L.L.P.
   600 Travis, Suite 1600
   Houston, TX  77002-2911
   Telephone:    713/227-8008
   Telefax:    713/227-9508

   ATTORNEYS FOR DEFENDANT
   ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
JEFFERY A. KRUSE
MO State Bar No. 45482
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:    816/474-6550
Telefax:    816/421-5547

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Eli Lilly and Company's Renewed Motion to Dismiss and Memorandum in Support Thereof was served on all counsel of record on this the 8th day of August, 2005 in accordance with the Federal Rules of Civil Procedure. Due to the voluminous nature of the exhibits attached to Lilly's Motion, a copy of the exhibits is being provided only to the Court and to Plaintiffs' counsel. Should other counsel require a copy of the exhibits, Lilly will provide them upon request.

_____/s/ M. Scott Michelman_____
M. SCOTT MICHELMAN

1726567v1