# EXHIBIT "F"

**ORIGINAL**

OFFICE OF SPECIAL MASTERS

(Filed: February 24, 2005)

FILED
FEB 24 2005
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
IN RE: CLAIMS FOR VACCINE INJURIES      *
RESULTING IN AUTISM SPECTRUM            *
DISORDER OR A SIMILAR                   *
NEURODEVELOPMENTAL DISORDER             *       AUTISM MASTER FILE
                                        *
VARIOUS PETITIONERS,                    *
                                        *
            v.                          *
                                        *
SECRETARY OF HEALTH AND                 *
HUMAN SERVICES,                         *
                                        *
            Respondent.                 *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## AUTISM UPDATE--FEBRUARY 24, 2005

This Update describes a number of recent developments in the Omnibus Autism Proceeding that have occurred since my last Update, dated December 23, 2004. I note that counsel for both parties and I have continued to work diligently on the Proceeding during that time period. Unrecorded telephonic status conferences were held on January 4, January 25, and February 16, 2005.[1]

*A. Number of cases*

At this time, approximately 4,600 petitions in autism cases have been filed, and about 4,400 remain pending, stayed (at the petitioners' own request) until the conclusion of the Omnibus Autism Proceeding.[2] Additional petitions continue to be filed regularly.

---

[1] Counsel participating in those conferences and the hearing included Thomas Powers and Ghada Anis for petitioners, along with Vincent Matanoski and Mark Raby for respondent.

[2] Many of the cases that are no longer pending were voluntarily dismissed or withdrawn by the petitioners; in most of those cases, the dismissal was due to the fact that, inadvertently, a second petition had been filed pertaining to the same autistic child. A number of other cases have been dismissed by me because they were not timely filed.

## B. *Discovery*

As indicated in my previous Autism Updates, a tremendous amount of work has been done by counsel for both parties concerning the petitioners' extensive discovery requests. I will not reiterate developments covered in my previous updates, but I will summarize below our progress and certain new developments in the discovery area.

### *1. General progress concerning Requests for Production*

Certain material responsive to the petitioners' extensive initial set of Requests for Production was made available to petitioners during the fall of 2002 via various government web sites, and since then many thousands of pages of additional material have been copied from government files and supplied to petitioners. At this point, the respondent has now substantially complied with all of the petitioners' initial set of Requests for Production, except for the ongoing production discussed at point 2 below and the items concerning finished and ongoing studies mentioned at point 4 below. (By my informal count, the total number of pages of documents provided by respondent to the petitioners (not counting the material available via website) now approximates 185,000 pages.)

### *2. The vaccine license application files*

One category of documents requested, pursuant to petitioners' original Requests for Production Nos. 10 and 12, involves vaccine license applications. In this area, efforts to produce material have proceeded slowly, as detailed in my previous Autism Updates, but the process of production of that material continues to move forward. Since my last Update, respondent submitted to the Petitioners' Steering Committee (hereinafter "the Committee") a seventh portion (5317 pages) of the Food and Drug Administration (FDA) file that pertains to the Wyeth/Lederle DTaP vaccine, along with a fourth portion of the Aventis DTaP file (5517 pages), a second portion of the Merck HIB conjugate file (9,037 pages), and the first portion of the Aventis DTP file. Prior to that, large portions of the files for the Merck MMR combined vaccine, the Merck mumps vaccine, the Merck measles vaccine, the Merck rubella vaccine, the Merck hepatitis B vaccine, the GlaxoSmithKline hepatitis B vaccine, the North American Healthcare DTaP vaccine, and the Aventis HIB conjugate vaccine were submitted to the Committee. And the files with respect to a few additional vaccines are continuing to move at various stages through the arduous process toward disclosure.[3]

---

[3] I note that while the Committee's discovery *requests* have been filed into the Autism Master File, the respondent's discovery *responses* have been filed into the file of an individual autism case, *Taylor v. HHS*, No. 02-699V. The latter file is available to autism petitioners and their counsel, via special procedures set up by the Committee, but not to the general public, as mandated by the Vaccine Act. (See discussion in my Autism Update filed on June 23, 2004, pp. 4-6.)

2

### 3. Motion to compel discovery from respondent

As indicated in previous Autism Updates, the parties have been in disagreement concerning the issue of production of certain materials from government files, particularly those related to one recently-completed study known as the "Thimerosal Screening Analysis" ("TSA"). After extensive efforts to settle this issue were unsuccessful, the Committee on March 9, 2004, filed a "Motion to Compel," requesting that I order respondent both to produce certain documents and to provide a witness from the National Institute of Health for deposition. The motion seeks, *inter alia*, documents relating to (1) the TSA; (2) other completed and published studies; and (3) studies in progress.

Respondent filed a written response to that motion (into the *Taylor* file) on May 14, 2004, and the Committee filed a reply brief on June 7, 2004. Two evidentiary hearings concerning that motion were held on September 23, 2004, and November 1, 2004. At the conclusion of the second hearing, however, counsel for both parties and I conferred informally to discuss a proposal submitted by respondent's counsel to resolve outstanding discovery issues regarding the material respondent will voluntarily provide to the committee. Since that time, counsel for the parties have made progress toward narrowing the disputed issues, as reported in the many status conferences held since then. At the last such status conference, held on February 16, 2005, counsel reported that they have reached an agreement that will result in resolution of all but one of petitioner's discovery requests. The parties will soon be filing a written document reflecting that agreement. After that, I will promptly resolve the remaining discovery issue.

### C. Future proceedings

As indicated in my previous Updates, the general plan for the Omnibus Autism Proceeding is that as soon as the Committee is done with its discovery process, both sides will file expert reports, and then I will conduct an evidentiary hearing concerning the general causation issue. Obviously, the discovery process has taken longer than originally anticipated. However, it has been the strategic decision of the Committee to pursue discovery before presenting the petitioners' causation case. While I am eager to proceed to the presentation of the petitioners' causation case, I have left this strategic decision to the Committee.

At the status conference held on February 16, 2005, the Committee's representative, Mr. Powers, noted that the process of obtaining discovery from respondent is nearing completion. With respect to the vaccine license application files (see part B(2) above), we are nearing the end of that arduous process. And, as also explained above (part B(3)), we are also close to final resolution of the petitioners' more recent request for discovery from government files.

Therefore, I have asked the Committee to make a written filing explaining the Committee's intentions concerning future proceedings. Specifically, that filing should state the Committee's position concerning (1) what additional procedures the Committee desires to complete before the Committee files its expert reports, and (2) *when* the Committee estimates that it will be able to file those expert reports.

3

Meanwhile, as previously noted, I remain ready to assist in facilitating the remaining discovery process in any way that I can, to promptly resolve any discovery disputes between the parties when such disputes are presented to me, and to promptly hear and rule upon the petitioners' causation case as soon as the petitioners are ready to present it.[4]

The next status conference in the Omnibus Autism Proceeding is scheduled for March 7, 2005.

George L. Hastings, Jr.
Special Master

---

[4] I note, as I have in the past, that it is up to each individual petitioner to determine whether to defer proceedings concerning his or her own case pending the completion of the Omnibus Autism Proceeding. If an individual petitioner has proof of causation in his own case that he wishes to put before a special master at any time, that petitioner will be afforded a prompt hearing. Or, a petitioner whose petition has been pending for 240 days has the option of electing to withdraw from the Program under the procedure of 42 U.S.C. § 300aa-21(b), during the 30-day period after I issue the notice required under 42 U.S.C. § 300aa-12(g).

4