# EXHIBIT "Q"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MICHAEL L. JONES, and RHONDA L. JONES, EACH INDIVIDUALLY and AS NEXT FRIENDS OF KRISTIN M. JONES, A MINOR, <br><br> V. <br><br> AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, ET AL., | § § § § § § § § § § | Case No. 1:03-CV-657 <br><br> JUDGE RON CLARK |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

Before the court are Defendants' Motions to Dismiss [Doc. # 79] and [Doc. # 99]. Plaintiff has responded to both and filed a Motion to Stay [Doc. #103]. The Vaccine Act bars suits by injured parties against manufacturers until after the Vaccine Court has issues a judgment. Furthermore, the certain causes of action by the parents of the allegedly injured fail as a matter of Texas state law. After considering the motions and applicable law, the court grants in part and denies in part Defendants' Motions to Dismiss and orders the case stayed pending a ruling from the Vaccine Court.

### I. BACKGROUND

Plaintiffs, citizens of Texas, filed suit in state court based upon alleged injuries from vaccine(s) against drug manufacturers of diverse citizenship, Merck & Co., Inc., Abbott Laboratories, Wyeth f/k/a American Home Products, American International Chemical, Inc., Aventis Pasteur Inc., Eli Lilly & Co., Smithkline Beecham Corp. d/ba GlaxoSmithKline, and B.F. Ascher & Co., Inc.. Plaintiffs also sued various local individuals. Defendants removed the case and Plaintiffs filed a motion to remand. It was denied and the local parties have been dismissed.

1

## II. ISSUES PRESENTED

The Defendants have moved to dismiss Plaintiffs' causes of action as a matter of law. The Defendants first claim the National Childhood Vaccine Injury Compensation Act ("Vaccine Act"), 42 U.S.C. §§ 300aa-1 *et seq.* precludes Plaintiffs from filing the suit before exhausting the remedial scheme of the Vaccine Act. Defendants next assert that all state law causes of action should be dismissed because they are not cognizable under Texas state law. Lastly, Defendant Eli Lilly and Company ("Eli Lilly") raises independent grounds (e.g., causation) for dismissing Plaintiffs' causes of actions against Eli Lilly.

## III. STANDARD OF REVIEW

Granting a motion to dismiss under Rule 12(b)(6) is proper when a party has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court should dismiss a claim under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102 (1957). All well-pleaded factual allegations are construed in the light most favorable to the Plaintiff. *Hermann Holdings Ltd. v. Lucent Technologies, Inc.*, 302 F.3d 552, 558 (5th Cir. 2002). However, the court "[m]ay not rely on conclusional allegations or legal conclusions disguised as factual allegations." *Jeanmarie v. United States*, 242 F.3d 600, 602-03 (5th Cir. 2001).

## IV. ANALYSIS

### A. THE VACCINE ACT

The Vaccine Act and the corresponding compensation program were designed to provide compensation for persons injured by vaccines, partly by keeping the costs and risk of tort litigation at bay. *Moss v. Merck & Co.*, 381 F.3d 501, 503 (5th Cir. 2004). Victims of a "vaccine-related

injury or death," defined in 42 U.S.C. § 300aa-33(5) are barred from the courts, unless they have first filed a claim in the Vaccine Court. § 300aa-11(a)(2)(A). In addition, the Court of Federal Claims must issue a judgment and the person must elect to withdraw the judgment. § 300aa-11(a)(2)(A)(i)(I). By declining the judgment, the claimant may purse traditional tort claims, albeit with restrictions on those claims. *Schafer v. Am. Cyanamid Co.*, 20 F.3d 1, 3 (1st Cir. 1994) (outlining restrictions on traditional tort relief). The Vaccine Act only applies to a "vaccine administrator or manufacturer." § 300aa-11(a)(2)(A). The court in *Moss* was faced with many of the same Defendants, and the same product, Thimerosal. *Moss* held that Eli Lilly, an alleged manufacturer of Thimerosal is not a vaccine manufacturer as that term is defined under the Vaccine Act. *Moss*, 381 F.3d at 503-04; *see Leroy v. Sec'y of Health & Human Servs.*, 2002 WL 31730680, *4-*5 (Fed. Cl. 2002). In *Moss*, the court held that a party suing a vaccine manufacturer for Thimerosal related injuries must still go to the Vaccine Court. *Moss*, 381 F.3d at 504. This is so because "Thimerosal is part of the finished product . . . but it is not the finished product itself, and on its face the statute governs only lawsuits filed against *manufacturers of a completed vaccine* shipped under its own label and listed in the Vaccine Injury Table." *Id.* at 504 (emphasis added). The Vaccine Injury Table lists vaccines and possible injuries, including death, associated with particular vaccines and their components. 42 C.F.R. § 100.3(a). Thimerosal is a vaccine component. *Moss*, 381 F.3d at 504.

### B. CLAIMS OF KRISTIN JONES

Kristin Jones allegedly received the vaccine(s) and suffered an injury. Her parents have sued as next friends. Defendants argue that these representative claims should be dismissed because Plaintiffs have not satisfied the remedial scheme of the Vaccine Act. Plaintiffs did file a petition in

3

the Court of Federal Claims on December 12, 2002. *See* Pl. Combined Response to Motion to Dismiss, Exhibit B [Doc. # 20]. There is no indication a judgment has been issued and waived by Plaintiff before filing this lawsuit and in fact a judgement has not been issued. Accordingly, all claims by the Joneses as next friends of Kristin M. Jones against the vaccine manufacturers, including Eli Lilly, are dismissed for failure to exhaust the remedial scheme of the Vaccine Court.[1]

### C. THE PARENTS' INDIVIDUAL CLAIMS

The Vaccine Act makes it perfectly clear that a petition for compensation must come from particular persons. "To file a petition for compensation, a claimant must be either a person who has sustained a vaccine-related injury, or - if the victim is a minor, disabled or deceased - that person's legal representative." § 300aa-11(b)(1)(A); *Moss*, 381 F.3d at 505. The person must be able to state in an affidavit that they received a vaccine from the Vaccine Injury Table, or contracted an illness directly or indirectly from a person who did receive a vaccine. *Moss*, 381 F.3d at 505. Once again, the court in *Moss* was faced with parents filing claims on behalf of their child and individually against vaccine manufacturers. This case presents the same procedural scenario. Therefore, the claims by the parents in their individual capacity are not barred by the Vaccine Act's requirement of first filing in the Vaccine Court. Other state law grounds for dismissing the Joneses individual claims have been raised. The court discusses these individually.

#### 1. Emotional Distress and Mental Anguish

Plaintiff parents seek recovery under theories of emotional distress and mental anguish.

---

[1] Plaintiffs' First Amended Complaint [Doc. #77] alleges Eli Lilly manufactured vaccines that contained Thermisol. This seems to be contrary to the holding in *Moss*, but this court must take pleadings as it finds them, and Plaintiffs have not sought leave to amend. Therefore, Eli Lilly's alternative grounds for dismissing them are not ripe.

4

Since Plaintiff parents were not caused serious bodily injury by the Defendants, the only avenue is bystander recovery. Texas courts permit bystanders to recover emotional distress damages, if:

> (1) the plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it; (2) the plaintiff suffered shock as a result of a direct emotional impact upon the plaintiff from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*United Servs. Auto. Ass'n v. Keith*, 970 S.W.2d 540, 541-42 (Tex. 1998) (per curiam); *Owens v. Am. Home Prods Corp.*, 203 F. Supp. 2d 748, 758 (S.D. Tex. 2002). The facts in this case are similar to the ones in *Owens* and this court finds the reasoning of Judge Kent persuasive. Plaintiff parents might have witnessed the vaccine injections, but did not learn about the alleged Thermisol poisoning until a later date. While their distress may have been severe, it is not the type of distress for which the bystander theory of recovery is allowed under Texas law. *See Owens*, 203 F. Supp. 2d at 758. Therefore, Plaintiff parents' claims for emotional distress and mental anguish are dismissed.

### 2. Loss of Consortium

Plaintiff parents have alleged claims for loss of consortium against all Defendants. The Texas Supreme Court does not recognize a claim for loss of consortium (parent to child) in a non-wrongful death case. *Roberts v. Williamson*, 111 S.W.3d 113, 119 (Tex. 2003). This is not a wrongful death case, therefore, Plaintiff parents' claims for loss of consortium are dismissed.

### 3. Lost Wage Earning Capacity

Defendants move to dismiss Plaintiff parents' claims for loss of wage earning capacity. While generally wage earning capacity of parents may not be recovered for injury to a child. This is an element of damages, not a cause of action. If the underlying causes of action are dismissed, elements of damage are moot. If a cause of action survives, which precise elements of damage may be recovered will be considered when that cause is presented.

### 4. DTPA Claims

A consumer might have a cause of action for mental anguish under the Texas Deceptive Trade Practices Act ("DTPA"). Tex. Bus. & Com. Code § 17.50(e) (Vernon's 2002). To support its motion to dismiss this cause of action, Eli Lilly[2] cites to an unpublished Texas Court of Appeals decision. *Davis v. Mazda Motor Corp.*, 1999 WL 1037916 (Tex. App.--San Antonio, Nov. 17, 1999, pet. denied). *Davis* does not stand for the proposition that the DTPA is not viable in personal injury suits. The unpublished opinion affirmed a lower court's directed verdict because the appellant waived any error by not preserving the point for appeal. Accordingly, Plaintiff parents' claims under the DTPA are not dismissed.

### 5. Assault

Plaintiff parents' claims for assault fail as a matter of law. An assault occurs when a person "intentionally, knowingly, or recklessly causes bodily injury to another." *Baribeau v. Gustafson*, 107 S.W.3d 52, 60-61 (Tex. App.--San Antonio, 2003, pet. denied). Recovery for battery requires an injurious contact. *Id.* There was no physical contact between Plaintiff parents and the

---

[2] The Vaccine Defendants failed to address this cause of action in their Motion to Dismiss [Doc. # 79]. The court recognizes the procedural history of the case, but in its Order dated September 21, 2004 [Doc. #95] the court gave all Defendants twenty days to file or re-file motions to dismiss.

6

Defendants, so the claims of assault are dismissed.

### 6. Fraud

Plaintiff parents assert they were defrauded by the Defendants. Everyone knows what fraud is, yet the term is somewhat difficult to define. Some courts have defined the term as " ' any cunning or artifice used to cheat or deceive another,' and that it is synonymous with bad faith-overreaching and dishonesty." *Garcia v. Rutledge*, 649 S.W.2d 307, 312 (Tex. App.--Amarillo 1982, no writ). Others have relied on the more traditional common law definition of "[a]n act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage." *Vela v. Marywood*, 17 S.W.3d 750, 760 (Tex. App.--Austin 2000, pet. denied). Implicit in an action for fraud is an injury to Plaintiffs. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998). The Plaintiff parents have not pointed the court to any particular injury, other than those of their minor daughter. Accordingly, any such recovery is hers, not theirs. For those reasons, the Plaintiff parents' claim of fraud is dismissed.

### 7. Breach of Implied Warranty of Fitness for a Particular Purpose

Plaintiff parents have raised claims under the UCC Article 2. The Vaccine Defendants have once again not cited authority for the court to dismiss these claims as a matter of law. Eli Lilly asserts that Plaintiff parents must prove the goods were defective at the time they left the manufacturer's possession. *Chandler v. Gene Messer Ford., Inc.*, 81 S.W.3d 493, 502 (Tex. App.--Eastland, 2002, pet. denied). While this rule of law is correct, that does not entitle Eli Lilly to a dismissal at this stage in the proceedings. Plaintiff has alleged the goods were defective when they left the manufacturer. Accordingly, Plaintiff parents' claims under the UCC implied warranty of

7

fitness for a particular purpose are not dismissed.

### 8. Medical Expenses

Generally parents are responsible for their child's medical expenses. Under Texas law they may recover such damages if they have a valid cause of action for their child's injury. *See Walsh v. Hershey*, 472 S.W.2d 954, 957-58 (Tex. Civ. App.--Fort Worth 1971, writ ref'd n.r.e.). The Vaccine Act also provides for payment of such expenses. After the Vaccine Court rules, the Joneses may choose whether to accept the award or to pursue any surviving cause of action to recover this element of damages.

## V. CONCLUSION

Plaintiffs' representative claims as next friends of Kristin Jones against the manufacturer Defendants, including Eli Lilly, are dismissed without prejudice. Plaintiff parents' individual claims of emotional distress, mental anguish, loss of consortium, fraud, and assault against the manufacturer Defendants, including Eli Lilly, are dismissed with prejudice. Plaintiff parents' claims under the DTPA, and under the UCC for breach of implied warranty of fitness for particular purpose against the manufacturer Defendants, including Eli Lilly, are not dismissed.

The court has considered the holding of *Moss* and the issue of whether the case should be stayed pending disposition in the Vaccine Court. Based upon the Courts ruling in *Moss*, this court finds that staying the case is the most judicious option.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss **[Doc. # 79]** and **[Doc. # 99]** are **GRANTED** in part. The following causes of action are dismissed without prejudice: all representative claims filed by Plaintiff parents as next friends of Kristin M. Jones. Plaintiff parents' individual causes of action under the DTPA, UCC for breach of implied warranty of fitness for

8

particular purpose are not dismissed. The remaining causes of action by Plaintiff parents in their individual capacity are dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay **[Doc. #103]** is **GRANTED**. The case is stayed until the Vaccine Court has issued a judgment.

So **ORDERED** and **SIGNED** this **19** day of **January, 2005.**

_____
Ron Clark, United States District Judge

9