United States District Court
Southern District of Texas
FILED

AUG 0 9 2005

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA | § | |
| TORRES, Individually and a/n/f of | § | |
| DEREK TORRES, et al. | § | |
| | § | |
| Plaintiffs, | § | Civil Action  No.  03-CV-222 |
| | § | |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS, et al. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT SIGMA-ALDRICH, INC.'S RENEWED
## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
## STAY THESE PROCEEDINGS, AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant SIGMA-ALDRICH, INC., incorrectly named as "Sigma- Aldrich"

(hereinafter "Sigma-Aldrich"), and, pursuant to Federal Rules of Civil Procedure 12(b) and 12(c),

and the Court's Orders dated March 23, 2004 and May 6, 2004, reurges its Motion to Dismiss all

claims brought against it in this action or, in the Alternative, to Stay These Proceedings, and Brief

in Support:

## I.
## INTRODUCTION

Plaintiffs filed this action in state court on their behalf and that of their minor children for

personal injury under theories of strict products liability, negligence, breach of warranty and civil

conspiracy, **all** related to a preservative known as thimerosal allegedly contained in childhood

vaccines administered to Plaintiffs' minor children.  Importantly, Plaintiffs allege that **all**

Defendants, including Sigma-Aldrich, are liable to them for the design, manufacture, marketing, and distribution of the thimerosal-containing *vaccines* at issue in this case. The case was subsequently removed to this Court on the basis of diversity.

Sigma-Aldrich moves to dismiss Plaintiffs' representative vaccine-related claims for lack of subject matter jurisdiction pursuant to the National Vaccine Injury Compensation Act ("Vaccine Act") 42 U.S.C. § 300aa-1, *et seq.*, which requires that a civil action alleging "vaccine-related" injuries be dismissed unless the plaintiff first files a petition in the Court of Federal Claims ("Vaccine Court") and exhausts all administrative remedies under the Act. Because Plaintiffs have not yet exhausted their administrative remedies in Vaccine Court, this Court should dismiss Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction. In further support of its Motion to Dismiss, Sigma-Aldrich incorporates and joins in the Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative, Motion to Stay and Defendant Eli Lilly and Company's Renewed Motion to Dismiss and Alternative Motion to Stay.

Sigma-Aldrich also moves to dismiss the parent Plaintiffs' individual claims for mental anguish, emotional distress, loss of consortium, loss of services and loss of companionship for failure to state a claim under Texas law.

Finally, if this Court determines that any of Plaintiffs' claims survive dismissal, Sigma-Aldrich moves to stay such claims pending final resolution of Plaintiffs' vaccine-related claims in Vaccine Court.

## II.
## ISSUE STATEMENT

Whether Plaintiffs' vaccine-related claims against Sigma-Aldrich should be dismissed

pursuant to the Vaccine Act and FED. R. CIV. P. 12(b)(1) and 12(c) to the exclusive, initial

jurisdiction of the Vaccine Court, and whether the parent Plaintiffs' individual claims for mental

anguish, emotional distress, loss of consortium, loss of services, and loss of companionship should

be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim under Texas law.

## III.
## STANDARDS OF REVIEW

Sigma-Aldrich moves for dismissal of Plaintiffs' claims pursuant to FED. R. CIV. P. 12(b)(1)

(lack of subject matter jurisdiction), 12(b)(6) (failure to state a claim), and 12(c) (motion for

judgment on the pleadings). In determining whether to grant a motion to dismiss under Rule 12, the

district court must assume all material facts and allegations contained in the complaint are true.

*Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when,

as here, the court "lacks the statutory or constitutional power to adjudicate the case." *John Corp.

v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000) (quoting *Nowak v. Ironworkers Local 6*, 81

F.3d 1182, 1187 (2d Cir. 1996)). A case is properly dismissed for failure to state a claim under Rule

12(b)(6) when the face of the plaintiffs' pleading establishes that the plaintiffs cannot prove any set

of facts that would entitle them to relief. *See Leffall v. Dallas Ind. School Dist.*, 28 F.3d 521, 524

(5th Cir. 1994). The standard for dismissal under Rule 12(c) is the same as that for dismissal for

failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

A motion to dismiss under Rule 12(c) is properly granted when the plaintiff would not be entitled

to relief under any set of facts that he could prove consistent with the complaint. *Id.*

## IV.
## SUMMARY OF ARGUMENT

This is a products liability case in which the Plaintiffs allege that their minor children have suffered neurological injuries as a result of being administered one or more **FDA-approved** childhood vaccines containing a preservative known as thimerosal. Plaintiffs seek to recover damages for: (I) the child's medical care, loss of earning capacity, physical impairment, disfigurement, physical pain, and mental anguish; and (ii) the parent Plaintiffs' loss of consortium, loss of services, loss of companionship and mental anguish. (Plaintiffs' First Amended Complaint, p. 11)[1] Plaintiffs' pleading clearly describes claims that are compensable under the Vaccine Act, which expressly requires that a civil action alleging "vaccine-related" injuries be dismissed unless the plaintiff <u>first</u> files a petition in the Vaccine Court <u>and</u> exhausts all administrative remedies. *See* 42 U.S.C. § 300aa-11(a)(2)(A).   <u>It is undisputed that Plaintiffs have not exhausted their administrative remedies under the Vaccine Act</u>.

While Sigma-Aldrich specifically denies liability for Plaintiffs' claims, Plaintiffs allege that <u>all</u> Defendants, <u>including Sigma-Aldrich</u>, are liable for the design, manufacture, marketing and distribution of thimerosal-containing <u>vaccines</u> and Plaintiffs' "vaccine-related" injuries. Because Plaintiffs' claims against Sigma-Aldrich are based on injuries allegedly caused by vaccines containing thimerosal, such claims fall within the exclusive, initial jurisdiction of the Vaccine Court and, thus, must be filed first in that court and fully exhausted under the Vaccine Act.

---

[1]    A true and correct copy of Plaintiffs' First Amended Complaint is attached hereto as Exhibit A for the Court's convenience.

## V.
## PLAINTIFFS' VACCINE-RELATED CLAIMS AGAINST SIGMA-ALDRICH SHOULD BE DISMISSED PURSUANT TO THE VACCINE ACT

In this case, Plaintiffs allege that <u>all</u> Defendants, <u>including Sigma-Aldrich</u>, "designed, manufactured, marketed, and distributed" the thimerosal-containing <u>vaccines</u> administered to Plaintiffs' minor children. (**Exhibit A, pp. 5-6**) The Vaccine Act requires that a civil action alleging "vaccine-related" injuries be dismissed unless the plaintiff <u>first</u> files a petition in the Vaccine Court. *See* 42 U.S.C. § 300aa-11(a)(2)(A). The Vaccine Act expressly mandates that all claims in excess of $1,000 for "vaccine-related" injuries, <u>whether brought individually or in a representative capacity</u>, must be filed <u>first</u> in Vaccine Court <u>before</u> any traditional tort suit may be pursued in state or federal court. *Id.* Additionally, a plaintiff must exhaust all administrative remedies in the Vaccine Court before proceeding in a civil suit. If a plaintiff fails to first file a petition in the Vaccine Court or fully exhaust the Vaccine Act's compensation remedy and proceedings, <u>the Act mandates dismissal of the plaintiff's civil action</u>. *See* 42 U.S.C. § 300aa-11(a)(2)(B)("If a civil action which is barred under subparagraph (A) is filed in State or Federal court, **the court shall dismiss the action**.") (emphasis added); *see also Shalala v. Whitecotton*, 514 U.S. 268, 270 (1995) ("a claimant alleging more than $1,000 in damages resulting from a vaccination...must exhaust the Act's procedures and refuse to accept the resulting judgment before filing any *de novo* civil action in state or federal court.").

<u>It is undisputed that Plaintiffs have not exhausted their administrative remedies under the Vaccine Act</u>. Therefore, according to the mandatory provisions of the Vaccine Act, Plaintiffs' claims against Sigma-Aldrich in this case must be dismissed.

**A.    Faced With Identical Allegations, Chief Judge Hayden Head of The United States District Court for the Southern District of Texas Has Dismissed Vaccine-Related Claims Against Sigma-Aldrich and Other Thimerosal Defendants**

Considering allegations identical to those asserted by Plaintiffs here, United States District Judge Hayden Head dismissed without prejudice the minor plaintiffs' claims against all defendants, including Sigma-Aldrich, pursuant to the Vaccine Act, dismissed with prejudice the parent plaintiffs' individual claims for loss of consortium, loss of services, loss of companionship, and mental anguish for failure to state a claim under Texas law, and stayed the remainder of the parents' individual claims pending the exhaustion of the minor plaintiffs' administrative remedies in Vaccine Court. *See, e.g., Lucio v. American Home Products*, C.A. No. C-03-520 (S.D. Tex. October 27, 2004) (**Exhibit B**); *Cassidy v. American Home Products*, C.A. No. C-03-573 (S.D. Texas October 27, 2004) (**Exhibit C**); *Perez v. American Home Products*, C.A. No. C-03-519 (S.D. Tex. June 11, 2004) (**Exhibit D**); *Mast v. American Home Products*, C.A. No. C-03-516 (S.D. Tex. June 11, 2004) (**Exhibit E**).

In dismissing the plaintiffs' representative claims against Sigma-Aldrich and the other non-vaccine manufacturer defendants, Chief Judge Head held:

> Furthermore, plaintiffs' petition frames their claims generally against all defendants by stating that "the vaccine and component parts of the vaccines were designed, manufactured, marketed, and distributed by defendants." However, plaintiffs have not specifically designated which defendants are vaccine manufacturer defendants and which defendants are non-vaccine manufacturer defendants. Thus, the Court dismisses without prejudice all of the representative claims against the remaining defendants, as they fall under the generalized allegation that they too are vaccine manufacturers.

*Lucio*, at pp. 4-5; *Cassidy*, at p. 4; *Perez*, at p. 4; *Mast*, at p. 4. (Emphasis added.)

Here, as in *Lucio, Cassidy, Perez*, and *Mast*, Plaintiffs' Original Petition frames Plaintiffs' claims generally against all defendants by asserting that "the vaccines and the component parts of the vaccines were designed, manufactured, marketed, and distributed by defendants," without specifically designating which defendants are alleged to be vaccine manufacturer defendants and which are not. (**Exhibit A, p. 6**) Without a specific claim against Sigma-Aldrich, only claims against "Defendants" generally for their alleged involvement in the design, manufacture, marketing, and distribution of vaccines and/or component parts of the vaccines, Plaintiffs' claims against Sigma-Aldrich in this case fail as a matter of law. (**Exhibit B, pp. 5-6; Exhibit C, p. 4**)

Based on the Judge Head's decisions in *Lucio, Cassidy, Perez*, and *Mast*, Plaintiffs' representative claims against Sigma-Aldrich should be dismissed pursuant to the Vaccine Act and Rule 12(b)(1) for lack of subject matter jurisdiction.

**B.    The Vaccine Court Has Assumed Jurisdiction Over Thimerosal Cases**

On July 3, 2002, the Vaccine Court issued Autism General Order #1 and, in so doing, assumed jurisdiction over hundreds (now thousands) of thimerosal-related claims to determine whether thimerosal-containing vaccines can cause autism and/or similar neurodevelopmental disorders. This general causation inquiry, termed the "Omnibus Autism Proceeding," will likely be decided in 2006. Removing all doubt as to the application of the Vaccine Act to thimerosal-related claims, the Vaccine Court has also created a Master Autism Petition for claimants seeking vaccine compensation, which alleges that:

> As a direct result of one or more vaccinations covered under the National Vaccine Injury Compensation Program, the vaccinee in question has developed a neuro-developmental disorder.... This disorder was caused...by the "thimerosal" ingredient in certain [vaccines].

*Id.* The Vaccine Court's assumption of jurisdiction over thimerosal-related claims is definitive on the question of whether such claims are "vaccine-related" claims for purposes of applying the Vaccine Act. This is so because the Vaccine Court exercises jurisdiction only over "vaccine-related" injury claims, and, pursuant to the Vaccine Act, its initial jurisdiction over such claims is exclusive.

**C.     The Chief Special Master of the Vaccine Court Has Recognized That Claims for Injuries Resulting from Thimerosal in Vaccines Are Covered by the Vaccine Act**

Chief Special Master Gary J. Golkiewicz of the Office of Special Masters of the Court of Federal Claims has conclusively held that injuries allegedly arising from thimerosal-containing vaccines are "definitely 'vaccine-related'" within the plain meaning of the language of the Vaccine Act and "petitioners alleging an injury or death from the thimerosal preservative in vaccines are *statutorily obligated* to file their claim...in the Court of Federal Claims, *in the first instance.*" *Leroy v. HHS,* No. 02-392V, 2002 WL 31730680, at *17 (Ct. Fed. Cl. October. 11, 2002) (emphasis in original and added). Chief Special Master Golkiewicz emphasized that his interpretation of "vaccine-related injury" is completely consistent with the legislative history and the statutory scheme of the Vaccine Act. *Leroy,* at *9. Moreover, the Chief Special Master concluded that thimerosal is not an adulterant or contaminant and that exclusive jurisdiction of these "vaccine-related" claims resides in the first instance in the Vaccine Court. *Id.* at *6.

Significantly, the Chief Special Master in *Leroy* construed the provisions of the Vaccine Act to include components of vaccines such as thimerosal. The Chief Special Master held that "the meaning of 'vaccine-related injury or death'...includes injuries allegedly caused by the thimerosal component of a vaccine." *Leroy,* at *6. The Chief Special Master specifically concluded that "*[i]t is reasonable to construe the plain meaning of 'vaccine' to encompass the thimerosal component*

*because, within its ordinary usage, the term 'vaccine' strongly implies the inclusion of bacterium and additional ingredients.*" *Leroy*, at *7 (emphasis added).[2]  *See also Brausewetter v. HHS*, No. 99-278V, 1999 WL 562700, at *3 (Fed. Cl. July 16, 1999) (Act applies when there has been exposure to the "**chemical/biological** *components* of the...vaccine); *Pannell v. HHS*, No. 94-658V, 1995 WL 432643, at *2 (Fed. Cl. July 7, 1995) (Vaccine Court defined a "vaccine-related injury" as one caused by the vaccine or *by something contained therein*"); *Grant v. HHS*, 956 F.2d 1144 (Fed. Cir. 1992).

The Chief Special Master held that "an injury or death arising from the thimerosal component is encompassed within the statutory definition of 'vaccine-related injury or death,' thereby granting jurisdiction over such claims" to the Vaccine Court. *Leroy*, at *17.  As noted above, Plaintiffs specifically allege injuries from "vaccines manufactured and distributed by Defendants." (**Exhibit A, pp. 5-6**) Thus, the claims stated in Plaintiffs' pleading against Sigma-Aldrich are vaccine-related as defined by the Act, and must be dismissed in favor of the initial, exclusive jurisdiction of the Vaccine Court.

**D.     A Multitude Of Courts, Including Texas Federal Courts, Have Held That Claims For Injuries Allegedly Caused By Thimerosal-Containing Vaccines Are Vaccine-Related And Must First Be Adjudicated In Vaccine Court**

The Vaccine Act provides that "[n]o person may bring a civil action for damages . . . . against a vaccine administrator or manufacturer in State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of the vaccine" unless that person first pursues the mandatory administrative remedies provided by the Vaccine Act.  *See* 42 U.S.C. §

---

[2]     The Vaccine Court's holding in *Leroy* is controlling under the United States Supreme Court's *Chevron* doctrine. *See Chevron U.S.A., Inc. v. Natural Resources Defense Counsel, Inc.*, 467 U.S. 837, 844 (1984) (holding that a court should defer to an administrative agency's reasonable construction of a statute).

300aa-11(a)(2)(A). The term "vaccine" is not defined in the Act, but has been interpreted by the Vaccine Court — the administrative body statutorily charged with adjudicating vaccine-related claims under the Vaccine Act — to include the thimerosal component, because "a vaccine preservative is a constituent part of the vaccine." *Leroy*, 2002 WL 31730680, at *5. Thus, the "plain meaning of 'vaccine' encompass[es] the thimerosal component . . . ." *Id.* at *7.

As set forth more fully in the Vaccine Defendants' Renewed Motion to Dismiss and Defendant Eli Lilly's Renewed Motion to Dismiss, which Sigma-Aldrich hereby adopts and incorporates as if set forth herein, the overwhelming majority of courts, including multiple rulings by Texas federal courts, have held that claims such as those alleged by Plaintiffs in this case are "vaccine-related" and must first be pursued and fully exhausted in Vaccine Court before proceeding with a traditional tort suit in state or federal court. Here, Plaintiffs are suing Sigma-Aldrich and the other defendants, alleging that each manufactured and/or distributed the thimerosal-containing vaccines that allegedly caused the minor Plaintiffs' vaccine-related injuries. (**Exhibit A, at pp. 5-6**) The plain language of the Vaccine Act precludes this Court from exercising jurisdiction over such claims until Plaintiffs have exhausted their administrative remedies in Vaccine Court.

This Court must therefore dismiss the minor plaintiffs' vaccine-related claims against all of the defendants, including Sigma-Aldrich, so that Plaintiffs may first pursue and fully exhaust their administrative remedies in Vaccine Court. The Vaccine Act mandates that all vaccine-related claims be brought in the Vaccine Court "in the *first* instance." *See Leroy*, 2002 WL 31730680, at *17.

E.      **Multiple Provisions of the Vaccine Act Mandate Dismissal in Favor of the Vaccine Court's Jurisdiction**

The Vaccine Act mandates that if a civil action is filed in state or federal court in violation of subsection 300aa-11(a)(2)(A), which this case most certainly is, "the court shall dismiss **the action**." *See* 42 U.S.C. § 300aa-11(a)(2)(B) (emphasis added). "Action" means "the entirety of a civil proceeding," not just a part of it. *Nolan v. Boeing Co.,* 919 F.2d 1058, 1066 (5th Cir. 1990). Therefore, this Court must dismiss **all** vaccine-related claims against **all** defendants in this "action" before Plaintiffs may proceed in Vaccine Court.

1.      **42 U.S.C. § 300aa-11(a)(5)(B) Mandates That Plaintiffs Cannot Maintain Actions in "Two Fora" for Their Vaccine-Related Claims**

Dismissal of Plaintiffs' vaccine-related claims against Sigma-Aldrich is further mandated by the express provisions of the Vaccine Act that bar a claimant from seeking compensation in Vaccine Court if a civil claim for the same "vaccine-related injury or death" remains pending against anyone.

Specifically, § 300aa-11(a)(5)(B) of the Vaccine Act provides that:

> If a Plaintiff has pending a **civil action** for damages for a vaccine-related injury or death, such a person may not file a petition under subsection (b) for such injury or death.

42 U.S.C. § 300aa-11(a)(5)(B). By its plain terms, Section 300aa-11(a)(5)(B)'s bar is not limited to pending civil actions for damages for a vaccine-related injury or death against a "vaccine administrator or manufacturer." To the contrary, Congress deliberately elected not to limit this prohibition by omitting the terms "vaccine administrator or manufacturer" used earlier in part (a)(2)(A) of the same subsection. In fact, Congress has repeatedly amended Section 300aa-11(a)(5)(B), but has left intact its divergent language that is less restrictive than that of Section 300aa-11(a)(2)(A).

Courts have recognized that Section 300aa-11(a)(5)(B)'s prohibition regarding a pending "civil action for a vaccine-related injury or death" is broader than the bar set forth in Section 300aa-11(a)(2)(A):

> Section 300aa-11(a)(5)(A) of the Act refers to "a civil action for damages for a vaccine-related injury or death." Congress does not distinguish a claim against a vaccine manufacturer from other types of claims.

*Amendola v. Secretary of Health and Human Services*, 23 Fed. Cl. Ct. 621, 627 (July 16, 1991), *aff'd*, 989 F.2d 1180, 1183 (Fed. Cir. 1993) (recognizing that a "plaintiff who has a civil suit pending...for a vaccine-related injury may not file a petition at all"). (Emphasis added.)

Pursuant to section 300aa-11(a)(5)(B), Plaintiffs are not entitled to have two actions pending for vaccine-related injuries, regardless of the types of claims alleged. As the Chief Special Master recognized in *Leroy*, claimants are prohibited from "***maintaining actions in two fora***." *Id.* at \*9. Accordingly, this case must be dismissed so Plaintiffs' petition in Vaccine Court can proceed until they have exhausted their administrative remedies.

### 2.    42 U.S.C. § 300aa-11(c) Also Mandates Dismissal of Plaintiffs' Civil Action

Dismissal of this entire action is further warranted because the Vaccine Act prohibits Plaintiffs from receiving a settlement or judgment for a "vaccine-related injury or death" prior to receiving compensation from the Vaccine Court. *See* 42 U.S.C. § 300aa-11(a)(7). In fact, § 300aa-11(c)(1)(E) of the Vaccine Act explicitly requires that any petitioner seeking compensation with the Vaccine Court affirmatively plead in his or her petition that he or she has "not previously collected an award or settlement of a civil action for damages for such vaccine-related injury or death." *See* 42 U.S.C. § 300aa-11(c)(1)(E). Again, this bar is not limited, but applies to any judgment or settlement against any defendant if it is for the same "vaccine-related injury or death." *Leroy*, at \*9.

3.   **42 U.S.C. § 300aa-15(a)(1)(A) Mandates Dismissal of the Parents' Claims for Medical Expenses, Loss of Earning Capacity, and Pain and Suffering Incurred by or on Behalf of the Minor Child**

The parent Plaintiffs bring claims individually (parent claims) and in their representative capacity on behalf of their minor child (minor claims). Both parent claims and minor claims seek damages which are recoverable under the Vaccine Act. Specifically, the parent Plaintiffs seek expenses for their child's medical care, loss of earning capacity, and physical pain and suffering. (**Exhibit A, p. 11**) These alleged damages are recoverable under the Act. For example, 42 U.S.C. § 300aa-15(a)(1)(A) provides that a petitioner under section 300aa-11 for a vaccine-related injury is entitled to compensation for expenses that "have been or will be incurred by or on behalf of the person who suffered such injury."[3] In fact, the Vaccine Act provides compensation for actual and un-reimbursable expenses and projected expenses (incurred by the victim or on the victim's behalf) for medical or other remedial care determined to be reasonably necessary, actual and anticipated lost earnings, actual and projected pain and suffering and emotional distress of the victim. *See* 42 U.S.C. § 300aa-15(a); *see also Strauss v. American Home Products Corp.*, 208 F.Supp.2d 711, 715 n. 8 (S.D. Tex. 2002).

Because these damages for vaccine-related injuries are recoverable under the Act, Plaintiffs must first proceed with these claims in Vaccine Court. Indeed, Plaintiffs' efforts "to recover medical expenses through this action is nothing more than an attempt to circumvent the bar put in place by the Vaccine Act requiring a child to first seek recovery from the Vaccine Court for injuries related to a vaccine." *See Carr v. Aventis Pasteur, Inc.*, CV 02-J-3096-NE (N.D. Ala. February. 27, 2003);

---

[3]   A petitioner may be any person who has sustained a vaccine-related injury or the legal representative of such person if that person is a minor or disabled. *See* 42 U.S.C. § 300aa-11(b)(1)(A).

*see also Cheskiewicz v. Aventis Pasteur, Inc.*, No. 0952 (Ct. C.P., Philadelphia County, December. 16, 2002), *aff'd*, 843 A.2d 1258 (Pa. Super. 2004) **(Exhibit 4 to Vaccine Defendants' Renewed Motion to Dismiss)** (the "Act permits reimbursement for medical bills incurred by or on behalf of a minor"). Accordingly, because these claims are compensable under the Act, the parent Plaintiffs' claims against Sigma-Aldrich for medical expenses, loss of earning capacity, and physical pain and suffering incurred by or on behalf of their minor children must be dismissed.

## VI.
### THE PARENT PLAINTIFFS' CLAIMS FOR MENTAL ANGUISH, EMOTIONAL DISTRESS, LOSS OF CONSORTIUM, LOSS OF SERVICES, AND LOSS OF COMPANIONSHIP FAIL TO STATE A CLAIM UNDER TEXAS LAW

As set forth above, considering allegations virtually identical to those asserted by Plaintiffs in this case, Chief Judge Hayden Head of the United States District Court for the Southern District of Texas dismissed with prejudice the parent plaintiffs' individual claims for mental anguish, emotional distress, loss of consortium, loss of services, and loss of companionship for failure to state a claim under Texas Law. *See Lucio v. American Home Products*, C.A. No. C-03-520 (S.D. Tex. October 27, 2004) **(Exhibit B)**; *Cassidy v. American Home Products*, C.A. No. C-03-573 (S.D. Tex. October 27, 2004) **(Exhibit C)**.

Under Texas law, only specified bystanders may recover damages for emotional distress or mental anguish for a close family member's serious injury. *City of Tyler v. Lykes*, 962 S.W.2d 489, 496 (Tex. 1997). To recover as a bystander, a plaintiff must establish that: (1) he or she was located near the scene of the accident, as contrasted with one who was a distance away from it; (2) he or she suffered shock as a result of a direct emotional impact upon him or her from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others

after its occurrence; and (3) he or she and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. *United Services Automobile Ass'n v. Keith*, 970 S.W.2d 540, 541-42 (Tex. 1998).

Here, the parent Plaintiffs cannot recover for mental anguish or emotional distress as they did not suffer "shock as a result of a direct emotional impact upon them from a sensory and contemporaneous observance of an accident." Instead, the parent Plaintiffs simply witnessed routine vaccinations being administered to their children. Accordingly, the parents' individual claims of mental anguish or emotional distress should be dismissed with prejudice. **(Exhibit B, pp. 5-6; Exhibit C, pp. 5-6)**

The parent Plaintiffs' claims for loss of consortium, loss of services, and loss of companionship damages should also be dismissed with prejudice. Here, the parent Plaintiffs assert a claim for loss of consortium damages against all defendants. However, in the case of *Roberts v. Williamson*, the Texas Supreme Court held that Texas parents have no cause of action for loss of consortium based on their minor child's non-fatal injuries. *Id.*, 111 S.W.3d 113, 120 (Tex. 2003). Also, Texas law has rejected claims for loss of the "pecuniary value of [a] child's services," as same "[are] based on an antiquated concept of the child as an economic asset." *Sanchez v. Schindler*, 651 S.W.2d 249, 251 (Tex. 1983). Accordingly, this Court should dismiss with prejudice the parent Plaintiffs' claims for loss of consortium, loss of services and loss of companionship for failure to state a cause of action upon which relief may be granted under Texas law. **(Exhibit B, pp. 5-6; Exhibit C, pp. 5-6)**

## VII.
## THIS COURT SHOULD DISMISS PLAINTIFFS' CAUSES OF ACTION AGAINST SIGMA-ALDRICH PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UNDER TEXAS LAW

Based on the arguments and legal authorities set forth in Eli Lilly's Renewed Motion to Dismiss, which Sigma-Aldrich hereby incorporates and adopts as if fully set forth herein, should this Court determine that it has jurisdiction over any of Plaintiffs' claims, Plaintiffs' claims against Sigma-Aldrich should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim under Texas law.

## VIII.
## ALTERNATIVELY, PLAINTIFFS' CLAIMS MUST BE STAYED

If this Court determines that any of the Plaintiffs' claims are not covered by the Vaccine Act and may remain in this Court, those claims should be stayed pending resolution of the vaccine-related claims in the Vaccine Court. A basic concern for judicial economy supports a stay of any claim, not covered by the Act, until the vaccine-related claims are resolved. Entry of a stay will allow the resources and time of this Court and the parties to be better utilized. *See Case v. Merck & Co.*, Civil Action No. 02-1779, 2003 WL 145427 at 3 (E.D. La. Jan. 17, 2003) (in addressing a claim for vaccine-related injuries, the Court stated a stay "is in the interest of justice.") **(Exhibit 12 to Vaccine Defendants' Renewed Motion to Dismiss)**. *See also Carr*, CV 02-J-3096-NE (N.D. Ala. February 27, 2003) (in addressing a claim for vaccine-related injuries, the court stated "a stay in this action is due to be granted in the interest of justice."). A stay "pending the outcome of litigation between the same parties involving the same controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery." *See Dillard v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1159 (5th Cir. 1992) (quoting *ACF Indus. v.*

*Guinn*, 384 F.2d 15 (5th Cir. 1967)); *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, No. CIV 4-87-560, 1988 WL 65583, at 5 (D. Minn. June 24, 1988) (where two actions are pending, one may be stayed until the other is determined to avoid unnecessary duplication).

Courts throughout the country analyzing similar claims have repeatedly stayed claims while vaccine-related claims were pursued in the Vaccine Court. *See, e.g., Liu v. Aventis Pasteur, Inc.*, 219 F. Supp. 2d 762, 768 (W.D. Tex. 2002); *Shanaughy v. Wyeth Co.*, Case No. 02-1517 CAWS (Fla. Cir. Ct. Jan. 17, 2003) (dismissing all vaccine-related claims pursuant to the Vaccine Act and staying the parent's derivative claims pending the outcome of the claims in Vaccine Court).

A stay will not prejudice Plaintiffs. To the contrary, staying the current proceeding while the vaccine-related claims are heard in the Vaccine Court will provide all the parties, including Plaintiffs, the most efficient justice available. Once Plaintiffs have had their day in the Vaccine Court, they can more fully assess the status of their claims and, if necessary, proceed against all defendants in a single, coordinated action.

## IX.
### SIGMA-ALDRICH ADOPTS AND JOINS IN THE VACCINE DEFENDANTS' AND DEFENDANT ELI LILLY'S RENEWED MOTIONS TO DISMISS AND BRIEFS IN SUPPORT

Sigma-Aldrich hereby adopts, joins in, and incorporates as if fully set forth herein, the arguments and supporting legal authorities set forth in the Vaccine Defendants' and Defendant Eli Lilly's Renewed Motions to Dismiss and Briefs in Support.

## X.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Sigma-Aldrich, Inc. respectfully prays that the Court grant its Renewed Motion to Dismiss and dismiss this action, reject and deny

all of Plaintiffs' claims against Sigma-Aldrich, Inc., that Plaintiffs take nothing from Sigma-Aldrich, Inc., and that Sigma-Aldrich, Inc. recover its costs and fees in connection with this case. Alternatively, if this Court determines that any of Plaintiffs' claims are not covered by the Vaccine Act or are not subject to dismissal on other grounds set out herein or in the Vaccine Defendants' and/or Eli Lilly and Company's Renewed Motions to Dismiss, Sigma-Aldrich prays that such claims be stayed pending full and final resolution of the minor Plaintiffs' claims in Vaccine Court. Sigma-Aldrich, Inc. also prays for such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

By:

_____
**David M. Macdonald, Attorney-In-Charge**
State Bar No. 12755300
Southern District of Texas Bar No. 22762
MACDONALD DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2014
(214) 744-3300
(214) 747-0942 (Facsimile)

**ATTORNEY-IN-CHARGE FOR
DEFENDANT SIGMA-ALDRICH, INC.**

**OF COUNSEL:**
David C. Colley
State Bar No. 04583600
Southern District Bar No. 17310
MACDONALD DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-3300
(214) 747-0942 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via Certified Mail, Return Receipt Requested or United States first class mail as set forth below on this ___ day of August, 2005.

*Via Certified Mail*
Steve T. Hastings
Hastings Law Firm
101 N. Shoreline, Suite 430
Corpus Christi, Texas 78401

*Via Certified Mail*
Michael A. Simpson
Derrick S. Boyd
Simpson & Boyd, PLLC
P.O. Box 957
Decatur, Texas 76234

*Via Certified Mail*
Greg McCarthy
Miller & McCarthy
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
*Attorneys for Plaintiff*

Michael R. Klatt
Susan Burnett
Clark, Thomas & Winters, PC
300 West Sixth Street, 15th Floor
Austin, Texas 78701
*Attorneys for American Home Products Corporation
d/b/a Wyeth, Wyeth Laboratories, Wyeth-Ayerst,
Wyeth-Ayerst Laboratories, Wyeth Lederle,
Wyeth Lederle Vaccines and Lederle Laboratories*

Bradley S. Wolff
M. Diane Owens
Swift Currie, McGhee & Heiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3238
*Attorneys for Aventis Pasteur Inc., Individually and*
*as Successor-in-Interest to Connaught Laboratories,*
*Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

Stephanie A. Smith
Fulbright & Jaworski, LLP
600 Congress Avenue, Ste. 2400
Austin, Texas 78701-3271
*Attorneys for GlaxoSmithKline, Individually and*
*as Successor-in-Interest to SmithKline Beecham Corp.*

Barclay Manley
Fulbright & Jaworski, LLP
1301 McKinney Street, Ste. 5100
Houston, Texas 77010-3095
*Attorneys for GlaxoSmithKline, Individually and*
*as Successor-in-Interest to SmithKline Beecham Corp.*

Richard L. Josephson
Baker Botts, LLP
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
*Attorneys for Merck & Co., Inc.*

Benjamin Elmore
Vinson & Elkins, LLP
First City Tower
1001 Fannin Street, Suite 2300
Houston, Texas  77002-6760
*Attorneys for Baxter International, Inc.*

John R. Gilbert
Larry Hampton
Gilbert & Gilbert, PLLC
222 N. Velasco Street
Angelton, Texas 77515
*Attorneys for the Dow Chemical Company*

Gene Williams
Scott Michelman
Shook, Hardy & Bacon, LLP
600 Travis Street, Ste. 1600
Houston, Texas  77002-2911
*Attorneys for Eli Lilly and Company*

Deborah A. Moeller
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
*Attorneys for Eli Lilly and Company*

Matthew H. Hand
Brown & Fortunato, P.C.
905 South Fillmore, Suite 400
Amarillo, Texas   79101
*Attorneys for Oribi, Inc., Individually and*
*d/b/a Meridian Chemical & Equipment, Inc.,*
*and d/b/a Global Fine Chemicals and National*
*Association of Compounding Pharmacists*

David C. Colley