IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES <br><br> ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE Next Friend of DANIEL VILLANEUVA <br><br> vs. <br><br> AMERICAN HOME PRODUCTS d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH AYERST LABORATORIES, WYETH LEDERLE WYETH LEDERLE VACCINES, and LEDERLE LABORATORIES, et al. <br><br> AVENTIS PASTEUR, INC., Individually and as Successor in Interest to CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT; <br><br> GLAXOSMITHKLINE, Individually and as Successor in Interest to SMITHKLINE BEECHAM CORP.; <br><br> MERCK & CO., INC.; <br><br> BAXTER INTERNATIONAL, INC., Individually and as Successor in Interest to NORTH AMERICAN VACCINE, INC.; <br><br> DOW CHEMICAL COMPANY; <br><br> ELI LILLY AND COMPANY; <br><br> SIGMA ALDRICH; <br><br> ORIBI, INC., Individually and d/b/a MERIDIAN CHEMICAL & EQUIPMENT, INC. and d/b/a GLOBAL | CAUSE NO. 03-CV-222 <br><br> (Jury Requested) <br><br> Judge Hanen |

**Plaintiffs' First Amended Complaint – Page 1**

| | |
|---|---|
| **FINE CHEMICALS and NATIONAL ASSOCIATION OF COMPOUNDING** | § § § |
| **ABC PEDIATRICS** | § § |
| **YOGESH TRAKRU** | § § |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now come MANUEL TORRES and DOMINGA TORRES, individually and as Next Friends of DEREK TORRES; and ERIKA DUREE, individually and as Next Friend of ERIN JONATHON DUREE, Plaintiffs herein, and file this First Amended Complaint, and would respectfully show the Court as follows:

**1.0    Removal**

1.1    This case was removed on or about December 5, 2003, from the 404th Judicial District Court of Cameron County, Texas. This First Amended Complaint is the first pleading filed by Plaintiffs in this Court, and serves as an amendment to the Original Petition filed by Plaintiffs in the State Court proceeding. Plaintiffs seek remand of this case back to the State Court from which it was removed.

**2.0    Parties**

2.1    Plaintiffs, Manuel Torres and Dominga Torres, are the natural parents of Derek Torres, who was born on July 28, 1993, in Cameron County, Texas. The child suffers from mercury poisoning as a result of mercury that was injected into him during the first two years of life. The mercury was contained in vaccines manufactured and distributed by Defendants. At all times relevant herein, Plaintiffs have been and are residents of the State of Texas.

2.2    Plaintiff, Erika DuRee, is the natural parent of Erin Jonathon DuRee, who was born on September 21, 1997, in Cameron County, Texas. The child suffers from mercury

poisoning as a result of mercury that was injected into him during the first two years of life. The mercury was contained in vaccines manufactured and distributed by Defendants. At all times relevant herein, Plaintiffs have been and are residents of the State of Texas.

2.3     Defendant, American Home Products Corporation, doing business as Wyeth, Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederly, Wyeth Lederly Vaccines, and Lederle Laboratories, is a foreign corporation doing business in the State of Texas. American Home Products Corporation may be served through its registered agent in the State of Texas, Prentice-Hall, 800 Brazos, Austin, Texas 78701.

2.4     Defendant, Aventis Pasteur, Inc., individually and as successor in interest to Connaught Laboratories, Inc., Pasteur Merieux and Pasteur Merieux Connaught, is a foreign corporation doing business in the State of Texas. Aventis Pasteur, Inc. may be served through its registered agent in the State of Texas, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

2.5     Defendant, GlaxoSmithKline, individually and as successor in interest to SmithKlineBeacham Corp., is a foreign corporation doing business in the State of Texas. GlaxoSmithKline may be served through its President, Jean-Pierre Garnier, at One Franklin Plaza, 200 N. 16th Street, Philadelphia, Pennsylvania 19102.

2.6     Defendant, Merck & Co., Inc., is a foreign corporation doing business in the State of Texas. Merck & Co., Inc. may be served through its registered agent in the State of Texas, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

2.7     Defendant, Baxter International, Inc., individually and as successor in interest to North American Vaccine, Inc., is a foreign corporation doing business in the State of Texas.

Baxter International, Inc., may be served through its President, Harry M. Jansen Kraemer, Jr., at One Baxter Parkway, Deerfield, Illinois 60015.

2.8   Defendant, Dow Chemical Company, is a foreign company doing business in the State of Texas. Dow Chemical Company may be served through its registered agent, C T Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

2.9   Defendant, Eli Lilly and Company, is a foreign corporation doing business in the State of Texas. Eli Lilly and Company may be served through its registered agent, C T Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

2.10   Defendant, Sigma Aldrich, is a foreign corporation doing business in the State of Texas. Sigma Aldrich may be served through its President, David R. Harvey, at 3050 Spruce Street, St. Louis, Missouri 63103.

2.11   Defendant, Oribi, Inc., individually, and doing business as Meridian Chemical & Equipment, Inc., and doing business as Global Fine Chemicals, and doing business as National Association of Compounding Pharmacists, is a Texas Corporation. Oribi, Inc. may be served through John R. Rains, at 3427 Soncy, Amarillo, Texas 79121. Oribi, Inc. is a proper defendant in this case in that it distributed one or more of the vaccines or component parts of the vaccines in question.

2.12   Defendant Yogesh Trakru is a physician and an individual resident of the State of Texas and may be served with process at his place of business: 3302 Boca Chica Blvd, #206, Brownsville, Texas 78521. At all times relevant, Dr. Trakru was a resident and citizen of Texas.

2.13   Defendant ABC Pediatrics is a Texas corporation organized and operating in the State of Texas and may be served with process by serving its registered agent for service of

process: R. M. Dulaney, 3533 South Alameda Street, Corpus Christi, Texas 78411. At all times relevant, Defendant ABC Pediatrics was a resident and citizen of Texas.

**3.0   Jurisdiction**

3.1   This case was originally filed in the 404th Judicial District Court of Cameron County, Texas. This case was improperly removed to this Court on or about December 5, 2003. This Court does not have subject matter jurisdiction because one or more plaintiffs and one or more defendants are residents of the State of Texas.

**4.0   Venue**

4.1   Venue of this case is proper in State District Court for Cameron County under Texas Civil Practice and Remedies Code §15.002(a) because all or a substantial part of the event or omissions giving rise to this cause of action occurred in Cameron County.

**5.0   Factual Background**

5.1   This is a mercury poisoning case. The symptoms of mercury poisoning have been recognized in the scientific and medical community since the eighteenth century. Mercury has been known to be one of the most toxic substances on earth and has been proven to cause neurological damage even at very low doses. Mercury is also known to affect different people in different ways, but newborn children are more susceptible to the effects of mercury during the developmental process of the human infant brain.

5.2   Vaccines designed, manufactured, marketed and distributed by Defendants are routinely administered to children. These vaccines contain mercury. The mercury is intentionally placed into the vials containing these vaccines by way of a preservative called "thimerosal." By receiving injections of mercury-laden vaccines during the first eighteen months of life, an infant is exposed to a significant and harmful number of micrograms of mercury. This exposure results

in a mercury body burden in the average eighteen-month-old child that exceeds federal exposure guidelines by thirty (30) times the permissible limit.

5.3   In the 1980s, the Food and Drug Administration ("FDA") issued a regulation that required the removal of thimerosal from all over-the-counter products due to safety concerns. Still, Defendants continued to design, manufacture, market and distribute childhood vaccines containing mercury-laden thimerosal. On December 14, 1998, the FDA published a notice in the Federal Register requesting that vaccine manufacturers provide data on the mercury content in their vaccines. The FDA's Center for Biologics Evaluation and Research ("CBER") has confirmed that mercury has been present in over thirty vaccines marketed in the United States during the past five years.

5.4   In June 1999, the FDA made the following announcement:

> **"Infants who receive thimerosal-containing vaccines at several visits may be exposed to more mercury than recommended by federal safety guidelines for total mercury exposure."**

In July 1999, the American Academy of Pediatrics ("AAP") issued a notice to its members stating a preference for thimerosal-free vaccines in light of concerns that the mercury in thimerosal-containing vaccines could be hazardous to a child's health. Still, Defendants continued to design, manufacture, market and distribute childhood vaccines containing mercury-laden thimerosal.

5.5   The children received vaccinations in Cameron County since birth. The vaccinations they received contained mercury. The vaccines and the component parts of the vaccines were designed, manufactured, marketed and distributed by Defendants. By being injected with these mercury-laden vaccines, the children were subjected to very high doses of mercury, which was contained in the thimerosal preservative that was intentionally added to the

**Plaintiffs' First Amended Complaint – Page 6**

vaccine by Defendants. Defendants used the thimerosal preservative that contains the high levels of mercury without adequate testing, without adequate warnings and despite the ready availability of a substitute preservative.

5.6   The children were poisoned by the cumulative doses of the mercury they received by way of these vaccinations. As a result, the children have suffered from, and in the future will continue to suffer, from the neurological effects of mercury. Testing has revealed that the children meet the eligibility guidelines of a child with autism, which is also a form of a neurological development disorder. The proximate and producing cause of the neurological disorder from which the children suffer is the exposure to mercury, which has long been known to cause neurological disorders of the type exhibited by minor Plaintiffs herein.

5.7   The minor plaintiffs received vaccinations containing mercury in Cameron County since birth. Plaintiff Erin Jonathon Duree received vaccinations containing mercury from Yogesh Trakru and ABC Pediatrics. All Defendants named in the paragraph are herein referred to as the Medical Provider Defendants.

**6.0   Causes of Action**

6.1   Plaintiffs incorporate the factual allegations set forth in paragraphs 5.1, 5.2, 5.3, 5.4, 5.5, 5.6 and 5.7, more fully set forth above, as if fully set forth herein.

6.2   Plaintiffs assert causes of action for strict liability, negligence, breach of warranty, fraud and misrepresentation, medical negligence, informed consent and civil conspiracy, more fully set forth below:

6.3   ***Strict Product Liability:*** Defendants designed, manufactured, marketed and distributed the vaccines that contained mercury and were injected into the children. Defendants knew and intended that the vaccines containing mercury would be used by physicians and

routinely injected into infants like the above-mentioned children without inspection for defects and without knowledge of the significant hazards resulting from such use. Vaccines containing mercury were at all relevant times defective products unsafe for their intended purpose for the reason that exposure to mercury can and did cause serious disease and/or injury – neurological deficits and disorders. The defects existed at the time the vaccines left the possession of Defendants and were a producing cause of damages more fully set forth below. As such, Defendants are liable under the doctrine of strict product liability. Specifically, Defendants are liable for design defect, manufacturing defect and marketing defect. To the extent necessary, Plaintiffs invoke the doctrine of strict product liability. Restatement (Second) of Torts §402A; Restatement (Third) of Torts: Product Liability.

    6.4    *Negligence:* As stated above, Defendants designed, manufactured, marketed and distributed the vaccines that contained mercury and were injected into the minor Plaintiffs. Defendants owed a duty to exercise ordinary care in the design, manufacture, marketing and distribution of the vaccines that contained mercury and were injected into the minor Plaintiffs. Defendants breached this duty of ordinary care, and this breach constitutes negligence. The negligence of Defendants includes, but is not limited to, negligence in design, research, manufacture, marketing, packaging, distribution, advertising, promotion and testing. Defendants were further negligent in failing to abate the manufacture, marketing and distribution of vaccines containing mercury. Defendants were further negligent in failing to warn about the toxic effects of mercury contained in the vaccines they designed, manufactured, marketed and/or distributed. The negligence by Defendants was a proximate cause of damages more fully set forth below.

    6.5    *Breach of Warranty:* As stated above, Defendants designed, manufactured, marketed and distributed the vaccines that contained mercury and were injected into the minor

Plaintiffs. Defendants provided express and/or implied warranties to others, including Plaintiffs, concerning the vaccines that contained mercury and were injected into the minor Plaintiffs. Defendants breached one or more express warranties, including but not limited to an express warranty that the vaccine containing mercury was safe to use on minor children. Defendants have breached the implied warranty of merchantability under Texas Business & Commerce Code §2.314(b) and the implied warranty of fitness for a particular purpose under Texas Business & Commerce Code §2.315. The breach of express and implied warranty by Defendants was a producing cause of damages more fully set forth below.

6.6   *Civil Conspiracy*: The acts, omissions, recommendations and/or representations by Defendants were part of a common objective or course of action between Defendants and others that resulted in the damages to Plaintiffs more fully set forth below. Specifically, Defendants engaged in a civil conspiracy to design, manufacture, market and/or distribute vaccines that contained mercury, including but not limited to the vaccines that were injected into the children, while withholding information from consumers and the public in general about the toxic hazards and potential public health ramifications resulting from the use of these mercury-containing products. As an example, Defendants conspired to continuously misrepresent to the consuming public the efficacy of such products by failing in all instances to advise such persons that the mercury-containing vaccines, used in an ordinary fashion, could and would result in mercury poisoning as a result of the toxicity of the mercury contained in the vaccines. The civil conspiracy engaged in by Defendants was a proximate cause of the damages sustained by Plaintiffs more fully set forth below.

6.7   *Informed Consent*: At all times, and with each and every administration of a vaccine, the Medical Provider Defendants failed to disclose the risks and hazards that could have

**Plaintiffs' First Amended Complaint – Page 9**

influenced a reasonable person in making a decision to give or withhold consent. Plaintiffs could have and would have requested and required thimerosal-free vaccines had they known the true nature of the risks and hazards associated with the children receiving vaccines containing thimerosal. The failure of the Medical Provider Defendants to make this disclosure constitutes negligence by failing to obtain informed consent for the vaccinations containing mercury.

6.8     *Medical Negligence*: Moreover, the Medical Provider Defendants provided treatment to the minor Plaintiffs that was below the standard of care by continuing to administer thimerosal-containing vaccine to the children after June 1999 and by failing to warn Plaintiffs of the risks associated with thimerosal-containing vaccines after June 1999. As stated above, in June 1999, the FDA made the following announcement:

> **Infants who receive thimerosal-containing vaccines at several visits may be exposed to more mercury than recommended by federal safety guidelines for total mercury exposure."**

In July 1999, the American Academy of Pediatrics ("AAP") issued a notice to its members stating a preference for thimerosal-free vaccines in light of concerns that the mercury in thimerosal-containing vaccines could be hazardous to a child's health. Nevertheless, the Medical Provider Defendants continued to administer thimerosal-containing vaccines to the children.

6.9     *Fraudulent Concealment*: Additionally, the Medical Provider Defendants are liable to Plaintiffs under the doctrine of fraudulent concealment. Fraudulent concealment occurs when a party fails to disclose a material fact within the knowledge of that party, the party knows that the other party is ignorant of the fact and odes not have an equal opportunity to discover the truth, the party intends to induce the other party to take some action by failing to disclose the fact, and the other party suffers injury as a result of acting without knowledge of the undisclosed fact. The Medical Provider Defendants are liable for fraudulent concealment by failing to

disclose to Plaintiffs of the risks of thimerosal-containing vaccines, and by failing to disclose to Plaintiffs that the FDA and AAP had issued statement or notices suggesting problems with thimerosal-vaccines.

**7.0   Causation**

7.1   The acts and/or omissions of Defendants set forth above, singularly and/or in combination with others, were a direct, proximate and producing cause of the damages sustained by Plaintiffs more fully set forth below.

**8.0   Compensatory Damages**

8.1   As a result of the acts and/or omissions set forth above, Plaintiffs have sustained actual and compensatory damages. Plaintiffs are entitled to recover damages, both general and specific, direct and consequential, sustained in the past and that in all reasonable probability will be sustained in the future as a result of the acts and/or omissions of Defendants set forth above. These damages include, but are not limited to, the following: medical care; loss of earning capacity; physical impairment; disfigurement; physical pain; mental anguish; loss of consortium; loss of services; loss of companionship. These damages are in an amount that exceeds the minimum jurisdictional limits of this Court.

**9.0   Exemplary Damages**

9.1   The conduct of Defendants set forth above was more than momentary thoughtlessness or inadvertence and constitutes a willful act or omission or malice or gross neglect, as those terms are defined by Texas law. The conduct of Defendants shows an act or omission which when viewed objectively from the standpoint of Defendants at the time of the occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the Defendants had actual, subjective awareness of the

risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs. As a result of such conduct, Plaintiffs are entitled to recover exemplary damages from Defendants in an amount in excess of the minimum jurisdictional limits of the Court. Plaintiffs, therefore, seek exemplary damages in an amount that exceeds the minimum jurisdictional limits of this Court in order to make an example of Defendants and deter Defendants or others from engaging in similar conduct. Plaintiffs would further show that the statutory cap on exemplary damages does not apply pursuant to the provisions of Texas Civil Practice & Remedies Code §41.008(c).

**10.0 Interest**

10.1 Plaintiffs are entitled to pre-judgment and post-judgment interest at the highest rate provided by law.

**11.0 Jury Demand**

11.1 Plaintiffs requested and tendered the requisite fee for a jury trial in the State Court proceeding. Furthermore, the removing defendants made a jury demand at the time of removal.

11.2 In the event this case is not remanded, Plaintiffs renew their request for a trial by jury.

## Prayer

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs, have:

- (a) Judgment against Defendants, jointly and severally, for an amount in excess of the minimum jurisdictional limits of the Court for both actual and exemplary damages more fully set forth above;

- (b) Prejudgment and post-judgment interest as provided by law;

- (c) Costs of suit; and

(d)    Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

*Steve Hastings*

Steve Hastings, Attorney-in-Charge
State Bar No. 09211000
Southern District of Texas Bar No. 2232

HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas 78401
(361) 692-2000
Fax (361) 692-2001

Derrick S. Boyd
State Bar No. 00790350
Michael A. Simpson
State Bar No. 18403650

SIMPSON, BOYD & POWERS, P.L.L.C.
P. O. Box 957
Decatur, Texas 76234
(940) 627-8308
Fax (940) 627-8092

Greg McCarthy
State Bar No. 13367500

MILLER & McCARTHY
3811 Turtle Creek Blvd, Suite 1950
Dallas, Texas 75219
(469) 916-2552
Fax (469) 916-2555

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via Certified Mail, Return Receipt Requested or United States first class mail as set forth below on this **23rd** day of December, 2003.

**_Via Certified Mail_**
**David M. Macdonald**
McCauley, Macdonald & Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
*Attorney for Sigma-Aldrich, Inc.*

**_Via Certified Mail_**
**Michael R. Klatt**
Susan Burnett
Clark, Thomas & Winters, P.C.
300 West Sixth Street, 15th Floor
P.O. Box 1148
Austin, Texas 78701
*Attorneys for American Home Products Corporation
d/b/a Wyeth, Wyeth Laboratories, Wyeth Ayerst,
Wyeth-Ayerst Laboratories, Wyeth Lederle,
Wyeth Lederle Vaccines and Lederle Laboratories*

**_Via Certified Mail_**
**Bradely S. Wolff**
M. Diane Owens
Swift, Currie, McGhee & Heiers, L.L.P.
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
*Attorneys for Aventis Pasteur Inc., Individually and
as Successor-in-Interest to Connaught Laboratories,
Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

**_Via Certified Mail_**
**Wade L. McClure**
Gibson McClure Wallace & Daniels
8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1808
*Attorneys for Aventis Pasteur Inc., Individually and
as Successor-in-Interest to Connaught Laboratories,
Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
**R. Jo Reser**
Law Offices of Davidson & Troilo
7550 W. IH-10, Suite 800
San Antonio, Texas 78229
*Attorneys for Aventis Pasteur Inc., Individually and as Successor-in-Interest to Connaught Laboratories, Inc., Pasteur Merieux, and Pasteur Merieux Connaught*

*Via Certified Mail*
 Stephanie A. Smith
Fulbright & Jaworski, L.L.P.
600 Congress Avenue, Ste. 2400
Austin, Texas 78701-3271
*Attorneys for GlaxoSmithKline, Individually and as Successor-in-Interest to SmithKline Beecham Corp.*

*Via Certified Mail*
**Barclay Manley**
Fulbright & Jaworski, L.L.P.
1301 McKinney Street, Ste. 5100
Houston, Texas 77010-3095
*Attorneys for GlaxoSmithKline, Individually and as Successor-in-Interest to SmithKline Beecham Corp.*

*Via Certified Mail*
**Richard L. Josephson**
**Doug Roberson**
Baker Botts, L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
*Attorneys for Merck & Co., Inc.*

*Via Certified Mail*
**Gene M. Williams**
Mehaffey & Webber, P.C.
P.O. Box 16
Beaumont, Texas 77704
*Attorneys for Baxter International, Inc.*

**Plaintiffs' First Amended Complaint -- Page 15**

*Via Certified Mail*
**Laura J. O'Rourke**
Vinson & Elkins, L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
*Attorneys for Baxter International, Inc.*

*Via Certified Mail*
**Lee Davis Thames**
Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.
P.O. Box 22567
Jackson, MS 39225

*Via Certified Mail*
**John R. Gilbert**
Gilbert & Gilbert, P.L.L.C.
222 N. Velasco Street
P.O. Box 1819
Angleton, Texas 77516
*Attorneys for the Dow Chemical Company*

*Via Certified Mail*
**Jennifer Spencer-Jackson**
**Bryan Haynes**
Locke, Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas Texas 75201
*Attorneys for Eli Lilly and Company*

*Via Certified Mail*
**M. Scott Michelman**
Shook, Hardy & Bacon, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Ste. 1600
Houston, Texas 77002-2911
*Attorneys for Eli Lilly and Company*

*Via Certified Mail*
**Deborah A. Moeller**
**Jeffery A. Druse**
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
*Attorneys for Eli Lilly and Company*

**Via Certified Mail**
Mathew H. Hand
Brown & Fortunato, P.C.
905 South Fillmore, Suite 400
P.O. Box 9418
Amarillo, Texas 79105
*Attorneys for Oribi, Inc., Individually and
d/b/a Meridian Chemical & Equipment, Inc.
and d/b/a Global Fine Chemicals and National
Association of Compounding Pharmacists*

*Steve Hastings*
Steve Hastings