# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

TRACY LUCIO, Individually and as Next §
Friend of JUSTIN LUCIO, et al., §
    Plaintiffs, §
     §
v. §   C.A. No. C-03-520
     §
AMERICAN HOME PRODUCTS d/b/a §
WYETH, et al., §
    Defendants. §

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS, TO STAY, AND FOR SUMMARY JUDGMENT

    Pending before the Court are Sigma-Aldrich, Inc.'s Motion to Dismiss (D.E. 5), Eli Lilly and Company's Motion to Dismiss (D.E. 10), Vaccine Defendants' Motion to Dismiss, or in the Alternative, to Stay These Proceedings (D.E. 11, 49), and The Dow Chemical Company's Motion to Dismiss and Motion for Summary Judgment (D.E. 14, 44) and Motion to Dismiss or Alternatively to Stay (D.E. 16, 45).

    Plaintiffs, Tracy Lucio, parent of minor, Justin Lucio, and Michelle Sturgeon, parent of minor, Corie Brian Sturgeon, bring this lawsuit individually and as next friends of these two children. Plaintiffs allege that their children suffer from mercury poisoning as a result of receiving vaccines that contained the preservative thimerosal during the first two years of their lives. Plaintiffs further allege that the "vaccines and component parts of the vaccines were designed, manufactured, marketed, and distributed by

1

Defendants"; however, plaintiffs do not designate which defendants are alleged to be vaccine manufacturers and which defendants are alleged to be vaccine components manufacturers. Plaintiffs assert the following causes of action: strict products liability, negligence, breach of warranty, civil conspiracy, and select claims against unnamed and non-designated "Clinic Defendants" (negligence and fraudulent concealment). Each cause of action is premised upon the causation of compensatory damages in the form of medical care, loss of earning capacity, physical impairment, disfigurement, physical pain, mental anguish, loss of consortium, loss of services, and loss of companionship, as well as exemplary damages.

***Plaintiffs' Representative Claims:***

The "Vaccine [Manufacturer] Defendants," as deemed by their motion (Aventis Pasteur, Inc., Baxter Healthcare, Inc., Merck & Co., Inc., SmithKline Beecham Corporation d/b/a GlaxoSmithKline, and Wyeth), move to dismiss, or in the alternative, to stay the case because plaintiffs have not yet exhausted their administrative remedies as required by the National Childhood Vaccine Injury Act of 1986 ("the Vaccine Act"). The Vaccine Act provides that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine- related injury or death associated with the administration of a vaccine after October 1, 1988, and no such court may award damages in an amount greater than $1,000 in a civil action for

2

damages for such a vaccine-related injury or death, unless a petition has been filed . . .

for compensation under the [National Vaccine Injury Compensation Program] for such

injury or death and– (i)(I) the United States Court of Federal Claims has issued a

judgment . . . on such petition, and (II) such person elects . . . to file such an action, or (ii)

such person elects to withdraw such petition . . . or such petition is considered

withdrawn . . ." 42 U.S.C. § 300aa-11(a)(2)(A). 42 U.S.C. § 300aa-11(a)(2)(B) provides

that if "a civil action which is barred [under (2)(A)] is filed in a State or Federal Court,

the court shall dismiss the action."

These requirements only apply to "a person who has sustained a vaccine-related

injury or death and who is qualified to file a petition for compensation under the

Program." 42 U.S.C. § 300aa-11(a)(9). Generally, a qualified petitioner is "any person

who has sustained a vaccine-related injury, the legal representative of such person if such

person is a minor or is disabled, or the legal representative of any person who died as the

result of the administration of a vaccine set forth in the Vaccine Injury Table . . ." 42

U.S.C. § 300aa-11(b)(1)(A). "The term 'vaccine-related injury or death' means an

illness, injury, condition, or death associated with one or more of the vaccines set forth in

the Vaccine Injury Table, except that the term does not include an illness, injury,

condition, or death associated with an adulterant or contaminant intentionally added to

such a vaccine." 42 U.S.C. § 300aa-33(5).

3

Essentially, the Vaccine Act provides that any person (or that person's legal representative if he or she is a minor) who has sustained a vaccine-related injury and who is seeking more than $1,000 or unspecified damages from a vaccine manufacturer or administrator must first file a petition with the United States Court of Federal Claims ("Vaccine Court") before filing suit for such injury in a federal or state court. The Act requires state and federal courts to dismiss such suits if the petitioner has not first exhausted his or her administrative remedies as required by the Vaccine Act. Here, plaintiffs are attempting to bring representative claims, on behalf of their minor children who have sustained vaccine-related injuries, against vaccine manufacturers for unspecified damages, but they have not yet exhausted their administrative remedies. As such, the Court must dismiss without prejudice all of the representative claims against the Vaccine Manufacturer Defendants.[1]

Furthermore, plaintiffs' petition frames their claims generally against all defendants by stating that "the vaccines and the component parts of the vaccines were designed, manufactured, marketed, and distributed by defendants." However, plaintiffs have not specifically designated which defendants are vaccine manufacturer defendants and which defendants are non-vaccine manufacturer defendants. Thus, the Court dismisses without prejudice all of the representative claims against the remaining

---

[1] The Court also dismisses without prejudice all representative claims against the unnamed and non-designated "Clinic Defendants" as any such defendant would be a vaccine administrator. Such a suit, without the exhaustion of administrative remedies in the Vaccine Court, is barred by the Vaccine Act.

defendants, as they fall under a generalized allegation that they too are vaccine manufacturers.

**Plaintiffs' Individual Claims:**

The Vaccine Act does not bar plaintiffs from filing their individual claims first with the district court; this bar applies "only to a person who has sustained a vaccine-related injury or death and who is qualified to filed a petition for compensation under the Program." 42 U.S.C. § 300aa-11(a)(9). Plaintiffs, as parents individually, are not qualified petitioners under the Vaccine Act; they have not suffered an injury after *receiving* a vaccine. *See* 42 U.S.C. §§ 300aa-11(b)(1)(A), 300aa-11(c)(1)(A).

Although the Vaccine Act does not bar plaintiffs' individual claims, Texas law does bar several of these claims. There is no claim under Texas law for "loss of consortium to parents of children who have been seriously injured." *Roberts v. Williamson*, 111 S.W.3d 113, 119-20 (Tex. 2003). Also, Texas law has rejected the claim for the loss of the "pecuniary value of [a] child's services" as it "is based on an antiquated concept of the child as an economic asset." *Sanchez v. Schindler*, 651 S.W.2d 249, 251 (Tex. 1983). Thus, the individual claims for loss of consortium, loss of companionship, and loss of services against all defendants are dismissed with prejudice.

Further, under Texas law, only specified bystanders may recover damages for emotional distress or mental anguish for a close family member's serious injury. *City of Tyler v. Likes*, 962 S.W.2d 489, 496 (Tex. 1997). To recover as a bystander, a plaintiff

5

must establish that: (1) he or she was located near the scene of the accident, as contrasted with one who was a distance away from it; (2) he or she suffered shock as a result of a direct emotional impact upon him or her from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) he or she and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. *United Services Automobile Ass'n v. Keith*, 970 S.W.2d 540, 541-42 (Tex. 1998). In the present case, plaintiffs, as individual parents, cannot recover for mental anguish as they did not suffer "shock as a result of a direct emotional impact upon [her] from a sensory and contemporaneous observance of an accident." Instead, plaintiffs simply witnessed routine vaccinations. As such, the individual claims of mental anguish against all defendants are also dismissed with prejudice.

As for the remaining individual claims, the Court stays such claims until plaintiffs exhaust their administrative remedies as to the other claims under the Vaccine Act.

*Conclusion:*

It is hereby ORDERED that all of the representative claims, brought by the plaintiff parents on behalf of their children, against all defendants are DISMISSED WITHOUT PREJUDICE pending the exhaustion of plaintiffs' administrative remedies as required by the Vaccine Act. Further, plaintiff parents' individual damages claims for loss of consortium, loss of companionship, loss of services, emotional distress, and

6

mental anguish are DISMISSED WITH PREJUDICE.  Finally, the remainder of plaintiff

parents' individual claims are STAYED pending the exhaustion of administrative

remedies for the representative claims, brought by the plaintiff parents on behalf of their

children, as required by the Vaccine Act.

ORDERED this the ___ 27 ___ of __ Oct __, 2004.


_____

HAYDEN HEAD
CHIEF JUDGE

7