IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, ET AL., <br><br>*Plaintiffs,* <br><br>v. <br><br>AMERICAN HOME PRODUCTS d/b/a WYETH, ET AL., <br><br>*Defendants.* | § § § § § § § § § § § § § CIVIL ACTION NO. 1:03-CV-00222 <br><br>JURY REQUESTED |

## VACCINE DEFENDANTS' RESPONSE TO PLAINTIFFS' RENEWED MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Vaccine Defendants[1] submit this Response to Plaintiffs' Renewed Motion to Remand and would show the Court the following:

### INTRODUCTION

This product liability case involves claims that minor children were injured by the administration of Food and Drug Administration ("FDA")-approved childhood vaccines containing the preservative thimerosal. One of the threshold issues is whether federal diversity jurisdiction exists based on the improper joinder[2] of non-diverse vaccine administrators whom the Vaccine Defendants have previously defined as the "Healthcare Defendants."

---

[1] The "Vaccine Defendants" are Aventis Pasteur Inc., Baxter International, Inc., Merck & Co., Inc., SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named as GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corp.), and Wyeth. In addition, The Dow Chemical Company also joins in and adopts this response.

[2] The Vaccine Defendants use the term "improper joinder," rather than "fraudulent joinder," because the Fifth Circuit has expressed its preference for this term. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 180 n.1 (5th Cir. 2005) (citing *Smallwood v. Ill. Cent. RR Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004)) (en banc).

1

The Fifth Circuit's recent decision in *McDonal v. Abbott Laboratories*, 408 F.3d 177 (5th Cir. 2005), controls here and requires the Court to conclude, as the Vaccine Defendants argued, that the non-diverse Healthcare Defendants are improperly joined. Because the resident Healthcare Defendants were improperly joined, their citizenship must be disregarded for diversity purposes.[3] The only other resident defendant, Oribi, Inc., has also been improperly joined and its citizenship must likewise be disregarded for diversity purposes. The remaining defendants are all citizens of states other than Texas. Complete diversity therefore exists in this action and the Court should deny the motion to remand.

## BACKGROUND

This case was originally filed in state court and removed by the defendants, invoking diversity jurisdiction because the only defendants who are residents of the forum state—the Healthcare Defendants and Defendant Oribi, Inc. ("Oribi") —were improperly joined.[4]

---

[3] In previous briefing, Defendants raised a number of independent state law grounds that, standing alone, demonstrate that the Healthcare Defendants in this action have been improperly joined. None of Plaintiffs' claims against the Healthcare Defendants, for example, are cognizable under Texas law. *See* Amended Notice of Removal at p. 6 (Docket Entry #10)(attached as Exhibit 1); Opposition to Remand at p. 8 (Docket Entry #27)(attached as Exhibit 2), Surreply in Support of Opposition to Remand pp. 3-8 (Docket Entry #46)(attached as Exhibit 3). Further, the Healthcare Defendants are improperly joined because they are immune from liability under the Texas Tort Claims Act ("TTCA"). *See id.* Plaintiffs' claims are also procedurally barred because Plaintiffs failed to comply with the procedural requirements of the TTCA with respect to the Healthcare Defendants. *See* Surreply in Support of Opposition to Remand at p. 5 (Docket Entry #46)(Exhibit 3). Plaintiffs' Renewed Motion to Remand fails to address any of these independent state law grounds. Therefore, instead of reasserting all of these arguments here, the Vaccine Defendants hereby incorporate by reference all of the independent state law grounds that have been previously asserted to establish that the Healthcare Defendants have been improperly joined.

[4] While not named as defendants in the caption of the case, Plaintiffs included allegations in their Original Petition against the City of Laredo Health Department and the City of Laredo ("City of Laredo" or "Healthcare Defendants"), which were alleged to be Texas residents. Plaintiffs also sued non-diverse defendant Oribi, a company they claimed had distributed thimerosal-containing vaccines or component parts of such vaccines. After Eli Lilly removed this case and in a blatant attempt to defeat diversity, Plaintiffs filed their First Amended Complaint

One of the principal bases for finding improper joinder is that the in-state Healthcare Defendants are "vaccine administrators" who cannot be sued or made parties to a lawsuit involving claims for "vaccine-related injuries" unless and until a petition for compensation is first filed and exhausted in a statutory compensation proceeding required by the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 *et seq.* ("Vaccine Act"). This jurisdictional defect means that no claim can be made against these non-diverse defendants, and these defendants are improperly joined.

Plaintiffs do not dispute that the Vaccine Act requires them to complete statutory compensation proceedings before they can maintain claims against the resident Healthcare Defendants for or on behalf of the minors. However, after the Fifth Circuit's decision in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc), Plaintiffs contended that the jurisdictional impediment arising from the Vaccine Act could not be relied upon to establish improper joinder of the in-state Healthcare Defendants. Plaintiffs asserted that *Smallwood* prohibits a finding of improper joinder because the Vaccine Act defense is not particular to the non-diverse defendants, but instead is shared with the diverse defendants—a "common defense." *Id.* at 571 ("[W]hen a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder of the in-state defendant [and,] in such a situation, the entire suit must be remanded.").

---

which omitted any reference to the City of Laredo and added claims against new non-diverse healthcare defendants, ABC Pediatrics and Yogesh Trakru. For the reasons stated in the Motion to Strike Plaintiffs' First Amended Complaint, Plaintiffs' post-removal attempt to join non-diverse parties so as to destroy diversity should be rejected. *See* Opposition to Remand at pp. 10-14 (Docket Entry #27)(attached as Exhibit 2); Motion to Strike Plaintiffs' First Amended Complaint at p. 2 (Docket Entry #28) (attached as Exhibit 4); Reply in Support of Motion to Strike Plaintiffs' First Amended Complaint at p. 2 (Docket Entry #45) (attached as Exhibit 5).

The Fifth Circuit issued three other decisions after *Smallwood*, however, that are significant to the remand analysis. In *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636 (5th Cir. 2004) (per curium), the Court confirmed that the "common defense" rule only applies where the available defense is, in fact, "dispositive of *all* claims against *all* defendants." In *Moss v. Merck & Co.*, 381 F.3d 501 (5th Cir. 2004), the Court held that the Vaccine Act does not cover a claim alleging injury from thimerosal preservative in vaccines brought against a manufacturer of thimerosal. The third case, *McDonal*, involved a removal jurisdiction issue like the one presented here and was decided in light of *Smallwood*, *Rainwater*, and *Moss* together. *McDonal* sustained the removal because, under the three earlier authorities, the Vaccine Act jurisdictional defense is not a "common defense" that was available to the defendant manufacturers of thimerosal. As shown below, the *McDonal* analysis controls here.

## ANALYSIS

A. *McDonal* **Resolves The Common Defense Issues Here.**

*McDonal* confirms that removal is proper here and establishes that this case should not be remanded. *McDonal* holds that *Smallwood* does not apply when the Vaccine Act defense that forms the basis of the improper joinder inquiry does not apply equally to all defendants:

> We have made plain in applying *Smallwood* that its central principle is implicated only when the common defense asserted would be equally dispositive as to *all* of the defendants. *See Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004). In turn, if a district court concludes that the common defense proffered would not dispose "of every claim against every defendant, [the district court] should continue to deny remand and proceed with the proper disposition of the case." *Id.* at 638-639.

*McDonal v. Abbott Laboratories*, 408 F.3d 177, 184 (5th Cir. 2005) (emphasis and alterations in original). Because certain thimerosal manufacturer-defendants in *McDonal* could not avail

4

themselves of the Vaccine Act defense,[5] the *Smallwood* rule did not apply, and the court of appeals upheld the denial of remand to state court on those bases. *Id.* at 10.[6]

Even before the Fifth Circuit's ruling in *McDonal*, other district courts foreshadowed that outcome by denying remand motions in thimerosal cases where the plaintiffs had sued thimerosal manufacturers not entitled to assert the Vaccine Act jurisdictional bar. *See, e.g., Robinson v. American Home Products Corp.*, No. 3:03-cv-1076WS (S.D. Miss. Sept. 30, 2004) ("[T]he defendants' showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant applies only to the vaccine manufacturers and administrators, not to the manufacturers of Thimerosal.").[7]

Because the Vaccine Act defense, which bars this action against the Healthcare Defendants, is not common to all defendants in this case, the *Smallwood* decision does not apply to defeat federal jurisdiction. Rather, *McDonal* compels the conclusion that Plaintiffs have improperly joined the resident Healthcare Defendants, whose citizenship must be disregarded for diversity purposes.

> **B.  Plaintiffs Cannot Maintain Their State Law Claims Against Defendant Oribi Which Is, Therefore, Also Improperly Joined.**

Defendant Oribi is not a proper party, as district courts within the Southern District of Texas have determined and Plaintiffs' own counsel has admitted in related proceedings. *See*

---

[5]   *See Moss v. Merck & Co.*, 381 F.3d 501, 503 (5th Cir. 2004) (holding that the Vaccine Act does not apply to manufacturers of thimerosal).

[6]   The *Collins* opinion predates the en banc decision in *Smallwood* and the opinions in *Moss* and *Rainwater*.

[7]   These decisions were attached as Exhibits 1 and 2 to the Vaccine Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Remand (Docket Entry # 66). For the Court's convenience, these decisions are attached hereto as Exhibit 6.

Amended Notice of Removal at pp. 5-6 (Docket Entry #10) (Exhibit 1); Opposition to Remand at pp. 3-5 (Docket Entry #27) (Exhibit 2); Surreply in Support of Opposition to Remand at pp. 2-3 (Docket Entry #46) (Exhibit 3); Defendants' Notice of Supplemental Authority (Docket Entry #52) (Exhibit 7). Plaintiffs' wholly conclusory allegations leveled against Oribi are not only unsupported by any factual allegations; they are refuted by the evidence that has been submitted, and are, therefore, insufficient to deprive the diverse defendants of a federal forum. *Id.* The two affidavits that the President of Oribi, John Rains, has provided in this case eliminate even a "reasonable possibility of recovery" against Oribi.[8]

In *Sanchez v. American Home Products*, Judge George P. Kazen of the United States District Court for the Southern District of Texas, Laredo Division, considered the same issue as to Oribi's improper joinder and denied the plaintiffs' motion to remand in part because the plaintiffs could not establish a cause of action against any of the non-diverse defendants. In concluding that Oribi was improperly joined, Judge Kazen considered an affidavit from the president of Oribi, John Rains. The uncontradicted affidavit, which is identical to the affidavit submitted in this case,

> unequivocally asserts that Oribi never manufactured Thimerosal, altered it, or manufactured any vaccine. [It] further asserts that Oribi has never distributed any vaccine of any kind and never sold Thimerosal to pharmaceutical companies that manufacture vaccines. Finally, Oribi never sold or distributed Thimerosal to individual health care providers or health care clinics.

*Sanchez v. American Home Products*, C.A. No. L-03-192 ("Memorandum and Order")(S.D. Tex. Sept. 30, 2004)(attached as Exhibit 9). Judge Kazen reached the same conclusion as to the improper joinder of Oribi in several other cases. *See Meza v. American Home Products*, C.A. No. 03-CV-193 ("Memorandum and Order") (S.D. Tex. Sept. 30, 2004); *Munoz v. American Home*

---

[8] The Affidavit of John Rains and the Supplemental Affidavit of John Rains were attached to Defendant Eli Lilly and Company's Notice of Removal (Docket Entry #10) and Opposition to Remand (Docket Entry #27), respectively. For the Court's convenience, the affidavits are also attached hereto as Exhibit 8.

*Products*, C.A. No. 03-CV-198 ("Memorandum and Order") (S.D. Tex. Sept. 30, 2004); *Uvalle v. American Home Products*, C.A. No. 03-CV-194 ("Memorandum and Order") (S.D. Tex. Sept. 30, 2004) (attached as Exhibit 10)

Judge Kazen concluded in all of these cases that the affidavit eliminated Oribi "from the stream of commerce which ran from the manufacturer of Thimerosal to the vaccine that was allegedly injected into any plaintiff." *Sanchez v. American Home Products*, C.A. No. L-03-192 ("Memorandum and Order" at p. 3) (S.D. Tex. Sept. 30, 2004). This is the same affidavit proof offered in this case and the same result is proper here.

More recently, Judge Ricardo Hinojosa of the United States District Court for the Southern District of Texas, McAllen Division, similarly denied remand after considering identical allegations against Oribi. *See Saucedo v. American Home Products Corp.*, No. M-03-390 ("Minutes of Hearing")(S.D. Tex. March 10, 2005)(attached as Exhibit 11). Judge Hinojosa determined that Oribi had been improperly joined because the plaintiffs could not assert any cause of action against Oribi based on the complaint. *Id*.

In other similar cases involving allegations identical to those asserted here, Plaintiffs' counsel acknowledged in open court that he has no basis for asserting claims against Oribi and requested dismissal of Oribi from the lawsuits. Plaintiffs' counsel admitted: "I will not argue that Oribi was—that we can prove that Oribi was not fraudulently joined, but I would withdraw our motions to remand in *Mast* and *Perez*." Transcript of the February 10, 2004, Hearing on Plaintiffs' Motions to Remand in the *Cassidy, Lucio, Mast,* and *Perez* cases (excerpts attached as Exhibit 12). *See also Cassidy v. American Home Products Corp.*, C.A. No. C:03-573 ("Order Dismissing All Claims Against Defendant Oribi, Inc.")(S.D. Tex. Feb. 12, 2004); *Lucio v. American Home Products Corp.*, C.A. No. C:3-520 ("Order Dismissing All Claims Against Defendant Oribi, Inc.") (S.D. Tex. Feb. 12, 2004); *Mast v. American Home Products Corp.*, C.A.

7

No. C03-516 ("Order Granting Plaintiffs' Motion to Withdraw Their Motion to Remand") (S.D. Tex. Feb. 12, 2004); *Perez v. American Home Products Corp.*, C. A. No. C-03-519 ("Order Granting Plaintiffs' Motion to Withdraw Their Motion to Remand") (S. D. Tex. Feb. 12, 2004)(attached as Exhibit 13). In the *Mast* and *Perez* cases, the plaintiffs also moved to withdraw their motion to remand after conceding that they could not establish liability against Oribi. Transcript of the February 10, 2004, Hearing on Plaintiffs' Motions to Remand in the *Cassidy, Lucio, Mast*, and *Perez* cases. Accordingly, the allegations leveled against Oribi in this case are not only unsupported by any factual allegations; they are refuted by the evidence that has been submitted and by plaintiffs' concessions in similar cases, and are, therefore, insufficient to deprive the diverse defendants of a federal forum.[9]

For these reasons, the Vaccine Defendants respectfully request that this Court find Oribi to be improperly joined. If this Court should determine, however, that the two affidavits John Rains, President of Oribi, has provided are insufficient to eliminate even a "reasonable possibility of recovery" against Oribi, the Vaccine Defendants respectfully request an opportunity to take discovery so that they can provide this Court with additional facts to establish that Oribi is improperly joined.

---

[9]    Plaintiffs note that other courts have declined to find improper joinder and ordered remand of the case. *See Galindo v. American Home Products,* No. H-03-5520 (Memorandum and Order)(S.D. Tex. Feb. 10, 2004); *Pedraza v. American Home Products*, No. SA-03-CA-1214-FB (W.D. Tex. April 30, 2004); *Knight-Henson v. American Home Products*, No. SA-03-CA-1215-FB (W.D. Tex. April 30, 2004); *Tenbrook v. American Home Products,* No. 3:03-CV-02879-P (Memorandum and Order)(N.D. Tex. Sept. 30, 2004); *Davis v. American Home Products,* C.A. No. 3:03-CV-02880-D (Memorandum and Order)(N.D. Tex. Sept. 30, 2004) (attached to Plaintiffs' Renewed Motion to Remand). These rulings should not receive any weight, particularly in light of counsel's concession elsewhere that Oribi was not a proper defendant. The Vaccine Defendants submit that this Court should follow the analysis that Judge Kazen and Judge Hinojosa used when they considered the Oribi jurisdictional issue.

In addition, Plaintiffs' claims against Oribi are barred in whole by the two-year statute of limitations that governs personal injury tort claims in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. §16.003(a) (Vernon Supp. 1998). "To 'bring suit' within the two-year limitations period prescribed by § 16.003, a plaintiff must...use diligence to have the defendant served with process." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). Over two years have now passed since Plaintiffs filed this lawsuit on June 30, 2003. Oribi has never made an appearance in this case. Counsel for Oribi has informed counsel for the Vaccine Defendants that service of process has not been accomplished because the summons as to Oribi has never been issued and because counsel for Oribi is not authorized to accept service of the complaint. In addition, Oribi has not waived service. Accordingly, Plaintiffs have not been diligent to have Oribi served with process and their claims against the company are therefore barred.

## **CONCLUSION**

The Fifth Circuit's decision in *McDonal* confirms that the common defense rule does not bear on the improper joinder analysis in a case, like this one, where the Vaccine Act defense is not universally available to all defendants. Once this Court recognizes the improper joinder of Defendant Oribi, the *McDonal* decision further confirms this Court's diversity jurisdiction over the dispute presented. Accordingly, the Vaccine Defendants respectfully request that the Court deny Plaintiffs' Renewed Motion to Remand.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, TX 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

By:   /s/ Michael R. Klatt*
      Michael R. Klatt
      Attorney-in-Charge
      State Bar No. 11554200
      Southern ID No. 13004

**OF COUNSEL:**

Susan E. Burnett
State Bar No. 20648050
Southern ID No. 18604
**CLARK, THOMAS & WINTERS**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, TX. 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

*Signed with permission by Susan E. Burnett

**ATTORNEYS FOR DEFENDANT WYETH**
**AND ON BEHALF OF THE VACCINE**
**DEFENDANTS**

## CERTIFICATE OF SERVICE

This pleading was served electronically on August 29, 2005 in compliance with Rule 5 of the Federal Rules of Civil Procedure as well as the Administrative Procedures for Electronic Filing, United States District Court, Southern District of Texas. Service upon parties whose attorneys are known to be users of the Electronic Filing system for the Southern District of Texas will be automatically accomplished through the Notice of Electronic Filing. Service for those parties whose attorneys are not known to be users of the Electronic Filing system for the Southern District of Texas was accomplished via certified mail, and/or regular U.S. mail on August 29, 2005.

### *VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED:*

**Attorneys for Plaintiffs**
Derrick S. Boyd
Michael A. Simpson
SIMPSON, BOYD & POWERS, P.L.L.C.
P.O. Box 957
Decatur, Texas 76234

Steve T. Hastings
HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas 78401

Greg J. McCarthy
MILLER & McCARTHY
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219

### *VIA REGULAR MAIL:*

**Attorneys for Oribi, Inc.**
Matthew H. Hand
BROWN & FORTUNATO, P.C.
905 South Filmore, Suite 400,
P.O. Box 9418
Amarillo, Texas 79105

**Attorneys for SmithKline Beecham Corp. d/b/a GlaxoSmithKline**
Jeffrey S. Wolff
Gray H. Miller
Charles Jason Rother
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney Street, Suite 5100
Houston, Texas 77010

Stephanie A. Smith
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701

Jose E. Garcia
GARCIA & VILLARREAL, L.L.P.
4311 North McColl Road
McAllen, Texas 78504

**Attorneys for Merck & Company, Inc.**
Richard L. Josephson
Paul R. Elliott
BAKER BOTTS, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002

**Attorneys for Aventis Pasteur Inc.**
Bradley S. Wolff
M. Diane Owens
SWIFT, CURRIE, McGHEE
 & HIERS, L.L.P.
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309

R. Jo Reser
DAVIDSON & TROILO
7550 W. IH-10, Suite 800
San Antonio, Texas 78229

Miguel Wise
MIGUEL WISE, P.C.
134 W. 5th Street
Weslaco, Texas 78596

**Attorneys for Eli Lilly & Company**
Gene M. Williams
M. Scott Michelman
SHOOK, HARDY & BACON, L.L.P.
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911

Jeffrey A. Kruse
Deborah A. Moeller
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108

**Attorneys for Baxter International Inc.**
Benjamin F. Elmore
VINSON & ELKINS, L.L.P.
1001 Fannin, Suite 2300
Houston, Texas 77002

Lee Davis Thames
Butler, Snow, O'Mara, Stevens
 & Cannada, P.L.L.C.
AmSouth Plaza
210 E. Capitol
Jackson, Mississippi 39201

**Attorneys for Sigma-Aldrich, Inc.**
David M. Macdonald
David C. Colley
MCCAULEY, MACDONALD & DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

**Attorneys for The Dow Chemical Company**
John R. Gilbert
Lawrence P. Hampton
GILBERT & GILBERT
222 North Velasco
P.O. Box 1819
Angleton, Texas 77516

/s/ Susan E. Burnett