# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES; and | §<br>§<br>§<br>§ |
| ERIKA DUREE, Individually and as Next Friend of ERIN JONATHON DUREE, | §<br>§<br>§ |
| Plaintiffs, | §<br>§<br>§ |
| v. | §<br>§ |
| AMERICAN HOME PRODUCTS, d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLE VACCINES, and LEDERLE LABORATORIES; | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| AVENTIS PASTEUR, INC., Individually and as Successor-in-Interest to CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT; | §<br>§<br>§<br>§<br>§ |
| GLAXOSMITHKLINE, Individually and as Successor-in-Interest to SMITHKLINE BEECHAM CORP.; | §<br>§<br>§<br>§ |
| MERCK & CO., INC.; | §<br>§ |
| BAXTER INTERNATIONAL INC., Individually and as Successor in Interest to NORTH AMERICAN VACCINE, INC.; | §<br>§<br>§<br>§ |
| DOW CHEMICAL COMPANY; | §<br>§ |
| ELI LILLY AND COMPANY; | §<br>§ |
| SIGMA ALDRICH; | §<br>§<br>§ |

Civil Action No. 03-CV-222

Removed from the Cameron County
District Court, 404th Judicial District
Cause No. 2003-08-4338-G

163059v1

ORIBI, INC., Individually and d/b/a            §
MERIDIAN CHEMICAL & EQUIPMENT,      §
INC. and d/b/a/ GLOBAL FINE CHEMICALS  §
and d/b/a NATIONAL ASSOCIATION OF       §
COMPOUNDING PHARMACISTS;                     §
                                                                          §
                    Defendants.                                     §
                                                                          §

## AMENDED NOTICE OF REMOVAL

Defendant Eli Lilly and Company ("Lilly"), joined by, or with the consent of, all

other Defendants properly joined and served with process, hereby files this Amended Notice of

Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 from the District Court for the 404th

Judicial District of Cameron County, Texas to the United States District Court for the Southern

District of Texas, Brownsville Division.  Pursuant to 28 U.S.C. § 1446(a), Lilly sets forth below

a short and plain statement of the grounds for removal:

### The State Court Action

1.      On or about August 29, 2003, a civil action was commenced in the District

Court for the 404th Judicial District of Cameron County, Texas, by the filing of an Original

Petition (hereinafter "Petition") captioned *Manuel Torres and Dominga Torres, Individually and*

*as Next Friend of Derek Torres, et al. v. American Home Products Corporation, et al.*, Cause No.

2003-08-4338-G (hereinafter the "State Court Action").

2.      As of the date of the original Notice of Removal as well as this Amended

Notice of Removal, Lilly has not been served with a copy of the Petition, or any other process.

163059v1

3.     Pursuant to S.D. Tex. Local Rule 81 and 28 U.S.C. § 1446(a), the original Notice of Removal was accompanied by copies of the following:[1]

    a.    All executed process in the case (**Exhibit A**);

    b.    All state court documents, including docket sheet and index thereto (**Exhibit B**); and

    c.    A list of all counsel of record, including addresses, telephone numbers and parties represented (**Exhibit C**).

### Notice Of Removal Is Timely

4.     Upon information and belief, no Defendant has yet been properly served with any Petition or other process.

5.     Consequently, Lilly's Removal is filed before the expiration of 30 days after the date any Defendant was served with a copy of the initial pleading setting forth Plaintiffs' claims for relief, in accordance with 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetter Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

### Consents and Procedural Compliance

6.     Copies of other Defendants' written acknowledgments of consent and/or joinder in this removal were attached to the original Notice of Removal as **Exhibit D**. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). As noted in the attached Exhibit, Defendants Wyeth, f/k/a American Home Products Corporation (incorrectly named as "American Home Products, d/b/a Wyeth, Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyeth Lederle Vaccines, and Lederle Laboratories"); Aventis Pasteur, Inc., Individually and as Successor-in-Interest to Connaught Laboratories, Inc., Pasteur Merieux, and Pasteur

---

[1]     The exhibits referenced herein are identical to those referenced in and attached to Lilly's original Notice of Removal. In an effort to conserve resources and promote judicial economy, Lilly incorporates those exhibits herein by reference. Should the Court desire additional copies of the exhibits, Lilly will re-file them with the Court upon request.

Merieux Connaught (hereinafter "Aventis Pasteur, Inc."); SmithKline Beecham Corporation d/b/a

GlaxoSmithKline (incorrectly named "GlaxoSmithKline, Individually and as Successor-in-

Interest to SmithKline Beecham Corp."); Merck & Co., Inc.; Dow Chemical Company; and

Sigma-Aldrich, Inc. (incorrectly named as "Sigma Aldrich") have all acknowledged their consent

to this removal by Lilly. Such acknowledgments are not required of those Defendants which are

fraudulently joined, or not properly joined and served. *See Getty Oil Corp. v. Ins. Co. of North

Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988).[2]

       7.     This action is properly removed to this Court, as the State Court Action is

pending within this district and division, as provided for in 28 U.S.C. § 1441(a).

       8.     Simultaneously with the filing of the original Notice of Removal, notice

was given to Plaintiffs' counsel, and copies of that Notice were filed with the clerk of the District

Court of Cameron County, Texas pursuant to 28 U.S.C. § 1446(d).

### The Diversity Of Citizenship Requirement Is Satisfied

       9.     Plaintiffs are residents, domiciliaries and citizens of the State of Texas.

See, e.g., Petition, p. 3.

       10.     At all times material to the matters herein, Plaintiffs and Defendants have

been and are citizens of different states, except for Defendant Oribi, Inc., Individually and d/b/a

Meridian Chemical Equipment, Inc., Global Fine Chemicals and National Association of

Compounding Pharmacists (hereinafter "Oribi"), the City of Laredo Health Department, as well

---

[2]    Those Defendants that have not been served with process and have filed, provided their consent to, and/or joined in this Notice of Removal do not thereby submit to the jurisdiction of this Court or that of the court from which the action was removed. Neither do these Defendants waive any objection to either the absence or sufficiency of any service which Plaintiffs might contend has occurred, and these Defendants do not hereby waive any defense to this action, including any jurisdictional defense herein.

- 4 -

as the City of Laredo (hereinafter collectively referred to as the "City of Laredo").  No other Defendant is a citizen of the state of Texas.

11.    The Texas citizenship of Oribi and the City of Laredo should be disregarded for purposes of diversity under 28 U.S.C. §§ 1332 and 1441(b) on the ground that they are fraudulently joined and there is no reasonable basis under Texas law upon which to establish liability against them. *See Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000) ("there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder").  Where a plaintiff has fraudulently joined non-diverse defendants to defeat diversity, the role of the district court "is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

12.    Plaintiffs will be unable as a matter of Texas law to establish a claim against Oribi.  The Petition pleads generally as against all Defendants, including Oribi, that the "vaccines and components parts of the vaccines" which allegedly injured the minor Plaintiffs, "were designed, manufactured, marketed and distributed by Defendants."  Petition, p. 6.  However, Oribi does not manufacture or distribute vaccines.  Furthermore, while Oribi has supplied small amounts of thimerosal to individual pharmacists, Oribi has never supplied component parts of vaccines to the Defendants or any other vaccine manufacturers.  *See* Affidavit of John Rains, attached as **Exhibit E**.  Aside from this erroneous inclusion of Oribi in Plaintiffs' general claim against "Defendants," the Petition is completely devoid of any factual allegations which could form the basis of a cognizable claim against Oribi.  Therefore, Oribi should be

- 5 -

deemed "fraudulently joined" and its Texas citizenship disregarded for purposes of determining diversity jurisdiction.

13.    While the City of Laredo is not named in the caption of Plaintiffs' Petition, it is alleged in the body of the pleading that the alleged injury-producing "vaccinations were administered by" the City of Laredo. Petition, p. 9. However, Plaintiffs will be unable as a matter of Texas law to establish a claim against the City of Laredo because their claims are barred by the doctrine of sovereign immunity. Pursuant to that doctrine, a "municipality such as the City . . . is immune from liability for its governmental functions unless that immunity is specifically waived." *City of El Paso v. Hernandez*, 16 S.W.3d 409, 414 (Tex. Ct. App. 2000). The Texas Tort Claims Act was enacted "to waive governmental immunity only in certain circumstances." *University of Texas Medical Branch v. York*, 871 S.W.2d 175, 176 (Tex. 1994). The statute allows for governmental liability in only three limited areas: 1) injuries from the use of publicly owned automobiles, 2) injuries caused by premises defects, and 3) injuries arising out of conditions or the use of personal property. *See* Tex. Civ. Prac. & Rem. Code § 101.021 (2003). Plaintiffs have not pled that any of their injuries fall into any of these three categories. Rather, Plaintiffs have asserted that their alleged injuries resulted from the City of Laredo's "fail[ure] to disclose" information to Plaintiffs regarding thimerosal. Petition, pp. 9, 10. The Supreme Court of Texas has held, in the context of a patient's personal medical records, that the "State has not waived immunity from liability for negligence involving the use, misuse, or nonuse of medical information." *University of Texas Medical Branch*, 871 S.W.2d at 176. Therefore, Plaintiffs will be unable to assert a claim under Texas law against the City of Laredo, and the City should be deemed "fraudulently joined" for diversity jurisdiction purposes.

163059v1

14.    Plaintiffs are also barred from proceeding against the City of Laredo because such claims are barred by the Vaccine Act. The Petition alleges that Plaintiffs are bringing suit against the City of Laredo because it "administered" the vaccinations which allegedly injured the minor Plaintiffs. Petition, p. 9. However, the National Childhood Vaccine Injury Act (the "Vaccine Act" or "the Act") prohibits the filing of a civil action "against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury" prior to proceeding in a specially-designated court of the U.S. Court of Federal Claims ("Vaccine Court"). 42 U.S.C. §§ 300aa-1, *et seq.* Where a plaintiff files a civil action in state or federal court against an "administrator" in violation of this prohibition, "the court **shall dismiss the action.**" 42 U.S.C. § 300aa-11(a)(2)(B) (emphasis added). As such, the Petition is completely devoid of any factual allegations which could form the basis of a cognizable claim against the City of Laredo. Therefore, the Vaccine Act forms a second basis for a finding that the City should be deemed "fraudulently joined" and its Texas citizenship disregarded for purposes of determining diversity jurisdiction.[3]

15.    The Petition alleges that Defendant Wyeth (f/k/a American Home Products Corporation) is a foreign corporation. Petition, p. 3. Defendant Wyeth is not, and was

---

[3]    As noted above, the Vaccine Act prohibits the filing of a civil claim "against a vaccine administrator or manufacturer." 42 U.S.C. § 300aa-11(a)(2)(A). Therefore, the Vaccine Act requires the dismissal of the manufacturers of vaccines and vaccine components as well. The Vaccine Act "is jurisdictional in nature because it defines the jurisdiction of state and federal courts with respect to civil actions against a vaccine administrator or manufacturer for vaccine-related injuries." *Gilbert v. Secretary of HHS*, 31 Fed. Cl. 379, 381 (Fed. Cl. 1994). Whether this common jurisdictional defense precludes Lilly's reliance on this basis for removal of this case to this Court is an unsettled issue of law for which certain Defendants have requested an *en banc* review in the Fifth Circuit. *See Collins v. American Home Products Corp.*, No. 02-60736; *Stewart v. American Home Products Corp.*, 02-60764. Because the defense is jurisdictional, the prohibition against using removal "as an occasion to adjudicate the substantive issues of a case," as articulated in *Smallwood v. Illinois Central Railroad Co.*, 342 F.3d 400 (5th Cir. 2003), should not apply in this case. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (holding that the fact that a statute of limitations defense applied to all parties simply "demonstrate[d] beyond peradventure that [the local doctor defendants] were sham defendants for purposes of removal").

- 7 -

not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Wyeth is a Delaware corporation with its principal place of business in New Jersey, and is therefore a citizen of both those states.

16.    The Petition alleges that Defendant Aventis Pasteur, Inc. is a foreign corporation. Petition, p. 3. Defendant Aventis is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Aventis Pasteur, Inc. is a Delaware corporation with its principal place of business in Pennsylvania, and is therefore a citizen of both those states.

17.    The Petition alleges that Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline is a foreign corporation. Petition, p. 3. Defendant SmithKline Beecham Corporation is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant SmithKline Beecham Corporation is a Pennsylvania corporation with its principal place of business in Pennsylvania, and is therefore a citizen of that state.

18.    The Petition alleges that Defendant Merck & Company, Inc. is a foreign corporation. Petition, p. 3. Defendant Merck & Company, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Merck & Company, Inc. is a New Jersey corporation with its headquarters in New Jersey and is therefore a citizen of that state.

19.    The Petition alleges that Defendant Baxter International, Inc. is a foreign corporation. Petition, p. 3. Defendant Baxter International, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its

principal place of business in the State of Texas. Defendant Baxter International, Inc. is a Delaware corporation with its principal place of business in Illinois, and is therefore a citizen of both those states.

20. The Petition alleges that Defendant Dow Chemical Company is a foreign corporation. Petition, p. 3. Defendant Dow Chemical Company is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Dow Chemical Company is a Delaware corporation with its principal place of business in Michigan, and is therefore a citizen of both those states.

21. The Petition alleges that Defendant Eli Lilly and Company is a foreign corporation. Petition, p. 4. Defendant Eli Lilly and Company is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Eli Lilly and Company is an Indiana corporation with its principal place of business in Indiana, and is therefore a citizen of that state.

22. The Petition alleges that Defendant Sigma-Aldrich, Inc., incorrectly named as "Sigma Aldrich," is a foreign corporation. Petition, p. 4. Defendant Sigma-Aldrich, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas. Defendant Sigma-Aldrich, Inc. is a Wisconsin corporation with its principal place of business in Missouri, and is therefore a citizen of both those states.

23. Consequently, all of the Plaintiffs and none of the properly-joined Defendants are citizens of the State of Texas. Thus, complete diversity of citizenship exists under

28 U.S.C. § 1332 and removal of the State Court Action is therefore proper under 28 U.S.C. § 1441(b).

### The Amount In Controversy Requirement Is Satisfied

24.    In their Petition, Plaintiffs allege that the minor Plaintiff was injured by the receipt of childhood vaccinations.   Petition, p. 6.   These vaccines allegedly caused "neurological effects," such as autism.  *Id.*  The Petition seeks damages for past and future "medical care; loss of earning capacity; physical impairment; disfigurement; physical pain; mental anguish; loss of consortium; loss of services; [and] loss of companionship." *Id.* at pp. 10-11.  Plaintiffs also request exemplary damages, and assert that the statutory cap on exemplary damages would not apply to this case. Petition, p. 11.

25.    Defendants deny that any vaccine or vaccine component caused the minor Plaintiffs' alleged injuries.  However, in light of the alleged severity of the injuries set forth in Plaintiffs' Petition, Lilly's good-faith belief is that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, individually and collectively, for both the Plaintiff parents' individual claims, and those brought on behalf of the minor child. Consequently, the allegations of the Petition satisfy the amount in controversy requirement of 28 U.S.C. 1332. *See, e.g., St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [$75,000]").

WHEREFORE, because complete diversity exists and the amount in controversy exceeds $75,000, jurisdiction exists in this Court under 28 U.S.C. § 1332.  Lilly requests that the 404th Judicial District Court of Cameron County, Texas, proceed no further with Cause No. 2003-08-4338-G, and that the action styled *Torres, et al. v. American Home Products, et al.* be

163059v1

removed from that court to the United States District Court for the Southern District of Texas,

Brownsville Division.

Respectfully submitted,

By:_____
    M. SCOTT MICHELMAN
    Attorney-in-Charge
    State Bar No. 00797075
    So. Dist. of TX ID No. 20802
    SHOOK, HARDY & BACON L.L.P.
    600 Travis, Suite 1600
    Houston, TX  77002-2911
    Telephone:    713/227-8008
    Telefax:        713/2279508

    ATTORNEYS FOR DEFENDANT,
    ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
JEFFERY A. KRUSE
SHOOK, HARDY & BACON L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, MO  64105-2118
Telephone:    816/474-6550
Telefax:        816/421-5547

- 11 -

163059v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 12th day of December, 2003:

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX 78401 | Plaintiffs, Manual Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX 76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX 75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX 78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift Currie McGhee & Heiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA 30309-3238 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| Wade L. McClure<br>Gibson McClure Wallace & Daniels<br>8080 N. Central Expressway, Suite 1300<br>LB50<br>Dallas, TX 75206-1808 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX 75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

163059v1

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX  79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX  77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Lee Davis Thames<br>Butler, Snow, O'Mara, Steves & Cannada, P.L.L.C.<br>Post Office Box 22567<br>Jackson, MS  39225-2567 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX  77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

- 13 -

# EXHIBIT 2

27

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, et al., | § § § § | |
| Plaintiffs, | § § § | Civil Action No: 03-CV-222 |
| v. | § § | |
| AMERICAN HOME PRODUCTS, et al., | § § | |
| Defendants. | § § § | |

## DEFENDANT ELI LILLY AND COMPANY'S
## OPPOSITION TO REMAND

Defendant Eli Lilly and Company ("Lilly") hereby submits this Opposition to

Plaintiff's Motion to Remand and would show the Court as follows:

### INTRODUCTION

This is a products liability action in which Plaintiffs allege that their minor

children sustained neurological injuries from exposure to FDA-approved vaccines containing the

preservative thimerosal as a component part. *See* Plaintiffs' Original Petition, p. 6. In their

Original Petition, Plaintiffs named only one non-diverse Defendant in the caption of their

Petition. The only named non-diverse Defendant was Oribi, Inc., Individually and d/b/a

Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National

Association of Compounding Pharmacists ("Oribi"). Plaintiffs alleged that Oribi "distributed

one or more of the vaccines or component parts of the vaccines in question." *Id.* at p. 4. As

demonstrated by the affidavit attached by Oribi's president, John Rains, to Lilly's Notice of

Removal, however, Plaintiffs were mistaken. Oribi has absolutely nothing to do with this

lawsuit and has been fraudulently joined. *See* Lilly's Notice of Removal. While not named as a

Defendant in the caption of the case, Plaintiffs also included allegations against the City of

Laredo Health Department and the City of Laredo. Original Petition, p. 9. Lilly noted in its

removal that the claims against the City were fraudulent because any claims by Plaintiffs against

the City were barred by the doctrine of sovereign immunity.

After Lilly removed this case, Plaintiffs filed their First Amended Complaint. In

an apparent concession that they could not assert a claim against the City of Laredo, Plaintiffs

omitted any reference to that Defendant in their First Amended Complaint. While previously

Plaintiffs claimed that the vaccinations which allegedly injured the minor children "were

administered by Defendants City of Laredo Health Department and City of Laredo" (Original

Petition, p. 9), Plaintiffs added new, non-diverse healthcare defendants, ABC Pediatrics and

Yogesh Trakru. Plaintiffs now claim that these Defendants allegedly administered vaccines to

one of the minor children to their Amended Complaint. First Amended Complaint, ¶ 5.7. On the

same day Plaintiffs filed their Amended Complaint, Plaintiffs also filed a Motion to Remand,

arguing that diversity jurisdiction does not exist.

Plaintiffs' motion should be denied for several reasons. First, Plaintiffs'

speculation about what role Oribi might have played in distributing any vaccines at issue in this

case is undeniably refuted by the affidavit attached to Lilly's Notice of Removal and by the

second affidavit by Mr. Rains attached to this Opposition. Second, ABC Pediatrics and Yogesh

Trakru are fraudulently joined because Plaintiffs' claims against those Defendants are barred by

the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-1, *et seq.* Finally, this Court can

and should deny Plaintiffs' post-removal joinder of ABC Pediatrics and Yogesh Trakru, when

such joinder is nothing more than a transparent attempt to defeat the Defendants' legitimate

interest in a federal forum.  For that reason, Lilly is this same day filing its Motion to Strike Plaintiffs' First Amended Complaint.

## ARGUMENT

## I.   ORIBI IS FRAUDULENTLY JOINED

### A.   The Fraudulent Joinder Standard

Plaintiffs ask this Court to use the wrong standard to determine fraudulent joinder. In their Motion to Remand, Plaintiffs claim that this Court is required to remand unless Defendants establish that there is "no possibility" that a state court would find that her Petition states a cause of action against the in-state defendants (Motion for Remand at p. 4).  However, the Fifth Circuit has made it unmistakably clear that remand is required only if there is "'*a reasonable basis* for predicting that the state law might impose liability'" on the in-state defendant. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)) (emphasis in original). "This possibility, however, must be *reasonable*, not merely theoretical." *Great Plains*, 313 F.3d at 312 (emphasis added).  According to the Fifth Circuit,

> [t]his standard necessarily requires an evaluation of the allegations of the state court complaint, because it is by referring to this pleading that a court assesses whether a reasonable theory, or merely a theoretical one, has been asserted.

*Id.* at 328-29 (footnote omitted).  Thus, the correct standard to apply is the "reasonable basis" standard.

The Fifth Circuit and the U.S. District Courts of Texas have repeatedly held that there can be no reasonable possibility of recovery against in-state defendants where the plaintiff's complaint contains only conclusory allegations as to those defendants.  *See, e.g.*,

*Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (affirming finding of fraudulent joinder where plaintiff's petition "fail[ed] to state any specific actionable conduct on [in-state defendant's] part"); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260-61 (5th Cir. 1995) (same); *McIntire v. Rollins, Inc.*, 888 F. Supp. 68, 69 (S.D. Tex. 1995) ("Where no specific acts of negligence are pled against the [in-state] defendant, this Court has consistently held that the [in-state defendant] has been fraudulently joined, and has dismissed [that defendant].")

Therefore, a "[f]ailure to specify *a factual basis* for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party." *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108 (S.D. Tex. 1994) (emphasis added). *See also Ghoman v. New Hampshire Ins. Co.*, 2001 WL 376460, *2 (N.D. Tex. April 11, 2001) ("The mere pleading of a cause of action against [the in-state defendant] is not sufficient to defeat removal jurisdiction. Rather, 'whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery.'") (quoting *Griggs*, 181 F.3d at 701). As explained below, the wholly conclusory allegations leveled against Oribi, the only non-diverse defendant named in Plaintiffs' Original Petition are not only unsupported by any factual allegations; they are completely refuted by the evidence Lilly has submitted, and are, therefore, insufficient to deprive the diverse Defendants of their statutory right to a federal forum.

**B.    There is no reasonable possibility that Plaintiffs will be able to establish liability against Oribi.**

In their Original Petition, Plaintiffs alleged that Oribi was a proper defendant because "it distributed one or more of the vaccines or component parts of the vaccines in question." Original Petition, p. 3. Plaintiffs' First Amended Complaint makes the same

allegation. *See* Plaintiffs' First Amended Complaint, ¶ 2.11. Lilly attached an affidavit to the Notice of Removal from John Rains, President of Oribi, that establishes that Oribi has never supplied component parts of vaccines to any of the defendants. *See* Notice of Removal, Exhibit H. Oribi does not supply thimerosal to vaccine manufacturers; rather its business as it relates to thimerosal was limited to acting as a repackager and it did not sell thimerosal to any pharmaceutical companies that manufacture vaccines. Oribi has never distributed vaccines, let alone vaccines containing thimerosal. Oribi did not sell or distribute thimerosal to individual healthcare providers or healthcare clinics. Now, Plaintiffs disingenuously argue that the affidavit of John Rains does not negate the possibility that Oribi was part of a specific chain of distribution and does not state that Oribi never distributed thimerosal to individual healthcare providers or healthcare clinics. *See* Motion to Remand at pp. 6-7. But Plaintiffs' Original Petition did not allege that a healthcare provider gave the minor children thimerosal except in connection with a vaccine. Moreover, Plaintiffs' Petition does not allege that Oribi somehow supplied thimerosal to a healthcare provider; it alleges that Oribi either (1) distributed a component part (*i.e.*, thimerosal) to a vaccine manufacturer; or (2) distributed a thimerosal-containing vaccine. The two affidavits John Rains has provided totally negate both of these allegations. *See* Affidavit of John Rains, attached as Exhibit H to Lilly's Notice of Removal, and Supplemental Affidavit of John Rains, attached hereto as **Exhibit A**. Because this supplemental affidavit eliminates even a "reasonable possibility of recovery" against Oribi, Lilly has established that Oribi has been fraudulently joined.

## II.    THE HEALTHCARE DEFENDANTS ARE FRAUDULENTLY JOINED BECAUSE PLAINTIFFS' CLAIMS AGAINST THEM ARE BARRED BY THE VACCINE ACT

Congress created the Vaccine Act in 1986. At that time, Congress recognized that "[v]accination of children against deadly, disabling, but preventable infectious diseases has been one of the most spectacularly effective public health initiatives this country has ever undertaken." H.R. Rep. No. 99-908, at 4 (1986), *reprinted in* 1986 U.S. Code Congressional and Administrative News ("U.S.C.C.A.N.") at 6345.[1] Congress noted that the "[u]se of vaccines has prevented thousands of children's deaths each year and has substantially reduced the effects resulting from disease," thereby saving billions in medical costs. *Id.* Congress further recognized that the cost of litigation initiated on behalf of children claiming injuries traceable to vaccination had resulted in a significant reduction in the number of manufacturers willing to sell childhood vaccines. *See* H.R. Rep. No. 99-908 at 4 (1986), *reprinted in* 1986 U.S.C.C.A.N. at 6345. In particular, Congress was concerned that the costs of litigation would discourage manufacturers from continued participation in the vaccine market. H.R. Rep. No. 99-908 at 6-7 (1986), *reprinted in* 1986 U.S.C.C.A.N. at 6347-48.

In response to its "real concern about the future of Federal immunization initiatives," and to safeguard the national vaccine supply, Congress established the Vaccine Compensation Program to provide claimants a just and efficient remedy while also protecting vaccine manufacturers from the excessive costs of litigation. *Id.* at 4-5, *reprinted in* 1986 U.S.C.C.A.N. at 6345-46; *Schafer v. Am. Cyanamid Co.*, 20 F.3d 1, 2-3 (1st Cir. 1994). That program—officially entitled the National Vaccine Injury Compensation Program (the "Vaccine

---

[1] For the convenience of the Court, a copy of the legislative history is attached as **Exhibit B**.

Compensation Program")—is a no-fault compensation system. 42 U.S.C. §300aa-10(a) (1994); *Mazur v. Merck & Co.*, 767 F. Supp. 697, 702 (E.D. Pa. 1991), *aff'd* 964 F.2d 1348 (3d Cir. 1992). The new system was intended to depart from the "traditional tort system." *O'Connell v. Shalala*, 79 F.3d 170, 173 (1st Cir. 1996).

Plaintiffs will be unable as a matter of law to establish a claim against ABC Pediatrics and Yogesh Trakru. Plaintiffs' First Amended Complaint alleges that Plaintiffs are bringing suit against these Defendants because of their role in administering vaccines to the minor children. First Amended Complaint, ¶ 5.7. However, the National Childhood Vaccine Injury Act (the "Vaccine Act" or "the Act") prohibits the filing of a civil action "against a vaccine administrator or manufacturer in a State of Federal court for damages arising from a vaccine-related injury" prior to proceeding in a specially-designated court of the U.S. Court of Federal Claims ("Vaccine Court"). 42 U.S.C. §§ 300aa-1, *et seq.* Where a plaintiff files a civil action in state or federal court against an "administrator" in violation of this prohibition, "the court **shall dismiss the action**." 42 U.S.C. § 300aa-11(a)(2)(B) (emphasis added). As such, the Plaintiffs' First Amended Complaint is completely devoid of any factual allegations which could form the basis of a cognizable claim against ABC Pediatrics and Yogesh Trakru. Therefore, these Defendants should be deemed "fraudulently joined" and their Texas citizenship disregarded for purposes of determining diversity jurisdiction.

As noted in Lilly's Motion to Dismiss, the Vaccine Act prohibits the filing of a civil claim "against a vaccine administrator or manufacturer." 42 U.S.C. § 300aa-11(a)(2)(A). Therefore, not only does the Vaccine Act require the dismissal of the healthcare Defendants as noted above, but it also requires the dismissal of the manufacturers of vaccines and vaccine components as well. *See, generally*, Lilly's Motion to Dismiss. The Vaccine Act "is

jurisdictional in nature because it defines the jurisdiction of state and federal courts with respect to civil actions against a vaccine administrator or manufacturer for vaccine-related injuries." *Gilbert v. Secretary of HHS*, 31 Fed. Cl. 379, 381 (Fed. Cl. 1994). Whether this common jurisdictional defense precludes the removal of this case to this Court is an unsettled issue of law for which certain Defendants have requested an *en banc* review in the Fifth Circuit. *See Smallwood v Illinois Central Railroad Co.*, 2003 WL 21805636 (5th Cir. Aug. 7, 2003); *Collins v. American Home Products Corp.*, 2003 WL 21998574 (5th Cir. Aug. 29, 2003).

**III.     THE COMMON DEFENSE RULE OF *COLLINS* AND *SMALLWOOD* DOES NOT REQUIRE REMAND**

Plaintiffs' Motion to Remand should be denied pursuant to the authorities discussed above. In response to the arguments above, Plaintiffs' citations to the Fifth Circuit's recent decisions in *Smallwood v Illinois Central Railroad Co.*, 2003 WL 21805636 (5th Cir. Aug. 7, 2003) and *Collins v. American Home Products Corp.*, 2003 WL 21998574 (5th Cir. Aug. 29, 2003) have no application. Motion to Remand, pp. 7-9. In *Collins*, the fraudulent joinder argument was premised entirely on provisions of the Vaccine Act. Here, the Vaccine Act was only one of several bases of the Defendants' fraudulent joinder argument. In its Notice of Removal, Lilly argued that this Court has proper jurisdiction based on the fraudulent joinder of Oribi based on its affidavit of non-involvement, and the City of Laredo on the basis of sovereign immunity. While Lilly also noted that Vaccine Act also barred the Plaintiffs from proceeding against the City, its basis for removal was not limited to this "common defense." Accordingly, the Court need not take up the issues raised in Plaintiffs' Motion to Remand concerning *Smallwood* and *Collins* and can deny Plaintiffs' Motion to Remand on other grounds.

IV.    **IF THE COURT DETERMINES THAT** *SMALLWOOD* **AND** *COLLINS* **APPLY, IT SHOULD STAY MATTERS PENDING THE FIFTH CIRCUIT'S FINAL DECISION ON THE "COMMON DEFENSE" ISSUE**

Should the Court find that the Fifth Circuit's recent decision in *Collins v. American Home Products Corp.*, 343 F.3d 765 (5th Cir. 2003) is relevant to any determination to be made in the case *sub judice*, Lilly respectfully submits that the Fifth Circuit's decision in *Collins*, and the decision upon which it is based, *Smallwood v Illinois Central Railroad Co.*, 2003 WL 21805636 (5th Cir. Aug. 7, 2003), are neither final decisions nor binding on this Court.[2] To the contrary, the Fifth Circuit has ordered a rehearing *en banc* of the *Smallwood* case, and has stayed the issuance of the mandate in the *Collins* case pending that rehearing. *See Smallwood* Order of Rehearing *En Banc*, attached as **Exhibit C**.

Moreover, in recognition of the serious consideration being devoted by the Fifth Circuit to these issues and the consequences that its final decision will have upon diversity-jurisdiction removals in this and similar litigation, several United States District Courts, including District Courts of the Southern and Eastern Districts of Texas, have ordered proceedings in similarly situated cases stayed pending the Fifth Circuit's decisions in *Collins* and *Smallwood. See Saile v. American Home Prods. Corp.*, No. C-03-336 (S.D. Tex. Oct. 20, 2003), attached as **Exhibit D**; *Jones v. American Home Prods. Corp.*, No. 1:03-CV-657 (E.D. Tex. Nov. 24, 2003), attached as **Exhibit E**; *Ramirez v. American Home Prods. Corp.*, No. B:03-155

---

[2]    *See* 5th Cir. Loc. R. 41(d)(1) ("The timely filing of a . . . petition for rehearing en banc . . . stays the mandate until the disposition of the petition . . . unless the court orders otherwise."); *see also* 5th Cir. Loc. R. 41.3 ("Unless otherwise expressly provided, the granting of rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate."); *see also Bliss v. Lockhart*, No. 90-2144, 1990 U.S. App. LEXIS 23152 (8th Cir. Dec. 13, 1990) ("Until the mandate issues, a party may petition for rehearing, and the court of appeals may modify or revoke its judgment.").

(S.D. Tex. Dec. 16, 2003), attached as **Exhibit F**; *Vasquez v. American Home Prods. Corp.*, No.

L-03-128 (S.D. Tex. Jan. 6, 2004), attached as **Exhibit G.**

Accordingly, should the Court reach the *Collins/Smallwood* issue, Lilly

respectfully requests a stay of this case until the mandate issues in *Collins*. As recognized in

*Saile*, "if the Court applies the reasoning of *Collins* and remands the case, and the Fifth Circuit

then vacates its holding in *Collins*, then 'Defendants will have lost their right to litigate the case

in federal court.'" *Saile* at 2 (quoting *Boyd v. American Heritage Insurance Co.*, No. Civ. A.

301CV890BN, 2003 WL 22175982, *2 (S.D. Miss. Sept. 19, 2003)).  Lilly has filed a separate

Alternative Motion to Stay proceedings as an accompaniment to this Opposition.

V.    **PLAINTIFFS' AMENDMENT TO ADD NON-DIVERSE HEALTHCARE
      DEFENDANTS SHOULD NOT BE PERMITTED BECAUSE PLAINTIFFS'
      INTEREST IN ADDING THESE DEFENDANTS IS OUTWEIGHED BY
      DEFENDANTS' INTEREST IN MAINTAINING A FEDERAL FORUM**

This action was removed to this Court based upon diversity jurisdiction.  The

Court should reject Plaintiffs' post-removal amendment to add non-resident healthcare

Defendants because the purpose of these amendments is to defeat diversity jurisdiction and

deprive the properly joined, non-resident Defendants of their right to a federal forum.

Contrary to Plaintiffs' suggestion, the addition of a non-diverse Defendant after

removal is not governed by Federal Rule 15(a).  Rather, this situation is governed by 28 U.S.C. §

1447(e).  In that statutory provision, Congress gave federal district courts the discretion to deny

joinder of a non-diverse party where the joined party would destroy diversity jurisdiction:

> If after removal the plaintiff seeks to join additional defendants whose joinder
> would destroy subject matter jurisdiction, the court may deny joinder, or permit
> joinder and remand the action to State court.

Thus, the Court's ruling on whether it will permit Plaintiffs' First Amended

Complaint is discretionary, and it must take into account the original Defendants' interest in their

choice of forum. *See Perry v. Hartford Ins. Co.*, 196 F. Supp. 2d 447, 449 (E.D. Tex. 2002). This situation was addressed by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987)[3]. There, the Court held that "[t]he district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Id.* at 1182. *See also Sharp v. Kmart Corp.*, 991 F. Supp. 519, 521 (M.D. La. 1998) ("the right to freely amend set forth in Rule 15 of the Federal Rules of Civil Procedure does not apply where a party seeks to add a non-diverse party in a removed case.").

In deciding whether to allow a post-removal amendment that destroys diversity, the district court must consider a number of factors to balance the interest of the defendants in maintaining a federal forum, with the competing interest of avoiding parallel law suits. *Hensgens*, 833 F. Supp. at 1182. "For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 1182. The Court should then "balance the equities" to determine if amendment should be allowed. *Id.* As explained below, when the above factors are taken into consideration, it is clear that in the instant case, the Defendants' interest in maintaining a federal forum strongly outweighs the competing interest of Plaintiffs in adding the healthcare defendants to this action, and Plaintiffs' First Amended Complaint should therefore be stricken.

---

[3]    *Hensgens* was decided prior to the enactment of § 1447 (e), but the Fifth Circuit has recently suggested that the Hensgens approach is still good law. *See Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275-76 (5th Cir. 1990).

**A.**    **The Purpose of Plaintiffs' Amendments to Add Non-Diverse Defendants is to Defeat Diversity Jurisdiction**

The Court should first consider whether the primary purpose of the amendment is to defeat federal jurisdiction. *See Perry*, 196 F. Supp. 2d at 449. Here, there can be no doubt that Plaintiffs' primary, if not sole, purpose in seeking to join the in-state healthcare Defendants, ABC Pediatrics and Yogesh Trakru, is to defeat the removal jurisdiction of this Court. Indeed, Plaintiffs' Original Petition alleged that the vaccines received by the minor children "were administered by Defendants City of Laredo Health Department and City of Laredo." Original Petition, p. 9. Alleging now that *different Defendants* were responsible for the vaccines' administration leads to only one conclusion: the amendment is for the primary purpose of destroying federal jurisdiction. Furthermore, Plaintiffs' claim that they are merely substituting a named Defendant for a "John Doe" Defendant named in their Original Petition is simply false. Motion to Remand, at 3. Plaintiffs' Original Petition did not name any "John Doe" non-diverse healthcare Defendants. Rather, as noted above, Plaintiffs alleged that the City of Laredo was the proper Defendant, and only changed their allegations in response to Lilly's fraudulent joinder argument.

**B.**    **The Healthcare Defendants Are Not Indispensable Parties Under Federal Rule 19**

Whether or not a non-diverse party sought to be added following removal is an "indispensable" party to the action, pursuant to Fed. R. Civ. P. 19(b), is another factor courts have considered in determining if such an amendment should be permitted. *See Hensgens*, 833 F.2d at 1182 (rejecting the notion that decision to allow amendment is determined solely by whether or not party is indispensable, but acknowledging that it is a factor to be considered in the

court's analysis); *Miller*, 771 F. Supp. at 1172 (noting in the analysis that the proposed party is not indispensable within the meaning of Rule 19); *Whalen v. Carter*, 954 F.2d 1087 (5th Cir. 1992).

According to Rule 19(b), a party is indispensable if a court cannot proceed without that party "in equity and good conscience." *Whalen*, 954 F.2d at 1096 (citations omitted). Factors to be considered by the Court in determining whether or not a party is indispensable include: (1) to what extent a judgment rendered in the party's absence might prejudice that party or existing parties; (2) the extent to which that prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether a plaintiff will have an adequate remedy if the party is not joined. Fed. R. Civ. P. 19 (b).

When applied to this action, it is clear that this Court can proceed "in equity and good conscience" without the addition of the healthcare defendants. As asserted in Plaintiffs' First Amended Complaint, any claims Plaintiffs may have against the healthcare Defendants involve different facts, different causes of action, different defenses and different evidence than their claims against all other Defendants. *See* First Amended Complaint, ¶¶ 6.7 – 6.9. Plaintiffs assert negligence, lack of informed consent, and fraudulent concealment claims against the healthcare Defendants. Plaintiffs' Motion to Remand at pp. 5-6. Proving these allegations against the healthcare Defendants will necessarily require the development and presentation of evidence that has no bearing whatsoever on Plaintiffs' claims against the remaining Defendants.

**C.     Plaintiffs Would Not Be Significantly Injured If Amendment Not Allowed**

Another factor to consider in determining whether or not Plaintiffs should be allowed to amend their Original Petition to add a non-diverse party, and thus divest this Court of diversity jurisdiction, is whether Plaintiffs would be significantly injured if the amendment is not

allowed.  *Hensgens*, 833 F.2d at 1182.  As noted above and in Lilly's Motion to Dismiss, Plaintiffs' vaccine-related claims against the current Defendants must be dismissed to first be brought in the U.S. Court of Federal Claims.  Once Plaintiffs have successfully proceeded through that forum, they will be able to refile claims, including claims against the healthcare Defendants, in a proper court of their choosing.

On the other hand, the current Defendants would be prejudiced if Plaintiffs are allowed to amend their Petition to add the non-diverse healthcare defendants because Defendants would lose access to a federal forum.  Taking this into consideration, along with the Plaintiffs' apparent motivation of depriving this Court of diversity jurisdiction, as well as the fact that the healthcare defendants are not indispensable under Rule 19, it is clear that any interest the Plaintiffs may have in adding the non-diverse healthcare Defendants to this action is outweighed by the Defendants' interest in maintaining the federal forum.  As such, the balancing of the equities called for by the Fifth Circuit in *Hensgens* requires that Plaintiffs' First Amended Complaint be stricken from the record.

## CONCLUSION

For all of these reasons, the Texas citizenship of both the newly added non-diverse healthcare Defendants and Defendant Oribi must be disregarded.  Consequently, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441, and Plaintiffs' Motion to Remand must be denied.

Respectfully submitted,

By: _____

    M. SCOTT MICHELMAN
    Attorney-in-Charge
    SBN: 00797075
    Southern District of TX ID No. 20802
    SHOOK, HARDY & BACON L.L.P.
    600 Travis, Suite 1600
    Houston, TX  77002-2911
    Telephone:    713/227-8008
    Telefax:    713/227-9508

    ATTORNEYS FOR DEFENDANT
    ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
JEFFERY A. KRUSE
MO State Bar No. 45482
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:    816/474-6550
Telefax:    816/421-554

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 17th day of January, 2004 as indicated below:

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX 78401 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX 76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX 75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX 78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift, Currie, McGhee & Hiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA 30309-3238 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| R. Jo Reser<br>Davidson & Troilo, P.C.<br>7550 W. IH-10, Suite 800<br>San Antonio, TX 78229-5815 | | U.S. 1st Class Mail |
| Miguel Wise<br>Miguel Wise, P.C.<br>134 West 5th Street<br>Weslaco, TX 78596 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX 75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX  79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX  77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Gene M. Williams<br>Mehaffy-Weber<br>2615 Calder Avenue<br>Post Office Box 16<br>Beaumont, TX  77704<br><br>Lee Davis Thames/Donna Jacobs<br>Butler, Snow, O'Mara, Stevens & Cannada<br>Post Office Box 22567<br>Jackson, MS  39225-2567 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail<br><br><br><br>U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX  77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

17

1363599v1

# EXHIBIT 3



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 6 2004

Michael N. Milby
Clerk of Court

MANUEL TORRES and DOMINGA     §
TORRES, Individually and as Next Friend of   §
DEREK TORRES, et al.,          §
                    Plaintiffs,    §
                                §          Civil Action No: 03-CV-222
v.                              §
                                §
AMERICAN HOME PRODUCTS, et al.,   §
                    Defendants.    §

**DEFENDANT ELI LILLY AND COMPANY'S SURREPLY
IN SUPPORT OF ITS OPPOSITION TO REMAND**

Defendant Eli Lilly and Company ("Lilly") hereby submits this Surreply in

Support of Its Opposition to Plaintiffs' Motion to Remand and would show the Court as follows:

**I.    THE FRAUDULENT JOINDER STANDARD**

Plaintiffs continue to maintain that this Court must remand unless Defendants can

establish that there is "no possibility" that a state court could find their Complaint states a cause

of action against the in-state defendants.   Reply to Eli Lilly and Company's Opposition to

Remand, at 6.   As previously articulated by Lilly in its Opposition to Remand, "[t]his possibility,

however, must be **reasonable**, not merely theoretical."   *Great Plains Trust Co. v. Morgan

Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).   The Fifth Circuit has made it

unmistakably clear that remand is required only if there is "a reasonable basis for predicting that

the state law might impose liability" on the in-state defendant.   *Travis v. Irby*, 326 F.3d 644, 648

(5th Cir. 2003).

## II.    THERE IS NO REASONABLE POSSIBILITY THAT PLAINTIFFS WILL BE ABLE TO ESTABLISH LIABILITY AGAINST ORIBI

Lilly has demonstrated that the only non-diverse defendant named in Plaintiffs' Original Complaint, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists ("Oribi"), is fraudulently joined.[1] In support of Lilly's Notice of Removal, John Rains, President of Oribi, submitted an affidavit establishing that Oribi has never supplied the vaccine component thimerosal to the vaccine manufacturers named in this case. *See* Notice of Removal, Exhibit H. Subsequently, in Lilly's Opposition to Remand, Lilly attached another affidavit further describing Oribi's non-involvement. *See* Opposition to Remand, Exhibit A.

Plaintiffs have failed to provide any facts whatsoever which contradict this sworn testimony. In fact, in four identical cases pending before the Southern District of Texas, Corpus Christi Division, complaints were filed alleging, word-for-word, identical claims against Oribi. In response to these allegations, defendants provided that court with affidavits identical to those provided here. After all briefing was complete, oral argument was held on February 10, 2004. At that hearing, Plaintiffs' counsel conceded that they could not state a claim against Oribi and orally dismissed them from all four cases. *See Cassidy v. American Home Products*, No. C-03-573, slip op. at p. 1 (S.D. Tex. Feb. 12, 2004); *Lucio v. American Home Products*, No. 03-CV-520, slip op. at p. 1 (S.D. Tex. Feb. 12, 2004); *Mast v. American Home Products*, No. 03-CV-516, slip op. at p. 1 (S.D. Tex. Feb. 12, 2004); *Perez v. American Home Products*, No. 03-CV-

---

[1]    Plaintiffs also include allegations against the City of Laredo in their Original Complaint, but fail to properly include the City as a defendant. Without waiving any argument that the City was not properly named, Lilly addresses the fraudulent joinder of the City in order to further demonstrate the lack of merit in Plaintiffs' Motion to Remand.

519, slip op. at p. 1 (S.D. Tex. Feb. 12, 2004) (Orders attached as **Exhibit A**). Based on these concessions, plaintiffs withdrew their motions to remand in *Mast* and *Perez*. *Id.*

Despite the fact that this case involves identical claims against Oribi, has identical affidavits on file, involves the same theories of liability and is brought by the same counsel, Plaintiffs surprisingly argue in their motion to remand that the affidavit of John Rains does not negate the possibility that Oribi was part of a specific chain of distribution and does not state that Oribi never distributed thimerosal to individual healthcare providers or healthcare clinics. *See* Motion to Remand at pp. 6-7. But Plaintiffs' Original Complaint did not allege that a healthcare provider gave the minor children thimerosal except in connection with a vaccine. Moreover, Plaintiffs' Complaint does not allege that Oribi somehow supplied thimerosal to a healthcare provider; rather, it alleges that Oribi either (1) distributed a component part (*i.e.*, thimerosal) to a vaccine manufacturer; or (2) distributed a thimerosal-containing vaccine. The two affidavits John Rains has provided completely negate both of these allegations. *See* Affidavit of John Rains, attached as Exhibit H to Lilly's Notice of Removal, and Supplemental Affidavit of John Rains, attached as Exhibit A to Lilly's Opposition to Remand. Because the sworn testimony, along with Plaintiffs' actions in similar cases, eliminate even a "reasonable possibility of recovery" against Oribi, Lilly has established that Oribi has been fraudulently joined.

III.  **PLAINTIFFS' CLAIMS AGAINST THE CITY OF LAREDO ARE FRAUDULENT BECAUSE THEY ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY**

Plaintiffs seek to amend their Original Complaint to drop the City of Laredo and add certain Healthcare Defendants. Lilly has opposed this action in its Motion to Strike. Should this Court grant Lilly's Motion to Strike, the City of Laredo will still be fraudulently joined in

Plaintiffs' Original Complaint, and should therefore be disregarded for purposes of determining diversity.[2]

**A.      Plaintiffs' claims are barred by the doctrine of sovereign immunity.**

As set forth in Lilly's Notice of Removal, the City of Laredo was fraudulently joined because Plaintiffs' claims against the City are barred by the doctrine of sovereign immunity. *See* Lilly's Notice of Removal, ¶ 13. Rather than address this argument, Plaintiffs have sought to drop the City as a Defendant in their First Amended Complaint, and have attempted to add the Healthcare Defendants in its stead. Removal jurisdiction, however, must be based on the allegations "in the state court petition **as they existed at the time of removal**," *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (emphasis added), and "a complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).[3]

The City of Laredo was fraudulently joined as Plaintiffs had no reasonable possibility of recovering against the City. A state entity such as the City of Laredo "is immune from liability for its governmental functions unless that immunity is specifically waived." *City*

---

[2]      Should the Court deny Lilly's Motion to Strike and allow the amendment, the non-diverse defendants are still fraudulently joined such that remand should be denied. *See* Lilly's Opposition to Plaintiffs' Motion to Remand. The Healthcare Defendants are fraudulently joined because the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-1, *et seq.*, requires that claims against the alleged administrators of vaccines be first filed in the Court of Federal Claims. *See* Lilly's Opposition to Plaintiffs' Motion to Remand. Furthermore, Plaintiffs' claims against the Healthcare Defendants also fail under the Medical Liability and Insurance Improvement Act, Tex. Rev. Civ. Stat. Ann. Art. 4590i. *See Jones v. American Home Prods. Corp.*, Case No. 1:03-CV-657 (E.D. Tex. Feb. 13, 2004), attached as **Exhibit B.**

[3]      *See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (same). *See also Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 699 (S.D. Tex. 2002) ("When considering the propriety of subject matter jurisdiction in the context of a motion to remand, a district court must consider the claims in the plaintiff's state court petition as they existed at the time of removal."); *Castellanos v. Bridgestone Corp.*, 215 F. Supp. 2d 862, 867 (S.D. Tex. 2002) (same).

*of El Paso v. Hernandez*, 16 S.W.3d 409, 414 (Tex. Ct. App. 2000). As such, the City of

Laredo's citizenship must be disregarded in determining diversity jurisdiction.

**B.    Plaintiffs Have Failed To Address Whether They Have Provided The Required Notice**

Plaintiffs have argued that their claims are permissible because they fall within

the limited wavier of sovereign immunity set forth in the Texas Tort Claims Act ("TTCA").[4]

Plaintiffs' Reply at pp. 7-10. However, to invoke this limited waiver, Plaintiffs were required to

have provided the City with formal, written notice of their claims within six months of the

alleged dates of injury of the minor children. Tex. Civ. Prac. & Rem. Code § 101.101(a) (2003).

Plaintiffs have never alleged that they complied with this mandatory prerequisite anywhere in

their Original Complaint, Plaintiffs' First Amended Complaint or in Plaintiffs' Motion to

Remand. Thus, the logical conclusion is that they have provided no such notice. As compliance

with this notice requirement is a mandatory "prerequisite to a waiver of sovereign immunity,"

failure to comply with the requirement "precludes the waiver of sovereign immunity from suit."

*Nat'l Sports & Spirit, Inc. v. University of North Texas*, 117 S.W.3d 76, 79 (Tex. Ct. App. 2003).

**C.    Plaintiffs Have Not Pled A Set Of Facts Whereby They Can Demonstrate A Waiver Of Sovereign Immunity**

A governmental entity "is immune from liability for its governmental functions

unless that immunity is specifically waived." *City of El Paso v. Hernandez*, 16 S.W.3d 409, 414

(Tex. Ct. App. 2000). Plaintiffs focus their entire argument on a provision of the TTCA which

allows for the waiver of sovereign immunity for "personal injury and death so caused by a

condition or use of tangible personal or real property." Tex. Civ. Prac. & Rem. Code § 101.021

---

[4]    Plaintiffs actually argue that the doctrine of sovereign immunity does not apply to their claims against the Healthcare Defendants because the immunity has been waived. Plaintiffs' Reply to Lilly's Opposition to Remand at pp. 7-10. Lilly has not, however, asserted the sovereign immunity argument in relation to these defendants. Plaintiffs fail to address this argument as it applies to the City of Laredo, apparently having abandoned those claims.

(2003). Plaintiffs assert that their injuries from routine childhood vaccinations constitute injuries arising out of conditions or the use of personal property, in that the needles used, and the vaccines themselves, are "personal property." Plaintiffs' Reply, pp. 7-10. However, Plaintiffs have failed to provide this Court with any authority which would support stretching this limited exception to cover the claims in this case. Plaintiffs rely heavily on *San Antonio State Hospital v. Cowan*, ___ S.W.3d ___ (Tex. Jan. 9, 2004) (attached to Plaintiffs' Reply as Exhibit A). That case simply notes that the TTCA allows for the limited waiver of sovereign immunity in certain circumstances, and then determines that the waiver does not apply. *See id.*

Plaintiffs' first argument concerning sovereign immunity is that their injuries were caused by the "use of personal property" because a needle or syringe was used to administer the vaccines they received. This argument fails as a matter of Texas law. "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dallas County Mental Health v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). The cases which discuss the limited "use of personal property" waiver of the TTCA discuss governmental **misuse** or **negligent** use of property. *See* Opposition to Remand, at 6. Here, Plaintiffs make no allegation that they were injured by the incorrect use of a needle or syringe. Rather, the tangential involvement of the needle was simply as a means of administering the vaccines of which Plaintiffs' complain. Plaintiffs' true claim, as set forth in their Complaint, is that their injuries resulted from the governmental entities' "fail[ure] to disclose" information to Plaintiffs regarding thimerosal. Original Complaint at p. 9. The Supreme Court of Texas has held, in the context of a patient's personal medical records, that the "State has not waived immunity from liability for negligence involving the use, misuse, or nonuse of medical information." *University of Texas Medical Branch v. York*, 871 S.W.2d 175, 176 (Tex. 1994).

Logically then, Plaintiffs' claims are not within the limited conduct which justifies waiver of the doctrine of sovereign immunity as they seek to impose liability relating to an alleged failure to inform, not a misuse of personal property.

Plaintiffs' second argument is that their injuries were caused by the "use of personal property" because the vaccines themselves are the "personal property" which was used. Plaintiffs' Reply at pp. 7-10. Even aside from the problem of defining a vaccine serum to be administered in bulk to the public as the government's "personal property," Plaintiffs have failed to distinguish this claim from similar cases in which Texas courts have consistently found no waiver of sovereign immunity. *See, e.g., Nat'l Sports & Spirit, Inc. v. University of North Texas*, 117 S.W.3d 76 (Tex. Ct. App. 2003) (holding no waiver of sovereign immunity by university for providing allegedly contaminated food and ice); *Lloyd v. Eco Resources, Inc.*, 956 S.W.2d 110 (Tex. Ct. App. 1997) (holding no waiver of sovereign immunity by municipality for providing allegedly corrosive water through water utility).

There is no waiver of sovereign immunity for discretionary acts of the government. *Lloyd*, 956 S.W.2d at 124; *see also* Tex. Civ. Prac. & Rem. Code § 101.056(2). In *Lloyd*, the court held that a municipality could not be sued for its decision not to use corrosion inhibitors in its water supply. *Id.* Sovereign immunity was not waived because the municipality's decision was an act of discretion, in that no statute mandated the addition of such inhibitors. *Id.* Sovereign immunity is not waived for injuries allegedly caused by "the formulating of policy." *City of El Paso v. W.E.B. Investments*, 950 S.W.2d 166, 170 (Tex. Ct. App. 1997). Rather, only alleged errors by government employees "carrying out that policy or order" waive sovereign immunity. *Id.* Here, as in *Lloyd*, there is no statute mandating a particular action with regard to its routine function. The City was free to choose to administer

thimerosal-containing vaccines as a part of its inoculation program. As Plaintiffs do not assert that any government employee deviated from this program with regard to Plaintiffs' vaccinations, there is no waiver of sovereign immunity.

## IV.    PLAINTIFFS' REPLY MISREPRESENTS THE FACTS IN *COLLINS V. AMERICAN HOME PRODUCTS CORPORATION.*

Plaintiffs assert that the facts in this case are identical to the facts in *Collins v. American Home Products Corp.*, 343 F.3d 765 (5th Cir. 2003). *See* Plaintiffs' Reply to Opposition to Remand at p. 11. This claim is absolutely wrong. Unlike in *Collins*, the basis of removal to federal court here is not a defense shared by the non-diverse defendant—Oribi, Inc.— and any of the diverse defendants. That is, the basis of removal is not an argument that the Vaccine Act bars claims against Oribi, Inc., but is, instead, the fact that Oribi, Inc. has never had a role in the manufacture, sale, or distribution of any vaccines or vaccine components. *See* Notice of Removal at pp. 3-4, and Oribi Affidavit at ¶¶ 3-4.[5]

Because Plaintiffs' attempt to add the non-diverse healthcare defendant comes *after the proper removal of this action to federal court*, the application of the Vaccine Act to claims against this non-diverse defendant has no bearing on the *propriety of the removal in the first instance.*[6] Of course, the propriety of the defendants' arguments *at the time of removal* was the sole issue addressed by the Fifth Circuit in *Collins*. *See Collins*, 343 F.3d at 768-69. Accordingly, and as more thoroughly set forth in Lilly's Opposition to Remand, which is incorporated by reference herein, the *Collins* decision is inapposite to this case and is neither final nor binding on this Court anyway. *See* Opposition to Remand at p. 8.

---

[5]    Furthermore, the City of Laredo is fraudulently joined based on the doctrine of sovereign immunity, which is also not a common defense shared by any non-diverse defendant.

[6]    Plaintiffs' First Amended Complaint should be stricken pursuant to 48 U.S.C. 1447(e). *See* Lilly's Motion to Strike Plaintiffs' First Amended Complaint, which is incorporated by reference herein.

1384305v1

## CONCLUSION

For all of these reasons, and the reasons expressed in Lilly's Notice of Removal and Opposition to Remand, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441, and Plaintiffs' Motion to Remand must be denied.

Respectfully submitted,

By: _____
M. SCOTT MICHELMAN
Attorney-in-Charge
SBN: 00797075
Southern District of TX ID No. 20802
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX   77002-2911
Telephone:     713/227-8008
Telefax:        713/227-9508

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
JEFFERY A. KRUSE
MO State Bar No. 45482
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO   64108
Telephone:     816/474-6550
Telefax:        816/421-554

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 25th day of February, 2004 as indicated below.

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX  78401 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX  76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX  75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX  78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Lisa Gaye Mann<br>Phillips & Akers, PC<br>3200 Southwest Freeway, Suite 3400<br>Houston, TX  77027 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift, Currie, McGhee & Hiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA  30309-3238 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX  75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

10

1384305v1

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX  79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX  77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Gene M. Williams<br>Mehaffy-Weber<br>2615 Calder Avenue<br>Post Office Box 16<br>Beaumont, TX  77704 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX  77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

1384305v1

11