# EXHIBIT 4

28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 0 2004

Michael N. Milby
Clerk of Court

MANUEL TORRES and DOMINGA          §
TORRES, Individually and as Next Friend of    §
DEREK TORRES, et al.,              §
                                   §
                                   §          Civil Action No: 03-CV-222
           Plaintiffs,             §
                                   §
v.                                 §
                                   §
AMERICAN HOME PRODUCTS, et al.,    §
                                   §
           Defendants.             §
                                   §

**DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Eli Lilly and Company ("Lilly") hereby submits this Motion to Strike

Plaintiffs' First Amended Complaint and would show the Court as follows:

1.      On August 29, 2003, Plaintiffs filed their Original Petition in the District

Court of Cameron County, Texas.

2.      Lilly removed this action to this Court because complete diversity exists

and the amount-in-controversy exceeds $75,000.  *See* Lilly's Notice of Removal.

3.      The Plaintiffs and Defendants named in Plaintiffs' Original Petition are

and were citizens of different states, except for Defendant Oribi, Inc., Individually and d/b/a

Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National

Association of Compounding Pharmacists ("Oribi") and the City of Laredo Health Department

and the City of Laredo ("City of Laredo"), which are Texas citizens.  No other Defendant named

in Plaintiffs' Original Petition is a citizen of the State of Texas.

4.     In its Notice of Removal, Lilly argued that the Texas citizenship of Oribi and the City of Laredo should be disregarded for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that Oribi and the City of Laredo are fraudulently joined Defendants and that there is no reasonable possibility that Plaintiffs will be able to establish liability against them. *See* Lilly's Notice of Removal.

5.     On December 29, 2003, Plaintiff filed a Motion to Remand.  On the same day, Plaintiffs filed their First Amended Complaint and added claims against new, non-diverse healthcare Defendants.

6.     As more thoroughly discussed in Lilly's Opposition to Remand, which is incorporated by reference herein, the addition of the resident healthcare Defendants in Plaintiffs' First Amended Complaint is nothing more than a blatant attempt to defeat diversity jurisdiction.

7.     This Court has discretion to deny the joinder of a non-diverse party where the joined party would destroy diversity jurisdiction. 28 U.S.C. § 1447(e); *See, e.g., Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

8.     Furthermore, Plaintiffs are unable to join the resident healthcare Defendants because vaccine administrators may not be joined in a civil suit prior to Plaintiffs proceeding with their claims in the U.S. Court of Federal Claims, pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1, *et seq.*

9.     For the reasons set out in defendant Lilly's Opposition to Remand, Plaintiffs' First Amended Complaint is not properly before the Court.

- 2 -

WHEREFORE, Lilly respectfully requests that the Court grant this Motion and strike Plaintiffs' First Amended Complaint.

Respectfully submitted,

By: _____

M. SCOTT MICHELMAN
Attorney-in-Charge
SBN: 00797075
Southern District of TX ID No. 20802
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX  77002-2911
Telephone:     713/227-8008
Telefax:        713/227-9508

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
JEFFERY A. KRUSE
MO State Bar No. 45482
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO   64108
Telephone:     816/474-6550
Telefax:        816/421-554

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Defendant Eli Lilly and Company ("Lilly") has attempted to confer with counsel for Plaintiffs regarding the disposition of the foregoing Motion. After several attempts, Lilly has been unable to contact Plaintiffs' counsel and therefore assumes that Plaintiffs oppose this Motion.

_____

M. SCOTT MICHELMAN

- 3 -

1363647v1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the ___17th___ day of January, 2004 as indicated below:

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX 78401 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX 76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX 75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX 78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift, Currie, McGhee & Hiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA 30309-3238 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| R. Jo Reser<br>Davidson & Troilo, P.C.<br>7550 W. IH-10, Suite 800<br>San Antonio, TX 78229-5815 | | U.S. 1st Class Mail |
| Miguel Wise<br>Miguel Wise, P.C.<br>134 West 5th Street<br>Weslaco, TX 78596 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX 75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

- 4 -

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX  79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX  77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Gene M. Williams<br>Mehaffy-Weber<br>2615 Calder Avenue<br>Post Office Box 16<br>Beaumont, TX  77704<br><br>Lee Davis Thames/Donna Jacobs<br>Butler, Snow, O'Mara, Stevens & Cannada<br>Post Office Box 22567<br>Jackson, MS  39225-2567 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail<br><br><br>U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX  77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

1363647v1

# EXHIBIT 5

45

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 6 2004

Michael N. Milby
Clerk of Court

MANUEL TORRES and DOMINGA      §
TORRES, Individually and as Next Friend of   §
DEREK TORRES, et al.,          §
                Plaintiffs,    §
                               §          Civil Action No: 03-CV-222
v.                             §
                               §
AMERICAN HOME PRODUCTS, et al.,  §
                Defendants.     §

## DEFENDANT ELI LILLY AND COMPANY'S
## REPLY IN SUPPORT OF ITS MOTION
## <u>TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

Defendant Eli Lilly and Company ("Lilly") hereby submits this Reply in Support

of its Motion to Strike Plaintiffs' First Amended Complaint and would show the Court as

follows:

1.      In its Notice of Removal, Lilly argued that the Texas citizenship of Oribi

and the City of Laredo[1] should be disregarded for purposes of determining diversity jurisdiction

under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that Oribi and the City of Laredo

are fraudulently joined Defendants and that there is no reasonable possibility that Plaintiffs will

be able to establish liability against them. *See* Lilly's Notice of Removal at ¶¶10-12; Lilly's

Motion to Remand; and Lilly's Surreply in Support of its Motion to Remand.

2.      On December 29, 2003, Plaintiffs filed a Motion to Remand. On the same

day, in a blatant attempt to defeat diversity, Plaintiffs filed their First Amended Complaint and

added claims against new, non-diverse healthcare Defendants.

---

[1]      Plaintiffs failed to properly name the City of Laredo as a defendant in their Original Complaint. Lilly
specifically does not waive any argument regarding the improper joinder of Laredo by addressing the
attempted fraudulent joinder in this pleading.

1388742v1

3.    As more fully explained in Lilly's Motion to Strike Plaintiff's First Amended Complaint and Opposition to Remand, this Court has discretion to deny the joinder of a non-diverse party where the joined party would destroy diversity jurisdiction. 28 U.S.C. § 1447(e); *See, e.g., Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir. 1987).

4.    On January 28, 2004, Plaintiffs filed their Response to Lilly's Motion to Strike their First Amended Complaint and Reply to Opposition to Remand and argued that F.R.C.P. 15(a) allows them to amend their complaint once as a matter of right.

5.    Contrary to Plaintiffs' assertions, the addition of a non-diverse defendant after removal is not governed by F.R.C.P. 15(a). *See Whitworth v. TNT Bestway Transportation, Inc.,* 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (applying 28 U.S.C. 1447(e) and denying leave to amend).

6.    Even if this Court determines that F.R.C.P. 15(e) applies, Plaintiffs' amendment should be denied as futile because the Healthcare Defendants Plaintiffs seek to add cannot survive a motion to dismiss. *See Briggs v. Mississippi,* Case No. 02-60737, 2003 WL 21134693 at *6 (5th Cir. June 2, 2003) (affirming district court's denial of plaintiffs' motion for leave to amend his complaint based on futility of amendment); *Becker v. Computer Sciences Corp.,* 541 F. Supp. 694, 699 (S.D. Tex. 1982) (denying motion for leave to amend complaint where amendment was futile). *See also* Lilly's Motion to Dismiss. Plaintiffs are unable to join the resident healthcare Defendants because vaccine administrators may not be joined in a civil suit prior to Plaintiffs proceeding with their claims in the U.S. Court of Federal Claims, pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1, *et seq.*

7.    For all of the reasons set out in Lilly's Opposition to Remand and Surreply in Opposition to Remand, Plaintiffs' First Amended Complaint is not properly before the Court.

WHEREFORE, Lilly respectfully requests that the Court grant its Motion and strike Plaintiffs' First Amended Complaint.

Respectfully submitted,

By:

    M. SCOTT MICHELMAN
    Attorney-in-Charge
    SBN: 00797075
    Southern District of TX ID No. 20802
    SHOOK, HARDY & BACON L.L.P.
    600 Travis, Suite 1600
    Houston, TX  77002-2911
    Telephone:    713/227-8008
    Telefax:    713/227-9508

    ATTORNEYS FOR DEFENDANT
    ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
JEFFERY A. KRUSE
MO State Bar No. 45482
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:    816/474-6550
Telefax:    816/421-554

1388742v1

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 25th day of February, 2004 as indicated below:

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Steve T. Hastings<br>Hastings & Alfaro<br>101 N. Shoreline Boulevard, Suite 430<br>Corpus Christi, TX 78401 | Plaintiffs, Manuel Torres and Dominga Torres, Individually and a/n/f of Derek Torres, et al. | Certified Mail,<br>Return Receipt Requested |
| Michael A. Simpson/Derrick S. Boyd<br>Simpson & Boyd, P.L.L.C.<br>Post Office Box 957<br>Decatur, TX 76234 | | U.S. 1st Class Mail |
| Greg McCarthy<br>Miller & McCarthy<br>3811 Turtle Creek Boulevard, Suite 1950<br>Dallas, TX 75219 | | U.S. 1st Class Mail |
| Michael R. Klatt/Susan E. Burnett<br>Jeffrey R. Lilly<br>Clark, Thomas & Winters<br>Post Office Box 1148<br>Austin, TX 78767 | Defendant, Wyeth, f/k/a American Home Products Corporation | U.S. 1st Class Mail |
| Lisa Gaye Mann<br>Phillips & Akers, PC<br>3200 Southwest Freeway, Suite 3400<br>Houston, TX 77027 | Defendant, Aventis Pasteur, Inc., Individually and as Successor in Interest to Connaught Laboratories, Inc., f/d/b/a Pasteur Merieux Connaught | U.S. 1st Class Mail |
| Bradley S. Wolff/M. Diane Owens<br>Swift, Currie, McGhee & Hiers, LLP<br>1355 Peachtree Street, N.E., Suite 300<br>Atlanta, GA 30309-3238 | | U.S. 1st Class Mail |
| David M. Macdonald<br>McCauley Macdonald & Devin, P.C.<br>1201 Elm Street, Suite 3800<br>Dallas, TX 75270-2014 | Defendant, Sigma-Aldrich, Inc. | U.S. 1st Class Mail |

1388742v1

| Attorney(s) | Counsel For: | Method of Service |
|---|---|---|
| Matthew H. Hand<br>Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 500<br>Post Office Box 9418<br>Amarillo, TX 79105-9418 | Defendant, Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists | U.S. 1st Class Mail |
| Jeffrey S. Wolff/Charles Jason Rother<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br><br>Stephanie A. Smith<br>Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, TX 78701 | Defendant, SmithKline Beecham Corp. | U.S. 1st Class Mail |
| Richard L. Josephson/Douglas Roberson<br>Baker & Botts LLP<br>910 Louisiana<br>Houston, TX 77002 | Defendant, Merck & Company, Inc. | U.S. 1st Class Mail |
| Gene M. Williams<br>Mehaffy-Weber<br>2615 Calder Avenue<br>Post Office Box 16<br>Beaumont, TX 77704 | Defendant, Baxter International, Inc. | U.S. 1st Class Mail |
| John Gilbert<br>Gilbert & Gilbert<br>222 North Velasco<br>Post Office Box 1819<br>Angleton, TX 77516 | Defendant, Dow Chemical Company | U.S. 1st Class Mail |

M. SCOTT MICHELMAN

# EXHIBIT 6



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GLEN ROBINSON AND CYNTHIA ROBINSON                    PLAINTIFFS

V.                                    CIVIL ACTION NO. 3:03-cv-1076 WS

AMERICAN HOME PRODUCTS d/b/a/ WYETH,
ET AL.                                                DEFENDANTS

### ORDER

Before this court are the motions of the defendants Merck & Company, Sigma-

Aldrich, and Donald Butts to dismiss the plaintiffs' complaint against them pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure which provides that a party may

move to dismiss an action for "failure to state a claim upon which relief may be

granted." Dismissal under Rule 12(b)(6) is not proper unless it appears, based solely

on the pleadings, that the plaintiff can prove no set of facts in support of the claim(s)

warranting relief. *See Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir. 1996).

Also before the court is the motion of the plaintiffs asking this court to remand this

lawsuit to the Circuit Court of Hinds County, Mississippi. Plaintiffs bring their motion to

remand under the authority of Title 28 U.S.C. § 1447(c).[1]

_____

[1]Title 28 U.S.C. § 1447 provides in pertinent part:  (c)  A motion to remand the case on
the basis of any defect other than subject matter jurisdiction must be made within 30 days after
the filing of the notice or removal under section 1446(a).  If at any time before final judgment it
appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
An order remanding the case may require payment of just costs and nay actual expenses
including attorney fees, incurred as a result of the removal.  A certified copy of the order of
remand shall be mailed by the clerk to the clerk of the State court.  The State court may
thereupon proceed with such case.

2

Plaintiffs here are Glen Robinson and Cynthia Robinson, the parents of Godfrey Robinson, a minor child. By this lawsuit filed in state court on September 5, 2002, plaintiffs sue the various manufacturers of childhood vaccines which contain the preservative Thimerosal;[2] the pharmaceutical companies that dispensed those vaccines; the physicians who prescribed them; and Central Mississippi Medical Center (CMMC) of Jackson, Mississippi. Plaintiffs, the defendant physicians, CMMC, and Clinic for Children, are all citizens of the State of Mississippi. Charging in their original Complaint that the minor plaintiff Godfrey Robinson now suffers from mercury poisoning resulting from the injections of childhood vaccines preserved with Thimerosal, the plaintiffs assert causes of action for strict liability, negligence, gross negligence, breach of implied warranty and medical malpractice under state law. Plaintiffs seek future costs and expenses relating to the medical treatment of Godfrey Robinson, lost wages, damages for emotional distress, and damages for loss of consortium. Plaintiffs also seek punitive damages and attorney fees.[3]

Plaintiffs' complaint alleges no specific claims under federal law. Moreover, the plaintiffs specifically deny that any part of this case is subject to the National Childhood Vaccine Injury Act, Title 42 U.S.C. § 300aa-11(2)(A),[4] referred to as the "Vaccine Act"

---

[2]Thimerosal is a mercury-containing organic compound which has been used widely as a preservative in a number of biological and drug products, including many vaccines, to help prevent potentially life threatening contamination from harmful microbes. *See United States Food & Drug Administration Vaccine Adverse Event Reporting System (VAERS).*

[3]The plaintiffs have not limited their claims against the vaccine manufacturers and administrators to any amount below $1000.00.

[4]Title 42 U.S.C. § 300aa-11(2)(A) provides in pertinent part that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages*

because, say plaintiffs, the substance Thimerosal is not covered by the Vaccine Act since it is an adulterant or contaminant intentionally added to the vaccines which allegedly injured Godfrey Robinson.

Thus, say plaintiffs, this court lacks subject matter jurisdiction either under diversity of citizenship, Title 28 U.S.C. § 1332,[5] or under Title 28 U.S.C. § 1331,[6] federal question jurisdiction, to exercise jurisdiction here.  Accordingly, say plaintiffs, this court should grant their motion for remand.

This lawsuit was removed to federal court by defendant Aventis Pasteur, Inc., pursuant to Title 28 U.S.C. § 1441(a).[7]  The other defendants have been served with process and unanimously have joined in this removal.  The defendants contend that this court has subject matter jurisdiction over this case under the authority of Title 28 U.S.C. § 1332, diversity of citizenship, on the basis that the non-diverse defendants, Dr. Donald Butts, Dr. Nancy Kilesch, CMMC, and Clinic for Children were fraudulently

---

arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition has been filed, in accordance with section 300aa-16 of this title, for compensation under the Program for such injury or death and -- (i)(I) the United States Court of Federal Claims has issued a judgment under section 300aa-12 of this title on such petition.

[5]Title 28 U.S.C. § 1332(a) provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; ..."

[6]Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[7]Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3

joined in order to defeat this court's subject matter jurisdiction. Referring to these defendants as the "doctor" and "hospital" defendants, defendants argue that these defendants have been improperly joined in this lawsuit because the plaintiffs' claims are governed by the provisions of Title 42 U.S.C.§ 300aa-1 *et seq.*, the Vaccine Act.

The defendants note that this case presents two sets of diverse defendants, as well as one set of non-diverse defendants. One group of diverse defendants, such as Sigma Aldrich, are manufacturers of Thimerosal, while the other group, namely Aventis Pasteur and Merck, manufactures vaccines. The non-diverse defendants are two pediatricians, a hospital and a clinic. The manufacturers of vaccines, the physicians, the hospital and the clinic, (administrators of vaccines) all claiming to be covered by the Vaccine Act, argue that the plaintiffs' claims against them first must be presented to the Federal Court of Claims (Vaccine Court) pursuant to the Vaccine Act.

## REMOVAL AND REMAND STANDARDS

Recently, in *Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL 2047314 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782), the United States Court of Appeals for the Fifth Circuit replaced the terms "fraudulent joinder" and "fraudulent misjoinder" with the term "improper joinder." The Court held that there is no improper joinder of an in-state defendant with a diverse defendant where a "common defense" precluding recovery would apply equally to dispose of the plaintiff's claims against all the defendants.

Under Title 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division

4

embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of improper joinder, formerly fraudulent joinder, "it has the burden of proving the improper basis for joinder (previously fraud)." *Laughlin*, 882 F.2d at 190; *Carriere v. Sears, Roebuck & Company*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish improper joinder, the removing party must prove: (1) that there was actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (citations omitted); *Burden v. General Dynamics Corporation*, 60 F.3d 213, 217 (5th Cir. 1995); *Cavallini v. State Farm Mutual Auto Ins. Company*, 44 F.3d 256, 259 (5th Cir.1995). This court can "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini*, 44 F.3d at 256. Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Board of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000) (finding that the "mere theoretical possibility of recovery under local law" does not preclude removal. Plaintiffs must show that there exists "a reasonable basis for predicting that state law

5

would allow recovery in order to preclude a finding of fraudulent joinder."). Finally, this court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42 (5th Cir. 1992).

In the instant case, the defendants contend that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendants. The defendants argue that the plaintiff's claims against them are governed by the Vaccine Act, and that the Act applies equally to the defendants who make vaccines, to the physicians, to the hospital and to the clinic. This leaves the defendants who make Thimerosal, and the defendants' assertion of jurisdictional basis is complete diversity between the plaintiffs and the defendants who make Thimerosal, after the Vaccine Act claims against the defendants who make vaccines, the physicians, the hospital and the clinic are dismissed.

This court first shall address the scope of the Vaccine Act, and then the matter of diversity jurisdiction and the *Smallwood* decision's impact on this case.

### THE VACCINE ACT

Specifically crafted for manufacturers and administrators of vaccine, the Vaccine Act establishes a no-fault compensation Program, designed to curb the time and expense of traditional tort litigation. Congress envisioned a system where awards to an injured vaccinee or a person suing on the vaccinee's behalf were to be "made quickly, easily, and with certainty and generosity." *Knudsen v. Secretary of HHS*, 35

6

F.3d 543, 549 (Fed.Cir. 1994) (quoting H.R.Rep. No. 99-908, at 3, reprinted in 1986

U.S.C.C.A.N. 6344, 6344). *See also Shalala v. Whitecotton*, 514 U.S. 268, 270, 115

S.Ct. 1477, 131 L.Ed.2d 374 (1995).

The Vaccine Act directs an individual who is injured by a vaccine to file a

Program petition in the Federal Court of Claims against the United States government,

namely the Secretary for the Department of Health and Human Services, rather than

against the vaccine manufacturers who provide the vaccines to doctors, and against

hospitals who administer the vaccines. As the Federal Circuit recognized, the Vaccine

Program "stems from Congress's recognition that '[w]hile most of the Nation's children

enjoy great benefit from immunization programs, a small but significant number have

been gravely injured.'" *Knudsen*, 35 F.3d at 549 (quoting H.R.Rep. No. 99-908, at 4,

reprinted in 1986 U.S.C.C.A.N. at 6345). All persons alleging a vaccine-related injury

are entitled to take advantage of the Program's "streamlined" process.

Significantly, the Vaccine Act prohibits a victim of a vaccine-related injury or

death from filing a civil action for damages of more than $1,000 against a vaccine

manufacturer or an administrator unless the victim first files a petition in Vaccine Court

pursuant to the Vaccine Act. *See* Title 42 U.S.C. § 300aa-11(a)(2)(A).[8] If the victim of

---

[8]Title 42 U.S.C. § 300aa-11(a)(2)(A) provides that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988 ... ."

7

a vaccine-related injury or death first files a civil action in either state or federal court,

"the court shall dismiss the action." Title 42 U.S.C. § 300aa(a)(2)(B)[9] and § 11(a)(3).[10]

The plaintiffs' complaint refers to Thimerosal as an adulterant or contaminant, a

substance not covered by the Vaccine Act. This court disagrees for the reasons that

follow.

### THE THIMEROSAL CLAIMS ARE VACCINE RELATED

Federal courts addressing this issue have decided that Thimerosal is not an

"adulterant" or "contaminant" within the meaning of the Vaccine Act and, therefore,

lawsuits for injuries allegedly resulting from the use of Thimerosal in vaccines are not

excluded from being heard by special masters in the United States Court of Federal

Claims. *See, e.g., Liu v. Aventis Pasteur, Inc.*, 219 F.Supp.2d 762 (W.D. Tex. 2002);

*Owens v. American Home Products Corporation*, 203 F.Supp.2d 748 (S.D. Tex. May

7, 2002); *O'Connell v. American Home Products Corporation*, No. G-02-184, slip op.

(S.D. Tex. May 7, 2002). *See also Bertrand v. Aventis Pasteur, Labs., Inc.*, 2002 WL

31194226, at *5-*6 (D.Ariz. Sept. 23, 2002) (declining to resolve whether Thimerosal is

an adulterant or contaminant, but noting that "every federal court to have ruled on the

issue has held that injuries resulting from Thimerosal contained in vaccines are

---

[9]Title 42 U.S.C. § 300aa-11(a)(2)(B) provides in part that "[i]f a civil action which is
barred under subparagraph (A) is filed in a State or Federal court, the court shall dismiss the
action."

[10]Section 11(a)(3) provides that "[n]o vaccine administrator or manufacturer may be
made a party to a civil action (other than a civil action which may be brought under paragraph
(2)) for damages for a vaccine-related injury or death associated with the administration of a
vaccine after October 1, 1988."

vaccine-related under the meaning of the Act");  *Blackmon v. American Home Products Corporation*, No. G-02-179, slip op. (S.D. Tex. May 8, 2002), which holds that Thimerosal cases are vaccine-related cases under the meaning of the Vaccine Act;  and *Collins v. American Home Products Corporation*, No. 01-979, slip op. (S.D. Miss. Aug.1, 2002), dismissing the plaintiffs' Thimerosal claims because Autism Order # 1 'foreclose[d] any reasonable possibility that the plaintiffs had stated a cognizable claim against the resident defendants); *McDonald v. Abbott Labs.*, No. 02-77, slip op. (S.D. Miss. Aug. 1, 2002);  and *Stewart v. American Home Products Corporation*, No. 02-427, slip op. (S.D. Miss. Aug. 1, 2002), cases holding that claims arising from Thimerosal are covered by the Vaccine Act;  and *Chiles v. American Home Products Corporation*, 2003 WL 22287527 (N.D. Tex.), holding that the Thimerosal claims asserted on behalf of the minor plaintiffs were "vaccine-related injuries" which had to be pursued in accordance with the Vaccine Act, Title 42 U.S.C. § 300aa-11(a)(2)(A), citing *Owens ex rel. Schafer v. American Home Products*, 203 F.Supp.2d at 754-56.

The *Owens* court observed that the Federal Drug Administration has long recognized that preservatives such as Thimerosal are "constituent materials" of vaccines, citing 21 C.F.R. § 610.15 (indicating that constituents of biological materials include ingredients, preservatives, diluents and adjuvants).  That Thimerosal is not mentioned by name in the regulation, said the *Owens* court, does not necessarily exclude it as an acceptable additive or as a component of the vaccine preparation.  *Id.*, 203 F.Supp.2d at 755, n. 10.

The Federal Court of Claims has stated that the legislative history of the Vaccine Act supports the finding that Congress intended injuries allegedly related to

9

Thimerosal be brought under the "Program" provided by the statute for informal hearings before a Federal Court of Claims. *Leroy v. Secretary of Department of Health and Human Services*, 2002 WL 31730680 (Fed. Cl. Oct. 11, 2002). In *Leroy*, the Secretary of Health and Human Services successfully argued that, "[g]iven the congressional purpose of channeling liability for vaccine injuries to the Program and the fact the vaccines chosen for coverage contained Thimerosal, it is incongruous to argue that at the same time Congress extended coverage to these vaccines, it intended to define away that coverage for any injury related to Thimerosal." *Id.*

Other courts addressing the same issue have concluded that claims of injuries resulting from Thimerosal are vaccine related. *See Wax v. Aventis Pasteur Inc.*, 240 F.Supp.2d 191 (E.D. N.Y. 2002) (upholding the determination of the Secretary of Health and Human Services that the preservative Thimerosal was not adulterant to or contaminant of vaccines, and that individuals claiming Thimerosal in vaccines caused their autism were required under the Vaccine Act to present their claims to the Vaccine Court before pursuing any other civil litigation; Public Health Service Act, §§ 2111(a)(2)(A), 2133(5), as amended, Title 42 U.S.C. §§ 300aa-11(a)(2)(A), 300aa-33(5); 21 C.F.R. § 610.15). In *Murphy v. Aventis Pasteur, Inc.*, 270 F.Supp.2d 1368 (N.D. Ga. 2003), the district court concluded that whenever a civil action is brought in violation of Title 42 U.S.C. § 300aa-11(a)(2)(A), which provides that no person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a state or federal court for damages arising from a vaccine-related injury or death, the presiding court "shall dismiss the action." *Id.*, at 1375-76.

10

So, in the instant case, the plaintiffs' claims against the vaccine manufacturers such as Aventis Pastuer, Inc., and Merck & Company, Inc., are subject to the Vaccine Act, as are the plaintiffs' claims against the non-diverse defendants Dr. Donald Butts, Dr. Nancy Kliesch, CMMC, and Clinc for Children.

The remaining defendants who manufacture or distribute Thimerosal are parties of diverse citizenship to the plaintiffs. Thus, the plaintiffs claims against them properly are removed to federal court pursuant to Title 28 U.S.C. § 1332. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (all defendants must be of diverse citizenship from the plaintiff(s)). The requisite amount in controversy for this court's jurisdiction is present owing to the nature of this lawsuit even though the amount of the plaintiffs' damages claims is unspecified. Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Company*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Allstate Insurance Company v. Hilbun*, 692 F.Supp. 698, 701 (S.D. Miss. 1988).

### THE *SMALLWOOD* DECISION

In *Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL 2047314 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782), the Fifth Circuit upheld its previous conclusion reached in *Smallwood v. Illinois Central R. Co.*, 342 F.3d 400 (5th Cir. 2003), that there is no improper joinder of an in-state defendant with a diverse defendant where the showing that there is no reasonable basis for predicting that state law would allow

11

recovery against the in-state defendant applies equally to dispose of the plaintiff's

claims against all the defendants (common claim or defense).  The Fifth Circuit stated

as follows:

> ...[O]ur holding today is *narrow*.  It applies only in that limited
> range of cases where the allegation of improper joinder rests
> only on a showing that there is no reasonable basis for
> predicting that state law would allow recovery against the
> in-state defendant and that showing is *equally dispositive of
> all defendants*... (emphasis added).

*Smallwood v. Illinois Cent. R.R. Co.*, --- F.3d ---, 2004 WL 2047314 *5-*6 (5th Cir.

(Miss.) Sep 10, 2004) (NO. 02-60782).

In the instant case, the defendants' showing that there is no reasonable basis

for predicting that state law would allow recovery against the in-state defendant applies

only to the vaccine manufacturers and administrators, not to the manufacturers of

Thimerosal;  thus, the directive of *Smallwood* does not apply in this circumstance.

### CONCLUSION

Therefore, in accordance with the foregoing authority, this court hereby denies

the motion of the plaintiffs to remand this case to the Circuit Court of Hinds County,

Mississippi [**Docket No. 9-1**].  The plaintiff's claims against the vaccine

manufacturers, to wit, American Home Products, Aventis Pastuer and Merck &

Company, and the non-diverse defendants, namely Dr. Donald butts, Dr. Nancy

Kliesch, CMMC, and Clinic for Children, are subject to the Vaccine Act and are

dismissed.  Consequently, the motions of the defendants Merck & Company and Dr.

Donald Butts to dismiss [**Docket Nos. 4-1 and 6-1**] are granted *per force*, though not

12

necessarily for the reasons urged in those motions.  The motion of Sigma-Aldrich, Inc.,

to dismiss [Docket No. 5-1] is denied.


SO ORDERED AND ADJUDGED, this the ___30th___ day of

___September___, 2004.


CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:03-cv-1076WS
Order Denying Remand


13

B-03 CV 222

FILED

SEP 28 2004

J T NOBLIN CLERK

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MABEL ANNETTE HUGHES MCDONAL, ET AL                    PLAINTIFFS

V.                                    CIVIL ACTION NO. 3:02-cv-78WS

ABBOTT LABORATORIES, ET AL.                            DEFENDANTS

## ORDER

Before this court is the motion of the plaintiffs asking this court to remand this lawsuit to the Circuit Court of Hinds County, Mississippi. Plaintiffs bring their motion to remand under the authority of Title 28 U.S.C. § 1447(c).[1] Plaintiffs here are Mable Annette Hughes McDonal and Darryl A. McDonal, the parents of Jamielee Hughes McDonal, a minor child. By this lawsuit filed in state court on January 11, 2002, plaintiffs sue the various manufacturers of childhood vaccines which contain the preservative Thimerosal;[2] the pharmaceutical companies that dispensed those vaccines; the physicians who prescribed them; and River Oaks Hospital of Jackson, Mississippi. Plaintiffs, the defendant physicians, and River Oaks Hospital are all.

---

[1] Title 28 U.S.C. § 1447 provides in pertinent part: (c) A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and nay actual expenses including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

[2] Thimerosal is a mercury-containing organic compound which has been used widely as a preservative in a number of biological and drug products, including many vaccines, to help prevent potentially life threatening contamination from harmful microbes. *See* United States Food & Drug Administration Vaccine Adverse Event Reporting System (VAERS).

49

citizens of the State of Mississippi.  Charging in their First Amended Complaint that the

minor plaintiff Jamielee Hughes McDonal now suffers from mercury poisoning resulting

from the injections of childhood vaccines preserved with thimerosal, the plaintiffs

assert causes of action for strict liability, negligence, gross negligence, breach of

implied warranty and medical malpractice under state law.  Plaintiffs seek future costs

and expenses relating to the medical treatment of Jamielee Hughs McDonal, lost

wages, damages for emotional distress, and damages for loss of consortium.  Plaintiffs

also seek punitive damages and attorney fees.[3]

      Plaintiffs' complaint alleges no specific claims under federal law.  Moreover, the

plaintiffs specifically deny that any part of this case is subject to the National Childhood

Vaccine Injury Act, Title 42 U.S.C. § 300aa-11(2)(A)[4] referred to as the "Vaccine Act"

because, say plaintiffs, the substance Thimerosal is not covered by the Vaccine Act

since it is an adulterant or contaminant intentionally added to the vaccines which

allegedly injured Jamielee Hughes McDonal.

---

    [3]The plaintiffs have not limited their claims against the vaccine manufacturers and
administrators to any amount below $1000.00.

    [4]Title 42 U.S.C.  § 300aa-11(2)(A) provides in pertinent part that "[n]o person may bring
a civil action for damages in an amount greater than $1,000 or in an unspecified amount
*against a vaccine administrator or manufacturer in a State or Federal court for damages*
arising from a vaccine-related injury or death associated with the administration of a vaccine
after October 1, 1988, and no such court may award damages in an amount greater than
$1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition
has been filed, in accordance with section 300aa-16 of this title, for compensation under the
Program for such injury or death and -- (I)(I) the United States Court of Federal Claims has
issued a judgment under section 300aa-12 of this title on such petition.

Thus, say plaintiffs, this court lacks subject matter jurisdiction either under diversity of citizenship, Title 28 U.S.C. § 1332,[5] or under Title 28 U.S.C. § 1331[6], federal question jurisdiction, to exercise jurisdiction here.  Accordingly, say plaintiffs, this court should grant their motion for remand.

This lawsuit was removed to federal court by defendant Eli Lilly & Company pursuant to  Title 28 U.S.C. § 1441(a).[7]  Joining in this removal are the defendants Abbott Laboratories, Inc.;  Aventis Pastuer, Inc., individually and as successor to Connaught; Baxter International, Inc.;  SmithKline Beecham Corporation d/b/a GlaxoSmithKline;  Merck & Company, Inc.;  and Sigma Aldrich.  The non-diverse defendants Mitizi Ferguson, M.D.;  Leslie Lamar Jones, M.D.;  and River Oaks Hospital, did not join in the removal, an act not required since they are identified as fraudulently joined defendants.  *Tedder v. F.M.C. Corporation*, 590 F.2d 115, 117 (5th Cir. 1979) (noting that the citizenship of non-diverse defendants will be disregarded for purposes of determining removability).

The removing defendants contend that this court has subject matter jurisdiction over this case under the authority of Title 28 U.S.C. § 1332, diversity of citizenship, on

----

[5]Title 28 U.S.C. § 1332(a) provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; ..."

[6]Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[7]Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3

the basis that the non-diverse defendants, River Oaks Hospital and Drs. Ferguson and Jones, all residents of Mississippi, were fraudulently joined in order to defeat this court's subject matter jurisdiction. Other defendants, namely Wyeth, in all its various forms such as American Home Products, Wyeth-Ayerst etc., Emerck, GDL International, Inc., GlaxoSmithKline Belgium, King Pharmaceuticals, Medeve Pharmaceuticals, Inc., Spectrum Chemical Manufacturing Corporation, and Urquima, who were not served with process at the time of this removal, also did not join in the removal, which, say the removing defendants, is not required. *See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993); *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir. 1992); and *McKnight v. Illinois Cent. R.R.*, 967 F.Supp. 182, 185 n. 6 (E.D. La. 1997) (a defendant who has not been properly served need not consent to the notice of removal).

The removing defendants also contend that this court has subject matter jurisdiction over this case predicated on Title 28 U.S.C. § 1331, federal question, because the plaintiffs' claims are governed by the provisions of Title 42 U.S.C. § 300aa-1 *et seq.*, the Vaccine Act, at least with regard to the pediatricians, the hospital, and the manufacturers of vaccines, namely defendants Aventis Pasteur, GlaxoSmithKline, and Merck.

So, the instant case presents two sets of diverse defendants, and one set of non-diverse defendants. One group of diverse defendants, such as Eli Lilly and Sigma Aldrich, are manufacturers of Thimerosal, while the other group, namely Aventis Pasteur, GlaxoSmithKline, and Merck manufactures vaccines. The non-diverse defendants are two pediatricians and a hospital. Some of the plaintiffs' claims are

4

against vaccine manufacturers and administrators, while the rest of the plaintiffs'

claims are against the manufacturers of the preservative Thimerosal.  The

manufacturers of vaccines, the physicians and the hospital (administrators of

vaccines) all claiming to be covered by the Vaccine Act, contend that the plaintiffs'

claims against them must be presented to the Federal Court of Claims (Vaccine Court)

pursuant to the Vaccine Act.

The parties also have appeared for hearings before this court to address the

impact of the decision of the United States Court of Appeals for the Fifth Circuit in

*Smallwood v. Illinois Central R. Co.*, 342 F.3d 400 (5th Cir. 2003).  *Smallwood*

addresses an aspect of removal and remand jurisprudence.

### REMOVAL AND REMAND STANDARDS

Generally, "the remand of a case that has been removed to federal court is

governed by statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c)."

*Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993).  Section 1441(c) provides that,

"[w]henever a separate and independent claim or cause of action within the jurisdiction

conferred by section 1331 of this title [federal question jurisdiction], is joined with one

or more otherwise non-removable claims or causes of action, the entire case may be

removed and the district court may determine all issues therein, or, in its discretion,

may remand all matters in which state law predominates."  Section 1447(c) provides in

pertinent part that, "[a] motion to remand the case on the basis of any defect in

removal procedure must be made within 30 days after the filing of the notice of

removal under section 1446(a).  If at any time before final judgment it appears that the

district court lacks subject matter jurisdiction, the case shall be remanded.  These two

5

sections provide district courts with the general authority to remand a case over which there is no subject matter jurisdiction. *See Buchner*, 981 F.2d at 819.

In order to determine whether a case has been removed properly to federal court on the basis of federal question jurisdiction, this court examines plaintiff's complaint under the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Under that doctrine, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Of course, a plaintiff may choose to forgo federal claims in order to prevent removal. "The [well-pleaded complaint] rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "When a party has a choice between federal and state law claims, the party may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Medina v. Ramsey Steel Company*, 238 F.3d 674, 680 (5th Cir. 2001).

Whether on the basis for federal question or diversity, the removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Insurance Company*, 882 F.2d 187, 190 (5th Cir. 1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). Where the removing party alleges diversity of citizenship jurisdiction on the basis of improper joinder, it must prove the basis for improper joinder (formerly fraudulent joinder). *Laughlin*, 882 F.2d at 190;

6

*Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish improper joinder, the removing party must prove: (1) that there was actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (citations omitted); *Burden v. General Dynamics Corporation*, 60 F.3d 213, 217 (5th Cir. 1995); *Cavallini v. State Farm Mutual Auto Insurance Company*, 44 F.3d 256, 259 (5th Cir. 1995).

In order to determine the propriety of removal, this court may "pierce the pleadings" of the complaint and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini*, 44 F.3d at 256; *LeJeune v. Shell Oil Company*, 950 F.2d 267, 271 (5th Cir. 1992). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Board of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). *See also Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000) (finding that the "mere theoretical possibility of recovery under local law" does not preclude removal. "[T]here must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder."). Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

In *Smallwood v. Illinois Cent. R.R. Co.*, --- F.3d ---, 2004 WL 2047314 (5th Cir. (Miss.) Sep 10, 2004) (NO. 02-60782), the United States Court of Appeals for the Fifth

7

Circuit held that there is no improper joinder of an in-state defendant with a diverse defendant where the showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant applies equally to dispose of the plaintiff's claims against all the defendants (common claim or defense).

This court first shall address the scope of the Vaccine Act, and then the matter of *Smallwood's* impact on this case.

## THE VACCINE ACT

Specifically crafted for manufacturers and administrators of vaccine, the Vaccine Act establishes a no-fault compensation Program, designed to curb the time and expense of traditional tort litigation.  Congress envisioned a system where awards to an injured vaccinee or a person suing on the vaccinee's behalf were to be "made quickly, easily, and with certainty and generosity."  *Knudsen v. Secretary of HHS*, 35 F.3d 543, 549 (Fed.Cir. 1994) (quoting H.R.Rep. No. 99-908, at 3, reprinted in 1986 U.S.C.C.A.N. 6344, 6344).  *See also Shalala v. Whitecotton*, 514 U.S. 268, 270, 115 S.Ct. 1477, 131 L.Ed.2d 374 (1995).

The Vaccine Act directs an individual who is injured by a vaccine to file a Program petition in the Federal Court of Claims against the United States government, namely the Secretary for the Department of Health and Human Services, rather than against the vaccine manufacturers who provide the vaccines to doctors, and against hospitals who administer the vaccines.   As the Federal Circuit recognized, the Vaccine Program "stems from Congress's recognition that '[w]hile most of the Nation's children enjoy great benefit from immunization programs, a small but significant number have been gravely injured.'"  *Knudsen*, 35 F.3d at 549 (quoting H.R.Rep. No.

8

99-908, at 4, reprinted in 1986 U.S.C.C.A.N. at 6345). All persons alleging a vaccine-related injury are entitled to take advantage of the Program's "streamlined" process.

Significantly, the Vaccine Act prohibits a victim of a vaccine-related injury or death from filing a civil action for damages of more than $1,000 against a vaccine manufacturer or an administrator unless the victim first files a petition in Vaccine Court pursuant to the Vaccine Act. *See* Title 42 U.S.C. § 300aa-11(a)(2)(A).[8] If the victim of a vaccine-related injury or death first files a civil action in either state or federal court, "the court shall dismiss the action." Title 42 U.S.C. § 300aa(a)(2)(B)[9] and § 11(a)(3).[10]

The plaintiffs claim that since Thimerosal is an adulterant or contaminant, it is not covered by the Vaccine Act. This court disagrees for the reasons that follow.

### THE THIMEROSAL CLAIMS ARE VACCINE RELATED

Federal courts addressing this issue have decided that Thimerosal is not an "adulterant" or "contaminant" within the meaning of the Vaccine Act and, therefore,

---

[8]Title 42 U.S.C. § 300aa-11(a)(2)(A) provides that "[n]o person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988 ... ."

[9]Title 42 U.S.C. § 300aa-11(a)(2)(B) provides in part that "[i]f a civil action which is barred under subparagraph (A) is filed in a State or Federal court, the court shall dismiss the action."

[10]Section 11(a)(3) provides that "[n]o vaccine administrator or manufacturer may be made a party to a civil action (other than a civil action which may be brought under paragraph (2)) for damages for a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988."

9

lawsuits for injuries allegedly resulting from the use of Thimerosal in vaccines are not excluded from being heard by special masters in the United States Court of Federal Claims. *See, e.g., Liu v. Aventis Pasteur, Inc.*, 219 F.Supp.2d 762 (W.D. Tex. 2002); *Owens v. American Home Products Corporation*, 203 F.Supp.2d 748 (S.D. Tex. May 7, 2002); *O'Connell v. American Home Products Corporation*, No. G-02-184, slip op. (S.D. Tex. May 7, 2002). *See also Bertrand v. Aventis Pasteur, Labs., Inc.*, 2002 WL 31194226, at *5-*6 (D.Ariz. Sept. 23, 2002) (declining to resolve whether thimerosal is an adulterant or contaminant, but noting that "every federal court to have ruled on the issue has held that injuries resulting from Thimerosal contained in vaccines are vaccine-related under the meaning of the Act"); *Blackmon v. American Home Products Corporation*, No. G-02-179, slip op. (S.D. Tex. May 8, 2002), which holds that thimerosal cases are vaccine-related cases under the meaning of the Vaccine Act; and *Collins v. American Home Products Corporation*, No. 01-979, slip op. (S.D. Miss. Aug.1, 2002), dismissing the plaintiffs' thimerosal claims because Autism Order # 1 'foreclose[d] any reasonable possibility that the plaintiffs had stated a cognizable claim against the resident defendants); *McDonald v. Abbott Labs.*, No. 02-77, slip op. (S.D. Miss. Aug. 1, 2002); and *Stewart v. American Home Products Corporation*, No. 02-427, slip op. (S.D. Miss. Aug. 1, 2002), cases holding that claims arising from thimerosal are covered by the Vaccine Act; and *Chiles v. American Home Products Corporation*, 2003 WL 22287527 (N.D. Tex.), holding that the thimerosal claims asserted on behalf of the minor plaintiffs were "vaccine-related injuries" which had to be pursued in accordance with the Vaccine Act, Title 42 U.S.C. § 300aa-11(a)(2)(A), citing *Owens ex rel. Schafer v. American Home Products*, 203 F.Supp.2d at 754-56.

The *Owens* court noted that the Federal Drug Administration has long recognized that preservatives such as thimerosal are "constituent materials" of vaccines, citing 21 C.F.R. § 610.15 (indicating that constituents of biological materials include ingredients, preservatives, diluents and adjuvants). That thimerosal is not mentioned by name in the regulation, said the *Owens* court, does not necessarily exclude it as an acceptable additive or as a component of the vaccine preparation. *Id.*, 203 F.Supp.2d at 755, n. 10.

The Federal Court of Claims has noted that the legislative history of the Vaccine Act supports the finding that Congress intended injuries allegedly related to thimerosal be brought under the "Program" provided by the statute for informal hearings before a Federal Court of Claims. *Leroy v. Secretary of Department of Health and Human Services*, 2002 WL 31730680 (Fed. Cl. Oct. 11, 2002). In *Leroy*, the Secretary of Health and Human Services successfully argued that, "[g]iven the congressional purpose of channeling liability for vaccine injuries to the Program and the fact the vaccines chosen for coverage contained thimerosal, it is incongruous to argue that at the same time Congress extended coverage to these vaccines, it intended to define away that coverage for any injury related to thimerosal." *Id.*

Other courts addressing the same issue have concluded that claims of injuries resulting from Thimerosal are vaccine related. *See Wax v. Aventis Pasteur Inc.*, 240 F.Supp.2d 191 (E.D. N.Y. 2002) (upholding the determination of the Secretary of Health and Human Services that the preservative thimerosal was not adulterant to or contaminant of vaccines, and that individuals claiming thimerosal in vaccines caused their autism were required under the Vaccine Act to present their claims to the Vaccine

11

Court before pursuing any other civil litigation;  Public Health Service Act, §§
2111(a)(2)(A), 2133(5), as amended, Title 42 U.S.C. §§ 300aa-11(a)(2)(A),
300aa-33(5);  21 C.F.R. § 610.15).  In *Murphy v. Aventis Pastuer, Inc.*, 270 F.Supp.2d
1368 (N.D. Ga. 2003), the district court concluded that whenever a civil action is
brought in violation of Title 42 U.S.C. § 300aa-11(a)(2)(A), which provides that no
person may bring a civil action for damages in an amount greater than $1,000 or in an
unspecified amount against a vaccine administrator or manufacturer in a state or
federal court for damages arising from a vaccine-related injury or death, the presiding
court "shall dismiss the action."  *Id.*, at 1375-76.

In the instant case, the plaintiffs' claims against the vaccine manufacturers such
as Aventis Pastuer, Inc., GlaxoSmithKline; and Merck & Company, Inc., are subject  to
the Vaccine Act, as are the plaintiffs' claims against the non-diverse defendants Mitizi
Ferguson, M.D.;  Leslie Lamar Jones, M.D.;  and River Oaks Hospital.

The remaining defendants who manufacture or distribute Thimerosal are parties
of diverse citizenship to the plaintiffs.  Thus, the plaintiffs claims against them properly
are removed to federal court pursuant to Title 28 U.S.C. § 1332.  *See Strawbridge v.
Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806);  *Owen Equipment & Erection
Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (all
defendants must be of diverse citizenship from the plaintiff(s)).  The requisite amount
in controversy for this court's jurisdiction is present since the amount of the plaintiffs'
damages claims is unspecified.  Federal courts in Mississippi have consistently held
that a claim for an unspecified amount of punitive damages under Mississippi law is
deemed to exceed the amount necessary for federal jurisdiction.  *St. Paul Reinsurance*

12

*Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998);  *Marcel v. Pool Company*,

5 F.3d 81, 84-85 (5th Cir. 1993);  *Allstate Insurance Company v. Hilbun*, 692 F.Supp.

698, 701 (S.D. Miss. 1988).

### THE *SMALLWOOD* DECISION

In *Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL 2047314 (5th Cir.

(Miss.) Sep 10, 2004) (NO. 02-60782), the Fifth Circuit upheld its previous conclusion

reached in *Smallwood v. Illinois Central R. Co.*, 342 F.3d 400 (5th Cir. 2003), that

there is no improper joinder of an in-state defendant with a diverse defendant where

the showing that there is no reasonable basis for predicting that state law would allow

recovery against the in-state defendant applies equally to dispose of the plaintiff's

claims against all the defendants (common claim or defense).  The Fifth Circuit stated

as follows:

> ...[O]ur holding today is *narrow*.  It applies only in that limited range of cases
> where the allegation of improper joinder rests only on a showing that there
> is no reasonable basis for predicting that state law would allow recovery
> against the in-state defendant and that showing is *equally dispositive of all
> defendants*... (emphasis added).

*Smallwood v. Illinois Cent. R.R. Co.*, — F.3d —, 2004 WL 2047314 *5-*6 (5th Cir. (Miss.)

Sep 10, 2004) (NO. 02-60782).

In the instant case, the defendants' showing that there is no reasonable basis for

predicting that state law would allow recovery against the in-state defendant applies only

to the vaccine manufacturers and administrators, not to the manufacturers of Thimerosal.

13

### CONCLUSION

Therefore, in accordance with the foregoing authority, this court hereby denies the motion of the plaintiffs to remand this case to the Circuit Court of Hinds County, Mississippi [Docket No. 7-1]. The plaintiff's claims against the vaccine manufacturers and the non-diverse defendants Mitzi Ferguson, M.D.; Leslie Lamar Jones, M.D.; and River Oaks Hospital are subject to the Vaccine Act and are dismissed. The motion of the vaccine defendant GlaxoSmithKline to stay [Docket No. 42-1] is terminated as moot.

SO ORDERED AND ADJUDGED, this the _____28ᵗʰ_____ day of ____September____, 2004.

_Henry T. Wingate_
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:02-cv-78WS
Order Denying Remand

14

# EXHIBIT 7

United States District Court
Southern District of Texas
FILED

MAR 0 1 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, ET AL., | § § § § | CIVIL ACTION NO. 03-CV-222 |
| | § | JURY REQUESTED |
| Plaintiffs | § | |
| v. | § § | |
| AMERICAN HOME PRODUCTS d/b/a WYETH, ET AL., | § § § | |
| Defendants | § | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Aventis Pasteur Inc., Merck & Co., Inc., Wyeth, Baxter Healthcare, Inc., and Eli Lilly and Company (hereinafter "Defendants") submit this Notice of Supplemental Authority and would show the Court as follows:

**I.  In Similar Cases with Identical Allegations, Plaintiffs Have Conceded that Defendant Oribi, Inc. Has Been Fraudulently Joined.**

In their Original Petition, Plaintiffs named only one non-diverse defendant — Oribi, Inc., Individually and d/b/a Meridian Chemical & Equipment, Inc. and d/b/a Global Fine Chemicals and National Association of Compounding Pharmacists ("Oribi")—which they claimed distributed thimerosal-containing vaccines or component parts of such vaccines.[1] *See* Plaintiffs' Original Petition, p. 4.  As demonstrated by the affidavits of Oribi's president, John Rains,

---

[1]     While not named as Defendants in the caption of the case, Plaintiffs also included allegations against the City of Laredo Health Department and the City of Laredo. *See* Plaintiffs' Original Petition, p. 9. After Defendant Eli Lilly removed this case, Plaintiffs filed their First Amended Complaint which omitted any reference to the City of Laredo and added claims against new non-diverse healthcare defendants, ABC Pediatrics and Yogesh Trakru. *See* Plaintiffs' First Amended Complaint, ¶ 5.7.

however, Plaintiffs were mistaken. Oribi has nothing to do with this lawsuit and has been fraudulently joined.

Considering allegations identical to those made by Plaintiffs here against Oribi, United States District Judge Hayden W. Head, Jr. recently granted plaintiffs' request to dismiss the very same claims alleged against defendant Oribi made by Plaintiffs in the instant case. *See Cassidy, et al. v. American Home Products Corp., et al.*, C.A. No. C:03-573 ("Order Dismissing All Claims Against Defendant Oribi, Inc.") (S.D. Tex. Feb. 12, 2004) (attached hereto as Exhibit 1); *Lucio, et al. v. American Home Products Corp., et al.*, C.A. No. C:03-520 ("Order Dismissing All Claims Against Defendant Oribi, Inc.") (S.D. Tex. Feb. 12, 2004) (attached hereto as Exhibit 2); *Mast, et al. v. American Home Products Corp., et al.*, C.A. No. C-03-516 ("Order Granting Plaintiffs' Motion to Withdraw Their Motion to Remand") (S.D. Tex. Feb. 12, 2004) (attached hereto as Exhibit 3); *Perez, et. al. v. American Home Products Corp., et al.*, C.A. No. C-03-519 ("Order Granting Plaintiffs' Motion to Withdraw Their Motion to Remand") (S.D. Tex. Feb. 12, 2004) (attached hereto as Exhibit 4).[2] In moving to dismiss their claims against Oribi, plaintiffs conceded that there is no reasonable possibility that they will be able to establish liability against Oribi and withdrew their motions to remand in the *Mast* and *Perez* cases. *Id.*; Transcript of the February 10, 2004 Hearing on Plaintiffs' Motions to Remand in the *Cassidy, Lucio, Mast,* and *Perez* cases (excerpts attached hereto as Exhibit 5). Accordingly, the wholly conclusory allegations leveled against Oribi here are not only unsupported by any factual allegations; they are refuted by the evidence that has been submitted and by plaintiffs' concessions in similar cases, and are, therefore, insufficient to deprive the diverse Defendants of a federal forum.

---

[2]    Counsel for Plaintiffs in the instant case is also counsel for the plaintiffs in the *Cassidy, Lucio, Mast,* and *Perez* cases.

**II.     Conclusion**

Plaintiffs' speculation about what role Oribi might have played in distributing any vaccines at issue in this case is undeniably refuted by the evidence that has been submitted and by plaintiffs' concessions in similar cases. For this reason, and the reasons stated in the opposition to remand and supporting briefs, Defendants therefore respectfully submit that the Court should find Oribi to be fraudulently joined and deny Plaintiffs' Motion to Remand. Alternatively, Defendants respectfully request that the Court stay the proceedings in this case until the Fifth Circuit has reached a final determination as to the fraudulent joinder arguments before it in *Collins* and has issued a mandate in that case.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, TX 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

By: _____
Michael R. Klatt
Attorney-in-Charge
State Bar No. 11554200
Southern ID No. 13004

**OF COUNSEL:**

Susan E. Burnett
State Bar No. 20648050
Southern ID No. 18604
Randall L. Christian
State Bar No.00783826
Southern ID No. 15935
Jeffrey R. Lilly
State Bar No. 00787905
Southern ID No. 25873
**CLARK, THOMAS & WINTERS**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, TX. 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

**ATTORNEYS FOR DEFENDANT WYETH**

## CERTIFICATE OF SERVICE

I certify that on this 27th day of February, 2004, a copy of the foregoing document has been served on all known counsel of record as follows:

### *VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED:*

**Attorneys for Plaintiffs**
Steve T. Hastings
HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas 78401
(361) 692-2000 (Telephone)
(361) 692-2001 (Facsimile)

Michael A. Simpson
Derrick S. Boyd
SIMPSON, BOYD & POWERS P.L.L.C.
P.O. Box 957
Decatur, Texas 76234
(940) 627-8308 (Telephone)
(940) 627-8092 (Facsimile)

Greg McCarthy
MILLER & McCARTHY
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
(469) 916-2552
(469) 916-2555

### *VIA REGULAR MAIL:*

**Attorneys for Oribi, Inc.**
Matthew H. Hand
BROWN & FORTUNATO, P.C.
905 South Filmore, Suite 400,
P.O. Box 9418
Amarillo, Texas 79105-9418

**Attorneys for Sigma-Aldrich, Inc.**
David M. Macdonald
Amy S. Harris
David McCauley
MCCAULEY, MACDONALD & DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2014

**Attorneys for SmithKline Beecham Corp.**
**d/b/a GlaxoSmithKline**
Jeffrey S. Wolff
Charles Jason Rosser
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Stephanie A. Smith
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701

**Attorneys for Merck & Company, Inc.**
Richard L. Josephson
Paul R. Elliott
Douglas B. Roberson
BAKER & BOTTS
One Shell Plaza
910 Louisiana   Suite 3000
Houston, Texas 77002

**Attorneys for Aventis Pasteur Inc.**
Bradley S. Wolff
M. Diane Owens
SWIFT, CURRIE, MCGHEE & HIERS
1355 Peachtree Street, Suite 300
Atlanta, Georgia 30309-3238

Miguel Wise
MIGUEL WISE, P.C.
134 W. 5th Street
Weslaco, Texas 78596

R. Jo Reser
DAVIDSON & TROILO
7550  W. IH-10, Suite 800
San Antonio, Texas 78229

**Attorneys for Eli Lilly & Company**
M. Scott Michelman
SHOOK, HARDY & BACON, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911

Jeffery A. Kruse
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.,
Kansas City, MO. 64108-2613

**Attorneys for Baxter International, Inc.**
Gene M. Williams
MEHAFFY & WEBER
P.O. Box 16
Beaumont, Texas 77704

**Attorneys for The Dow Chemical Company**
John Gilbert
GILBERT & GILBERT
222 North Velasco
P.O. Box 1819
Angleton, TX 77516