# EXHIBIT 8

STATE OF TEXAS             )
                                   )

COUNTY OF POTTER       )

Before me, the undersigned authority, on this day personally appeared, John Rains, known to me, and after being duly sworn, stated on oath the following:

1.  "My name is John Rains. I am more than 21 years of age and capable of making this Affidavit. All of the facts stated herein are of my own personal knowledge and are true and correct.

2.  Oribi, Inc. was incorporated in March 1997 and ceased business operations on January 10, 2000. All of Oribi, Inc.'s business was done through its d/b/a Meridian Chemical and Equipment.

3.  Oribi, Inc.'s business as it relates to Thimerosal was limited to acting as a repackager. Oribi, Inc. would purchase Thimerosal in small units and repackage the product, without alteration, into smaller units. The smaller units were then sold to compounding pharmacies. Oribi, Inc. did not manufacture Thimerosal, alter Thimerosal, or manufacture vaccines.

4.  Oribi, Inc. has never distributed any vaccines, let alone vaccines containing Thimerosal.

5.  Oribi, Inc. did not sell Thimerosal to pharmaceutical companies that manufacture vaccines.

6.  Oribi, Inc. did not sell or distribute Thimerosal to individual health care providers or health care clinics.

7.  As part of my employment as President of Oribi, Inc., I was required to become familiar with the company's products, repackaging, and distribution operations, which included the repackaging and distribution of Thimerosal."

FURTHER AFFIANT SAYETH NOT.

_____
John Rains

SUBSCRIBED AND SWORN BEFORE ME by John Rains on the 7th day of January, 2004, to certify which witness my hand and official seal.



KEVIN BURROUGHS
Notary Public
State of Texas
My Comm. Exp. 07-21-07

_____
Notary Public,    State of Texas

My Commission Expires:

\\server2\documents\5\063045 010\Affidavit 2 Rains.wpd

## AFFIDAVIT OF JOHN RAINS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF POTTER | § |

BEFORE ME, the undersigned authority, on this day personally appeared, John Rains, known to me, and after being duly sworn, stated on oath the following:

1.      "My name is John Rains. I am more than 21 years of age and capable of making this Affidavit. All of the facts stated herein are of my own personal knowledge and are true and correct.

2.      Oribi, Inc. was incorporated in March 1997 and ceased business operations on January 10, 2000. All of Oribi, Inc.'s business was done through its d/b/a Meridian Chemical and Equipment.

3.      Oribi, Inc.'s business as it relates to Thimerosal was limited to acting as a repackager. Oribi, Inc. would purchase Thimerosal in small units and repackage the product, without alteration, into smaller units. The smaller units were then sold to compounding pharmacies. Oribi, Inc. did not manufacture Thimerosal, alter Thimerosal, or manufacture vaccines. Additionally, Meridian did not sell Thimerosal to pharmaceutical companies that manufacture vaccines.

4.      As part of my employment as President of Oribi, Inc., I was required to become familiar with the company's repackaging and distribution operations, which included the repackaging and distribution of Thimerosal."

FURTHER AFFIANT SAYETH NOT.



John Rains

SUBSCRIBED AND SWORN BEFORE ME by John Rains on the 19 day of November, 2003, to certify which witness my hand and official seal.

_Kevin Burroughs_
Notary Public, State of Texas

My Commission Expires:

C:\Documents and Settings\kcasey\Local Settings\Temporary Internet Files\OLK475\Rains affidavit.wpd

```
****************
*  NOTARY PUBLIC  *      KEVIN BURROUGHS
*  [star]          *       Notary Public
*  STATE OF TEXAS  *       State of Texas
*                  *     My Comm. Exp. 07-21-07
****************
```

# EXHIBIT 9

United States District Court
Southern District of Texas
FILED
MMM

SEP 3 0 2004

Michael N. Milby, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION


United States District Court
Southern District of Texas
ENTERED
MMM

SEP 3 0 2004

Michael N. Milby, Clerk
Laredo Division

FITZGERALD SANCHEZ, ET AL.,       *

         Plaintiffs,        *

                        *

VS.                        *      CIVIL ACTION NO. L-03-192

AMERICAN HOME PRODUCTS, ET AL.,*

         Defendants.       *

## MEMORANDUM AND ORDER

Still pending, among other things, is Plaintiffs' Motion to Remand (Docket No. 18). The issue is whether three groups of non-diverse Defendants have been improperly joined, namely, Oribi, Inc.; certain doctors and their health group ("health care Defendants"); and the City of Laredo, particularly its health department. Defendant Eli Lilly's opposition to remand (Docket No. 25) sets forth the arguments why there is no possible cause of action against these Defendants.

With respect to the City of Laredo, the argument is that the Texas Tort Claims Act bars relief. Plaintiffs contest whether the use of needles to inject vaccines fits a statutory exemption to immunity. That issue, standing alone, might be sufficient to destroy a claim of fraudulent joinder, but Defendants also assert that Plaintiffs make no effort to show that they complied with the mandatory prerequisite notice required by the pertinent statute.

That assertion appears to be correct.

With respect to the health care Defendants, Eli Lilly asserts that Plaintiffs' original petition fails to allege any specific actionable conduct against those defendants.  The pleadings do allege, in conclusory fashion, that "the defendants" designed, manufactured, marketed and distributed mercury-laden vaccines for use by children.  It strains credulity to conclude that Plaintiffs intend to include the local doctors in that allegation.  Under a separate caption in the pleadings, Plaintiffs allege that the minor children received vaccinations administered by the City of Laredo and its health clinic.  There is nothing in the pleadings, or in the record, to suggest that Drs. Cantu, Garza, and Cruz or the Laredo Medical Group Pediatric and Neonatal Consultants are intended to be included within that allegation.

Finally, Oribi relies on an affidavit by its President, John Rains.  Briefly, Rains alleges that Oribi was incorporated in March 1997 and ceased operations on January 10, 2000, less than three years later.  He asserts that Oribi was only a repackager of Thimerosal (the alleged injury-causing agent in the vaccine), and that Oribi would purchase Thimerosal in small units and repackage the product, without alteration, into smaller units to be sold to compounding pharmacies.  Rains unequivocally asserts that Oribi never manufactured Thimerosal, altered it, or manufactured any vaccines.  He further asserts that Oribi has never distributed any

2

vaccine of any kind and never sold Thimerosal to pharmaceutical companies that manufacture vaccines. Finally, Oribi never sold or distributed Thimerosal to individual health care providers or health care clinics. Plaintiffs' response to this affidavit is delphic. Apparently, they maintain that the affidavit is not evidence "identifying all parties in the stream of commerce." It certainly appears that the uncontradicted Rains affidavit eliminates Oribi from the stream of commerce which ran from the manufacturer of Thimerosal to the vaccine that was allegedly injected into any Plaintiff.

The Court is well aware of the heavy burden imposed upon the party which alleges fraudulent joinder. The Court is also aware that the easiest course of action is to remand this case, a non-reviewable decision. Moreover, erroneously denying remand carries a heavy risk to the parties, namely extensive and expensive litigation which could result in a decision by an appellate court that the entire proceedings were void for want of jurisdiction. At the same time, however, an honest look at the current record indicates that Plaintiffs cannot establish a viable cause of action against any of the non-diverse Defendants.

Accordingly, the motion to remand is DENIED at this time, without prejudice. Plaintiffs are allowed until October 19, 2004, to respond to this Memorandum with specific facts and/or legal authorities indicating why the Court should reach a contrary

3

result.

It is further ORDERED that ruling on the following pending motions is DEFERRED until the resolution of the remand motion:

1.  Motion to Dismiss by Sigma Aldrich (Docket No. 3);

2.  Motion to Dismiss by Dow Chemical Company (Docket No. 5);

3.  Motion to Dismiss and Motion for Summary Judgment by Dow Chemical Company (Docket No. 6);

4.  Motion to Dismiss by Eli & Company (Docket No. 7);

5.  Motion to Dismiss by Baxter International, Inc., Merck & Co., Inc., Glaxosmithkline, Aventis Pasteur, Inc., and Wyeth (Docket No. 8).

DONE at Laredo, Texas, this 30th day of September, 2004.


United States District Judge

# EXHIBIT 10

United States District Court
Southern District of Texas
FILED

SEP 3 0 2004

Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED

SEP 3 0 2004

Michael N. Milby, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUAN MEZA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION L-03-193 |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending is Plaintiffs' Motion to Remand.    (Docket No. 21.)
The same Defendants have also been named in at least three other
almost identical cases now pending before this Court.    Only the
Plaintiffs differ, but one of the cases also names several Laredo
doctors as defendants.    The cases present identical issues relating
to whether the non-diverse Defendants Oribi and the City of Laredo
and its Health Department have been fraudulently joined.    The Court
has addressed this issue in Sanchez et al. v. American Home
Products, Cause No. L-03-192.

The Plaintiff's Motion to Remand is DENIED without prejudice
at this time for reasons stated in a Memorandum of this date in
Sanchez.    Plaintiffs are allowed until October 19, 2004, to respond
to this Memorandum.

It is further ORDERED that ruling on the following pending
motions is DEFERRED until the resolution of the remand motion:

1.   **Motion to Dismiss by Aldrich (Docket No. 4);**

2.   **Motion to Dismiss by Dow Chemical (Docket No. 8);**

3.   **Motion to Dismiss and Motion for Summary Judgment by Dow Chemical (Docket No. 9);**

4.   **Motion to Dismiss by American Home Products, Aventis Pasteur, Glaxosmithkline, Merck & Company, Baxter International (Docket No. 10);**

5.   **Motion to Dismiss by Eli Lilly and Company (Docket No. 15).**

DONE at Laredo, Texas, this 30th day of September, 2004.

George P. Kazen
United States District Judge



United States District Court
Southern District of Texas
FILED
MMM

SEP 3 0 2004

Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED
MMM

SEP 3 0 2004

Michael N. Milby, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

CARLOS MUNOZ, et al.,              §
                                   §
        Plaintiffs,                §
                                   §    CIVIL ACTION L-03-198
v.                                 §
                                   §
AMERICAN HOME PRODUCTS,            §
ET AL.,                            §
                                   §
        Defendants.                §

<u>MEMORANDUM AND ORDER</u>

Pending is Plaintiffs' Motion to Remand.  (Docket No. 21.)
The same Defendants have also been named in at least three other
almost identical cases now pending before this Court.  Only the
Plaintiffs differ, but one of the cases also names several Laredo
doctors as defendants.  The cases present identical issues
relating to whether the non-diverse Defendants Oribi and the City
of Laredo and its Health Department have been fraudulently
joined.  The Court has addressed this issue in <u>Sanchez et al. v.</u>
<u>American Home Products</u>, Cause No. L-03-192.

The Plaintiff's Motion to Remand is DENIED without prejudice
at this time for reasons stated in a Memorandum of this date in
<u>Sanchez</u>.  Plaintiffs are allowed until October 19, 2004, to
respond to this Memorandum.

It is further ORDERED that ruling on the following pending
motions is DEFERRED until the resolution of the remand motion:

1.   Motion to Dismiss by Sigma Aldrich (Docket No. 5);

2.   Motion to Dismiss by Dow Chemical (Docket No. 9);

3.   Motion to Dismiss and Motion for Summary Judgment by Dow Chemical (Docket No. 10);

4.   Motion to Dismiss by American Home Products, Aventis Pasteur, Glaxosmithkline, Merck & Company, and Baxter International (Docket No. 4);

5.   Motion to Dismiss by Eli Lilly and Company (Docket No. 8).

DONE at Laredo, Texas, this 30th day of September, 2004.

George P. Kazen
United States District Judge

United States District Court
Southern District of Texas
FILED

SEP 3 0 2004    MMM

Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED

SEP 3 0 2004    MMM

Michael N. Milby, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ROLANDO UVALLE, et al.,          §
                                 §
        Plaintiffs,              §
                                 §    CIVIL ACTION L-03-194
v.                               §
                                 §
AMERICAN HOME PRODUCTS,          §
ET AL.,                          §
                                 §
        Defendants.              §

## MEMORANDUM AND ORDER

Pending is Plaintiffs' Motion to Remand.  (Docket No. 21.) The same Defendants have also been named in at least three other almost identical cases now pending before this Court.  Only the Plaintiffs differ, but one of the cases also names several Laredo doctors as defendants.  The cases present identical issues relating to whether the non-diverse Defendants Oribi and the City of Laredo and its Health Department have been fraudulently joined.  The Court has addressed this issue in <u>Sanchez et al. v. American Home Products</u>, Cause No. L-03-192.

The Plaintiff's Motion to Remand is DENIED without prejudice at this time for reasons stated in a Memorandum of this date in <u>Sanchez</u>.  Plaintiffs are allowed until October 19, 2004, to respond to this Memorandum.

It is further ORDERED that ruling on the following pending motions is DEFERRED until the resolution of the remand motion:

1.   Motion to Dismiss by Aldrich (Docket No. 4);

2.   Motion to Dismiss by Dow Chemical (Docket No. 8);

3.   Motion for Summary Judgment by Dow Chemical (Docket No. 9);

4.   Motion to Dismiss by American Home Products, Aventis Pasteur, Glaxosmithkline, Merck & Company, and Baxter International (Docket No. 10);

5.   Motion to Dismiss by Eli Lilly and Company (Docket No. 11);

6.   Supplemental Motion to Dismiss by Sigma Aldrich (Docket No. 25).

DONE at Laredo, Texas, this 30th day of September, 2004.

George P. Kazen
United States District Judge

# EXHIBIT 11

United States District Court
Southern District of Texas
FILED

**HONORABLE RICARDO H. HINOJOSA, JUDGE PRESIDING**

MAR 1 0 2005

COURTROOM CLERK:   Sylvia S. Martinez
ELEC REC OPER:   Tony Tijerina
LAW CLERK:
INTERPRETER:

Michael N. Milby, Clerk

CONVENE 4:22  pm.      ADJOURN 4:36 p.m.     DATE: March 10,  2005

---

CIVIL  ACTION NO. M-03-390

JESUS SAUCEDO, et al.              COUNSEL:DERRICK BOYD/MICHAEL SIMPSON

v.

AMERICAN HOME PRODUCTS CORP.  COUNSEL: SUSAN BURNETT
ABBOTT LABORATORIES, INC.  COUNSEL: NOEL BERRYMAN/BRENT BISHOP
ADVENTIS PASTEUR, INC.           COUNSEL: BRAD WOLFF/MIGUEL WISE
DOW CHEMICAL COMPANY          COUNSEL: LAWRENCE HAMPTON
SIGMA ALDRICH, INC.               COUNSEL: DAVID KOLIK
ELI LILLY AND COMPANY           COUNSEL: SCOTT MICHELMAN
BAXTER INTERNATIONAL CORP.   COUNSEL: BEN ELMORE
GLAXOSMITHKLINE                    COUNSEL: JASON ROTHER/JOE RODRIGUEZ

---

## MINUTES OF HEARING

    Case is called on the docket.   All present.   The Court advises the parties that as to
Defendant Oribi, Inc., the Court has found that it was fraudulently joined and that there is no
cause of action that can be asserted based on the Petition.   The Court addresses the Motion to
Remand and the Motion for Leave to Amend Complaint.   Arguments of counsel.   The Court
makes its findings and DENIES the Motion for Leave to Amend Complaint and DENIES the
Motion to Remand.  This leaves the Vaccine Defendants' Motion to Dismiss or, in the alternative,
to Stay These Proceedings and the Motion for Summary Judgment and Motion to Dismiss filed
by Defendant Dow Chemical Company.   Plaintiffs may or may not file a response to Defendant
Dow Chemical Company's motions but will file a response to the Vaccine Defendants' motions.
The Court instructs the Plaintiffs to file their response  by April 1, 2005; any further replys to be
filed by April 22, 2005 and the Court will continue with the hearing on these motions on May 17,
2005 at 2:00 p.m.

# EXHIBIT 12

COPY

1       IN THE UNITED STATES DISTRICT COURT

         United States District Court
         Southern District of Texas
         FILED

2         SOUTHERN DISTRICT OF TEXAS
         CORPUS CHRISTI DIVISION      FEB 2 3 2004

3                           Michael N. Milby
                           Clerk of Court

   JESSICA MAST, LYDIA PEREZ,    *    CIVIL ACTION

4  TRACY LUCIO AND THERESE      *

   CASSIDY, ET AL.,           *    CA-C-03-516, CA-C-03-519,

5                      *    CA-C-03-520, CA-C-03-573

         PLAINTIFFS,        *

6                      *

   VS.                     *

7                      *    CORPUS CHRISTI, TEXAS

   AMERICAN HOME PRODUCTS, ET AL., *    FEBRUARY 10, 2004

8                      *    1:19 P.M.

         DEFENDANTS.        *

9                      *

   * * * * * * * * * * * * * * * *

10

11             TRANSCRIPT OF MOTION HEARING

12        BEFORE CHIEF JUDGE HAYDEN W. HEAD, JR.

13

   APPEARANCES:

14

   FOR THE PLAINTIFFS:        MR. STEVE TILDEN HASTINGS

15                      HASTINGS LAW FIRM

                      101 SOUTH SHORELINE, SUITE 430

16                      CORPUS CHRISTI, TEXAS 78401

17   FOR WYETH:             MS. SUSAN E. BURNETT

                      CLARK, THOMAS & WINTERS, P.C.

18                      300 WEST 6TH STREET, SUITE 1500

                      AUSTIN, TEXAS 78701

19

20        (APPEARANCES CONTINUED ON PAGE 2)

21   COURT RECORDER:         MS. GENAY ROGAN

22

23      PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING

       TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE:

24           MOLLY CARTER, 2718 WIND ROCK

     CORPUS CHRISTI, TEXAS 78410 (361) 241-7850

25

2

```
1    APPEARANCES:   (Continued)

2

     FOR ELI LILLY AND              MR. M. SCOTT MICHELMAN
3    COMPANY:                       SHOOK, HARDY & BACON, L.L.P.
                                    600 TRAVIS STREET, SUITE 1600
4                                   HOUSTON, TEXAS 77002-2911

5    FOR MERCK & COMPANY:           MR. PAUL R. ELLIOTT
                                    BAKER BOTTS, L.L.P.
6                                   910 LOUISIANA STREET
                                    HOUSTON, TEXAS 77002-4995
7
     FOR SMITHKLINE BEECHAM         MS. BARCLAY MANLEY
8    CORPORATION:                   FULBRIGHT & JAWORSKI
                                    1301 McKINNEY STREET, SUITE 5100
9                                   HOUSTON, TEXAS 77010-3095

10   FOR AVENTIS PASTEUR, INC.:     MR. BRADLEY S. WOLFF
                                    SWIFT, CURRIE, McGHEE & HIERS
11                                  1355 PEACHTREE ST., NE, SUITE 300
                                    ATLANTA, GEORGIA 30309
12
                                    MS. R. JO RESER
13                                  DAVIDSON & TROILO
                                    7550 WEST IH-10, SUITE 800
14                                  SAN ANTONIO, TEXAS 78229-5815

15   FOR SIGMA-ALDRICH, INC.:       MR. DAVID MICHAEL MacDONALD
                                    ATTORNEY AT LAW
16                                  1201 ELM STREET, SUITE 3800
                                    DALLAS, TEXAS 75270
17
     FOR BAXTER INTERNATIONAL,      MR. GENE M. WILLIAMS
18   INC.:                          MEHAFFEY & WEBER
                                    P. O. BOX 16
19                                  BEAUMONT, TEXAS 77704

20   FOR DOW CHEMICAL COMPANY:      MR. LAWRENCE HAMPTON
                                    GILBERT & MOORE
21                                  222 N. VELASCO STREET
                                    ANGLETON, TEXAS 77515

22

23

24

25
```

1        MR. HASTINGS:  Well --

2        THE COURT:  There's no decision.  It's nice to know

3   what those three Judges thought, but it doesn't have any --

4        MR. HASTINGS:  To my recollection, the Collins case

5   is not sitting en banc.  It is Smallwood versus The Railroad

6   that is.

7        THE COURT:  But doesn't -- isn't there some

8   language --

9        MR. HASTINGS:  Well, Collins does cite to the

10  Smallwood opinion, Your Honor.

11       THE COURT:  Right.

12       MR. HASTINGS:  And you are correct, I'm sure, that

13  the Collins case's precedent is in question because of what the

14  Court's doing in Smallwood.  My understanding is that Smallwood

15  is set for en banc consideration May 24th.  At this point in

16  time, the panel opinion was that the common defense does not

17  apply.  That affects two of the four cases that are pending on

18  our motions for remand.

19       As far as the Mast and Perez cases, our only basis

20  for remand was claim to assert that we had not fraudulently

21  joined the Oribi case.  I have examined our affidavits in those

22  cases, or not our affidavits, but our assertion.  I will not

23  argue that Oribi was -- that we can prove that Oribi was not

24  fraudulently joined, but I would withdraw our motions to remand

25  in Mast and Perez.

1 　　　　　But in Cassidy, we believe that we've properly joined

2 Nueces County Health District.  We believe that we can properly

3 assert a cause of action against Nueces County Health District,

4 under the Texas Tort Claims Act.  What we have to prove --

5 　　　　　THE COURT:  Excuse me.  What was the other one

6 besides Perez, Mast?

7 　　　　　MR. HASTINGS:  Mast.

8 　　　　　THE COURT:  Before we go any further, let me ask some

9 questions.

10 　　　　　MR. HASTINGS:  Sure.

11 　　　　　THE COURT:  What did Oribi do?

12 　　　　　MR. HASTINGS:  Oribi, we believed, based upon the

13 information we had at the time we filed it, was that they were

14 a distributor of the vaccine, of the thimerosal that goes in

15 the vaccine.  I don't believe that we can prove that

16 sufficiently at this point.  What happened was we filed the

17 lawsuits to beat the deadlines proposed in the new Texas Tort

18 Reform.

19 　　　　　THE COURT:  Are you dismissing any claims that you

20 have against Oribi?

21 　　　　　MR. HASTINGS:  We will at this time, Your Honor, yes.

22 　　　　　THE COURT:  Is Oribi named only in Perez and Mast?

23 　　　　　MR. HASTINGS:  No.  They are named in the Cassidy and

24 Lucio cases as well.

25 　　　　　THE COURT:  But you're moving to dismiss them as well

1  there?

2         MR. HASTINGS:  Yes.

3         THE COURT:  Granted.

4         MR. HASTINGS:  We had filed the original petitions in

5  order to be on file before the changes in the Texas Tort --

6         THE COURT:  Right.

7         MR. HASTINGS:  -- Texas Tort Reform Acts that took

8  place in July and in September.  We have not sought service on

9  any party, because we were trying to get the vaccination

10  records of all these kids, get the parents' permission from

11  them to --

12         THE COURT:  What kind of vaccinations did the kids

13  get?

14         MR. HASTINGS:  They get -- the thimerosal is a

15  mercury additive.  It's a preservative in most of the

16  children's childhood vaccines that are given, if they're given

17  in a multi vial, or multi-dose vial.  Thimerosal was ordered

18  removed from the vaccines in about 1999, because of the

19  question --

20         THE COURT:  So how long has thimerosal been put into

21  vaccines?

22         MR. HASTINGS:  For about 40 years.  The suspicion,

23  and our contention is that the thimerosal causes autism.  And

24  all of the children in these cases are autistic.  There are

25  ongoing studies now regarding the presence of thimerosal in the

# EXHIBIT 13

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 2 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| THERESE CASSIDY, Individually and as | § |
| Next Friend of MICHAEL ANTHONY | § |
| CASSIDY, et al., | § |
| Plaintiffs, | § |
| | § |
| v. | § C.A. No. C-03-573 |
| | § |
| AMERICAN HOME PRODUCTS d/b/a | § |
| WYETH, et al., | § |
| Defendants. | § |

49.

## ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT ORIBI, INC.

In the February 10, 2004 hearing before the Court, Plaintiffs moved to dismiss all claims against defendant Oribi, Inc. The Court GRANTS such motion and dismisses all claims against defendant Oribi, Inc. with prejudice.

ORDERED this the _____ 10 _____ of ___ Feb ___, 2004.

_____
H.W. HEAD, JR.
CHIEF JUDGE

FEB 1 3 2004

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION



United States District
Southern District Te
ENTERED

FEB 1 2 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| TRACY LUCIO, Individually and as Next | § | |
| Friend of JUSTIN LUCIO, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. C-03-520 |
| | § | |
| AMERICAN HOME PRODUCTS d/b/a | § | |
| WYETH, et al., | § | |
| Defendants. | § | |

## ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT ORIBI, INC.

In the February 10, 2004 hearing before the Court, Plaintiffs moved to dismiss all

claims against defendant Oribi, Inc. The Court GRANTS such motion and dismisses all

claims against defendant Oribi, Inc. with prejudice.

ORDERED this the _____10_____ of _____Feb_____, 2004.

_____
H.W. HEAD, JR.
CHIEF JUDGE

FEB 1 3 2004

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

**FEB 1 2 2004**

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JESSICA MAST, Individually and as Next § | |
| Friend of JACOB ROSSI HINOJOSA and § | |
| JON DANIEL HINOJOSA, minors, § | |
|     Plaintiffs. § | |
| v. § | C.A. No. C-03-516 |
| § | |
| AMERICAN HOME PRODUCTS d/b/a § | |
| WYETH, et al., § | |
|     Defendants. § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO WITHDRAW THEIR MOTION TO REMAND

In the February 10, 2004 hearing before the Court, Plaintiffs moved to dismiss all claims against defendant Oribi, Inc. and moved to withdraw their motion to remand. The Court GRANTS such motions and dismisses all claims against defendant Oribi, Inc. with prejudice. The motion to remand is hereby withdrawn.

ORDERED this the ___10___ of ___Feb___, 2004.

H.W. HEAD, JR.
CHIEF JUDGE

FEB 1 3 2004

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| LYDIA PEREZ, Individually and as Next | § | |
| Friend of NATHANIEL TYLER PEREZ, | § | United States District Court |
| LONGINO PEREZ, and MARIO | § | Southern District of Texas |
| ALBERTO PEREZ, minors, | § | **ENTERED** |
|     Plaintiffs, | § | FEB 1 2 2004 |
| | § | Michael N. Milby, Clerk of Court |
| v. | § | C.A. No. C-03-519 |
| AMERICAN HOME PRODUCTS d/b/a | § | |
| WYETH, et al., | § | |
|     Defendants. | § | |

54.

## ORDER GRANTING PLAINTIFFS' MOTION TO WITHDRAW THEIR MOTION TO REMAND

In the February 10, 2004 hearing before the Court, Plaintiffs moved to dismiss

all claims against defendant Oribi, Inc. and moved to withdraw their motion to remand.

The Court GRANTS such motions and dismisses all claims against defendant Oribi, Inc.

with prejudice. The motion to remand is hereby withdrawn.

ORDERED this the _____10_____ of ____Feb____, 2004.

_____

H.W. HEAD, JR.
CHIEF JUDGE

FEB 1 3 2004