IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL TORRES and DOMINGA TORRES, Individually and as Next Friend of DEREK TORRES, ET AL., | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 1:03-CV-00222 |
| v. | § § | |
| AMERICAN HOME PRODUCTS d/b/a WYETH, ET AL., | § § § | JURY REQUESTED |
| Defendants. | § § | |

VACCINE DEFENDANTS' REPLY IN SUPPORT OF THEIR
RENEWED RULE 12(b) AND 12(c) MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO STAY THESE PROCEEDINGS AND
RESPONSE TO PLAINTIFFS' ALTERNATIVE MOTION TO STAY

COME NOW the Vaccine Defendants[1] and submit this Reply in Support of their Renewed Rule 12(b) and 12(c) Motion to Dismiss or, in the Alternative, to Stay these Proceedings and Response to Plaintiffs' Alternative Motion to Stay, and would show the Court as follows:

### Introduction

Plaintiffs have conceded that the vast majority of their claims against the Vaccine Defendants are barred by the National Childhood Vaccine Injury Compensation Act (the "Vaccine Act" or "Act"), 42 U.S.C. §§ 300aa-1 *et seq*. This concession reaches not only the minor Plaintiffs' claims, but also all of the parent Plaintiffs' derivative claims. *See* Plaintiffs' Response at p. 2. Thus, all of Plaintiffs' vaccine-related injury claims must be dismissed pursuant to the Vaccine Act. Because Plaintiffs' remaining claims are fatally defective under Texas law,

---

[1] The "Vaccine Defendants" are Aventis Pasteur Inc., Baxter International, Inc., Merck & Co., Inc., SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named as GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corp.), and Wyeth.

1

Plaintiffs' entire complaint should be dismissed as against the Vaccine Defendants. Plaintiffs' sole ground for opposition is that the Court should determine whether remand is proper before considering the motion to dismiss. The Court need not, however, resolve the diversity issue first because the Vaccine Defendants' motion to dismiss presents independent reasons to dismiss the case on jurisdictional grounds under the Vaccine Act. The United States Supreme Court has recognized that "there is no unyielding jurisdictional hierarchy" prohibiting a federal court from entertaining a motion to dismiss based upon a jurisdictional defect before deciding whether to remand.

A.      **Plaintiffs' entire complaint should be dismissed as against the Vaccine Defendants.**

   1.      **Plaintiffs cannot maintain their vaccine-related injury claims.[2]**

Plaintiffs no longer dispute that the Vaccine Act bars civil actions for "vaccine-related injuries"[3] unless the claimant has first exhausted the Act's administrative remedies. *See* 42 U.S.C. § 300aa-11(a)(2)(B). Similarly, no dispute remains as to whether claims alleging that thimerosal caused neurological injury, such as the ones at issue here, are "vaccine-related" and thus are covered by the Act.[4] Accordingly, Plaintiffs were required to exhaust the administrative

---

[2] In their Response, Plaintiffs note that the protections of the Vaccine Act do not apply to thimerosal manufacturers. *See* Plaintiffs' Response at p. 3. This proposition is recognized in *Moss v. Merck & Co.*, 381 F.3d 501 (5th Cir. 2004). Because the Vaccine Act does not apply to thimerosal manufacturers, it is not a common defense under *Smallwood. McDonal v. Abbott Labs*, 408 F.3d 177, 185 (5th Cir. 2005). *See* the Vaccine Defendants' Response to Plaintiffs' Renewed Motion to Remand, which is incorporated herein by reference.

[3] *See* 42 U.S.C. § 300aa-33(5) (defining "vaccine-related injury: as "an illness, injury condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table, *except that* the term does not include [conditions] associated with an adulterant or contaminant intentionally added to such a vaccine") (emphasis added).

[4] *See, e.g. Moss*, 381 F.3d at 504 (5th Cir. 2004) (characterizing as an "unremarkable proposition" that "a Thimerosal-related injury, occurring as a result of the administration of a vaccine, is a vaccine-related injury within the meaning of the Vaccine Act" citing *Leroy v. Sec'y, Dep't of Health and Human Servs.*, 02-392V, 2002 U.S. Claims LEXIS 284, at *18-19 (Fed. Cl. Spec. Mstr. Oct. 11, 2002)); *see also McDonal*, 408 F.3d at 185 (holding that "the claims asserting vaccine-related injuries brought against the . . . nonresident Vaccine defendants were required to have first been brought in the Vaccine Court").

remedies afforded under the Act before bringing suit for vaccine-related injuries against the Vaccine Defendants.[5]

Plaintiffs have a currently pending petition for compensation in Vaccine Court. *See* Plaintiffs' Response at p. 2; Vaccine Defendants' Renewed Motion to Dismiss at pp. 4, 8. Accordingly, Plaintiffs did not exhaust their administrative remedies under the Vaccine Act *before* filing this civil action. *See id.* This failure to comply with the Vaccine Act requires dismissal of all of Plaintiffs' vaccine-related injury claims. *See* Vaccine Defendants' Renewed Motion to Dismiss at pp. 5-12.

The Vaccine Court has long held that the premature filing of a vaccine-related injury claim in a court other than the Vaccine Court strips the Vaccine Court of jurisdiction to entertain a petition until the improperly filed suit is dismissed. *See Aull v. Sec'y, Dept. of Health & Human Servs.*, 2005 U.S. Claims LEXIS 139, *21-*22 (Fed. Cl. 2005); *Flowers v. Sec'y, Dept. of Health & Human Servs.*, 49 F.3d 1558, 1562 (Fed. Cl. 1995); *Weddel v. Sec'y Dept. of Health & Human Servs.*, 23 F.3d 388, 393 (Fed. Cl. 1994). The basis for these rulings is Section 300aa-11(a)(5)(B) of the Vaccine Act, which mandates that "[i]f a plaintiff has pending a civil action [in state or federal court] for damages for a vaccine-related injury or death, such person may not file a petition [in Vaccine Court]." 42 U.S.C. § 300aa-11(a)(5)(B). Because Plaintiffs improperly filed this suit before proceeding and exhausting their remedies in Vaccine Court, their filing in Vaccine Court is a nullity. Accordingly, Plaintiffs cannot maintain any vaccine-related injury

---

[5] In addition, there is no dispute that the Vaccine Act covers each Healthcare Defendant in this action as a "vaccine administrator," as that term is defined under the Act. The Act's tort suit bar applies equally to a vaccine-related injury claim against a "vaccine administrator" as it does against a "vaccine manufacturer." *See* 42 U.S.C. § 300aa-11(a)(3).

claims and Plaintiffs' request in the alternative for a stay of these vaccine-related injury claims must therefore be rejected.[6]

### 2. Plaintiffs' remaining claims must be dismissed with prejudice because they are not cognizable under Texas law.

All of Plaintiffs' claims made in their individual capacities for their own alleged losses must be dismissed with prejudice because they are not cognizable under Texas law. *See* Vaccine Defendants' Renewed Motion to Dismiss at pp. 13-19. The parent Plaintiffs have no cognizable claim for mental anguish, emotional distress, loss of consortium, loss of services, their own lost wages, or civil conspiracy, and thus the remaining individual parental claims must be dismissed with prejudice. *Id.* Plaintiffs have offered no argument to the contrary.

### B. This Court has discretion to rule on this motion to dismiss which raises questions of subject matter jurisdiction before determining removal jurisdiction.

Plaintiffs contend that, if the Court agrees that it lacks diversity jurisdiction over their lawsuit at this time, the Court's only option would be to remand the case back to state court and deny the pending motion to dismiss as moot. *See* Plaintiffs' Response at p. 6. However, the United States Supreme Court has recognized that "there is no unyielding jurisdictional hierarchy" prohibiting a federal court from entertaining a motion to dismiss based upon a jurisdictional defect before deciding whether to remand. *See Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). In the *Ruhrgas* case, the district court had addressed issues of personal jurisdiction and dismissed the case on that basis before determining its removal jurisdiction. The Supreme Court, accepting this practice, noted that "[a] court that dismisses *on . . . non-merits grounds . . .* before finding subject matter jurisdiction makes no assumption of law-declaring

---

[6]  Contrary to Plaintiffs' suggestion, the Vaccine Defendants have not requested in the alternative that this Court stay all claims asserted against them. In their Renewed Motion to Dismiss, the Vaccine Defendants requested in the alternative that, in the event that any individual claims asserted by the *parent Plaintiffs* were not dismissed with prejudice under Texas law, such claims should be stayed pending resolution of the related Vaccine Court proceedings.

power that violates . . . separation of powers principles . . . [and] [i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Id.* at 584-85 (emphasis added) (citations and internal quotation marks omitted). Thus, because the application of the Vaccine Act is a threshold question of subject matter jurisdiction, this Court has the authority to grant the Vaccine Defendants' Renewed Motion to Dismiss before deciding Plaintiffs' Renewed Motion to Remand.[7]

In the typical removal situation, the federal and state courts have concurrent jurisdiction over the claims, and the jurisdictional question is strictly construed against the removing defendant, which is effectively defeating the plaintiffs' choice of forum. If any aspect of diversity or federal question jurisdiction is lacking, the federal court has no power but to remand. But, in deciding to remand, the federal court makes an implicit assumption that the state court has its own subject matter jurisdiction over the claims asserted—or at least the power and authority to make its own decision as to subject matter jurisdiction. Indeed, the very purpose of narrowly construing removal jurisdiction is to prevent an affront to "the dignity of the state courts":

> Most essentially, federal and state courts are *complementary systems for administering justice in our Nation*. Cooperation and comity, not competition and conflict, are essential to the federal design. A state dignitary interest bears consideration when a district court exercises discretion in a case of this order [by deciding issues other than subject-matter jurisdiction first]. . . . Our Federalism "does not mean blind deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. *What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments.*"

---

[7] While *Ruhrgas* involved the determination of personal jurisdiction prior to subject-matter jurisdiction, and the present case poses two issues of subject-matter jurisdiction—namely, removal jurisdiction and the jurisdictional effect of the Vaccine Act—the same principle should apply: there is no "jurisdictional hierarchy" that a court must follow in deciding among such threshold issues. *See Ruhrgas*, 526 U.S. at 578.

*Ruhrgas*, 526 U.S. at 586 (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)) (emphasis added).

Here, by contrast, the state court has no legitimate interest in hearing claims against those defendants covered by the Vaccine Act. By law, state courts lack jurisdiction to do anything but dismiss those claims. Congress—which has the sole authority to define the subject matter jurisdiction of the federal courts—has specifically decreed that *no court* except the Court of Federal Claims can entertain claims, like the ones Plaintiffs allege, for vaccine-related injuries. Until the Vaccine Court compensation process has been completed, *no other federal or state court* can exercise jurisdiction of those claims. Put another way, the federal court has precisely the same jurisdictional problem—and the same attendant duty to dismiss—as a state court would have. *See Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765 (2002) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514 (1869)).

A federal district court that faced this same jurisdictional question in a similar vaccine-related case expressly held that it could decide defendants' motion to dismiss under the Vaccine Act for lack of subject matter jurisdiction *before* deciding the plaintiffs' motion to remand:

> Generally, a court may not hear or decide a case when it lacks subject matter jurisdiction. Accordingly, federal courts usually address the question of whether the action was properly removed before assessing other matters. Where, however, dismissal would be inevitable, a district court may pass directly to a procedurally dispositive issue without addressing the merits of the underlying action or a motion to remand. *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563 (1999).
> The court's decision to dismiss this action without addressing the plaintiffs' motion to remand is the result of the careful consideration by this court of the legal standards and principles involved. The court bases the decision on the relatively straightforward subject matter jurisdictional question which would apply with equal force in the state court. Further, such a disposition obviates a more complex fraudulent joinder analysis. Moreover,

6

> the court finds the interests of judicial economy and the expedition
> of the resolution of this matter to weigh in favor of addressing the
> motion to dismiss.

*Mann v. Glaxo SmithKline Beecham Corp.*, Civ. A. No. 1:02-CV-2660-CAP (N.D. Ga. July 8, 2003) (dismissing action for vaccine-related injuries without prejudice).

In dismissing the claims covered by the Vaccine Act, the Court will fulfill its Congressionally mandated duty and confirm that the Vaccine Court alone has exclusive jurisdiction over Plaintiffs' compensation claims at present. Under these circumstances, remand would be futile. Because the state court to which this action might be remanded would also lack subject matter jurisdiction, dismissal—and not remand—is the appropriate action. *See, e.g., Asarco, Inc. v. Glenara Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990) ("Were the state action remanded, the [state] courts would be bound by our ruling that defendants had insufficient contacts with [the state] to satisfy the federal due process clause requisites for personal jurisdiction. A remand thus would be a futile gesture, wasteful of scarce judicial resources, an exercise in which we decline to engage."); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991) ("Where . . . remand to state court would be futile . . . the desire to have state courts resolve state law issues is lacking. We do not believe Congress intended to ignore the interest of efficient use of judicial resources. . . . The district court correctly resolved the whole case by dismissing it because a remand to state court would have been futile.").

## Conclusion

Because Plaintiffs have failed to comply with the Vaccine Act, this Court must dismiss their vaccine-related injury claims and those of their minor children. These include the claims for medical expenses expended "on behalf of" the children and the alleged loss of earning capacity of the children. The remainder of the parent Plaintiffs' individual claims must be dismissed with prejudice because they are not cognizable under Texas law. For all of these

reasons, the Court should dismiss Plaintiffs' entire complaint as against the Vaccine Defendants.

The Vaccine Defendants request such other and further relief as the Court deems appropriate.

                                      Respectfully submitted,

                                      **CLARK, THOMAS & WINTERS,**
                                      **A PROFESSIONAL CORPORATION**
                                      P.O. Box 1148
                                      Austin, TX  78767
                                      (512) 472-8800 (Telephone)
                                      (512) 474-1129 (Facsimile)

                          By:    /s/ Michael R. Klatt*
                                 Michael R. Klatt
                                 Attorney-in-Charge
                                 State Bar No. 11554200
                                 Southern ID No. 13004

**OF COUNSEL:**

Susan E. Burnett
State Bar No. 20648050
Southern ID No. 18604
**CLARK, THOMAS & WINTERS**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, TX. 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

                              *Signed with permission by Susan E. Burnett

                              **ATTORNEYS FOR DEFENDANT WYETH**
                              **AND ON BEHALF OF THE VACCINE**
                              **DEFENDANTS**

## CERTIFICATE OF SERVICE

This pleading was served electronically on August 29, 2005 in compliance with Rule 5 of the Federal Rules of Civil Procedure as well as the Administrative Procedures for Electronic Filing, United States District Court, Southern District of Texas. Service upon parties whose attorneys are known to be users of the Electronic Filing system for the Southern District of Texas will be automatically accomplished through the Notice of Electronic Filing. Service for those parties whose attorneys are not known to be users of the Electronic Filing system for the Southern District of Texas was accomplished via certified mail, and/or regular U.S. mail on August 29, 2005.

***VIA CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED:***

**Attorneys for Plaintiffs**
Derrick S. Boyd
Michael A. Simpson
SIMPSON, BOYD & POWERS, P.L.L.C.
P.O. Box 957
Decatur, Texas 76234

Steve T. Hastings
HASTINGS LAW FIRM
101 N. Shoreline Blvd., Suite 430
Corpus Christi, Texas 78401

Greg J. McCarthy
MILLER & McCARTHY
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219

***VIA REGULAR MAIL:***

**Attorneys for Oribi, Inc.**
Matthew H. Hand
BROWN & FORTUNATO, P.C.
905 South Filmore, Suite 400,
P.O. Box 9418
Amarillo, Texas 79105

**Attorneys for SmithKline Beecham Corp.**
**d/b/a GlaxoSmithKline**
Jeffrey S. Wolff
Gray H. Miller
Charles Jason Rother
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney Street, Suite 5100
Houston, Texas 77010

Stephanie A. Smith
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701

Jose E. Garcia
GARCIA & VILLARREAL, L.L.P.
4311 North McColl Road
McAllen, Texas 78504

**Attorneys for Merck & Company, Inc.**
Richard L. Josephson
Paul R. Elliott
BAKER BOTTS, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002

**Attorneys for Aventis Pasteur Inc.**
Bradley S. Wolff
M. Diane Owens
SWIFT, CURRIE, McGHEE
 & HIERS, L.L.P.
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309

R. Jo Reser
DAVIDSON & TROILO
7550 W. IH-10, Suite 800
San Antonio, Texas 78229

Miguel Wise
MIGUEL WISE, P.C.
134 W. 5th Street
Weslaco, Texas 78596

**Attorneys for Eli Lilly & Company**
Gene M. Williams
M. Scott Michelman
SHOOK, HARDY & BACON, L.L.P.
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911

Jeffrey A. Kruse
Deborah A. Moeller
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108

**Attorneys for Baxter International Inc.**
Benjamin F. Elmore
VINSON & ELKINS, L.L.P.
1001 Fannin, Suite 2300
Houston, Texas 77002

Lee Davis Thames
Butler, Snow, O'Mara, Stevens
 & Cannada, P.L.L.C.
AmSouth Plaza
210 E. Capitol
Jackson, Mississippi 39201

**Attorneys for Sigma-Aldrich, Inc.**
David M. Macdonald
David C. Colley
MCCAULEY, MACDONALD & DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

**Attorneys for The Dow Chemical Company**
John R. Gilbert
Lawrence P. Hampton
GILBERT & GILBERT
222 North Velasco
P.O. Box 1819
Angleton, Texas 77516

/s/ Susan E. Burnett